**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

**BRYAN CAVE LEIGHTON PAISNER LLP**
George C. Chen, Arizona Bar No. 019704
*george.chen@bclplaw.com*
Jacob A. Maskovich, Arizona Bar No. 021920
*jamaskovich@bclplaw.com*
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070

Attorneys for Plaintiff and Counterclaim-Defendant Early Warning Services, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Early Warning Services, LLC,

Plaintiff and Counterclaim-Defendant,

v.

Warren Vurl Johnson,

Defendant and Counterclaim-Plaintiff; and

Brandon O'Loughlin and P.A.Z.E., LLC,

Defendants.

Case No. CV-24-01587-PHX-SMB

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT EARLY WARNING SERVICES, LLC'S MOTION TO SHORTEN THE TIME BETWEEN SERVING AND FILING ITS MOTION FOR SANCTIONS UNDER RULE 11**

Plaintiff Early Warning Services, LLC ("EWS") respectfully moves the Court for an order shortening the time between serving and filing its motion for sanctions against Defendant Warren Vurl Johnson ("Johnson") under Rule 11, as Johnson has been given ample notice of EWS's intention to move for sanctions and ample opportunity to withdraw the offending filings, yet has refused in writing to do so.

On March 6, 2025, EWS's counsel advised Johnson of EWS's intention to "move the Court for sanctions under Rule 11, including EWS's reasonable attorneys' fees incurred in opposing the motion," "if you follow through on your stated intention to file a motion for disqualification." Mot. to Disqualify Ex. 9, Dkt. 107-2 at 39. Johnson filed the motion anyway (Dkt. 107) and deliberately included EWS's privileged information in his motion papers, requiring EWS to file an emergency motion to seal them. Dkt. 109. The Clerk of Court provisionally placed the documents under seal. EWS then reiterated its intention to seek Rule 11 sanctions against Johnson in its emergency motion to seal (*id.* at 5), its reply in support of that motion (Dkt. 115 at 11), and its opposition to Johnson's motion to disqualify (Dkt. 117 at 6).

On April 16, 2025, EWS's counsel served Johnson with EWS's motion for sanctions by sending Johnson a copy of the motion via First Class Mail and sending a courtesy copy by email. *See* Declaration of Elba Smith ("Smith Decl.") ¶ 2, Ex. A. In a covering letter, EWS's counsel asked Johnson to withdraw his filings relating to his motion to disqualify and his opposition to EWS's emergency motion to seal within 21 days of service (i.e., by May 7, 2025). *See id.* Johnson responded by email on the same day (April 16, 2025), stating, "I wont [sic] be taking any action regarding the legitimate filings of mine, nor the abusive filings of yours. Go ahead and file it. Lets [sic] not delay." *See* Smith Decl. ¶ 3, Ex. B.

Rule 11(c)(2) provides, in relevant part, that a motion for sanctions "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately

corrected within 21 days after service or within another time the court sets."[1] Fed. R. Civ. P. 11(c)(2). The purpose of this "safe harbor" "is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading and thereby escape sanctions." *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) (emphasis omitted); *see* Advisory Comm.'s Commentary to 1993 Amendments to Rule 11(b)–(c) (observing the purpose of the service requirement in Rule 11 is to "to provide a . . . 'safe harbor' against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, *after receiving the motion, it refuses to withdraw that position* . . . ." (emphasis added)). Rule 11(c)(2) expressly gives courts the authority to vary the time within which a movant may file its motion for sanctions after serving it. *See* Fed. R. Civ. P. 11(c)(2).

In view of the facts of record, EWS respectfully submits that Johnson has been given ample notice of EWS's intention to move for sanctions and ample opportunity to withdraw the offending filings, yet has unambiguously refused to do so, in writing, and indeed has invited EWS to "[g]o ahead and file" its motion for sanctions and "not [to] delay." Smith Decl. Ex. B. Both parties have an interest in having the Court decide EWS's entitlement to sanctions under Rule 11 as soon as possible. EWS therefore requests that the Court enter an order allowing EWS to file its motion for sanctions before the expiration of 21 days after service of that motion.

/ /

/ /

/ /

/ /

/ /

---

[1] There is no such requirement when seeking sanctions under the Court's inherent authority, which is a separate and independent basis for EWS's motion for sanctions. *See* Smith Decl. Ex. A.

DATED: April 17, 2025

Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ Erick Durlach*
Erick Durlach
Dennis L. Wilson (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254
Tel: (602) 726-7319
Fax: (623) 321-1009
*edurlach@ktslaw.com*
*dwilson@ktslaw.com*
*sstadler@ktslaw.com*

BRYAN CAVE LEIGHTON PAISNER LLP
George C. Chen
Jacob A. Maskovich
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070
*george.chen@bclplaw.com*
*jamaskovich@bclplaw.com*

Attorneys for Plaintiff and Counterclaim-Defendant Early Warning Services, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2025, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing with a copy served via that system. For parties not receiving service via CM/ECF, a copy will be transmitted via electronic mail as follows:

Brandon O'Loughlin *and* PAZE, LLC
1317 W. 13th Place
Tempe, AZ 85281
(623) 295-5438
contact@paze.guru

*Defendant Brandon O'Loughlin Individually and*
*as Authorized Representative for Defendant PAZE, LLC*

*/s/ Erick Durlach*
Erick Durlach