**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

**BRYAN CAVE LEIGHTON PAISNER LLP**
George C. Chen, Arizona Bar No. 019704
*george.chen@bclplaw.com*
Jacob A. Maskovich, Arizona Bar No. 021920
*jamaskovich@bclplaw.com*
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070

Attorneys for Plaintiff and Counterclaim-Defendant Early Warning Services, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Early Warning Services, LLC,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>Warren Vurl Johnson,<br><br>Defendant and Counterclaim-Plaintiff; and<br><br>Brandon O'Loughlin and P.A.Z.E., LLC,<br><br>Defendants. | Case No. CV-24-01587-PHX-SMB<br><br>**DECLARATION OF ELBA SMITH IN SUPPORT OF PLAINTIFF AND COUNTERCLAIM-DEFENDANT EARLY WARNING SERVICES, LLC'S MOTION TO SHORTEN THE TIME BETWEEN SERVING AND FILING ITS MOTION FOR SANCTIONS UNDER RULE 11** |

I, Elba Smith, declare under penalty of perjury as follows:

1. I am a resident of the State of Texas, over eighteen years of age, and employed as a Legal Practice Specialist by Kilpatrick Townsend & Stockton LLP ("Kilpatrick"), counsel for Plaintiff Early Warning Services, LLC ("EWS") in this action. The statements made in this Declaration are true and based on my own personal knowledge and the business records that Kilpatrick maintains as part of the ordinary course of its business.

2. On April 16, 2025, I served Defendant Warren Vurl Johnson with a copy of EWS's motion for sanctions by sending Mr. Johnson a covering letter and a copy of the motion via First Class Mail. I also sent Mr. Johnson a courtesy copy of these documents by email. True and correct copies of these documents, as served, are attached as **Exhibit A**.

3. Mr. Johnson responded to my service email on the same day. A true and correct copy of the email thread containing my email and his response is attached as **Exhibit B**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 17, 2025, in Dallas, Texas.

Elba Smith

# Exhibit A

**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

3 Times Square
New York, NY 10036

Sara K. Stadler
direct dial 404 532 6908
direct fax 404 541 3411
SStadler@ktslaw.com

April 16, 2025

VIA FIRST CLASS MAIL

Warren Vurl Johnson, Esquire
2406 Alabama Street, Unit 7C
Lawrence, Kansas 66046

Re: Service Copy of Motion for Sanctions
*Early Warning Services, LLC v. Johnson et al.*
Case No. CV-24-01587-PHX-SMB

Dear Mr. Johnson:

Pursuant to Federal Rule of Civil Procedure 11(c)(2), attached is your service copy of Early Warning Services, LLC's ("EWS") Motion for Sanctions. We have separately served you via email as a courtesy. The motion seeks sanctions in connection with your motion to disqualify EWS's counsel and your opposition to EWS's motion to seal portions of that motion containing EWS's privileged information. EWS contends these submissions are frivolous and were filed for an improper purpose, and accordingly, requests that you withdraw the following documents within 21 days:

- Motion to Disqualify and Memorandum of Points and Authorities (Dkt. 107) and supporting declaration, exhibits, and proposed order (Dkts. 107-1, 107-2, 107-3);
- Reply in Support of Defendant's Motion to Disqualify Counsel (Dkt. 121);
- Opposition to Plaintiff's Motion to Seal Johnson's Motion for Disqualification and supporting exhibit (Dkt. 113); and
- Defendant['s] Surreply to Plaintiff's Reply in Support of the Motion to Seal Defendant's Motion for Disqualification (Dkt. 120).

If you do not withdraw these documents from the Court's consideration within 21 days of this notice (*i.e.*, by May 7, 2025), EWS will finalize and file the attached Motion for Sanctions with the Court and seek the relief described in the Motion—namely, an award of EWS's attorneys' fees incurred in connection with EWS's opposition to your motion to disqualify, EWS's preparation, filing, and support of its emergency motion to seal that disqualification motion, and EWS's preparation, filing, and support of the motion for sanctions.

Please let us know if you have any questions.

Very truly yours,

Sara K. Stadler

**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

**BRYAN CAVE LEIGHTON PAISNER LLP**
George C. Chen, Arizona Bar No. 019704
*george.chen@bclplaw.com*
Jacob A. Maskovich, Arizona Bar No. 021920
*jamaskovich@bclplaw.com*
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070

Attorneys for Plaintiff and Counterclaim-Defendant Early Warning Services, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Early Warning Services, LLC,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>Warren Vurl Johnson,<br><br>Defendant and Counterclaim-Plaintiff; and<br><br>Brandon O'Loughlin and P.A.Z.E., LLC,<br><br>Defendants. | Case No. CV-24-01587-PHX-SMB<br><br>**PLAINTIFF AND COUNTERCLAIM-DEFENDANT EARLY WARNING SERVICES, LLC'S MOTION FOR SANCTIONS** |

