**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services LLC,<br><br>Plaintiff,<br><br>v.<br><br>Warren Vurl Johnson, et al.,<br><br>Defendants. | No. CV-24-01587-PHX-SMB<br><br>**DEFAULT JUDGMENT** |

Pending before the Court is Plaintiff Early Warning Services LLC's ("EWS") Motion for Default Judgment against Defendant P.A.Z.E LLC ("P.A.Z.E."). (Doc. 104). Defendant Warren Vurl Johnson filed an untimely brief in opposition (Doc. 105), to which EWS replied (Doc. 106). After reviewing the briefing and the relevant case law, the Court will **grant** the Motion.

## I.    BACKGROUND

Previously, the Court struck Defendant Brandon O'Loughlin and P.A.Z.E.'s joint Motion to Dismiss (Doc. 38), as P.A.Z.E. had no valid attorney of record. (*See* Doc. 40 at 1 (explaining that Mr. O'Loughlin cannot represent P.A.Z.E. because he is not a licensed attorney).) The Court gave P.A.Z.E. thirty (30) days to hire counsel and file a new motion to dismiss or an answer. (*See id.* at 2.) P.A.Z.E. did neither. Thereafter, EWS filed an Application for Default against P.A.Z.E. (Doc. 61), which, on November 20, 2024, the Clerk of Court entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. 62.)

Now, EWS moves for default judgment against P.A.Z.E. on each of EWS' claims against the entity, as well as the following relief:

1. A permanent injunction prohibiting P.A.Z.E. from: (a) acquiring, possessing, using, or disclosing any of EWS's trade secrets and privileged and confidential information, including the Teams Chat; and (b) registering, acquiring, renewing, maintaining, or using any domain names containing EWS's PAZE mark or confusingly similar versions of it;

2. A declaratory judgment of noninfringement finding that (a) EWS' PAZE and Z marks are valid and protectable; (b) as between EWS and P.A.Z.E., EWS has prior rights in its PAZE and Z marks; (c) P.A.Z.E. lacks trademark rights in its alleged .PAZE and PAZE marks; and therefore (d) use of EWS' PAZE and Z marks does not infringe P.A.Z.E.'s rights;

3. An order invalidating P.A.Z.E.'s Application Serial No. 98255290 to register the alleged PAZE mark under 15 U.S.C. § 1119;

4. Actual damages in the amount of $22,950.20 on EWS' trade secret and unjust enrichment claims; exemplary damages of twice that amount ($49,900.40) because of P.A.Z.E.'s willful and malicious acts of misappropriation, pursuant to the Arizona Uniform Trade Secrets Act ("AUTSA"), A.R.S. § 44-403; and an award of post-judgment interest on any monetary damages awarded under 28 U.S.C. § 1961.

5. An award of EWS' attorneys' fees incurred in preparing the Motion for Default.

(Doc. 104 at 12–13.)

## II. LEGAL STANDARD

A court's decision to enter a default judgment is discretionary, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and is "ordinarily disfavored" because "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In consideration a motion for default judgment, a court takes "the well-pleaded factual allegations" in the pleadings "as true." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). But "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Id.*

Courts may consider various factors, including:

(1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount in controversy; (5) the possibility of factual dispute; (6) whether the default

was due to excusable neglect; and (7) the strong preference to decide cases on the merits.

*Eitel*, 782 F.2d at 1472. "The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors." *Fed. Nat'l Mortg. Ass'n v. George*, No. EDCV 14-01679-VAP (SPx), 2015 WL 4127958, at *3 (C.D. Cal. July 7, 2015). And while some districts' local rules impose additional requirements for default judgment, the District of Arizona does not. *United States v. Taylor*, No. CV-23-00506-PHX-SMB, 2024 WL 4837021, at *2 (D. Ariz. Nov. 20, 2024).

## III. DISCUSSION

### A. Mr. Johnson's Opposition (Doc. 105)

Mr. Johnson has filed a brief in opposition to EWS' Motion for Default Judgment against P.A.Z.E. Therein, Mr. Johnson asserts, among other things, that the Court should not enter default judgment because multiple defendants are alleged to be jointly and severally liable. (Doc. 105 at 1–2 (citing *Frow v. De La Vega*, 82 U.S. 552 (1872).) In response, EWS argues that Mr. Johnson: (1) misconstrues the allegations in the Complaint; (2) fails to contend with Federal Rule of Procedure 54 and instead relies on century-old caselaw; and (3) otherwise lacks standing to oppose EWS' Motion. (Doc. 106 at 6, 12.)

