IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Early Warning Services, LLC<br><br>Plaintiffs,<br>v.<br><br>Mr. Warren Vurl Johnson; Brandon O'Loughlin; P.A.Z.E., LLC<br><br>Defendants. | Case No.: CV-24-01587-PHX-SMB<br><br>**COMPREHENSIVE NOTICE OF PRESERVATION OF ALL CONSTITUTIONAL, MANDATE, AND DUE PROCESS OBJECTIONS IN ANTICIPATION OF SANCTIONS** |
|---|---|

## COMPREHENSIVE NOTICE OF PRESERVATION OF ALL CONSTITUTIONAL, MANDATE, AND DUE PROCESS OBJECTIONS IN ANTICIPATION OF SANCTIONS

## LEGAL IMPOSSIBILITY OF COMPLIANCE

Defendant Warren Vurl Johnson cannot comply with the August 15, 2025 deadline because:

1. The Court's order for "forensic imaging" exceeds the Ninth Circuit's mandate limiting relief to "forensic search for EWS's documents"
2. The Court's state action ruling (Doc. 220) consists of one sentence with no legal analysis
3. The Court has made demonstrably false statements about the appellate mandate (Doc. 218)
4. The Court declared Fourth Amendment protections "not relevant" (Doc. 179)

**This is not defiance — this is legal impossibility.**

## I. THE COURT'S STATE ACTION ERROR (Doc. 220)

The Court's entire state action analysis consists of one sentence:

"No, the Court's Order that Mr. Johnson turn over devices and other accounts to Early Warning Services' vendor—*who is not the government*—does not constitute state action." (Doc. 220) (Emphasis Added)

**This is clear legal error.** The Court:

- Cites no authority to support a "private vendor" theory of no state action.
- Performs no analysis on the facts and law:
    - Ignores *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982) ("Private use of state-sanctioned remedies converts private action into state action." (Lugar, 457 U.S. at 941))
    - Ignores *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991)
    - Ignores *Shelley v. Kraemer*, 334 U.S. 1 (1948)
    - Ignores *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602 (1989)

**The actual legal test:** Where a court orders a search, enforces it with sanctions power, and conditions relief on a private agent's execution, the private actor's conduct IS attributable to the State. The vendor's private status is irrelevant when acting under judicial compulsion. *(Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982); *Shelley v. Kraemer,* 334 U.S. 1 (1948)*; See Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974) (under the Due Process Clause); *Edmonson v. Leesville Concrete Co.,* 500 U.S. 614 (1991). *Hurd v. Hodge*, 334 U.S. 24 (1948))

Further in *Carpenter v. United States* the Court stated "The Fourth Amendment applies with particular force to digital searches, which reveal 'privacies of life' far beyond physical searches." (*Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018))

## II. MANDATE VIOLATION - DOCUMENTED CONTRADICTION

**The Ninth Circuit Authorized:** "a forensic search for EWS's documents is *narrowly tailored* in this context.[with *Califano* proportionality]" (Circuit Case 24-7315, Dkt 64.1, pg 5). **This Court Orders:** "forensic imaging of those devices and accounts (including all metadata) by [privately directed] forensics vendor" (District

Dkt 70 at 17)¹. **The Court's False Claim:** "The Ninth Circuit unequivocally affirmed...without altering" (Doc. 218)

    This is not semantic:

- **Search**: Targeted examination for specific documents
- **Imaging**: Bit-for-bit copying of entire devices

The Ninth Circuit knows this distinction. *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162 (9th Cir. 2010) (en banc) ("Bit-for-bit imaging is categorically distinct from a targeted search and requires strict protocols to avoid constitutional harm." (621 F.3d at 1176)).

    **Under Califano's "least burdensome" test:**

- Search for specific documents = least burdensome ✓
- Imaging all devices = maximally burdensome ✗

---

¹ The Court's Injunctive Order does *not* provide any restrictions on how the forensic image can be used, copied, maintained, searched, or distributed. According to one citation this is "*overly broad and inequitable.*" *Fire Sec. Elec. & Commc'ns v. Nye*, No. CV- 23-02730-PHX-DLR, 2024 WL 620813, at *3 (D. Ariz. Feb. 14, 2024) ((finding the requested relief overly broad and inequitable where it sought ( 1) to prevent the defendants from competing with the plaintiff despite the parties likely sharing customers; (2) and to require the defendants to turn over all electronic devices and pay for the forensic expert to examine such devices); ExamWorks v. Todd Baldini, 2:20-CV-00920-KJM-DB, 2020 WL 3127928, at *14 (E.D. Cal. June 11, 2020) ("Defendants are further ordered . . . to continue making any electronic device or account that contains relevant electronic evidence available immediately *to a neutral and mutually agreed-upon third-party forensic expert* . . . to create a forensically sound image of said device, or, in the alternative, turn over the actual electronic device to the Forensic Expert") *Universal Bldg. Maint., LLC v. Calcote*, No. 8:22-cv-01125 JVS (KESx), 2022 WL 2828634, at *3 (C.D. Cal. July 20, 2022) (granting preliminary injunction requiring defendant "to turn over for inspection and review all personal and business computers, laptops, external hard drives, flash drives, external devices and phones *for forensic review by a computer forensic expert* of Plaintiffs' choosing . . . to ensure that the Documents are not further used or disseminated")

The Court cannot enforce imaging when the Ninth Circuit, citing Califano, authorized only search.

