UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC,<br><br>    Defendants. | Case No. CV-24-01587-PHX-SMB<br><br>**[PROPOSED] ORDER ON PLAINTIFF EARLY WARNING SERVICES, LLC'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BRANDON O'LOUGHLIN** |

Upon consideration of Plaintiff Early Warning Services, LLC's Motion for Default Judgment Against Defendant Brandon O'Loughlin pursuant to Federal Rule of Civil Procedure 55(b), and the supporting evidence, the Court finds that good cause exists to grant Plaintiff's Motion and orders as follows:

**IT IS ORDERED** that:

(1) Plaintiff's motion is **GRANTED**;

(2) Default judgment is entered against Defendant Brandon O'Loughlin on each of Plaintiff's claims against him;

(3) Defendant O'Loughlin and his agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with him, or any person(s) acting for, with, by, through or under him, is permanently enjoined from: (a) acquiring, possessing, using, or disclosing any of Plaintiff's trade secrets and privileged and confidential information, including a

privileged Microsoft Teams chat between Defendant Warren Vurl Johnson and Plaintiff's General Counsel, Tracy Cheney that occurred on or around November 3, 2022; and (b) registering, acquiring, renewing, maintaining, or using any domain names containing Plaintiff's trademarks or service marks, including but not limited to the PAZE mark or confusingly similar versions of it;

(4) If Defendant P.A.Z.E., LLC does not satisfy this Court's judgment against it (Dkt. 208) within thirty (30) days of this Order, Defendant O'Loughlin shall pay to Plaintiff an award in the amount of $68,850.60, consisting of (i) Plaintiff's actual damages of $22,950.20 and (ii) exemplary damages of $45,900.40, owing to Defendant O'Loughlin's acts of willful and malicious misappropriation of Plaintiff's trade secrets and privileged and confidential information; provided, however, that EWS shall not be entitled to receive a double recovery of this $68,850.60 award from both Defendant P.A.Z.E. and Defendant O'Loughlin;

(5) If Defendant P.A.Z.E. does not satisfy this Court's judgment against it (Dkt. 208) within thirty (30) days of this Order, Defendant O'Loughlin also shall pay to Plaintiff interest on the foregoing award of $68,850.60 accruing between the date of this Order and O'Loughlin's payment of that amount to Plaintiff, with the rate of interest being calculated by reference to the weekly average one-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System;

(6) Defendant O'Loughlin shall pay to Plaintiff its reasonable attorneys' fees incurred in preparing this Motion, in an amount to be determined by the Court; and

(7) Defendant O'Loughlin shall pay to Plaintiff its taxable costs in the amount of $1,365.60.

**IT IS FURTHER ORDERED** that Plaintiff is declared and adjudged not to infringe any trademark rights asserted by Defendant O'Loughlin in P.A.Z.E.'s alleged PAŻE and PAZE marks, based on this Court's findings that:

(1) Plaintiff is the rightful owner of all rights, including rights arising under common law, in the PAZE mark for the services recited in Plaintiff's pending U.S.

1    Application Serial No. 97669754, and is the rightful owner of all rights in the ƶ mark,
2    including rights arising under common law, as evidenced by Plaintiff's subsisting
3    U.S. Registration No. 5476070, and both marks are valid and protectable;
4             (2)    As between Plaintiff and Defendant O'Loughlin, Plaintiff has prior
5    rights in its PAZE and ƶ marks;
6             (3)    Defendant O'Loughlin has no trademark rights or legitimate interests in
7    P.A.Z.E.'s alleged PAŻE and PAZE marks or any marks confusingly similar thereto;
8    and therefore
9             (4)    Use of Plaintiff's PAZE and ƶ marks does not infringe Defendant
10   O'Loughlin's rights.
11            The Court expressly determines that no just reason exists to delay the entry of
12   this Judgment, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure,
13   directs entry of judgment against Defendant O'Loughlin as specified herein.
14            The Court retains jurisdiction of this matter for the purpose of making any
15   further orders necessary or proper for the enforcement of this Order and Judgment
16   and the punishment of any violations thereof.
17            **IT IS SO ORDERED**.

3