**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services LLC, | No. CV-24-01587-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Warren Vurl Johnson, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Early Warning Service LLC's ("EWS") Motion to Hold Defendants in Contempt (Doc. 225). The Motion has been fully briefed and the Court heard oral argument on the Motion on September 22, 2025, which was continued on September 24, 2025. The Court **granted** the Motion against Defendant Johnson during oral argument and now explains its reasoning.

**I.    BACKGROUND**

On December 4, 2024, the Court entered the following preliminary injunction (the "PI Order") against all Defendants:

> **IT IS FURTHER ORDERED** that Defendants (1) return all hard copies of documents comprising or containing EWS's Confidential Information or Trade Secrets to EWS, without retaining any physical copies of those documents; (2) preserve, without modification, all digital electronic copies of documents comprising or containing EWS's Confidential Information or Trade Secrets within their position, custody, or control; and (3) provide access to all digital electronic devices and media and all electric mail and storage accounts within their possession, custody, or control—including, without limitation, all computers, laptops, tablets, external hard drives, other external media and storage devices, smartphones, personal email accounts,

> OneDrive, Dropbox, Box, Google Drive and similar accounts—that may include EWS's Confidential Information or Trade Secrets for forensic imaging of those devices and accounts (including all metadata) by EWS's forensics vendor.

(Doc. 70 at 16–17). Johnson appealed but the Ninth Circuit affirmed the PI Order. *Early Warning Servs., LLC v. Brandon O'loughlin, P.A.Z.E. LLC*, No. 24-7315, 2025 WL 1895313, at *2 (9th Cir. July 9, 2025). Johnson then filed a Motion for Clarification (Doc. 198), which the Court denied and ordered Johnson to "comply with the terms of the injunction no later than Friday, August 15, 2025." (Doc. 218 at 3). Johnson refused, claiming it would be legally impossible for him to comply with the injunction. (Doc. 222 at 1.) EWS then filed the present Motion to hold Defendants in contempt. (Doc. 225.)[1]

The Court held oral argument on the Motion on September 22, 2025, during which, the Court ordered EWS to propose examination protocols and a list of search terms and parameters for the forensic imaging. EWS sent its proposal to Johnson and the Court. The Court continued oral argument on September 24, 2025 to discuss EWS's proposals. During oral argument, the Court found Johnson in contempt of the PI Order and adopted, and ordered Johnson's compliance with, EWS's proposals (the "Forensic Imaging Order"). The Court further ordered that Johnson had forty-eight hours to comply with the Forensic Imaging Order and imposed a $1,000 per-day fine for each day Johnson did not comply.

## II.  LEGAL STANDARD

"Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Institute of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (citation modified) (quoting In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993)). "A district court has the inherent authority to enforce compliance with its orders through a civil contempt proceeding, a wide latitude in determining whether there has been a contemptuous violation of its order, and broad

---

[1] EWS also seek sanctions pursuant to Federal Rule of Civil Procedure ("Rule") 37(b)(2)(A)(i). (Doc. 225 at 18–19.) The Court dismissed EWS's request without prejudice during oral argument.

equitable power to order appropriate relief." *Toyo Tire & Rubber Co. V. Hong Kong Tri-Ace Tire Co.*, 281 F. Supp. 3d 967, 984 (C.D. Cal. 2017) (citation modified). "In a civil contempt action, '[t]he moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.'" *Fed. Trade Comm'n v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004) (alteration in original) (quoting *Stone v. City & County of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).

## III. DISCUSSION

Johnson openly admits that he did not comply with the PI Order due to "legal impossibility." (Doc. 222 at 1.) Accordingly, the Court only addresses whether Johnson's noncompliance is excusable. It is not. "Inability to comply with an order is a complete defense to a charge of contempt." *Coleman v.* Newsom, 131 F.4th 948, 959 (9th Cir. 2025) (citation modified). "If the record establishes that there in fact is a present inability to comply with an order, the civil contempt inquiry is at an end." *Id.* at 960. Inability requires more than establishing that "compliance would be difficult or expensive"; instead, contemnors must prove that "compliance was 'factually impossible.'" *Id.* (quoting *United States v. Rylander*, 460 U.S. 752, 757 (1983)). Johnson has failed to allege any facts suggesting that it would be factually impossible for him to comply with the PI Order.[2]

Instead, Johnson mistakenly equates "impossibility" with his desire to relitigate the propriety of the PI Order based on purported defects. However, the PI Order has already been affirmed by the Ninth Circuit. *Early Warning Servs.*, 2025 WL 1895313, at *2. Additionally, "[i]t is a 'long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy.'" *United States v. Ayres*, 166 F.3d 991,

---

[2] Johnson argues that "the Court has expressly disclaimed contempt." (Doc. 235 at 10.) The Court has not done so. The Court merely pointed out that contempt had not been at issue prior to the filing of the pending request. Additionally, Johnson has not cited any authority establishing that the Court can disclaim its inherent authority. *See Toyo* 281 F. Supp. 3d at 984.

- 3 -

995 (9th Cir. 1999) (quoting *Rylander*, 460 U.S. at 756); *see Maggio v. Zeitz*, 333 U.S. 56, 69 (1948). Johnson's arguments are a plain attempt to relitigate the propriety of the PI Order. Accordingly, they are insufficient to demonstrate that Johnson was unable to comply with the PI Order.

As to Defendant O'Loughlin, he has not had appropriate notice that he had to comply with the PI Order to be held in contempt. On December 11, 2024, this Court stayed the obligation to comply with the PI Order until seven days after the Court rules on Johnson's First Motion to Stay (Doc. 72). (Doc. 76.) On June 26, 2025, this Court denied Johnson's First Motion to Stay and ordered Johnson to comply with the stayed provision within seven days. (Doc. 179.) The Court did not order all Defendants to comply in the June 26, 2025 order. (*Id.* at 4.) Although the December 11, 2024 order advised all Defendants that the stay only applied until seven days after the motion to stay was ruled on, (Doc. 76 at 2), the June 26, 2025 order only directs Defendant Johnson to comply, (Doc. 179 at 4.) Given the requirement for a specific and definite court order and Defendant O'Loughlin's pro se status, the Court finds he did not have clear notice that he had to comply. Therefore, the Court will now order Defendant O'Loughlin's compliance.[3]

## IV. CONCLUSION

Accordingly, the Court found Johnson in contempt. The Court orders as follows:

**IT IS HEREBY ORDERED granting in part** EWS's Motion to Hold Defendants in Contempt (Doc. 225). The motion is granted as to Defendant Johnson, denied as to PAZE and denied without prejudice as to Defendant O'Loughlin.

**IT IS FURTHER ORDERED** that Johnson must comply with the Forensic Imaging Order within forty-eight (48) hours of the date of this Order.

**IT IS FURTHER ORDERED** Johnson must pay a fine of $1,000 per day to the Court for each day he fails to comply with the Forensic Imaging Order beginning on September 27, 2025.

---

[3] EWS also sought to hold P.A.Z.E., LLC in contempt. However, the Court has already entered Default Judgement against P.A.Z.E. (Doc. 208). The Court does not find P.A.Z.E. in contempt at this juncture.

1     **IT IS FURTHER ORDERED** that O'Loughlin must comply with the terms of the injunction by no later than September 30, 2025.

Dated this 24th day of September, 2025.

_____
Honorable Susan M. Brnovich
United States District Judge