1
2
3
4
5
6
7
8
9
10

**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

11
12
13
14
15
16

**BRYAN CAVE LEIGHTON PAISNER LLP**
George C. Chen, Arizona Bar No. 019704
*george.chen@bclplaw.com*
Jacob A. Maskovich, Arizona Bar No. 021920
*jamaskovich@bclplaw.com*
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070

17

Attorneys for Plaintiff and Counterclaim-
Defendant Early Warning Services, LLC

18
19
20

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Early Warning Services, LLC, | Case No. CV-24-01587-PHX-SMB |
| Plaintiff, | |
| v. | **DECLARATION OF PARAS SHAH IN SUPPORT OF PLAINTIFF AND COUNTERCLAIM-DEFENDANT EARLY WARNING SERVICES, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER [241]** |
| Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, | |
| Defendants. | |

21
22
23
24
25
26
27
28

I, Paras Shah, declare under penalty of perjury as follows:

1.    I am a resident of the State of Illinois, over eighteen years of age, and employed by Plaintiff Early Warning Services, LLC ("EWS") as its Counsel, Intellectual Property. The statements made in this Declaration are true and based on my personal knowledge and the business records that EWS maintains as part of the ordinary course of its business.

2.    Attached as **Exhibit 1** is a true and accurate copy of the Trademark Trial and Appeal Board's October 1, 2024 Order regarding Opposition Proceeding No. 91291526 (Opposition No. 91291526, 18 TTABVUE (T.T.A.B. Oct. 1, 2024)).

3.    Attached as **Exhibit 2** is a true and accurate copy of the Trademark Trial and Appeal Board's October 1, 2024 Order regarding Cancellation Proceeding No. No. 92085110 (Cancellation No. 92085110, 14 TTABVUE (T.T.A.B. Oct. 1, 2024)).

4.    In July of 2023, Johnson filed suit in the Superior Court of Arizona – Maricopa County against EWS for alleged wrongful termination (*Johnson v. Early Warning Services*, No. CV-2023-10955) (the "Wrongful Termination Action"). In connection with the Wrongful Termination Action, Johnson repeatedly disclosed the privileged Teams Chat by filing it on the public record in that proceeding.

5.    EWS moved to seal the Teams Chat in the Wrongful Termination Action each time Johnson filed it. The Arizona state court granted both motions, placing the Teams Chat under seal. The Teams Chat remains sealed in the Wrongful Termination Action.

6.    Attached as **Exhibits 3** is a true and accurate copy of the Superior Court of Arizona's July 31, 2024 order granting EWS's motion to seal the Teams Chat in the Wrongful Termination Action.

7.    Attached as **Exhibits 4** is a true and accurate copy of the Superior Court of Arizona's September 6, 2024 order granting EWS's subsequent motion to seal the Teams Chat in the Wrongful Termination Action.

1

1        I declare under penalty of perjury under the laws of the United States of
2    America that the foregoing is true and correct.
3
4        Executed on October 14____, 2025, at Chicago, Illinois_____.
5
6                                                    _____
7                                                    Paras Shah
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

# EXHIBIT 1

THIS ORDER IS NOT A
PRECEDENT OF THE TTAB

UNITED STATES PATENT AND TRADEMARK OFFICE
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

ajl

October 1, 2024

Opposition No. 91291526

*P.A.Z.E.LLC*

*v.*

*Early Warning Services, LLC*

**Ashlyn Lembree, Interlocutory Attorney:**

This proceeding now comes before the Board for consideration of several motions concerning essentially the same chat message asserted by Applicant to be protected by attorney-client privilege (the "Chat") included in six of Opposer's seven submissions to the Board to date; and, Applicant's July 1, 2024 uncontested motion to suspend pending termination of a civil action.[1] Applicant's May 31, 2024 motion to seal the Chat shown in the original notice of opposition is contested.[2] Applicant's June 7, 2024 second motion to seal the Chat shown in the amended notice of opposition is

---

[1] 17 TTABVUE. Record citations are to TTABVUE, the Board's publicly available docket system. *See, e.g., New Era Cap Co., Inc. v. Pro Era, LLC*, 2020 USPQ2d 10596, *2 n.1 (TTAB 2020).

[2] 4 TTABVUE (Applicant's first motion to seal). 10, 12, 13, and 14 TTABVUE (Opposer's subsequently-withdrawn initial brief ("Withdrawn Brief"), Opposer's substitute brief, Opposer's supplement to its substitute brief ("Supplemental Brief"), and Opposer's construed fourth response, respectively). As discussed herein, Opposer's Supplemenetal Brief and fourth response to the motion are denied consideration. The Board previously shielded the notice of opposition and Withdrawn Brief from public view pending disposition of Applicant's first motion to seal. 6, 12 TTABVUE.

Opposition No. 91291526

contested.[3] Applicant's June 14, 2024 third motion to seal the Chat shown in Opposer's Supplemental Brief is uncontested.[4] Opposer's motion, filed June 17, 2024, that "the Board [issue] an order that [Exhibit 3 to the notice of opposition] be ruled Information Not to Be Designated as Protected" (Opposer's "Designation Motion") is, as discussed herein, construed as Opposer's fourth response to Applicant's first motion to seal and denied consideration.[5] In conjunction with its motion to suspend, Applicant moves for a fourth time to seal the Chat, albeit in that instance the Chat as shown in Opposer's response to Applicant's second motion to seal and as shown in Opposer's Designation Motion.[6] Applicant's fourth motion to seal is uncontested.

