**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

**BRYAN CAVE LEIGHTON PAISNER LLP**
George C. Chen, Arizona Bar No. 019704
*george.chen@bclplaw.com*
Jacob A. Maskovich, Arizona Bar No. 021920
*jamaskovich@bclplaw.com*
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070

Attorneys for Plaintiff
Early Warning Services, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC, | Case No. CV-24-01587-PHX-SMB |
| Plaintiff, | |
| v. | **PLAINTIFF EARLY WARNING SERVICES, LLC'S EMERGENCY MOTION TO SEAL PORTIONS OF WARREN VURL JOHNSON'S REPLY [264] IN SUPPORT OF MOTION TO STRIKE [258]** |
| Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, | |
| Defendants. | |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................ii

I.      INTRODUCTION...............................................................................1

II.     ARGUMENT .....................................................................................2

III.    CONCLUSION ..................................................................................4

CERTIFICATE OF SERVICE ..........................................................................6

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015)................................................................................2

*Cramton v. Grabbagreen Franchising LLC*,
No. CV-17-04663-PHX-DWL, 2021 WL 871539 (D. Ariz. Mar. 9, 2021) ...........3

*Early Warning Servs. v. Johnson*,
No. 24-7315 (9th Cir.) ...........................................................................................1

*Early Warning Servs. v. Johnson*,
No. 25-3838 (9th Cir.) ...........................................................................................1

*In re Banc of Cal. Sec. Litig.*,
No. SA CV 17-00118-AG (DFMx), 2018 WL 6520418 (C.D. Cal. Dec. 7,
2018)........................................................................................................................3

*In re Kidder Peabody Sec. Litig.*,
168 F.R.D. 459 (S.D.N.Y. 1996)............................................................................3

*Johnson v. Early Warning Servs.*,
No. 25-2364-DDC-TJJ (D. Kan.)............................................................................1

*Johnson v. Early Warning Servs.*,
No. 25-3118 (10th Cir.) ..........................................................................................1

*Lambright v. Ryan*,
698 F.3d 808 (9th Cir. 2012)..................................................................................2

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589 (1978) ...............................................................................................2

*United States v. Leong*,
No. 21-00142 LEK, 2023 WL 8878946 (D. Haw. Dec. 22, 2023)........................2

*United States v. Mett*,
178 F.3d 1058 (9th Cir. 1999)................................................................................4

*Upjohn Co. v. United States*,
449 U.S. 383 (1981) ...............................................................................................2

**Rules**

Fed. R. Civ. P. 26(c) ..............................................................................................1

LRCiv 5.6(b)..........................................................................................................1

## I.    **<u>INTRODUCTION</u>**

Pursuant to Federal Rule of Civil Procedure 26(c), LRCiv 5.6(b), and this Court's inherent power, Plaintiff Early Warning Services, LLC ("EWS") respectfully moves this Court for an emergency order placing Defendant Warren Vurl Johnson's ("Johnson") Reply in Support of Motion to Strike (Dkt. 264) and supporting Exhibit C (Dkt. 264-3) (together, the "Reply") under seal.[1] Portions of the Reply contain EWS's privileged information, including detailed descriptions of the contents of the Microsoft Teams Chat between Johnson and EWS's General Counsel, Tracy Cheney (the "Teams Chat"), which the Court found "undoubtedly privileged" almost a year ago (Dkt. 70 at 10) and which this Court has repeatedly ordered Johnson not to disclose.

Despite these orders, Johnson has now published the privileged contents of the Teams Chat six times in this action,[2] three times in appeals to the Ninth Circuit,[3] three times in the United States District Court for the District of Kansas,[4] and one time in a related Tenth Circuit appeal.[5] Each court granted EWS's motions to seal the contents of the Teams Chat. Johnson knows full well he is "not the holder" of EWS's attorney-client privilege, *see* Dkt. 75 at 21:6-11, yet he continues to use his court filings to disclose EWS's privileged information—even after being sanctioned for doing so. *See* Dkt. 183 at 12 (granting motion for sanctions, observing that Johnson "acknowledged

---

[1] Among the other exhibits is a chart (in Exhibit B) repeatedly referring to Johnson's arguments and filings using the second person—clearly suggesting that Johnson did not prepare the chart on his own. *See, e.g.*, Dkt. 264-2 at 4 ("[T]hey press to penetrate *your privileged comms* and *identify your counsel* from *your devices*." (emphases added)).

[2] *See* Dkts. 24, 77-1, 84, 88, 92, 264.

[3] *Early Warning Servs. v. Johnson*, No. 24-7315, D.E. 57.1, 57.2 (9th Cir. July 3, 2025); *Early Warning Servs. v. Johnson*, No. 25-3838, D.E. 3.1, 3.3 (9th Cir. June 30, 2025); *id.* D.E. 11.1 (9th Cir. July 2, 2025).

[4] *Johnson v. Early Warning Servs.*, No. 25-2364-DDC-TJJ, Dkt. 1 (D. Kan. July 7, 2025); *id.* Dkts. 8, 9 (D. Kan. July 9, 2025).

[5] *Johnson v. Early Warning Servs.*, No. 25-3118, D.E. 2 (10th Cir. July 15, 2025).

and understood that he did not hold the keys to EWS's attorney-client privilege, and therefore, could not disclose such information," yet disclosed privileged information, "even recogniz[ing] such information to be 'legal advice'").

Johnson's pattern of willful disobedience to this Court's orders warrants further sanctions, including: (1) EWS's attorneys' fees incurred in connection with this motion to seal (the "Motion"); and (2) entry of an order requiring Johnson to file all documents under seal and giving EWS a reasonable time (e.g., 14 days) in which to identify any privileged contents, failing which the Clerk of Court will file Johnson's documents publicly. EWS will separately file a motion for sanctions in connection with Johnson's Reply. In the meantime, EWS respectfully requests this Court to grant EWS's Motion and order the Clerk of Court to place that Reply under seal.

