**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

**BRYAN CAVE LEIGHTON PAISNER LLP**
George C. Chen, Arizona Bar No. 019704
*george.chen@bclplaw.com*
Jacob A. Maskovich, Arizona Bar No. 021920
*jamaskovich@bclplaw.com*
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070

Attorneys for Plaintiff
Early Warning Services, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC, | Case No. CV-24-01587-PHX-SMB |
| Plaintiff, | |
| v. | **PLAINTIFF EARLY WARNING SERVICES, LLC'S EMERGENCY MOTION TO SEAL PORTIONS OF JOHNSON'S OPPOSITION [267] TO EMERGENCY MOTION TO SEAL [265]** |
| Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, | |
| Defendants. | |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ii

I.  INTRODUCTION ...................................................................................... 1

II.  ARGUMENT ............................................................................................ 1

III.  CONCLUSION .......................................................................................... 3

CERTIFICATE OF SERVICE .......................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Brennan v. Opus Bank*,
    796 F.3d 1125 (9th Cir. 2015) ................................................................ 1

*Cramton v. Grabbagreen Franchising LLC*,
    No. CV-17-04663-PHX-DWL, 2021 WL 871539 (D. Ariz. Mar. 9, 2021) ........... 2

*In re Banc of Cal. Sec. Litig.*,
    No. SA CV 17-00118-AG (DFMx), 2018 WL 6520418 (C.D. Cal. Dec. 7,
    2018) .................................................................................................. 2

*In re Kidder Peabody Sec. Litig.*,
    168 F.R.D. 459 (S.D.N.Y. 1996) ............................................................ 2

*Lambright v. Ryan*,
    698 F.3d 808 (9th Cir. 2012) ................................................................ 2

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978) ........................................................................... 1

*United States v. Leong*,
    No. 21-00142 LEK, 2023 WL 8878946 (D. Haw. Dec. 22, 2023) ................... 2

*United States v. Mett*,
    178 F.3d 1058 (9th Cir. 1999) .............................................................. 3

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981) ........................................................................... 2

**Rules**

Fed. R. Civ. P. 26(c) ................................................................................. 1

LRCiv 5.6(b) ........................................................................................... 1

## I.    <u>INTRODUCTION</u>

On November 6, 2025, Plaintiff Early Warning Services, LLC ("EWS") filed an emergency motion to seal Johnson's Reply in Support of Motion to Strike (Dkt. 264) and supporting Exhibit C (Dkt. 264-3) (together, the "Reply"). Defendant Warren Vurl Johnson ("Johnson") opposed that motion by filing a document (the "Opposition") that *itself* again discloses EWS's privileged information. Johnson keeps disclosing EWS's privileged information in his public filings because he hopes to vitiate EWS's privilege and use EWS's privileged information in his quixotic crusade against EWS. Pursuant to Federal Rule of Civil Procedure 26(c), LRCiv 5.6(b), and this Court's inherent power, EWS respectfully moves this Court for an emergency order placing Johnson's Opposition (Dkt. 267) under seal.

## II.    <u>ARGUMENT</u>

Not only is Johnson's Opposition a bad faith attempt to relitigate settled matters, but it also marks the seventh time Johnson has published the privileged contents of the Teams Chat in this action alone. *See* Dkts. 24, 77-1, 84, 88, 92, 264, 267. There can be no question that this conduct is deliberate. Johnson originally represented to the Court that his repeated disclosures of EWS's privileged information were inadvertent accidents. *See, e.g.*, Dkt. 97 at 1. He has long since abandoned the claim that his conduct is anything but intentional, and it is apparent that, unless discouraged by the Court, he will resubmit that information whenever he feels inclined to do so. The Court should reject Johnson's repeated attempted end runs around the rules governing requests for reconsideration of the Court's original determination of privilege.

As this Court well knows, federal district courts have "inherent supervisory power" to seal documents. *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files . . . ."). The right of access therefore is not absolute. Indeed, the Ninth Circuit has observed that "[a]ttorney-client

1

privileged materials, of course, are archetypical examples of material that has traditionally been kept secret for important policy reasons." *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012). The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted). It "encourage[s] full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* (citation omitted).

