1

**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

2

3

4

5

6

7

8

9

10

11

**BRYAN CAVE LEIGHTON PAISNER LLP**
George C. Chen, Arizona Bar No. 019704
*george.chen@bclplaw.com*
Jacob A. Maskovich, Arizona Bar No. 021920
*jamaskovich@bclplaw.com*
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070

12

13

14

15

16

17

Attorneys for Plaintiff
Early Warning Services, LLC

18

## UNITED STATES DISTRICT COURT

19

## FOR THE DISTRICT OF ARIZONA

20

21

| Early Warning Services, LLC, | Case No. CV-24-01587-PHX-SMB |
|---|---|
| Plaintiff, | |
| v. | **PLAINTIFF EARLY WARNING SERVICES, LLC'S EMERGENCY MOTION TO SEAL PORTIONS OF JOHNSON'S MOTION FOR PRIVILEGE RULING [272]** |
| Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, | |
| Defendants. | |

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................ii

I.      INTRODUCTION...................................................................................1

II.     ARGUMENT ..........................................................................................1

III.    CONCLUSION .......................................................................................5

CERTIFICATE OF SERVICE...........................................................................7

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**

*Brennan v. Opus Bank*,
    796 F.3d 1125 (9th Cir. 2015).................................................................3

*Cramton v. Grabbagreen Franchising LLC*,
    No. CV-17-04663-PHX-DWL, 2021 WL 871539 (D. Ariz. Mar. 9, 2021) ...........3

*Early Warning Servs. v. Johnson*,
    No. 24-7315 (9th Cir.) ......................................................................1

*In re Banc of Cal. Sec. Litig.*,
    No. SA CV 17-00118-AG (DFMx), 2018 WL 6520418 (C.D. Cal. Dec. 7,
    2018).......................................................................................4

*In re Kidder Peabody Sec. Litig.*,
    168 F.R.D. 459 (S.D.N.Y. 1996).............................................................3

*Lambright v. Ryan*,
    698 F.3d 808 (9th Cir. 2012)................................................................3

*Nixon v. Warner Commc'ns, Inc.*,
    435 U.S. 589 (1978).........................................................................3

*United States v. Leong*,
    No. 21-00142 LEK, 2023 WL 8878946 (D. Haw. Dec. 22, 2023)........................3

*United States v. Mett*,
    178 F.3d 1058 (9th Cir. 1999)..............................................................5

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981).........................................................................3

**Rules**

Fed. R. Civ. P. 26(c) ..........................................................................1

LRCiv 5.6(b).....................................................................................1

ii

## I.   __INTRODUCTION__

Within the last week, Defendant Warren Vurl Johnson ("Johnson") has publicly filed three documents disclosing the contents of the Teams Chat (*see* Dkts. 264, 267, 272), including yet another motion for a privilege ruling (the "Motion") that would, in effect, reverse the rulings this Court has already issued concerning the Teams Chat and adopt Johnson's proposed analysis instead.

Johnson knows the Court's preliminary injunction order found the Teams Chat "undoubtedly privileged." *See* Dkt. 70 at 10. He knows the Ninth Circuit affirmed that order in its entirety. *See Early Warning Servs. v. Johnson*, No. 24-7315, D.E. 64.1 (9th Cir. July 9, 2025). He also knows the Court found he "utterly failed to allege any fact that would sufficiently establish antitrust injury or state a claim under the Sherman Act" sufficient to establish a *prima facie* showing that the "crime-fraud" exception to the attorney-client privilege applies. *See* Dkt. 200 at 14–16.

Johnson simply disagrees with these findings and, apparently, is prepared to keep placing Plaintiff Early Warning Services, LLC's ("EWS") privileged information in the public record until he gets his way—even to the point of submitting fabricated authority to this Court in furtherance of that intent. *See* Reply in Support of Emergency Mot. to Seal at 1–2, Dkt. 269 at 4–5. Pursuant to Federal Rule of Civil Procedure 26(c), LRCiv 5.6(b), and this Court's inherent power, EWS respectfully moves this Court for an emergency order placing Johnson's Motion (Dkt. 272) under seal, at least until the Court can decide Johnson's Motion on the merits.

## II.   __ARGUMENT__

On March 28, 2025, Johnson "demanded" that the Court revisit its prior rulings on the subjects of privilege and sealing and make specific findings of fact concerning EWS's privilege in the Teams Chat. Dkt. 108. Johnson's latest Motion makes the same "demands." Not surprisingly, this Motion rests on arguments that Johnson has made before (in some cases, several times). As EWS's opposition to Johnson's Motion will show, the Court properly rejected each of these arguments. Johnson's

1

Motion is yet another attempt to relitigate settled matters that the Court has already decided.