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii

I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

III. ARGUMENT .......... 5

A. This Court Should Award Sanctions Under Rule 11. .......... 5

1. Johnson Brought His Motion to Disqualify in Bad Faith for an Improper Purpose. .......... 5

2. Johnson's Motion Is Frivolous. .......... 8

B. This Court Should Award Sanctions Under Its Inherent Authority. .......... 11

C. Monetary Sanctions Are Justified. .......... 12

IV. CONCLUSION .......... 13

CERTIFICATE OF SERVICE .......... 15


DRAFT

DRAFT

# TABLE OF AUTHORITIES

**Cases**

*ADO Fin., AG v. McDonnell Douglas Corp.*, 938 F. Supp. 590 (C.D. Cal. 1996) ........ 13

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975) ........ 12

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 498 U.S. 533 (1991) ........ 8

*Buster v. Greisen*, 104 F.3d 1186 (9th Cir. 1997), 660 F.3d 1102, 1121 (9th Cir. 2011), *overruled on other grounds by Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1121 (9th Cir. 2011) ........ 8

*Fickett v. Superior Court*, 27 Ariz. App. 793, 558 P.2d 988 (1976) ........ 9, 10

*Gesell v. City of Cottonwood*, No. CV-24-08090-PCT-DWL, 2024 WL 5008627 (D. Ariz. Dec. 6, 2024) ........ 10

*Golden Eagle Distrib. 10 Corp. v. Burroughs Corp.*, 801 F.2d 1531 (9th Cir. 1986) ........ 8, 11

*In re Itel Sec. Litig.*, 791 F.2d 672 (9th Cir. 1986) ........ 11

*In re Marvel*, 251 B.R. 869 (Bankr. N.D. Cal. 2000), *aff'd*, 265 B.R. 605 (N.D. Cal. 2001) ........ 7, 13

*In re Stimson & Gale Ent., Inc.*, 61 F. App'x 346 (9th Cir. 2003) ........ 6

*In re Yagman*, 796 F.2d 1165 (9th Cir. 1986), *opinion amended on denial of reh'g*, 803 F.2d 1085 (9th Cir. 1986) ........ 12

*Mark Indus. v. Sea Captain's Choice, Inc.*, 50 F.3d 730 (9th Cir. 1995) ........ 11

*Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045 (9th Cir. 1985) ........ 13

*QuickLogic Corp. v. Konda Techs., Inc.*, 618 F. Supp. 3d 873 (N.D. Cal. 2022) ........ 7

*Red Mountain Med Spa, L.L.C. v. AZ NP Health Servs., LLC*,
No. 1 CA-CV 16-0251, 2018 WL 5269640 (Ariz. Ct. App. Oct. 23, 2018)...... 7, 13

*Roadway Express, Inc. v. Piper*,
447 U.S. 752 (1980) ........ 12

*Smith v. Ricks*,
31 F .3d 1478 (9th Cir. 1994) ........ 8

*Takeover Indus. v. Holley*,
No. CV-22-00357-PHX-JJT, 2023 WL 3092010 (D. Ariz. Jan. 27, 2023) ........ 9

*Townsend v. Holman Consulting Corp.*,
929 F.2d 1358 (9th Cir. 1990) ........ 5, 8

*Truesdell v. S. Cal. Permanente Med. Grp.*,
209 F.R.D. 169 (C.D. Cal. 2002) ........ 12

*Warren v. Guelker*,
29 F.3d 1386 (9th Cir. 1994) ........ 12

*Zambrano v. City of Tustin*,
885 F.2d 1473 (9th Cir. 1989) ........ 11

**Rules**

A.R.S. Sup. Ct. R. Prof. C.
1.0(o) ........ 10
1.10(a) ........ 8, 10
1.13(a) ........ 9
1.7 ........ 10, 11
1.7(a)(2) ........ 8, 9
1.9 ........ 10, 11
1.9(a) ........ 8
3.7 ........ 8, 10, 11
3.7(a) ........ 10

Fed. R. Civ. P.
11 ........ 1, 2, 5, 11, 12
11(b) ........ 6, 8
11(c)(2) ........ 2, 12
11(c)(4) ........ 12

DRAFT

## I. INTRODUCTION

As a member of the Arizona Bar, Defendant Warren Vurl Johnson ("Johnson") is charged with knowledge of and a duty to comply with Rule 11 and the Arizona Rules of Professional Conduct. Despite this knowledge, and in derogation of this duty, Johnson moved to disqualify EWS's counsel in this action, alleging four frivolous bases for disqualification and attempting to manufacture an attorney-client relationship between himself and both of the law firms representing EWS—Kilpatrick Townsend & Stockton LLP ("Kilpatrick") and Bryan Cave Leighton Paisner LLP ("BCLP").