Federal Rule of Civil Procedure 54(b) provides that when a case presents "more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay."

*Frow* involved a claim of a joint tort to defraud De La Vega of the title of a tract of land in Texas. *See* 82 U.S. at 1. There, the Supreme Court explained:

> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause was proceeding undetermined against the others, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the

> complainant's bill. And such an incongruity, it seems, did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law.

*See Frow*, 82 U.S. at 2. Put simply, the Supreme Court sought to avoid logically inconsistent adjudications as to liability—i.e., finding a defaulting party liable and a party who defended the matter not liable in cases with joint and several liability. *See id.*; *see also In re Uranium Antitrust Litig.*, 617 F.2d, 1257 (7th Cir. 1980) (finding in a case asserting joint and several liability that "when different results as to different parties are not logically inconsistent or contradictory, the rationale for the *Frow* rule is lacking").[1]

The *Frow* rule is not implicated in this case, as EWS does not assert joint or several liability against other Defendants for the causes of action asserted against P.A.Z.E. (*See generally* Doc. 1; Doc. 106 at 5–6.) This is exemplified, in part, by EWS requesting relief that would individually require liable Defendants to take some action. (*See* Doc. 1 at 28–29 ¶¶ 1–9.) To illustrate this point, if the Court entered judgment against P.A.Z.E. and granted EWS' requested relief, then P.A.Z.E. would need to, among other things, "remove from public view and return to EWS all documents containing or reflecting any of EWS's Trade Secrets." (*Id.*) The directive to P.A.Z.E. flowing from default judgment would not compel Mr. Johnson to take any action. Nor would the order make conclusive findings regarding his liability, as he maintains he has no relation to the P.A.Z.E. entity. Based on the papers, it seems Mr. Johnson is trying to litigate on behalf of P.A.Z.E., which he is not permitted to do. And even more concerning, Mr. Johnson cannot show the requisite "injury in fact" to establish standing to oppose EWS' Motion for Default Judgment against P.A.Z.E. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129–34 (2014). Therefore Mr. Johnson's opposition to default judgment will not be considered.

///

---

[1] The Second Circuit has also commented that "it is most unlikely that Frow retains any force subsequent the adoption of Rule 54(b). In any event, at most Frow controls in situations where the liability of one defendant necessarily depends upon the liability of others." *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746–47 n.4 (2nd Cir. 1980).

**B. EWS' Motion (Doc. 104)**

The undisputed averments in EWS's Complaint and the record establish P.A.Z.E.'s liability on EWS's claims against P.A.Z.E. for misappropriating trade secrets and unjust enrichment. (*See* Doc. 1.) Those materials also support EWS's entitlement to a declaration of noninfringement of P.A.Z.E.'s alleged PAŻE and PAZE marks under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), the Lanham Act, 15 U.S.C. § 1125(a), and Arizona law. Therefore, for the reasons discussed below, default judgment against P.A.Z.E. is proper.

### 1. Jurisdiction

The Court has both subject matter jurisdiction over the claims in this dispute and personal jurisdiction over P.A.Z.E.

EWS's Complaint asserts claims against P.A.Z.E. under the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836 *et seq.*; the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a); and the Lanham Act, 15 U.S.C. § 1125(a). (Doc. 1 at 18–20, 24–27 ¶¶ 88–103.) The Court has subject matter jurisdiction over these federal claims under 28 U.S.C. § 1331, as well as under 15 U.S.C. § 1121, 18 U.S.C. § 1836(c), and 28 U.S.C. §§ 1338(a) and 2201(a). The Court also has subject matter jurisdiction over EWS's state law claims pursuant to 28 U.S.C. § 1367(a).

P.A.Z.E. is an active Arizona domestic limited liability company with an Arizona address. (Doc. 1 at 5 ¶¶ 16, 20.) P.A.Z.E. also announced in the United States Patent and Trademark Office's ("USPTO") Trademark Trial Appeal Board ("TTAB") as an "Arizona limited liability company having a principle [sic] place of business in Mesa, Arizona." (Doc. 17-4 at 7.) Therefore, the court has personal jurisdiction over P.A.Z.E. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011) (describing "the paradigm forum for the exercise of general jurisdiction" over a corporation as "one in which the corporation is fairly regarded as at home" (citation altered)).