### III. PATTERN OF COERCION TO MANUFACTURE "VOLUNTARY" WAIVER

1. **Fourth Amendment Declared "Not Relevant"** (Doc. 179 at 4)
   - **Unprecedented** in American jurisprudence
   - No federal court has ever made such a declaration

2. **False Statement About Mandate** (Doc. 218 at 2)
   - Claims Ninth Circuit made no changes
   - Demonstrably false per the record

3. **One-Sentence State Action Ruling** (Doc. 220)
   - No analysis, no authority, no reasoning
   - "Vendor isn't government" is not the legal test

4. **Sanctions Threats While Refusing Constitutional Analysis**
   - Rule 37 threatened without determining protections
   - Forcing "comply now, litigate later" impossibility

5. **Coordination with Private Party**
   - EWS arguments adopted wholesale
   - Constitutional objections dismissed without analysis
   - Time entries in billing records reveal communications with Court

### IV. PRESERVATION OF ALL DEFENSES

Defendant preserves for appellate review:

**A. Constitutional Violations:**
- Fourth Amendment (unreasonable search)
- Fifth Amendment (due process)
- Compelled disclosure without probable cause
- General warrant via "may contain" language
- No particularity, minimization, or protocols

**B. Mandate Violations:**

- Exceeding "search" limitation
- Violating Califano proportionality
- False representation of appellate ruling
- *In re Sanford Fork & Tool Co.*, 160 U.S. 247 (1895)

**C. Due Process Violations:**

- Vague "may include" standard
- No opportunity for meaningful review
- Predetermined outcome appearance
- Refusal to clarify legal standards

**D. Waiver Defense:**

- Any compliance would be coerced
- *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973)
- *Bumper v. North Carolina*, 391 U.S. 543 (1968)
- Coercion cannot create voluntary consent

**E. Bias/Reassignment:**

- Pattern suggests predetermined outcome throughout proceedings
- *United States v. Microsoft Corp.*, 253 F.3d 34, 115 (D.C. Cir. 2001)

**V. IRREPARABLE HARM FROM IMAGING**

Forensic imaging will capture:

- Attorney-client privileged material from THIS case
- Eight months of litigation strategy against EWS
- Personal medical, financial, family data
- Unrelated professional materials
- Content created years after employment ended

**This bell cannot be unrung.**

**VI. INCORPORATION BY REFERENCE**

Defendant incorporates all prior filings including:

- 5 -

- Emergency Motion to Vacate (Doc. 192)
- Reply re Emergency Motions (Doc. 204)
- Motion for State Action Clarification (Doc. 219)
- Motion for Clarification of Scope (Doc. 198)
- All Ninth Circuit filings and exhibits

## VII. THE FUNDAMENTAL QUESTIONS THIS COURT REFUSES TO ANSWER

1. **Can a district court enforce "forensic imaging" when the Ninth Circuit only authorized "forensic search"?**
2. **How is judicial compulsion under threat of sanctions not state action?**
3. **How can Fourth Amendment protections be "not relevant" to a compelled search?**

Without answers, compliance is impossible.

## VIII. DEFENDANT'S POSITION

Defendant IS prepared to comply with:
- The Ninth Circuit's actual mandate: "forensic search for EWS's documents"
- With constitutional protections
- With appropriate protocols and minimization
- Based on accurate legal standards

Defendant CANNOT comply with:
- Imaging exceeding the mandate
- Orders based on false factual premises
- Unconstitutional general warrants
- Coerced waiver of constitutional rights

## IX. ANTICIPATED SANCTIONS AND IMMEDIATE APPEAL

If sanctioned for refusing to comply, or if Defendant coerced to "voluntarily" comply via other sanctions (i.e., sanctions currently pending) with an order that:
- Exceeds the appellate mandate

- Violates the Constitution
- Was issued after declaring Fourth Amendment "not relevant"
- Is based on demonstrably false statements

Defendant will immediately:

1. Appeal the sanctions order
2. Seek emergency stay pending appeal
3. File supplemental mandamus petition
4. Request en banc review if necessary
5. Seek reassignment on remand

## X. CONCLUSION

The record must reflect:

- **This is legal impossibility, not willful defiance**
- **The Court's one-sentence state action ruling is clear error**
- **The mandate limits relief to "search," not "imaging"**
- **Constitutional protections cannot be declared "not relevant"**
- **Any compliance would be coerced, not voluntary**

**This Court has created an unprecedented situation:** ordering a search while declaring constitutional protections irrelevant, making false statements about the appellate mandate, and ruling on state action without any legal analysis.

**No defendant can be sanctioned for refusing to comply with an unconstitutional order that exceeds the appellate mandate.**

Respectfully submitted this 14th day of August, 2025,

/s/ Warren V. Johnson
Warren V. Johnson,
2406 Alabama Street, Unit 7C
Lawrence, KS 66046
(208) 371-1686
warrenvjohnson@gmail.com

## Certificate of Service

I, Warren V. Johnson, hereby certify that on August 14, 2025, I electronically filed the foregoing COMPREHENSIVE NOTICE OF PRESERVATION OF ALL CONSTITUTIONAL, MANDATE, AND DUE PROCESS OBJECTIONS IN ANTICIPATION OF SANCTIONS with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/Warren V Johnson/

Warren Johnson
2406 Alabama St, Unit 7 C
Lawrence, KS 66046
warrenvjohnson@gmail.com