The Board has considered all of the parties' arguments, presumes the parties' familiarity with the factual bases for their filings, and does not recount the facts or arguments here, except as necessary to explain this decision. *See Guess? IP Holder LP v. Knowluxe LLC*, 116 USPQ2d 2018, 2019 (TTAB 2015).

As an initial matter, the Board notes Opposer filed four responses to Applicant's first motion to seal.[7] Duplicate submissions unnecessarily complicate this proceeding and Opposer is admonished to take greater care with its filings with the Board. The presentation of one's arguments and authority should be presented thoroughly in the

---

[3] 8 TTABVUE (Applicant's second motion to seal). 16 TTABVUE (Opposer's response brief). The Board previously shielded the amended notice of opposition from public view pending disposition of Applicant's second motion to seal. 12 TTABVUE.

[4] 14 TTABVUE.

[5] 15 TTABVUE. Opposer's "reservat[ion of] its right to answer or otherwise move with respect to [Applicant's three motions to seal]," *id*. at 2, is **denied**. *See* Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a).

[6] 17 TTABVUE 3-4.

[7] *See* n.2, supra.

Opposition No. 91291526

motion or the opposition brief thereto. *Johnston Pump/Gen. Valve Inc. v. Chromalloy Am. Corp.*, 13 USPQ2d 1719, 1720 n.3 (TTAB 1989); TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 502.02(b) (2024). Moreover, submissions with the Board are assigned a single filing date for purposes of calculating the deadline for filing a response or reply brief under Trademark Rule 2.127(a). *OMS Investments, Inc. v. Habit Horticulture LLC*, 2022 USPQ2d 1074, at *1-2 (TTAB 2022). By order dated June 12, 2024, the Board exercised its discretion to substitute Opposer's second response for its first response, thereby setting the single filing date for Opposer's response to Applicant's first motion to seal for purposes of calculating the deadline for Applicant to file its reply brief. In view thereof, Opposer's third response to Applicant's first motion to seal (Opposer's Supplemental Brief), filed subsequent to the Board's order setting the briefing schedule for the motion based on the single date of filing of Opposer's accepted response to the motion, is **denied consideration**. Moreover, inasmuch as Opposer responds to Applicant's first motion to seal in its Designation Motion and its arguments therein address the same issue raised by Applicant's first motion to seal, Opposer's Designation Motion is construed as its fourth response to Applicant's first motion to seal and is **denied consideration** as improperly filed subsequent to Opposer's single, accepted response to Applicant's first motion to seal.

### The Board Proceeding

On May 16, 2024, Opposer filed a notice of opposition opposing registration of involved application Serial No. 97669754 for the standard character mark PAZE for

Opposition No. 91291526

"Financial transaction services, namely, providing secure commercial transaction options and secure electronic funds transfer; processing of secure electronic wallet transactions" in International Class 36.[8]

Opposer filed an amended notice of opposition prior to Applicant's answer, and the Board accepted Opposer's amended notice of opposition as its operative pleading.[9] Under the operative pleading, Opposer alleges, inter alia, that it owns pending applications Serial Nos. 98255290 and 98252002 for, respectively, the standard character and stylized mark PAZE and that "Opposer believes that if the [involved a]pplication is allowed to register it will cause delays and complications with the registration of Opposer's Marks, causing harm and costs to Opposer,"[10] and identifies the following grounds for cancellation: merely descriptive, lack of bona fide intent to use, fraud, nonuse, and that the identification of services was impermissibly expanded during examination.[11] Opposer also submits several exhibits in support of both its notice of opposition and amended notice of opposition, including a document identified as "Exhibit 3" to its original notice of opposition[12] and "Exhibit[s] 3 [and] 5" to its amended notice of opposition.[13]

---

[8] 1 TTABVUE. Application Serial No. 97669754 was filed November 9, 2022 under Trademark Act Section 1(b), 15 U.S.C. § 1052(b) and amended to a filing basis under Trademark Act Section 1(a), 15 U.S.C. § 1052(a) by way of an amendment to allege use filed December 11, 2023 and accepted February 5, 2024.

[9] 12 TTABVUE, *see also* Amended Notice of Opposition (7 TTABVUE).

[10] 7 TTABVUE 5-6, at ¶¶ 22, 27. "Opposer's Marks" is undefined.

[11] *Id*. at 7-25 (counts first through fifth).

[12] 1 TTABVUE 214-15 (Exhibit 3).

[13] 7 TTABVUE 335-36 (Exhibit 3) and 365 (Exhibit 5).

Opposition No. 91291526

By order dated June 6, 2024, the Board suspended proceedings pending disposition of Applicant's first motion to seal. By the Board's June 12, 2024 order, proceedings remained suspended pending disposition of both Applicant's first and second motions to seal. Accordingly, the time for Applicant to respond to the amended notice of opposition has also been suspended. The Board will reset time for Applicant to respond to the pleading as appropriate.

**The "Privileged Documents" At Issue in Applicant's Motions to Seal**

Applicant's four motions to seal[14] collectively request that the documents appearing as "Exhibit 3" to the original notice of opposition, "Exhibit[s] 3 [and] 5" of the amended notice of opposition, "Exhibit[s] B [and] C" of Opposer's Supplemental Brief,[15] "Exhibit B" to Opposer's response to Applicant's second motion to seal,[16] and "Exhibit[s] C [and] D" to the Designation Motion[17] be placed under seal. As raised in its June 12, 2024 order, the Board additionally addresses "Exhibit B" and "Exhibit C" to the Withdrawn Brief. These exhibits are substantially identical and consist of one or two pages; where both pages have been submitted, the first page appears to be a screenshot of posts on a social media site with one post including an image of a chat, and the second (or only) page is a larger image of that chat (for purposes of this order the Board will refer to the chat shown in both pages as the "Chat").