## II.   ARGUMENT

Federal district courts have "inherent supervisory power" to seal documents. *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files . . . ."). The right of access therefore is not absolute. Indeed, the Ninth Circuit has observed that "[a]ttorney-client privileged materials, of course, are archetypical examples of material that has traditionally been kept secret for important policy reasons." *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012).

The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted). It "encourage[s] full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* (citation omitted).

Notably, the privilege applies to summaries of communications between attorneys as well as the communications themselves. *See, e.g.*, *United States v. Leong*, No. 21-00142 LEK, 2023 WL 8878946, at *12 (D. Haw. Dec. 22, 2023) (holding portions of the brief "protected by the [movant's] attorney-client privilege because

2

[the brief] summarizes" a privileged conversation and a "communication . . . that refers to the [privileged] substance of the [conversation]"); *cf. In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 472 (S.D.N.Y. 1996) (holding privilege waived by prior disclosure of summaries of privileged materials); *Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2021 WL 871539, at *2 (D. Ariz. Mar. 9, 2021) (explaining that privilege extends to the substance or content of a protected communication, rather than limiting privilege analysis to underlying document alone); *In re Banc of Cal. Sec. Litig.*, No. SA CV 17-00118-AG (DFMx), 2018 WL 6520418, at *1 (C.D. Cal. Dec. 7, 2018) (referencing earlier holding that prior disclosure of summaries of documents waived privilege as to documents themselves).

The following excerpts from Johnson's Reply contain EWS's privileged information:

1. On page 5 of Dkt. 264 at lines 24 and 25, the phrase beginning with "a practice" and ending with "today" reflects Johnson's legal advice to EWS.

2. On page 8 of Dkt. 264 at lines 9 and 10, the sentence beginning with "Privileged Teams chats" and ending with "matters" describes the contents of the Teams Chat.[6]

3. On pages 10 and 11 of Dkt. 264 (§ II(C)), three paragraphs beginning with "A prima facia case" (page 10, line 13 (misspelling in original)) and ending with "crime and fraud" (page 11, line 3) describe and explain in greater detail the contents of the Teams Chat.[7]

---

[6] Johnson's reference to "Privileged Teams chats," plural, suggests he may have exfiltrated other Microsoft Teams chats from EWS that still may reside on his devices, underlining the importance of securing Johnson's compliance with the preliminary injunction order.

[7] Remarkably, this discussion contains Johnson's offer to provide the Court with alleged "evidence" supporting his reckless accusations (*see* Dkt. 264 at 10), thus suggesting, yet again, that Johnson's devices contain EWS's protected information. Johnson still has not complied with this Court's order to present his devices for

4.      On page 5 of Dkt. 264-3 (Exhibit C), the third and fourth columns in the fifth row of the chart (exclusive of the header row) describe the contents of the Teams Chat.[8]

The information sought to be sealed is protected from disclosure by EWS's attorney-client privilege, which EWS has not waived. Given the important and longstanding policies underlying the attorney-client privilege, compelling reasons exist to place the documents containing this privileged information under seal. *See United States v. Mett*, 178 F.3d 1058, 1065 (9th Cir. 1999) ("[W]here attorney-client privilege is concerned, hard cases should be resolved in favor of the privilege, not in favor of disclosure.").

## III.    CONCLUSION

For the foregoing reasons, and based on the pleadings and evidence of record, EWS respectfully requests that this Court place Johnson's Reply in Support of Motion to Strike (Dkt. 264) and supporting Exhibit C (Dkt. 264-3) under seal and order Johnson to publicly file a document redacting:

(1)     the phrase beginning with "a practice" and ending with "today" on page 5 of Dkt. 264 at lines 24 and 25;

(2)     the sentence beginning with "Privileged Teams chats" and ending with "matters" on page 8 of Dkt. 264 at lines 9 and 10;

(3)     the three paragraphs in section II(C) of Dkt. 264, beginning with "A prima facia case" (misspelling in original) on page 10 at line 13 and ending with "crime and fraud" on page 11 at line 3; and

(4)     the third and fourth columns in the fifth row of the chart (exclusive of the header row) on page 5 of Dkt. 264-3 (Exhibit C) discussing the "Privileged chats" and "Teams Chat."

---

forensic imaging, despite being held in contempt and being ordered to pay daily fines for noncompliance. *See* Dkt. 243.

[8] Again, Johnson's reference to "privileged chats," plural, suggests he may have exfiltrated other conversations containing EWS's privileged information.

4

DATED:  November 6, 2025

Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ Erick Durlach*
Erick Durlach
Dennis L. Wilson (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
Kristin M. Adams (admitted *pro hac vice*)
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254
Tel: (602) 726-7319
Fax: (623) 321-1009
*edurlach@ktslaw.com*
*dwilson@ktslaw.com*
*sstadler@ktslaw.com*
*kmadams@ktslaw.com*

BRYAN CAVE LEIGHTON PAISNER LLP
George C. Chen
Jacob A. Maskovich
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070
*george.chen@bclplaw.com*
*jamaskovich@bclplaw.com*

Attorneys for Plaintiff
Early Warning Services, LLC

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2025, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing with a copy served via that system. For parties not receiving service via CM/ECF, a copy will be transmitted via electronic mail as follows:

Brandon O'Loughlin *and* P.A.Z.E., LLC
1317 W. 13th Place
Tempe, AZ  85281
(623) 295-5438
contact@paze.guru

*Defendant Brandon O'Loughlin Individually and*
*as Authorized Representative for Defendant P.A.Z.E., LLC*

/s/ Erick Durlach
Erick Durlach