Notably, the privilege applies to summaries of communications between attorneys as well as the communications themselves. *See, e.g.*, *United States v. Leong*, No. 21-00142 LEK, 2023 WL 8878946, at *12 (D. Haw. Dec. 22, 2023) (holding portions of the brief "protected by the [movant's] attorney-client privilege because [the brief] summarizes" a privileged conversation and a "communication . . . that refers to the [privileged] substance of the [conversation]"); *cf. In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 472 (S.D.N.Y. 1996) (holding privilege waived by prior disclosure of summaries of privileged materials); *Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2021 WL 871539, at *2 (D. Ariz. Mar. 9, 2021) (explaining that privilege extends to the substance or content of a protected communication, rather than limiting privilege analysis to underlying document alone); *In re Banc of Cal. Sec. Litig.*, No. SA CV 17-00118-AG (DFMx), 2018 WL 6520418, at *1 (C.D. Cal. Dec. 7, 2018) (referencing earlier holding that prior disclosure of summaries of documents waived privilege as to documents themselves).

The following excerpts from Johnson's Opposition contain EWS's privileged information because they reflect Johnson's legal advice to EWS concerning contract negotiations and the circumstances surrounding those negotiations, as related by Ms. Cheney, for the purpose of obtaining Johnson's legal advice to EWS:

1.     On page 3 of Dkt. 267 between lines 3 and 6, the phrase beginning with "General Counsel" and ending with "advised";

2.     On page 3 of Dkt. 267 between lines 6 and 8 (section II(A)), the phrase beginning with "a completed" and ending with "excluded";

3.     On page 8 of Dkt. 267 between lines 18 and 20 (section IV(B)(4), Element 1), the phrase beginning with "General Counsel" and ending with "part of";

4.     On page 9 of Dkt. 267 at line 12 (section IV(C)(3)), the phrase beginning with "General Counsel's" and ending with "conduct"; and

5.     On page 12 of Dkt. 267 at lines 6 and 7, the sentence beginning with "It is" and ending with "excluded."

The information sought to be sealed is protected from disclosure by EWS's attorney-client privilege, which EWS has not waived. As before, given the important and longstanding policies underlying the attorney-client privilege, compelling reasons exist to place the documents containing this privileged information under seal. *See United States v. Mett*, 178 F.3d 1058, 1065 (9th Cir. 1999) ("[W]here attorney-client privilege is concerned, hard cases should be resolved in favor of the privilege, not in favor of disclosure.").

## III.  **CONCLUSION**

For the foregoing reasons, and based on the pleadings and evidence of record, EWS respectfully requests that this Court grant this Emergency Motion to Seal Portions of Johnson's Opposition; place Johnson's Opposition (Dkt. 267) under seal; and order Johnson to publicly file documents redacting:

(1)     the phrase beginning with "General Counsel" and ending with "advised" on page 3 of Dkt. 267 between lines 3 and 6;

(2)     the phrase beginning with "a completed" and ending with "excluded" on page 3 of Dkt. 267 between lines 6 and 8 (section II(A));

(3)     the phrase beginning with "General Counsel" and ending with "part of" on page 8 of Dkt. 267 between lines 18 and 20 (section IV(B)(4), Element 1);

(4)     the phrase beginning with "General Counsel's" and ending with "conduct" on page 9 of Dkt. 267 at line 12 (section IV(C)(3)); and

(5)     the sentence beginning with "It is" and ending with "excluded" on page 12 of Dkt. 267 at lines 6 and 7.

DATED:  November 10, 2025          Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ Erick Durlach*
Erick Durlach
Dennis L. Wilson (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
Kristin M. Adams (admitted *pro hac vice*)
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254
Tel: (602) 726-7319
Fax: (623) 321-1009
*edurlach@ktslaw.com*
*dwilson@ktslaw.com*
*sstadler@ktslaw.com*
*kmadams@ktslaw.com*

BRYAN CAVE LEIGHTON PAISNER LLP
George C. Chen
Jacob A. Maskovich
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070
*george.chen@bclplaw.com*
*jamaskovich@bclplaw.com*

Attorneys for Plaintiff
Early Warning Services, LLC

4

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 10, 2025, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing with a copy served via that system. For parties not receiving service via CM/ECF, a copy will be transmitted via electronic mail as follows:

Brandon O'Loughlin *and* P.A.Z.E., LLC
1317 W. 13th Place
Tempe, AZ  85281
(623) 295-5438
contact@paze.guru

*Defendant Brandon O'Loughlin Individually and*
*as Authorized Representative for Defendant P.A.Z.E., LLC*

*/s/ Erick Durlach*
Erick Durlach

5