The only new arguments in Johnson's Motion are that "two federal TTAB judges have independently found after conducting proper privilege analysis" that the Teams Chat "contains no legal advice," and EWS "concealed" this decision from the Court. Mot., Dkt. 272 at 2; *see also id.* at 4, 7, 9, 11, 14–15, 17–18. As EWS has repeatedly pointed out, however, none of this is true.

*First*, the October 1, 2024, decisions by the Trademark Trial and Appeal Board ("TTAB") expressly stated the Board was "*not making any determinations at this time* as to whether or not the [Teams Chat] [is] properly protected under attorney-client privilege." Decl. of Elba Smith Ex. A at 10, 11, Ex. B at 11, 12, Dkt. 259-1 at 14–15, 28–29 (emphasis added). The TTAB then *granted* EWS's renewed motions to permanently seal P.A.Z.E.'s filings disclosing the Teams Chat, observing that those filings contain the same Teams Chat this Court found "undoubtedly privileged." *See* Decl. of Elba Smith Ex. A, Dkt. 269-1 at 5; Decl. of Elba Smith Ex. A (attached).

*Second*, the "October 4, 2024" decision in "Cancellation Proceeding No. 92084777" to which Johnson repeatedly refers (and purports to quote) is fabricated authority—i.e., it does not exist. Opp., Dkt. 267 at 3; Priv. Mot., Dkt. 272 at 2, 11, 15; *see* USPTO, *TTABVUE*, uspto.gov, https://ttabvue.uspto.gov/ttabvue/v (last visited Nov. 11, 2025) (Trademark Trial and Appeal Board Inquiry System); Dkt. 259-1 at 50–54 (docket reports). Johnson's misrepresentations concerning the TTAB's decisions do not support his "demand" that this Court revisit its prior rulings on the privileged contents of the Teams Chat.

Johnson's Motion also marks the eighth time he has published the privileged contents of the Teams Chat in this action alone. *See* Dkts. 24, 77-1, 84, 88, 92, 264, 267, 272. Johnson either believes his disagreement with the Court's privilege rulings entitles him to publish the contents of the Teams Chat, or he knows he lacks any such entitlement and is using the judicial process to do as much harm as possible.

2

Regardless, there can be no question that Johnson's conduct is deliberate. Unless the Court makes it untenable for Johnson to continue this crusade, he will continue to resubmit EWS's privileged information in his public filings whenever he feels inclined to do so. The Court should reject Johnson's attempts to bully this Court into revisiting its privilege determinations.

The federal district courts have "inherent supervisory power" to seal documents. *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files . . . ."). The right of access therefore is not absolute. Indeed, the Ninth Circuit has observed that "[a]ttorney-client privileged materials, of course, are archetypical examples of material that has traditionally been kept secret for important policy reasons." *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012). The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted). It "encourage[s] full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* (citation omitted).

Notably, the privilege applies to summaries of communications between attorneys as well as the communications themselves. *See, e.g.*, *United States v. Leong*, No. 21-00142 LEK, 2023 WL 8878946, at *12 (D. Haw. Dec. 22, 2023) (holding portions of the brief "protected by the [movant's] attorney-client privilege because [the brief] summarizes" a privileged conversation and a "communication . . . that refers to the [privileged] substance of the [conversation]"); *cf. In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 472 (S.D.N.Y. 1996) (holding privilege waived by prior disclosure of summaries of privileged materials); *Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2021 WL 871539, at *2 (D. Ariz. Mar. 9, 2021) (explaining that privilege extends to the substance or content of a

protected communication, rather than limiting privilege analysis to underlying document alone); *In re Banc of Cal. Sec. Litig.*, No. SA CV 17-00118-AG (DFMx), 2018 WL 6520418, at *1 (C.D. Cal. Dec. 7, 2018) (referencing earlier holding that prior disclosure of summaries of documents waived privilege as to documents themselves).