The asserted factual basis for Johnson's motion to disqualify is that Johnson was either a former client of Kilpatrick and BCLP or a "third-party beneficiary of [their] representation" of EWS (*see* Reply in Support of Mot. to Disqualify ("Reply") at 9, Dkt. 121 at 9), all because Johnson previously interacted with lawyers at those firms while employed as EWS's intellectual property counsel. This argument is frivolous because settled law holds that a lawyer having an organization as his or her client represents *the organization* (EWS), not the organization's employees (Johnson).

Of equal significance, and despite the Court's unambiguous warning of the consequences of doing so, Johnson publicly disclosed EWS's privileged information in his disqualification motion papers. He even goes so far as to describe this information as "legal advice." *See* Declaration of Warren V. Johnson ("Johnson Decl.") ¶¶ 18, 19, Dkt. 107-1 at 6. Johnson's knowing and intentional public disclosure forced EWS to move the Court to seal Johnson's motion papers on an emergency basis—the *sixth* such motion required by Johnson's compulsive disclosures of EWS's privileged information.

Johnson's motion papers evidence his vexatious intent to harass EWS, delay these proceedings, multiply EWS's legal bills, and disclose and otherwise misuse EWS's privileged information. EWS can only conclude that this conduct will continue

DRAFT

until Johnson is held accountable. Accordingly, pursuant to Federal Rule of Civil Procedure 11 and this Court's inherent authority, EWS seeks an award of its attorneys' fees and costs incurred in (a) opposing Johnson's motion to disqualify, (b) preparing, filing, and supporting EWS's emergency motion to seal Johnson's disqualification motion papers, and (c) preparing, filing, and supporting this motion for sanctions.

EWS first advised Johnson of EWS's intention to invoke Rule 11 on March 6, 2025, before Johnson filed his motion to disqualify. Johnson filed that motion anyway. On April 16, 2025, EWS served Johnson with a copy of this motion for sanctions pursuant to the safe harbor provision in Rule 11, *see* Fed. R. Civ. P. 11(c)(2), asking Johnson to withdraw his filings relating to his motion to disqualify and his opposition to EWS's emergency motion to seal within 21 days of service (i.e., by May 7, 2025). Johnson did not comply. This motion followed.

## II. BACKGROUND

Johnson was employed as EWS's intellectual property counsel from 2014 until EWS terminated his employment on January 19, 2023. Compl. ¶¶ 4, 5, Dkt. 1 at 2. In that role, Johnson was entrusted with, and privy to, EWS's privileged, confidential, trade secret, and proprietary information. Mot. to Disqualify at 1, Dkt. 107 at 1. Johnson's misuse of this information underlies EWS's claims in this litigation, which Kilpatrick, acting as EWS's lead counsel, initiated on EWS's behalf on June 28, 2024. Dkt. 1. Since July 2024, Kilpatrick and BCLP have served as EWS's outside counsel in this action, with both firms' names and their lawyers' names appearing on all filings and related communications.

On July 23, 2024, EWS moved for a preliminary injunction. Dkt. 16. Johnson supported his opposition to that motion with a brief and supporting declaration and exhibits. Dkts. 24, 24-1, Dkt. 24-2. Johnson's submission contained information protected by EWS's attorney-client privilege, including the contents of a Microsoft Teams chat between Johnson and Tracy Cheney, EWS's General Counsel. EWS filed

its first emergency motion to seal Johnson's filings on August 9, 2024 (Dkt. 25), which the Court granted on November 6, 2024. Dkt. 51.

On December 4, 2024, the Court entered a preliminary injunction order against all Defendants, including Johnson. That order found the "Teams Chat is undoubtedly privileged" and "contains Johnson's legal advice to EWS." Dkt. 70 at 10. The preliminary injunction order also noted that "EWS has shown serious ethical concerns about Johnson's conduct." *Id.* These findings were consistent with the Court's admonition to Johnson during the hearing on EWS's preliminary injunction motion not to continue revealing the Teams Chat's contents:

> THE COURT: What's your position on the chat?
>
> . . . .
>
> You have trouble seeing trade secrets in it. What about attorney-client privilege?
>
> MR. JOHNSON: I can—I can see how it could be interpreted as having attorney-client privilege . . . .
>
> THE COURT: So do you see it as problematic that it's being published?
>
> MR. JOHNSON: Yeah. Yeah, I can see where that's problematic.
>
> . . . .
>
> THE COURT: Mr. Johnson, regardless of whether I find the chat as a trade secret or not, I've reviewed the chat. I think it qualifies as attorney-client privilege . . . . [Y]ou, as an attorney, are not the holder of that privilege, and should you reveal it again, I will contact the Bar. Do you understand?
>
> MR. JOHNSON: I fully understand.