///

2. Eitel Factors

*a. First, Sixth, and Seventh Factors*

The Court will first address the first, sixth, and seventh *Eitel* factors, and finds that each favors entry of default judgment. Regarding the sixth factor—excusable neglect—P.A.Z.E. was given actual notice of this litigation as early as September 11, 2024, when O'Loughlin, P.A.Z.E.'s statutory agent, member, and manager, was served with process on P.A.Z.E.'s behalf. (*See* Doc. 34.) Then, on October 1, 2024, P.A.Z.E. and Mr. O'Loughlin jointly moved to dismiss the Complaint. (Doc. 38.) The Court struck this Motion and ordered P.A.Z.E. to retain counsel within thirty (30) days and file a new motion to dismiss or an answer. (Doc. 40 at 1–2.) P.A.Z.E. did not comply. Thus, there can be no excusable neglect in this instance, as P.A.Z.E. undoubtedly understood the Court's Order (Doc. 40) and chose not to defend this case. *See Bank of Am. v. Carver*, No. CV-24-08002-PCT-DGC, 2024 WL 4566689, at *2 (D. Ariz. Oct. 24, 2024) (finding it "unlikely that [Defendant's] failure to answer and the resulting default was the result of excusable neglect" based on the affidavits of proper service).

As to the first factor—prejudice against the plaintiff—this factor "favors default judgment where the defendant fails to answer the complaint because the plaintiff 'would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery." *Id.* at *2 (citation altered). By defaulting, P.A.Z.E. has admitted the truth of EWS's allegations of harm, and thus, if the Court declines to enter default judgment, EWS will have no remedy or means to prevent P.A.Z.E. from perpetuating that harm.

The seventh factor—the preference to resolve disputes on the merits—also weighs in favor of default because P.A.Z.E. has not chosen to appear, making a decision on the merits "impractical" if not "impossible." *See HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013).

*b. Second and Third Factors*

"The second and third Eitel factors are generally the most important factors for the

Court's consideration in ruling on a motion for default judgment." *Taylor*, 2024 WL 4837021, at *3. "These two factors require that a plaintiff state a claim on which the plaintiff may recover." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citation altered). A claim is plausible when it is brought under a cognizable legal theory and the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept the allegations of the complaint as true when applying these *Eitel* factors. *See Best W. Int'l Inc. v. Ghotra*, No. CV-20-01775-PHX-MTL, 2021 WL 734585, at *2 (D. Ariz. Feb. 25, 2021) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

A review of the Complaint shows that EWS has stated plausible claims for relief against P.A.Z.E. (*See* Doc. 1); *cf. Carver*, 2024 WL 4566689, at *2. Although the Complaint itself is sufficient, the several declarations submitted in support of the instant Motion as well as EWS's Motion for Preliminary Injunction also support EWS's claims and default judgment. (*See* Doc. 16; Doc. 17; Doc. 104-2.)

### c. Fifth Factor

"This factor turns on the degree of possibility that a dispute concerning material facts exists or may later arise." *Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, No. 18-CV-823 JLS (JLB), 2021 WL 3493094, at *15 (S.D. Cal. Aug. 6, 2021) (citing *Eitel,* 782 F.2d at 1471–72). Where the defendant "defaults by refusing to answer and defend, the allegations in the well-pleaded complaint are presumed true and . . . there is no possible dispute of material facts." *D.A. v. Witt*, No. 2:17-CV-0337-MCE-DMC, 2021 WL 2802932, at *4 (E.D. Cal. July 2, 2021); *see Talavera*, 2021 WL 3493094, at *15 ("[A]ny purported factual dispute appears settled, as there is no indication that the Defaulted Defendants will defend against the action."). The fifth Eitel factor supports default judgment.