---

[14] As previously noted, Applicant's fourth motion to seal was combined with Applicant's motion to suspend for the civil action. 17 TTABVUE 3-4. Applicant's fourth motion to seal moves that Exhibits C and D to Opposer's Designation Motion and Exhibit B to Opposer's response to Applicant's second motion to seal be sealed.

[15] 13 TTABVUE 9-14 (Exhibits B and C).

[16] 16 TTABVUE 18-22 (Exhibit B).

[17] 15 TTABVUE 15-21 (Exhibits C and D).

Opposition No. 91291526

Applicant contends that the Chat is a "privileged document" depicting a screen capture of a chat on Applicant's internal messaging system between its general counsel and a former employee and should be sealed. Applicant asserts the document is protected by attorney-client privilege, the privilege has not been waived, and Applicant has not authorized the disclosure of the privileged document to or by Opposer.[18] In its accepted response to Applicant's first motion to seal and in its response to Applicant's second motion to seal, Opposer argues that Applicant has not established the Chat is privileged. Opposer further contends the Chat was publicly available and therefore any privilege is waived or not applicable.[19] As noted above, Opposer did not respond to Applicant's third and fourth motions to seal.

**The Civil Action[20]**

In the civil action the parties are in the reverse position with Applicant as plaintiff asserting a variety of claims against three defendants: Plaintiff [Opposer in the Board proceeding], Brandon O'Loughlin (plaintiff's CEO), and Warren Vurl Johnson (identified as former intellectual property counsel for Applicant).[21] The claims in the

---

[18] *See, e.g.*, 4 TTABVUE 2; *see also id*. at 7-8, ¶¶ 2, 3 (Decl. of Paras R. Shah, Senior Intellectual Property Counsel for Applicant ("Shah Decl.")).

[19] *See* 11 TTABVUE 7-9, 11-16. Opposer's response brief also includes a section entitled "Motions to Redesignate Information per The Standard Protective Order," 11 TTABVUE 9-11, but Opposer makes no motion in this portion of its brief. *See also* 16 TTABVUE 2, 8 (publicly available); *id*. at 8-13 (crime-fraud exception).

[20] The civil action is styled *Early Warning Services, LLC v. Warren Vurl Johnson, Brandon O'Loughlin, and P.A.Z.E. LLC,* Case No. 2:24-cv-01587-SMB, in the United States District Court for the District of Arizona (the "civil action").

[21] 17 TTABVUE 8-11 (Complaint in the civil action).

Opposition No. 91291526

civil action include misappropriation of trade secrets, cybersquatting, and unjust enrichment, and a request for declaratory judgment of non-infringement.[22]

In support of its claims in the civil action Applicant alleges, inter alia, that defendant Johnson improperly took numerous highly confidential and sensitive documents from Applicant, including a screen capture of a "Privileged Chat" between himself and Applicant's general counsel (wherein Johnson's identity is not shown); Opposer "has repeatedly attached [the "Privileged Chat"] to its public filings" before the Board; and this "Privileged Chat" is among Applicant's trade secrets which were misappropriated by the defendants in the civil action.[23] Applicant further alleges it owns prior trademark rights to the mark PAZE as well as the stylized Z mark, and that Opposer has no trademark rights in its asserted PAZE marks.[24]

Among the relief sought, Applicant asks the district court to enjoin the defendants, including Opposer, from using the mark PAZE or the stylized Z mark or any confusingly similar variations; order the defendants to remove from public view all documents containing Applicant's trade secrets; invalidate Opposer's application Serial Nos. 98252022 and 98255290; and find that Applicant owns prior rights in, inter alia, the PAZE and stylized Z marks and the marks are inherently distinctive, valid, and protectable.[25]

In its motion to suspend, Applicant contends many of the same issues in the civil action are presented in the briefing on Applicant's motions to seal, as well as

---

[22] *Id*. at 25-34.
[23] *Id*. at 17-18, 22, 25-27.
[24] *Id*. at 32-34.
[25] *Id*. at 35-36.

Opposition No. 91291526

Opposer's alleged entitlement to a statutory cause of action and its asserted claims in the Board proceeding. Applicant therefore maintains that suspension of Board proceedings, and continued shielding of the privileged documents at issue in the motions to seal, are warranted pending the final determination of the civil action. Again, Opposer has not responded to the motion to suspend.

**Disposition of the Pending Motions**

The Board first considers the motion to suspend for the pending civil action. While the Board may grant the motion as conceded, in view of the nature of the claims in the civil action and Applicant's motions to seal, the Board provides the following analysis further explaining why suspension is warranted. *See* Trademark Rule 2.127(a). "Whenever it shall come to the attention of the Trademark Trial and Appeal Board that a civil action … may have a bearing on a pending case, proceedings before the Board may be suspended until termination of the civil action[.]" Trademark Rule 2.117(a), 37 C.F.R. § 2.117(a); *see also* TBMP § 510.02(a). "[T]he civil action does not have to be dispositive of the Board proceeding to warrant suspension, it need only have a bearing on the issues before the Board." *New Orleans Louisiana Saints LLC v. Who Dat?, Inc.*, 99 USPQ2d 1550, 1552 (TTAB 2011). The Board does not require an issue to be joined in one or both proceedings so long as the Board can ascertain, prior to the filing of an answer(s), whether the final determination of the civil action may have a bearing on the Board proceeding. *See Other Tel. Co. v. Conn. Nat'l Tel. Co.*, 181 USPQ 125, 126-27 (TTAB 1974); *see also* TBMP § 510.02(a).