The following excerpts from Johnson's Motion contain EWS's privileged information because they reflect Johnson's legal advice to EWS concerning contract negotiations and the circumstances surrounding those negotiations, as related by Ms. Cheney, for the purpose of obtaining Johnson's legal advice to EWS:

1.   On page 5 of Dkt. 272 at lines 2 through 4, the phrase beginning with "statements by" and ending with "involvement";

2.   On page 5 of Dkt. 272 at lines 6 through 12, the phrases (including bullet points) beginning with "General Counsel" and ending with "the deal'";

3.   On page 5 of Dkt. 272 at lines 13 through 15, the phrase beginning with "a completed" and ending with "excluded";

4.   On page 7 of Dkt. 272 at lines 25 through 28, both bullet points beginning with "It shows" and ending with "defense)";

5.   On page 9 of Dkt. 272 at lines 10 through 11 (Point 3), the phrase beginning with "potentially" and ending with "banks";

6.   On page 9 of Dkt. 272 at lines 12 through 13 (Point 4), the phrase beginning with "exclusion" and ending with "conduct";

7.   Each bullet point on page 11 of Dkt. 272 at lines 1 through 5 (i.e., the content beginning with "Horizontal" and ending with "knowledge");

8.   On page 11 of Dkt. 272 at line 10, the phrase beginning with "negotiations" and ending with "ongoing";

9.   Each bullet point on page 11 of Dkt. 272 at lines 12 through 16 (i.e., the content beginning with "Bank" and ending with "negotiations'");

10.    On page 11 of Dkt. 272 between lines 25 and 27, the phrase beginning with "General Counsel's" and ending with "deal with [redacted]";

11.    The contents of each parenthetical on page 12 of Dkt. 272 at lines 1 through 6;

12.    On page 13 of Dkt. 272, in the first column of the second row of the chart (excluding the header row), the phrase beginning with "during" and ending with "negotiations";

13.    The first three words in the first column of the first row of the chart (excluding the header row) on page 14 of Dkt. 272;

14.    The contents of the first column of the second row of the chart (excluding the header row) on page 14 of Dkt. 272;

15.    The last four words on page 15 of Dkt. 272;

16.    The first word on page 16 of Dkt. 272;

17.    The entirety of Section VII (i.e., between and including page 16, line 6 and page 17, line 8 of Dkt. 272; and

18.    On page 18 of Dkt. 272 at lines 2 through 4, the phrase beginning with "bank" and ending with "excluded."

The information sought to be sealed is protected from disclosure by EWS's attorney-client privilege, which EWS has not waived. As before, given the important and longstanding policies underlying the attorney-client privilege, compelling reasons exist to place the documents containing this privileged information under seal. *See United States v. Mett*, 178 F.3d 1058, 1065 (9th Cir. 1999) ("[W]here attorney-client privilege is concerned, hard cases should be resolved in favor of the privilege, not in favor of disclosure.").

III.    **CONCLUSION**

For the foregoing reasons, and based on the pleadings and evidence of record, EWS respectfully requests that this Court grant this Emergency Motion to Seal Portions of Johnson's Motion for Privilege Ruling; place Johnson's Motion (Dkt. 272)

under seal; and order Johnson to publicly file documents redacting the excerpts detailed above.

DATED:  November 12, 2025          Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ Erick Durlach*
Erick Durlach
Dennis L. Wilson (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
Kristin M. Adams (admitted *pro hac vice*)
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254
Tel: (602) 726-7319
Fax: (623) 321-1009
*edurlach@ktslaw.com*
*dwilson@ktslaw.com*
*sstadler@ktslaw.com*
*kmadams@ktslaw.com*

BRYAN CAVE LEIGHTON PAISNER LLP
George C. Chen
Jacob A. Maskovich
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070
*george.chen@bclplaw.com*
*jamaskovich@bclplaw.com*

Attorneys for Plaintiff
Early Warning Services, LLC

6

1

## **CERTIFICATE OF SERVICE**

2     I hereby certify that on November 12, 2025, I electronically transmitted the

3  foregoing document and any attachments to the U.S. District Court Clerk's Office

4  using the CM/ECF System for filing with a copy served via that system. For parties

5  not receiving service via CM/ECF, a copy will be transmitted via electronic mail as

6  follows:

7

8     Brandon O'Loughlin *and* P.A.Z.E., LLC
      1317 W. 13th Place
9     Tempe, AZ  85281
      (623) 295-5438
10    contact@paze.guru

11
      *Defendant Brandon O'Loughlin Individually and*
12    *as Authorized Representative for Defendant P.A.Z.E., LLC*

13
                                    */s/ Erick Durlach*
14                                  Erick Durlach

15

16

17

18

19

20

21

22

23

24

25

26

27

28