Dkt. 75 at 16:8–17:3, 21:6–11.

Despite (a) the Court's order sealing Johnson's earlier attempt to place the Teams Chat and other privileged information into the public record, (b) the Court's

finding at the hearing that the Teams Chat is privileged, and Johnson's acknowledgement of that finding, (c) the Court's warning not to "reveal" the contents of the Teams Chat again, and Johnson's acknowledgement of that warning, (d) the Court's preliminary injunction order finding the Teams Chat "undoubtedly privileged" (Dkt. 70 at 10), and (e) the preliminary injunction's requirement that Johnson "remove any and all currently posted copies of the Teams Chat . . . placed online or elsewhere" (Dkt. 70 at 17), Johnson publicly filed details of the Teams Chat four more times over the span of a few weeks. Dkts. 77-1, 84, 88, 92. Each time, EWS filed an emergency motion to seal (Dkts. 79, 85, 90, 94), each of which the Court granted. Dkts. 81, 89, 93, 100. EWS eventually sought sanctions. Dkt. 94 at 7–9. Although the Court decided to "give Defendant the benefit of the doubt," the Court warned Johnson that it would "likely construe further 'technical errors' as intention and willful violations of this Court's prior Orders," and "[a]ny further transgressions may result in the Court ordering Defendant to appear, in-person, for a hearing for sanctions." Dkt. 100 at 3–4.

On March 25, 2025, Johnson moved the Court to disqualify *both* Kilpatrick and BCLP, alleging an "ethical conflict" arising from Kilpatrick and BCLP's legal advice and assistance to EWS while Johnson was employed as EWS's intellectual property counsel. Mot. to Disqualify at 1, Dkt. 107 at 1. As Johnson well knows, however, he has never been a client of Kilpatrick or BCLP; EWS was and is. Kilpatrick, BCLP, and their lawyers have not "switched sides" (*id.*); they were and are on EWS's side. To the extent Johnson "collaborated" with lawyers at Kilpatrick and BCLP to protect EWS's intellectual property, *see id.* at 2, he did so on EWS's behalf, as EWS's employee. Any confidential information similarly belonged to EWS; it was not "Mr. Johnson's confidential information."[1] *Id.* at 9. On these facts, there is no conflict, nor

[1] Johnson has expressly acknowledged this. *See* Johnson Decl. ¶ 14, Dkt. 107-1 at 5 ("I had regular, privileged discussions with both firms about *EWS's* confidential intellectual property strategy, trade secret policies, enforcement actions, and potential litigation risks." (emphasis added)).



DRAFT

is there any merit to Johnson's unsupported assertions that Kilpatrick's and BCLP's lawyers have "personal interest[s]" "likely mak[ing] them necessary witnesses." *See, e.g.*, *id.* at 15. No such personal interest exists, and testimony from Kilpatrick's and BCLP's lawyers would be entirely unnecessary in this case, even if it were relevant and admissible (it is not). *See* Opp. to Mot. to Disqualify at 7–10, Dkt. 117 at 11–14.

Before Johnson filed his motion to disqualify, EWS's counsel advised him in writing that his claims have no merit, and if he filed his disqualification motion, EWS would move the Court for sanctions under Federal Rule of Civil Procedure 11, including EWS's reasonable attorneys' fees incurred in opposing the motion. *See* Mot. Ex. 9, Dkt. 107-2 at 39. Johnson filed the disqualification motion anyway and deliberately included EWS's privileged information in his motion papers.

## III. ARGUMENT

Johnson is subject to sanctions on multiple grounds. *First*, Johnson violated Rule 11 by filing an objectively unreasonable and frivolous motion with the improper purposes of disqualifying EWS's chosen counsel, invading EWS's client relationships with its outside law firms, and publishing EWS's privileged information. *Second*, because Johnson knowingly took these actions (a) despite implicitly (then explicitly) admitting he was never a client of either firm and (b) despite acknowledging the Court's findings and admonishments on the subject of privilege, Johnson acted in bad faith and is subject to sanctions under the Court's inherent authority.

### A. This Court Should Award Sanctions Under Rule 11.

Rule 11 mandates the imposition of sanctions "on the signer of a paper if either [(a)] the paper is filed for an improper purpose, or [(b)] the paper is 'frivolous.'" *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (citation omitted). Both conditions are satisfied here.