### d. Fourth Factor

Under the fourth Eitel factor, courts consider the amount of money at stake in relation to the seriousness of the defendant's conduct. *Carver*, 2024 WL 4566689, at *2. As redress, EWS seeks (a) permanent injunctive relief to prevent further economic harm and protect EWS's marks and business reputation, (b) a declaratory judgment of noninfringement of P.A.Z.E.'s alleged PAŻE and PAZE marks, (c) an order invalidating P.A.Z.E.'s pending service mark application, (d) monetary relief totaling $68,850.60, representing the $22,950.20 cost that EWS incurred to ransom the pazewallet.com domain name and exemplary damages of double that amount, as well as post-judgment interest, and (e) EWS's attorneys' fees incurred in preparing and filing this Motion. (*See* Doc. 104 at 24.)

Given the seriousness of EWS's uncontested allegations and the need to deter P.A.Z.E. and others from undertaking similar unlawful acts, the relief EWS seeks is more than reasonable. Therefore, the fourth factor favors default judgment.[2]

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** granting EWS' Motion for Default Judgment (Doc. 104).

**IT IS FURTHER ORDRED:**

(1) that default judgment is entered against Defendant P.A.Z.E. on each of Plaintiff's claims against P.A.Z.E.

(2) that P.A.Z.E. and its owners, managers, agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with it, or any person(s) acting for, with, by, through or under it, is permanently enjoined from: (a) acquiring, possessing, using, or disclosing any of

---

[2] EWS has not apprised the Court of the amount of fees and costs incurred in drafting its Motion, however, the Court finds that this does not alter its position that such fees and costs constitutes proper redress. The Court will order EWS to submit documentation and a declaration to substantiate its requested fees for the Court's consideration.

Plaintiff's trade secrets and privileged and confidential information, including a privileged Microsoft Teams chat between Defendant Warren Vurl Johnson and Plaintiff's General Counsel, Tracy Cheney that occurred on or around November 3, 2022; and (b) registering, acquiring, renewing, maintaining, or using any domain names containing Plaintiff's trademarks or service marks, including but not limited to the PAZE mark or confusingly similar versions of it.

(3) P.A.Z.E. shall pay to Plaintiff in an award in the amount of $68,850.60, consisting of (i) Plaintiff's actual damages of $22,950.20 and (ii) exemplary damages of $45,900.40, owing to Defendant P.A.Z.E.'s acts of willful and malicious misappropriation of Plaintiff's trade secrets and privileged and confidential information.

(4) Defendant P.A.Z.E. shall pay to Plaintiff interest on the foregoing award of $68,850.60 accruing between the date of this Order and P.A.Z.E.'s payment of that amount to Plaintiff, with the rate of interest being calculated by reference to the weekly average one-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System.

**IT IS FURTHER ORDERED** that Plaintiff that Plaintiff is declared and adjudged not to infringe any trademark rights asserted by Defendant P.A.Z.E. in its alleged PAŻE and PAZE marks, based on this Court's findings that:

(1) Plaintiff is the rightful owner of all rights, including rights arising under common law, in the PAZE mark for the services recited in Plaintiff's pending U.S. Application Serial No. 97669754, and is the rightful owner of all rights in the mark, including rights arising under common law, as evidenced by Plaintiff's subsisting U.S. Registration No. 5476070, and both marks are valid and protectable;

(2) As between Plaintiff and Defendant P.A.Z.E., Plaintiff has prior rights in its PAZE and **Ż** marks;

(3) Defendant P.A.Z.E. has no trademark rights or legitimate interests in its alleged PAŻE and PAZE marks or any marks confusingly similar thereto; and therefore

(4) Use of Plaintiff's PAZE and **Ż** marks does not infringe Defendant P.A.Z.E.'s

1  rights.

2  The Court expressly determines that no just reason exists to delay the entry of this
3  Judgment, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, directs
4  entry of judgment against Defendant P.A.Z.E. as specified herein.

5  **IT IS FURTHER ORDERED** that the United States Patent and Trademark
6  Office is directed to invalidate Defendant P.A.Z.E.'s pending Application Serial No.
7  98255290 pursuant to 15 U.S.C. § 1119.  The Court retains jurisdiction of this matter for
8  the purpose of making any further orders necessary or proper for the enforcement of this
9  Order and Judgment and the punishment of any violations thereof.

10  **IT IS FURTHER ORDERED** that EWS submit documentation and a declaration
11  to substantiate its requested fees for the Court's consideration.  No response from other
12  Defendants in this matter will be considered.

13  Dated this 25th day of July, 2025.

_Honorable Susan M. Brnovich_
United States District Judge