Opposition No. 91291526

Here, at a minimum, the district court's determinations regarding Applicant's trademark rights would have a bearing on this proceeding. Moreover, if the district court enjoins Opposer from using Applicant's asserted marks, such a decision may directly affect Opposer's entitlement to a statutory cause of action in this proceeding. Accordingly, Applicant's motion to suspend pending the civil action is **granted**.

The Board next addresses the motions to seal. Through its first motion to seal Applicant requests that the exhibits to Opposer's pleadings which include the Chat be placed under seal.[26] Although Applicant relies on the Standard Protective Order as the basis of its motion, Applicant does not invoke the confidentiality designations of the Standard Protective Order but rather relies on its assertion of attorney-client privilege.[27] Accordingly, the Board does not apply the standard for challenging designations set forth in the Standard Protective Order.[28] Rather, the Board construes Applicant's motion as seeking relief for "additional protections not provided" by the Standard Protective Order.[29]

The attorney-client privilege protects communications made in confidence between clients and their lawyers for the purpose of obtaining legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The attorney-client privilege "should be jealously protected." *Amerace Corp. v. USM Corp.*, 183 USPQ 506, 507 (TTAB 1974) (finding that communications between an attorney and a client regarding trademark infringement is protected by attorney-client privilege); *see also United*

---

[26] 4 TTABVUE 2.
[27] *Id.*
[28] *See* Standard Protective Order ¶ 14.
[29] *Id.* at ¶ 17.

Opposition No. 91291526

*States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997) ("the attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system.").

When determining if the attorney-client privilege applies "the central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice." *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 53 USPQ2d 1747, 1751 (Fed. Cir. 2000). Federal courts typically apply an eight-part test to determine whether information is covered by the attorney-client privilege:

> (1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992) (quoting *United States v. Margolis*, 557 F.2d 209, 211 (9th Cir. 1977)). When the client is a company, attorney-client privilege may apply to communication between counsel and high-level corporate officers, as well as between counsel and any corporate employee acting at the direction of corporate superiors in order to secure legal advice for the corporation. *Upjohn*, 449 U.S. at 394, 101 S.Ct. 677; *see also The Goodyear Tire & Rubber Co. v. Uniroyal, Inc.*, 183 USPQ 372 (TTAB 1974).

However, "[t]he burden of determining which communications are privileged and which communications fall outside the scope of the privilege rests squarely on the party asserting the privilege." *In re Queen's Univ. at Kingston*, 820 F.3d 1287, 118 USPQ2d 1221, 1231 (Fed. Cir. 2016). To carry the burden, the party asserting the

Opposition No. 91291526

privilege must "describe in detail" the documents or information sought to be protected. *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *see also FTC v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 180 F.Supp.3d 1, 16 (D.D.C. 2016).

Here, the Board finds Applicant has fallen short of its burden of proving that the Chat document is covered by the attorney-client privilege. Applicant has only stated that its general counsel was one of the persons to the Chat and that Applicant has not waived privilege.[30] Applicant provides in its motions to seal no information regarding the former employee's position at the time of the Chat or whether the employee was acting at the direction of superiors. Applicant further fails to show that the Chat is actually a communication regarding specific legal advice from its general counsel in counsel's capacity as such. Accordingly, Applicant's first and second motions to seal, except as stated herein, are **denied without prejudice**.[31]

However, in view of the "sacred" nature of the attorney-client privilege, in consideration of the Board's disposition of Applicant's remaining motions,[32] and because the district court's determination in the civil action as to whether the communication at issue in the civil action constitutes a "trade secret", is privileged,

---

[30] 4 TTABVUE 7-8, ¶¶ 2-3 (Shah Decl.).

[31] The Board hastens to add that Applicant's motion would have been denied without prejudice if it was considered as challenge to designations under the Standard Protective Order. Such a challenge requires a good faith effort to negotiate prior to making a motion, and Applicant failed to show any such effort to negotiate with Opposer. Standard Protective Order ¶ 14, *see also U.S. Polo Ass'n v. David McLane Ents., Inc.*, 2019 USPQ2d 108442, at * 2 (TTAB 2019); TBMP § 412.01(b).

[32] As noted previously, Applicant's motion to suspend for the civil action is granted. Moreover, Applicant's third and fourth motions to seal are **granted** as conceded to the extent that the submissions are sealed from public view but that the Board will entertain further submissions from the parties regarding whether the documents should remain under seal from public view upon resumption of proceedings. *See* Trademark Rule 2.127(a).

Opposition No. 91291526

or is otherwise protectable from public disclosure would have a bearing on a determination of whether documents including the Chat filed with the Board should be shielded from public viewing, the Board will continue to shield "Exhibit 3" to the original notice of opposition, "Exhibit[s] 3 [and] 5" of the amended notice of opposition, "Exhibit[s] B [and] C" to the Withdrawn Brief, "Exhibit[s] B [and] C" of Opposer's Supplemental Brief, "Exhibit B" to Opposer's response to Applicant's second motion to seal, and "Exhibit[s] C [and] D" to the Designation Motion pending the suspension of this proceeding.[33]

In view of the foregoing, the following documents (found at 1, 7, 10, 13, 15, and 16 TTABVUE) are placed under seal pending the suspension of this proceeding:

- "Exhibit 3" to the original notice of opposition;
- "Exhibit 3" and "Exhibit 5" to the amended notice of opposition;
- "Exhibit B" and "Exhibit C" to Opposer's Withdrawn Brief;
- "Exhibit B" and "Exhibit C" to Opposer's Supplemental Brief;
- "Exhibit B" to Opposer's response to Applicant's second motion to seal; and,
- "Exhibit B" to Opposer's Designation Motion.