#### 1. Johnson Brought His Motion to Disqualify in Bad Faith for an Improper Purpose.

A paper is filed for an improper purpose if it was filed "to harass, cause



DRAFT

unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b). If a court finds that a motion or paper, other than a complaint, is part of a persistent pattern of clearly abusive litigation activity, the filing of that document is sanctionable. *In re Stimson & Gale Ent., Inc.*, 61 F. App'x 346, 348 (9th Cir. 2003). As recounted above, Johnson's Motion is an example of his abuse of the litigation process to multiply EWS's costs and misuse EWS's privileged information—this time by arguing he is entitled to disclose EWS's privileged information for his "defense," and EWS's counsel is somehow standing in his way. *See* Mot. to Disqualify at 13, Dkt. 107 at 13 (accusing Kilpatrick of using "EWS's privilege" to "deny[] Mr. Johnson access to exculpatory context [sic]"); *id.* at 14 (urging the Court to use its "inherent authority to disqualify counsel to . . . avoid the misuse of privileged information"); *id.* at 14–15 (arguing "ongoing privilege disputes involving former attorneys could unfairly prejudice Mr. Johnson's defense").

Johnson is fully aware that EWS holds the privilege, and disqualifying EWS's chosen counsel would do nothing to change that. As the Court reminded Johnson on December 4, 2024, "*you, as an attorney, are not the holder of that privilege*, and should you reveal it again, I will contact the Bar." Dkt. 75 at 21:9–10 (emphasis added). Notwithstanding this unambiguous warning, Johnson has continued to arrogate EWS's privilege to himself and has persistently inserted EWS's privileged information into his public filings, forcing EWS to file six emergency motions to seal. Dkts. 25, 79, 85, 90, 94, 109.

Johnson's latest effort to interfere in EWS's relationships with its lawyers takes the form of a baseless disqualification motion that discloses Kilpatrick's and BCLP's "legal advice" to EWS. *See, e.g.*, Johnson Decl. ¶¶ 18, 19, Dkt. 107-1 at 6. Johnson cannot reasonably claim ignorance, mistake, or "technical errors" to excuse the consequences of this deliberate and wrongful conduct. *See* Dkt. 100 at 2–4 (noting Johnson "argues that sanctions are unwarranted because his actions amount to 'minor, technical, and entirely unintentional' errors," and warning that the Court "will likely



DRAFT

construe further 'technical errors' as intention[al] and willful violations of this Court's prior Orders").

Where, as here, a party files a motion to disqualify to gain an unfair tactical advantage and disrupt the litigation process, courts do not hesitate to impose Rule 11 sanctions. *See, e.g.*, *Red Mountain Med Spa, L.L.C. v. AZ NP Health Servs., LLC*, No. 1 CA-CV 16-0251, 2018 WL 5269640, at *4 (Ariz. Ct. App. Oct. 23, 2018) (imposing Rule 11 sanctions for motion to disqualify "filed with the purpose of needlessly increasing the cost of litigation, to harass or to cause unnecessary delay" (citation omitted)); *In re Marvel*, 251 B.R. 869, 871, 872–73 (Bankr. N.D. Cal. 2000) (awarding sanctions "to punish . . . misuse of a disqualification motion and deter [the movant] from future improper conduct" and explaining "[disqualification motions] are often tactically motivated; they tend to derail the efficient progress of litigation"), *aff'd*, 265 B.R. 605 (N.D. Cal. 2001).

Johnson's significant delay in bringing his Motion also reveals his improper motive. Kilpatrick has met, conferred, and corresponded with Johnson numerous times over the last nine months, and Kilpatrick and BCLP have brought or defended more than a dozen motions on EWS's behalf. *See, e.g.*, Dkts. 16, 19, 22, 25, 30, 44, 46, 47, 67, 79, 84, 90, 94, 104. Kilpatrick also represents EWS in connection with Johnson's pending interlocutory appeal to the Ninth Circuit. These activities represent a substantial investment of time and resources. When Kilpatrick served the Complaint on EWS's behalf on July 1, 2024 (Dkt. 11), and when BCLP entered an appearance on July 23, 2024 (Dkt. 13), Johnson was concededly "intimate[ly]" familiar with both firms as EWS's outside counsel. Mot. to Disqualify at 4–11, Dkt. 107 at 4–11. Yet, Johnson did not seek disqualification of both firms until nearly nine months later. This tactical delay further reflects Johnson's bad faith in seeking disqualification of EWS's counsel. *See QuickLogic Corp. v. Konda Techs., Inc.*, 618 F. Supp. 3d 873, 882–83 (N.D. Cal. 2022) (denying motion to disqualify due to delay of seven months, where alleged bases for disqualification were clear from face of complaint).

DRAFT

**2. Johnson's Motion Is Frivolous.**

"'Frivolous filings' are those that are both 'baseless and made without a reasonable and competent inquiry.'" *Buster v. Greisen,* 104 F.3d 1186, 1190 (9th Cir. 1997) (citation omitted), *overruled on other grounds by Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1121 (9th Cir. 2011). The standard governing this inquiry is objective reasonableness; bad faith is not required. *See Golden Eagle Distrib. 10 Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986) ("Rule 11 sanctions shall be assessed if the paper filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable or without factual foundation, even though the paper was not filed in subjective bad faith." (citation omitted)). In other words, Johnson cannot defeat this sanctions motion by merely asserting a subjective belief that his disqualification motion has legal and factual support. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, 498 U.S. 533, 554 (1991) ("Rule 11 imposes an objective standard of reasonable inquiry on represented parties who sign papers or pleadings."); *Smith v. Ricks*, 31 F .3d 1478, 1488 (9th Cir. 1994) ("[C]ounsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head." (citations omitted)).