For the avoidance of doubt, the Board is not making any determinations at this time as to whether or not the documents at issue in the motions to seal are properly protected under attorney-client privilege.[34] Upon resumption of these proceedings the Board will entertain further submissions from the parties regarding whether the documents should remain under seal from public view.

---

[33] Additionally, the prejudice to Applicant if the documents are made public outweighs the prejudice to Opposer if the documents remain under seal while the Board proceeding is suspended for the civil action.

[34] Nor does the Board make any determinations on whether the documents can otherwise be designated under the Board's Standard Protective Order.

Opposition No. 91291526

However, with the exception of information properly filed under seal, Board proceeding files are to be publicly available. *See* Trademark Rule 2.27(d)-(e), 37 C.F.R. § 2.27(d)-(e); *see also* TBMP § 412.04. Accordingly, when filed documents are shielded from public view, a public copy must be submitted redacting the portions submitted under seal. Trademark Rule 2.126(c), 37 C.F.R. § 2.126(c); *see also* TBMP § 412.04. In view thereof, and because the exhibits to be sealed were submitted by Opposer, Opposer must file public copies of the following wherein the exhibits identified above are redacted:

- original notice of opposition (1 TTABVUE);
- amended notice of opposition (7 TTABVUE);
- Withdrawn Brief (10 TTABVUE);
- Supplemental Brief (13 TTABVUE);
- Opposer's response to Applicant's second motion to seal (15 TTABVUE); and,
- Designation Motion (16 TTABVUE).

Opposer is allowed **TWENTY DAYS** from the date of this order **to submit the public copies of these docket entries**, failing which the Board may give the sealed exhibits no further consideration.

This cancellation proceeding is otherwise **SUSPENDED** pending the final disposition of the civil action between the parties. Within **THIRTY DAYS** after the final determination of the civil action, the parties must so notify the Board in writing, including a copy of the court's final order.[35] Upon resumption of the proceedings the

---

[35] A proceeding is considered to have been finally determined when an order or ruling that ends litigation has been rendered, and no appeal has been filed, or all appeals filed have been decided and the time for any further review has expired. *See* TBMP § 510.02(b).

Opposition No. 91291526

Board will reset dates as appropriate, including time for Applicant to answer or otherwise respond to the operative notice of opposition.

During the suspension period, the parties must notify the Board of any address changes for the parties or their attorneys. In addition, the parties must promptly inform the Board of any other related cases, even if they become aware of such cases during the suspension period.

# EXHIBIT 2

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

RSC

October 1, 2024

Cancellation No. 92085110

*P.A.Z.E., LLC*

*v.*

*Early Warning Services, LLC*

**Rebecca Stempien Coyle, Interlocutory Attorney:**

This proceeding now comes before the Board for consideration of the following motions filed by Respondent Early Warning Services ("Respondent"): (1) May 31, 2024, motion to seal, (2) July 1, 2024, second motion to seal, and (3) July 1, 2024, motion to suspend pending termination of a civil action. Respondent's first motion to seal is contested, and no response was filed to either the second motion to seal or motion to suspend.[1]

As an initial matter, the Board notes Petitioner P.A.Z.E., LLC ("Petitioner") filed two responses to Respondent's first motion to seal.[2] Petitioner's responses appear to

---

[1] The Board has considered all of the parties' arguments, presumes the parties' familiarity with the factual bases for their filings, and does not recount the facts or arguments here, except as necessary to explain this decision. *See Guess? IP Holder LP v. Knowluxe LLC*, 116 USPQ2d 2018, 2019 (TTAB 2015).

[2] 10 TTABVUE, 11 TTABVUE. Record citations are to TTABVUE, the Board's publicly available docket system. *See, e.g., New Era Cap Co., Inc. v. Pro Era, LLC*, 2020 USPQ2d 10596, *2 n.1 (TTAB 2020).

Cancellation No. 92085110

be identical, accordingly, the second-filed submission (11 TTABVUE) supersedes the original submission (10 TTABVUE), which will be given no further consideration. Duplicate submissions unnecessarily complicate this proceeding and Petitioner is admonished to take greater care with its filings with the Board.

**The Board Proceeding**

On May 3, 2024, Petitioner filed a petition to cancel Respondent's Registration No. 5476070 for the stylized mark Z, as shown below (the "stylized Z mark"):



for "Financial transaction services, namely, providing secure payment and money transfer options and permitting account holders to make payment requests" in International Class 36.[3]

Petitioner filed amended pleadings prior to Respondent's answer, and the Board accepted Petitioner's second amended petition for cancellation of May 24, 2024 as its operative pleading.[4] Under the operative pleading Petitioner alleges, inter alia, it owns pending application Serial No. 98252002 for the stylized mark PAZE which "will be put at risk by Respondent",[5] and identifies the following grounds for cancellation: failure to function on a variety of bases, abandonment due to failure to police, and

---

[3] 1 TTABVUE. Registration No. 5476070 issued May 22, 2018, based on alleged use in commerce. The registration includes the following description of the mark: "The mark consists of capitalized letter 'Z' stylized to have a vertical line extending upward from the top horizontal line and another vertical line extending downward from the bottom horizontal line." Color is not claimed as a feature of the mark. Section 8 & 15 Declaration filed April 26, 2024.

[4] 8 TTABVUE, *see also* Second Amended Petition for Cancellation (5 TTABVUE).

[5] 5 TTABVUE 4, at ¶¶ 6-12.