Here, as shown in detail in EWS's opposition to Johnson's motion to disqualify (Dkt. 117), that motion is frivolous because nothing in Arizona Rules of Professional Conduct 1.9(a), 1.7(a)(2), 3.7, or 1.10(a) supports disqualification of EWS's counsel. *See Townsend*, 929 F.2d at 1362 (explaining that a "frivolous" motion is one "that is both baseless and made without a reasonable and competent inquiry"). Rule 11(b) required Johnson to make a reasonable inquiry into the law and the facts underlying his Motion before filing it, yet he failed to do so—even after EWS's counsel explained why Johnson's conflict allegations were meritless and urged him not to seek disqualification. *See* Mot. Ex. 9, Dkt. 107-2 at 39.

Most of the arguments in Johnson's disqualification motion rest on the flawed premise that Johnson is a "former client" of Kilpatrick and BCLP, or should be treated



DRAFT

like one (*see* Reply at 9, Dkt. 121 at 9), when, in fact, Johnson's only interactions with those firms occurred in the context of Johnson's employment as *EWS's intellectual property counsel*. *See* Decl. of Darin J. Gibby ("Gibby Decl.") ¶¶ 3–5, Dkt. 117-1 at 2; Decl. of George C. Chen ("Chen Decl.") ¶¶ 4–6, Dkt. 117-2 at 2. "A lawyer employed or retained by an organization represents the organization acting through its duly authorized constituents." *See* A.R.S. Sup. Ct. R. Prof. C. 1.13(a). The lawyer "does not represent those officers, directors or agents themselves." *Takeover Indus. v. Holley*, No. CV-22-00357-PHX-JJT, 2023 WL 3092010, at *3 (D. Ariz. Jan. 27, 2023).

Kilpatrick and BCLP have only ever represented EWS. Gibby Decl. ¶ 3, Dkt. 117-1 at 2; Chen Decl. ¶ 4, Dkt. 117-2 at 2. Johnson has never retained Kilpatrick or BCLP as his personal attorney. Gibby Decl. ¶ 4, Dkt. 117-1 at 2; Chen Decl. ¶ 6, Dkt. 117-2 at 2. Indeed, Johnson's disqualification motion concedes he was "a third person, non-client" of BCLP (Dkt. 107 at 10), and that his interactions with "both firms" involved "*EWS's* confidential intellectual property strategy, trade secret policies, enforcement actions, and potential litigation risks." Johnson Decl. ¶ 14, Dkt. 107-1 at 5 (emphasis added). His reply also concedes these points. *See* Reply at 6, Dkt. 121 at 5–6 (arguing EWS's outside counsel owe a "duty to a *third person* (Johnson)" because Johnson, as EWS's former employee, provided them with "detailed insights into *EWS's* IP portfolio [and] internal strategies" (emphases added)).

Because Johnson was never a client of Kilpatrick or BCLP, he cannot be a "former client" of either firm. Thus, Rule 1.9(a) is inapplicable on its face, as is most of the language in Rule 1.7(a)(2). Johnson also cannot rely on the remaining language in Rule 1.7(a)(2) because (a) Johnson is not a "third person" as contemplated by the rule[2] and (b) none of EWS's outside counsel has a "personal interest" in these

---

[2] In his reply in support of his disqualification motion, Johnson argues that *Fickett v. Superior Court*, 27 Ariz. App. 793, 558 P.2d 988 (1976), supports disqualification because Johnson "was [EWS's] legal guardian of its IP—akin to the ward in *Fickett* being the beneficiary of the guardian's attorney's work." Reply at 4, Dkt. 121 at 4.



DRAFT

proceedings. *See* A.R.S. Sup. Ct. R. Prof. C. 1.0(o) (defining "[p]ersonal interests" to include interests of a financial nature). There being no conflict under Rule 1.7 or 1.9, there is no conflict to impute to Kilpatrick or BCLP under Rule 1.10(a).

Rule 3.7 also offers no support for Johnson's motion to disqualify because none of Kilpatrick's or BCLP's lawyers is "likely to be a necessary witness" in this case. *See* A.R.S. Sup. Ct. R. Prof. C. 3.7(a). To support disqualification under this rule, Johnson must establish that the proposed testimony of Kilpatrick's and BCLP's lawyers is "relevant and material," admissible (i.e., not privileged), "unobtainable elsewhere," and would be "prejudicial to the testifying attorney's client"—here, EWS. *Gesell v. City of Cottonwood*, No. CV-24-08090-PCT-DWL, 2024 WL 5008627, at *10, *11 (D. Ariz. Dec. 6, 2024) (citations omitted). Johnson cannot establish any of these elements.