Cancellation No. 92085110

fraud.[6] Petitioner also submits several exhibits in support of its petition, including a document identified as "Exhibit B".[7]

After accepting Petitioner's second amended pleading the Board reset dates, allowing Respondent until July 5, 2024, to serve an answer or otherwise respond to the second amended petition for cancellation.[8] As noted above, on July 1, 2024, Respondent filed its motion to suspend proceedings pending a civil action. The Board considers proceedings to have been suspended for consideration of Respondent's motion as of July 1, 2024. Accordingly, the time for Respondent to respond to the second amended petition for cancellation has also been suspended. The Board will reset time for Respondent to respond to the pleading as appropriate.

**The "Privileged Documents" At Issue in Respondent's Motions to Seal**

Respondent's first motion to seal requests that the documents appearing as "Exhibit E" to the original petition for cancellation, and as "Exhibit B" to both the first amended and second amended petition for cancellation, be placed under seal. These exhibits are identical and each consist of two pages, the first of which appears to be a screenshot of posts on a social media site with one post including an image of a chat, and the second page is a larger image of that chat (for purposes of this order the Board will refer to the chat shown in both pages as "the Chat").[9]

Respondent contends that the Chat is a "privileged document" depicting a screen capture of a chat on Respondent's internal messaging system between its general

---

[6] *Id.* at 5-27.
[7] *Id.* at 146-147.
[8] 8 TTABVUE 3.
[9] 1 TTABVUE 147-148, 4 TTABVUE 144-145, 5 TTABVUE 146-147.

Cancellation No. 92085110

counsel and a former employee and should be sealed. Respondent asserts the document is protected by attorney-client privilege, the privilege has not been waived, and Respondent has not authorized the disclosure of the privileged document to or by Petitioner.[10] In response to Respondent's first motion Petitioner argues that Respondent has not established the Chat is privileged. Petitioner further contends the Chat was publicly available and therefore any privilege is waived.[11]

Respondent's second motion to seal concerns "Exhibit D" and "Exhibit E" to Petitioner's two June 17, 2024, responses to Respondent's first motion to seal. Exhibit D consists of a printout of a webpage that includes images from what appears to be the same social media account as the contested exhibits to Petitioner's pleadings, which also include an image of the Chat, as well as a larger image of the Chat. Exhibit E consists of a printout from another social media account and also includes an image of the Chat.[12] In its second motion to seal Respondent modifies its request for relief, asking that Exhibits D and E be sealed "pending termination of the civil action".[13] As noted above, Petitioner did not respond to this motion.

**The Civil Action[14]**

In the civil action the parties are in the reverse position with Respondent as plaintiff asserting a variety of claims against three defendants: Plaintiff, Brandon

---

[10] 6 TTABVUE 2, *see also id.* at 7-8 (Decl. of Paras R. Shah, Senior Intellectual Property Counsel for Respondent ("Shah Decl.")).

[11] *See* 10 TTABVUE 9-12, 16-17.

[12] *Id.* at 34-40.

[13] 12 TTABVUE 3.

[14] The civil action is styled *Early Warning Services, LLC v. Warren Vurl Johnson, Brandon O'Loughlin, and P.A.Z.E. LLC,* Case No. 2:24-cv-01587-SMB, in the United States District Court for the District of Arizona (the "civil action").

Cancellation No. 92085110

O'Loughlin (plaintiff's CEO), and Warren Vurl Johnson (identified as former intellectual property counsel for Respondent).[15] The claims in the civil action include misappropriation of trade secrets, cybersquatting, and unjust enrichment, and a request for declaratory judgment of non-infringement.[16]

In support of its claims Respondent alleges, inter alia, that defendant Johnson improperly took numerous highly confidential and sensitive documents from Respondent, including a screen capture of a "Privileged Chat" between himself and Respondent's general counsel (wherein Johnson's identity is not shown); Petitioner "has repeatedly attached [the "Privileged Chat"] to its public filings" before the Board; and this "Privileged Chat" is among Respondent's trade secrets which were misappropriated by the defendants in the civil action.[17] Respondent further alleges it owns prior trademark rights to the mark PAZE as well as the stylized Z mark, and that Petitioner has no trademark rights in its asserted PAZE marks.[18]

Among the relief sought Respondent asks the district court to enjoin the defendants, including Petitioner, from using the mark PAZE or the stylized Z mark or any confusingly similar variations; order the defendants to remove from public view all documents containing Respondent's trade secrets; invalidate Petitioner's application Serial Nos. 98252022 and 98255290; and find that Respondent owns prior

---

[15] 13 TTABVUE 9-11.
[16] *Id.* at 25-34.
[17] *Id.* at 17-18, 22, 25-27.
[18] *Id.* at 32-34.

Cancellation No. 92085110

rights in the stylized Z mark and the mark is inherently distinctive, valid, and protectable.[19]

In its motion to suspend Respondent contends many of the same issues in the civil action are presented in the briefing on Respondent's motions to seal, as well as Petitioner's alleged entitlement to a statutory cause of action and its asserted claims in the Board proceeding. Respondent therefore maintains that suspension of Board proceedings, and continued shielding of the privileged documents at issue in the motions to seal, are warranted pending the final determination of the civil action. Again, Petitioner has not responded to the motion to suspend.

### Disposition of the Pending Motions

The Board first considers the motion to suspend for the pending civil action. While the Board may grant the motion as conceded, in view of the nature of the claims in the civil action and Respondent's motions to seal, the Board provides the following analysis further explaining why suspension is warranted. *See* Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a). "Whenever it shall come to the attention of the Trademark Trial and Appeal Board that a civil action … may have a bearing on a pending case, proceedings before the Board may be suspended until termination of the civil action[.]" Trademark Rule 2.117(a), 37 C.F.R. § 2.117(a); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 510.02(a) (2024). "[T]he civil action does not have to be dispositive of the Board proceeding to warrant suspension, it need only have a bearing on the issues before the Board." *New Orleans*

---

[19] *Id.* at 35-36.