Johnson seeks to force "[t]he lawyers representing EWS . . . to testify as witnesses about the legal advice they provided me and EWS." Mot. to Disqualify at 26, Dkt. 107 at 26. Even if this testimony were not privileged (it is), Johnson has not explained how advice of EWS's counsel regarding protection of EWS's trade secrets and trademarks is relevant to Johnson's *misappropriation* of those trade secrets by emailing EWS's indices to his personal email account without authorization. Johnson also cannot establish that the proposed testimony of Kilpatrick's and BCLP's lawyers would be "unobtainable elsewhere," including from EWS or Johnson himself. *See Gesell*, 2024 WL 5008627, at *10 (citation omitted). "A mere showing that counsel is a potential, but not necessary, witness is insufficient to trigger disqualification." *Id.* at *11 (citation omitted)). Finally, Johnson cannot credibly identify any instance in which testimony from Kilpatrick's or BCLP's lawyers "may be prejudicial" to EWS.

---

This argument has no merit. In *Fickett*, the court held "that when an attorney undertakes to represent the guardian of an incompetent, he assumes a relationship not only with the guardian but also with the ward." 27 Ariz. App. at 795–96, 558 P.2d at 990–91. There is no guardianship in this case.



DRAFT

As with Johnson's reliance on Rules 1.7 and 1.9, Johnson has not identified any objectively reasonable legal *or* factual basis for relying on Rule 3.7. Johnson's disqualification motion "is frivolous, legally unreasonable [and] without factual foundation." *See Golden Eagle*, 801 F.2d at 1538 (citation omitted). This Court should award sanctions under Rule 11.

**B. This Court Should Award Sanctions Under Its Inherent Authority.**

In addition to its authority under Rule 11, this Court has the inherent power to impose sanctions for bad faith litigation. *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481–82 (9th Cir. 1989). A sanction under the Court's inherent authority is appropriate where, as here, a party has "'willful[ly] abuse[d] judicial process' or otherwise conducted litigation in bad faith." *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986) (alterations in original) (citations omitted). Indeed, Johnson's manifest bad faith would be sanctionable even if he had asserted colorable claims (he has not). *Mark Indus. v. Sea Captain's Choice, Inc.*, 50 F.3d 730, 732 (9th Cir. 1995) ("[W]here a litigant is substantially motivated by vindictiveness, obduracy, or *mala fides*, the assertion of a colorable claim will not bar the assessment of attorney's fees." (citations omitted)).

The record contains ample evidence of bad faith. Johnson conspicuously delayed in knowingly filing a baseless motion to disqualify EWS's counsel, seeking to force disclosures of EWS's privileged information. *See* Dkt. 70 at 14 ("[T]he Court is convinced that Johnson is crusading against EWS and will likely continue to publish whatever information is in his possession to O'Loughlin and the public."). This disqualification motion, which Johnson publicly filed, includes information that the motion itself describes as "legal advice" to EWS from its outside counsel. *See* Johnson Decl. ¶¶ 18, 19, Dkt. 107-1 at 6. Worse, Johnson filed this motion after being repeatedly admonished by this Court not to continue disclosing EWS's privileged information. *See* Dkt. 75 at 21:6–11; Dkt. 100 at 3–4. This Court should award sanctions under its inherent authority.

DRAFT

**C. Monetary Sanctions Are Justified.**

"Rule 11 expressly authorizes the imposition of monetary . . . sanctions," which can comprise a "a penalty payable to the court," an "award of reasonable attorneys' 'fees to the opposing party for those fees and other expenses incurred as a direct result of the violation,'" or both. *Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 175 (C.D. Cal. 2002) (citing Fed. R. Civ. P. 11(c)(2)). This Court has the discretion to craft sanctions that will "best implement" the "overriding purpose of deterrence" underlying Rule 11. *In re Yagman*, 796 F.2d 1165, 1184 (9th Cir. 1986), *opinion amended on denial of reh'g*, 803 F.2d 1085 (9th Cir. 1986). In addition, this Court has the "inherent power" to "assess attorneys' fees for the 'willful disobedience of a court order . . . as part of the fine to be levied on the defendant[,] or when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765–66 (1980) (alterations in original) (internal citations omitted) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975)).