Cancellation No. 92085110

*Louisiana Saints LLC v. Who Dat?, Inc.*, 99 USPQ2d 1550, 1552 (TTAB 2011). The Board does not require an issue to be joined in one or both proceedings so long as the Board can ascertain, prior to the filing of an answer(s), whether the final determination of the civil action may have a bearing on the Board proceeding. *See Other Tel. Co. v. Conn. Nat'l Tel. Co.*, 181 USPQ 125, 126-27 (TTAB 1974); *see also* TBMP § 510.02(a).

Here, at a minimum, the district court's determinations regarding Respondent's trademark rights would have a bearing on this proceeding. Moreover, if the district court enjoins Petitioner from using Repondent's asserted marks, such a decision may directly affect Petitioner's entitlement to a statutory cause of action in this proceeding. Accordingly, Respondent's motion to suspend pending the civil action is **granted**.

The Board next addresses the motions to seal. Through its first motion to seal Respondent requests that the exhibits to Petitioner's pleadings which include the Chat be placed under seal.[20] Although Respondent relies on the Standard Protective Order as the basis of its motion, Respondent does not invoke the confidentiality designations of the Standard Protective Order but rather relies on its assertion of attorney-client privilege.[21] Accordingly, the Board does not apply the standard for challenging designations set forth in the Standard Protective Order.[22] Rather, the

---

[20] 6 TTABVUE 2.
[21] *Id.*
[22] *See* Standard Protective Order ¶ 14.

Cancellation No. 92085110

Board construes Respondent's motion as seeking relief for "additional protections not provided" by the Standard Protective Order.[23]

The attorney-client privilege protects communications made in confidence between clients and their lawyers for the purpose of obtaining legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The attorney-client privilege "should be jealously protected." *Amerace Corp. v. USM Corp.*, 183 USPQ 506, 507 (TTAB 1974) (finding that communications between an attorney and a client regarding trademark infringement is protected by attorney-client privilege); *see also United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997) ("the attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system.").

When determining if the attorney-client privilege applies "the central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice." *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 53 USPQ2d 1747, 1751 (Fed. Cir. 2000). Federal courts typically apply an eight-part test to determine whether information is covered by the attorney-client privilege:

> (1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992) (quoting *United States v. Margolis*, 557 F.2d 209, 211 (9th Cir. 1977)). When the client is a

---

[23] *Id.* at ¶ 17.

Cancellation No. 92085110

company, attorney-client privilege may apply to communication between counsel and high-level corporate officers, as well as between counsel and any corporate employee acting at the direction of corporate superiors in order to secure legal advice for the corporation. *Upjohn*, 449 U.S. at 394, 101 S.Ct. 677; *see also The Goodyear Tire & Rubber Co. v. Uniroyal, Inc.*, 183 USPQ 372 (TTAB 1974).

However, "[t]he burden of determining which communications are privileged and which communications fall outside the scope of the privilege rests squarely on the party asserting the privilege." *In re Queen's Univ. at Kingston*, 820 F.3d 1287, 118 USPQ2d 1221, 1231 (Fed. Cir. 2016). To carry the burden, the party asserting the privilege must "describe in detail" the documents or information sought to be protected. *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *see also FTC v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 180 F.Supp.3d 1, 16 (D.D.C. 2016).

Here, the Board finds Respondent has fallen short of its burden of proving that the exhibits to the pleadings at issue are covered by the attorney-client privilege. Respondent has only stated that its general counsel was one of the persons to the Chat and that Respondent has not waived privilege.[24] Respondent provides no information regarding the former employee's position at the time of the Chat or whether the employee was acting at the direction of superiors. Respondent further fails to show that the Chat is actually a communication regarding specific legal advice

---

[24] 6 TTABVUE 7-8, ¶¶ 2-3 (Shah Decl.).

Cancellation No. 92085110

from its general counsel in counsel's capacity as such. Accordingly, Respondent's first motion to seal is **denied without prejudice**.[25]

However, in view of the "sacred" nature of the attorney-client privilege, and in consideration of the Board's disposition of Respondent's remaining motions, the Board will continue to shield Exhibit E to the original petition for cancellation, Exhibit B to the first amended petition for cancellation, and Exhibit B to the second amended petition for cancellation, pending the suspension of this proceeding.[26]

Turning to the second motion to seal, it appears that the Chat at issue in this motion to seal is the same as the Privileged Chat at issue in the civil action.[27] The district court's determination in the civil action as to whether this communication constitutes a "trade secret", is privileged, or is otherwise protectable from public disclosure would have a bearing on a determination of whether documents including the communication filed with the Board should be shielded from public viewing. Accordingly, Respondent's second motion to seal is **granted**, and Exhibits D and E to both of Petitioner's June 17, 2024, submissions will remain sealed pending termination of the civil action.[28]

---

[25] The Board hastens to add that Respondent's motion would have been denied without prejudice if it was considered as challenge to designations under the Standard Protective Order. Such a challenge requires a good faith effort to negotiate prior to making a motion, and Respondent failed to show any such effort to negotiate with Petitioner. Standard Protective Order ¶ 14, *see also U.S. Polo Ass'n v. David McLane Ents., Inc.*, 2019 USPQ2d 108442, at * 2 (TTAB 2019); TBMP § 412.01(b).

[26] Additionally, the prejudice to Respondent if the documents are made public outweighs the prejudice to Petitioner if the documents remain under seal while the Board proceeding is suspended for the civil action.