The goal in awarding Rule 11 sanctions is "to deter repetition of [such] conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Deterrence is sorely needed here. So far, the absence of any legal or factual basis to support Johnson's privilege arguments has failed to deter him from multiplying his filings, and the Court's repeated admonishments have failed to deter Johnson from continuing to publish EWS's privileged information. EWS respectfully submits a monetary award is necessary to deter Johnson from continuing to ignore this Court's orders, his obligations under Rule 11, and his obligations under the Arizona Rules of Professional Conduct. Johnson is an attorney with an Arizona Bar license. Declining to impose sanctions merely because Johnson is proceeding *pro se* "would effectively place [him] beyond the reach of Rule 11." *See Warren v. Guelker*, 29 F.3d 1386, 1389–90 (9th Cir. 1994).

DRAFT

In sum, Johnson has engaged in sanctionable conduct, and the law supports imposition of monetary sanctions here. *See Red Mountain Med Spa*, 2018 WL 5269640, at *4 (affirming imposition of monetary sanctions where motion to disqualify "was filed with the purpose of needlessly increasing the cost of litigation, to harass or to cause unnecessary delay" (citation omitted)); *In re Marvel*, 251 B.R. at 872 (monetary sanctions imposed for abusive motions to disqualify); *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1048 (9th Cir. 1985) (upholding award of attorneys' fees when disqualification motion was meritless, was brought solely for tactical reasons, and was brought in bad faith). Johnson's motion to disqualify EWS's counsel is frivolous *and* was brought in bad faith for an improper purpose. An award of EWS's attorneys' fees is both necessary and proper to deter further "undesirable conduct." *See ADO Fin., AG v. McDonnell Douglas Corp.*, 938 F. Supp. 590, 595 (C.D. Cal. 1996).

## IV. CONCLUSION

For the foregoing reasons, and based on the pleadings and evidence of record, EWS respectfully requests that this Court: (1) grant this Motion for Sanctions in its entirety; and (2) award EWS its attorneys' fees incurred in connection with (a) EWS's opposition to Johnson's motion to disqualify, (b) EWS's preparation, filing, and support of its emergency motion to seal that disqualification motion, and (c) EWS's preparation, filing, and support of the instant motion for sanctions.[3]

/ /

/ /

/ /

/ /

/ /

[3] Should the Court grant this Motion, EWS will submit a supporting declaration attaching evidence sufficient to establish its attorneys' fees incurred in preparing the motions for which the Court orders compensation.

DRAFT

DATED: __________, 2025

Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ DRAFT*
Erick Durlach
Dennis L. Wilson (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254
Tel: (602) 726-7319
Fax: (623) 321-1009
*edurlach@ktslaw.com*
*dwilson@ktslaw.com*
*sstadler@ktslaw.com*

BRYAN CAVE LEIGHTON PAISNER LLP
George C. Chen
Jacob A. Maskovich
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070
*george.chen@bclplaw.com*
*jamaskovich@bclplaw.com*

Attorneys for Plaintiff and Counterclaim-Defendant Early Warning Services, LLC

DRAFT

**CERTIFICATE OF SERVICE**

I hereby certify that on __________, 2025, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing with a copy served via that system. For parties not receiving service via CM/ECF, a copy will be transmitted via electronic mail as follows:

Brandon O'Loughlin *and* PAZE, LLC
1317 W. 13th Place
Tempe, AZ 85281
(623) 295-5438
contact@paze.guru

*Defendant Brandon O'Loughlin Individually and as Authorized Representative for Defendant PAZE, LLC*

*/s/ DRAFT*
Erick Durlach

DRAFT

# Exhibit B

**From:** Warren Johnson
**To:** Smith, Elba
**Cc:** Durlach, Erick; Wilson, Dennis; Stadler, Sara
**Subject:** Re: Case 2:24-cv-01587-SMB Early Warning Services LLC v. Johnson et al
**Date:** Wednesday, April 16, 2025 6:04:40 PM
**Attachments:** image001.png

---

****CAUTION: External Email****

I wont be taking any action regarding the legitimate filings of mine, nor the abusive filings of yours. Go ahead and file it. Lets not delay.

-W

On Wed, Apr 16, 2025, 2:01 PM Smith, Elba <etsmith@ktslaw.com> wrote:

> Attached is a courtesy copy of correspondence and related documents sent to you via First Class Mail today. Please contact counsel directly with any questions or concerns.
>
> Elba Smith
> **Legal Practice Specialist**
> etsmith@ktslaw.com
> Kilpatrick Townsend & Stockton LLP
> 2001 Ross Avenue | Suite 4400 | Dallas, TX 75201
> **T** 214 922 7159 | **M** 214 803 8206
> www.ktslaw.com | vCard
>
> '
>
> ---
>
> Confidentiality Notice:
> This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the recipient intended by the sender of this message. This transmission, and any attachments, may contain confidential attorney-client privileged information and attorney work product. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at 404 815 6500, and destroy the original transmission and its attachments without reading or saving in any manner.
> '