[27] The Board reiterates the Chat shown in the exhibits to the pleadings is the same as the Chat shown in Exhibits D and E to Petitioner's response brief.

[28] The second motion to seal is also conceded. *See* Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a).

Cancellation No. 92085110

In view of the foregoing, the following documents are placed under seal pending the suspension of this proceeding:

- "Exhibit E" to the original petition for cancellation;
- "Exhibit B" to the first amended petition for cancellation;
- "Exhibit B" to the second amended petition for cancellation;
- "Exhibit D" and "Exhibit E" to Petitioner's first submission of June 17, 2024; and
- "Exhibit D" and "Exhibit E" to Petitioner's second submission of June 17, 2024.

For the avoidance of doubt, the Board is not making any determinations at this time as to whether or not the documents at issue in the motions to seal are properly protected under attorney-client privilege.[29] Upon resumption of these proceedings the Board will entertain further submissions from the parties regarding whether the documents should remain under seal from public view.

However, with the exception of information properly filed under seal, Board proceeding files are to be publicly available. *See* Trademark Rule 2.27(d)-(e), 37 C.F.R. § 2.27(d)-(e); *see also* TBMP § 412.04. Accordingly, when filed documents are shielded from public view, a public copy must be submitted redacting the portions submitted under seal. Trademark Rule 2.126(c), 37 C.F.R. § 2.126(c); *see also* TBMP § 412.04. In view thereof, and because the exhibits to be sealed were submitted by Petitioner, Petitioner must file public copies of the following wherein the exhibits identified above are redacted:

- original petition for cancellation (1 TTABVUE),
- first amended petition for cancellation (4 TTABVUE),
- second amended petition for cancellation (5 TTABVUE), and

---

[29] Nor does the Board make any determinations on whether the documents can otherwise be designated under the Board's Standard Protective Order.

Cancellation No. 92085110

- its June 17, 2024, responses to Respondent's first motion to seal (11 TTABVUE).[30]

Petitioner is allowed **TWENTY DAYS** from the date of this order **to submit the public copies of these docket entries**, failing which the Board may give the sealed exhibits no further consideration.

This cancellation proceeding is otherwise **SUSPENDED** pending the final disposition of the civil action between the parties. Within THIRTY DAYS after the final determination of the civil action, the parties must so notify the Board in writing, including a copy of the court's final order.[31] Upon resumption of the proceedings the Board will reset dates as appropriate, including time for Respondent to answer or otherwise respond to the operative petition for cancellation.

During the suspension period, the parties must notify the Board of any address changes for the parties or their attorneys. In addition, the parties must promptly inform the Board of any other related cases, even if they become aware of such cases during the suspension period.

---

[30] Because 10 TTABVUE and 11 TTABVUE are identical, and so as to not unnecessarily clutter the record, Petitioner need not submit a public version of 10 TTABVUE.

[31] A proceeding is considered to have been finally determined when an order or ruling that ends litigation has been rendered, and no appeal has been filed, or all appeals filed have been decided and the time for any further review has expired." *See* TBMP § 510.02(b).

**EXHIBIT 3**

Clerk of the Superior Court
*** Electronically Filed ***
07/31/2024 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2023-010955                                          07/30/2024

                                              CLERK OF THE COURT
HONORABLE JOHN L. BLANCHARD                        Y. Rodriguez
                                                      Deputy

WARREN V JOHNSON                          WARREN VURL JOHNSON

v.

EARLY WARNING SERVICES L L C              L ERIC DOWELL

                                          D&C MATERIALS-CSC
                                          JUDGE BLANCHARD

MINUTE ENTRY

        This Court's July 26, 2024, minute entry denied Defendant's Ex Parte Motion to Seal
Document because the case docket did not reflect the documents a publicly filed.  That appears
to have been a computer glitch as the Court has now found the exhibit in question in the case
file.

        Accordingly, and for good cause,

        **IT IS ORDERED** granting Defendant's *Ex Parte Motion to Seal Document*, filed July 1,
2024.

        **IT IS FURTHER ORDERED** designating Exhibit 24, attached to the Complaint, filed
July 20, 2023, as a confidential document.

# EXHIBIT 4

**Granted with Modifications**
***See eSignature page***

Clerk of the Superior Court
*** Electronically Filed ***
Y. Rodriguez, Deputy
9/6/2024 8:00:00 AM
Filing ID 18460671

1

2

3

4

5

6

7

8

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

| | |
|---|---|
| Mr. Warren V. Johnson, Esq., | No.  CV2023-010955 |
| Plaintiff, | **ORDER** |
| v. | |
| Early Warning Services, LLC, | (Hon. John Blanchard) |
| Defendant. | |

The Court, having considered the Early Warning Services LLC's Second Emergency Motion to Seal Exhibits to Plaintiff Warren Johnson's Complaint by Defendant Early Warning Services, LLC ("Defendant" or "Early Warning") and good cause appearing.

IT IS ORDERED that Complaint Exhibits 2 and 23 will be sealed by the Court.


DATED: September ___, 2024


_____

Honorable John Blanchard
Maricopa County Superior Court Judge

# eSignature Page 1 of 1

Filing ID: 18460671   Case Number: CV2023-010955
Original Filing ID: 18349876

_____

**Granted with Modifications**



/S/ John Blanchard Date: 9/5/2024
_____
Judicial Officer of Superior Court

**ENDORSEMENT PAGE**

CASE NUMBER: CV2023-010955                    SIGNATURE DATE: 9/5/2024

E-FILING ID #: 18460671                       FILED DATE: 9/6/2024 8:00:00 AM


L ERIC DOWELL