**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

**BRYAN CAVE LEIGHTON PAISNER LLP**
George C. Chen, Arizona Bar No. 019704
*george.chen@bclplaw.com*
Jacob A. Maskovich, Arizona Bar No. 021920
*jamaskovich@bclplaw.com*
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070

Attorneys for Plaintiff
Early Warning Services, LLC

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC, | Case No. CV-24-01587-PHX-SMB |
| Plaintiff, | |
| v. | **PLAINTIFF EARLY WARNING SERVICES, LLC'S MOTION FOR SANCTIONS RELATING TO DEFENDANT WARREN VURL JOHNSON'S FILINGS DISCLOSING PRIVILEGED INFORMATION [264, 267, 272]** |
| Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, | |
| Defendants. | |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES..................................................................................................ii

I.      BACKGROUND.....................................................................................................1

ii.     ARGUMENT .........................................................................................................2

     A.    This Court Should Sanction Johnson for His Willful and Repeated Disclosures of EWS's Privileged Information..........................................................................................2

     B.    An Award of Monetary Sanctions Is Justified...................................4

     C.    Restraints on Johnson's Filing Privileges Are Justified Because Johnson Has Repeatedly and Flagrantly Abused Those Privileges. ..................................................5

III.    CONCLUSION .....................................................................................................7

CERTIFICATE OF SERVICE...........................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*ADO Fin., AG v. McDonnell Douglas Corp.*,
    938 F. Supp. 590 (C.D. Cal. 1996)........................................................................4

*Aloe Vera of Am., Inc. v. United States*,
    376 F.3d 960 (9th Cir. 2004) ................................................................................3

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,
    421 U.S. 240 (1975) ..............................................................................................5

*Early Warning Servs. v. Johnson*,
    No. 24-7315 (9th Cir.) ...........................................................................................1

*Early Warning Servs. v. Johnson*,
    No. 25-3838 (9th Cir.) ...........................................................................................1

*Gorovenko v. Activate Clean Energy, LLC*,
    No. 8:24-cv-00058-JLS-ADS (C.D. Cal.)..............................................................7

*In re Itel Sec. Litig.*,
    791 F.2d 672 (9th Cir. 1986) ................................................................................3

*Johnson v. Early Warning Servs.*,
    No. 25-2364-DDC-TJJ (D. Kan.)..........................................................................1

*Johnson v. Early Warning Servs.*,
    No. 25-3118 (10th Cir.) .........................................................................................1

*Roadway Express, Inc. v. Piper*,
    447 U.S. 752 (1980) ..............................................................................................5

*Rynn v. Jennings*,
    No. CV-24-00594-TUC-JGZ, 2025 WL 755419 (D. Ariz. Mar. 10, 2025) ...........6

*Zambrano v. City of Tustin*,
    885 F.2d 1473 (9th Cir. 1989)............................................................................2, 7

**Statutes**

28 U.S.C. § 1927.........................................................................................................passim

**Other Authorities**

*Electronic Case Filing Admin. Policies & Procedures Manual* (D. Ariz. Sept.
    2025), https://www.azd.uscourts.gov/sites/azd/files/adm%20manual.pdf ...............5

USPTO, *TTABVUE*, uspto.gov, https://ttabvue.uspto.gov/ttabvue/v (last visited Nov. 11, 2025) ................................................................................................................4

## I.    BACKGROUND

Within the last week, Defendant Warren Vurl Johnson ("Johnson") has publicly filed three documents disclosing the contents of the Teams Chat.[1] *See* Dkts. 264, 267, 272. Johnson knows the Court's preliminary injunction order found the Teams Chat "undoubtedly privileged." *See* Dkt. 70 at 10. He knows the Ninth Circuit affirmed that order in its entirety. *See Early Warning Servs. v. Johnson*, No. 24-7315, D.E. 64.1 (9th Cir. July 9, 2025). He knows the Court found he "utterly failed to allege any fact that would sufficiently establish antitrust injury or state a claim under the Sherman Act" sufficient to make a *prima facie* showing that the "crime-fraud" exception to the attorney-client privilege applies to the Teams Chat. *See* Dkt. 200 at 14–16. Johnson simply disagrees with these findings and clearly intends to keep placing EWS's privileged information in the public record until he gets his way—even to the point of submitting fabricated authority to this Court in furtherance of that intent. This is the essence of bad faith.

Johnson's pattern of willful litigation misconduct warrants the imposition of significant sanctions. EWS respectfully seeks the following sanctions pursuant to 28

---

[1] At last count, Johnson has published the privileged contents of the Teams Chat:
- eight times in this action (*see* Dkts. 24, 77-1, 84, 88, 92, 264, 267, 272);
- three times in appeals to the Ninth Circuit, *see Early Warning Servs. v. Johnson*, No. 24-7315, D.E. 57.1, 57.2 (9th Cir. July 3, 2025); *Early Warning Servs. v. Johnson*, No. 25-3838, D.E. 3.1, 3.3 (9th Cir. June 30, 2025); *id.* Dkt. 11.1 (9th Cir. July 2, 2025);
- three times in the United States District Court for the District of Kansas, in which Johnson asked that court to enjoin this Court's preliminary injunction order, *see Johnson v. Early Warning Servs.*, No. 25-2364-DDC-TJJ, Dkt. 1 (D. Kan. July 7, 2025); *id.* Dkts. 8, 9 (D. Kan. July 9, 2025); and
- one time in a related Tenth Circuit appeal. *See Johnson v. Early Warning Servs.*, No. 25-3118, Dkt. 2 (10th Cir. July 15, 2025).

Without exception, each court granted Plaintiff Early Warning Services, LLC's ("EWS") motions to seal the contents of the Teams Chat.

On October 20, 2025, Johnson also asked the Arizona Superior Court to *unseal* documents containing EWS's privileged information, including the Teams Chat. *See* Opp. to Mot. to Strike Ex. A, Dkt. 263-1. EWS opposed this motion.

1

U.S.C. § 1927 and this Court's inherent authority:

(1)     An award of EWS's attorneys' fees incurred in preparing and supporting its emergency motions to seal (a) Johnson's Reply in Support of Motion to Strike ("Reply," Dkt. 264), (b) Johnson's Opposition to Emergency Motion to Seal ("Opposition," Dkt. 267), (c) Johnson's Motion for Ruling that Privilege is Waived or Vitiated ("Privilege Motion," Dkt. 272), and (d) this motion for sanctions;

(2)     The suspension of Johnson's electronic filing privileges and credentials; and

(3)     Entry of an order establishing a provisional sealing procedure governing Johnson's filings in this action, as described in detail below.

Johnson's past and most recent conduct removes all doubt as to whether he can be trusted with information produced in discovery (he cannot), regardless of the terms of any order, the Federal Rules, the Local Rules, or his ethical obligations to his former client. The only way to prevent Johnson from disclosing and misusing EWS's privileged, confidential, and trade secret information is to prevent him from accessing it in the first place, making entry of a protective order excluding his direct access to that information both necessary and appropriate. *See* Mot. for Protective Order at 4–6, Dkt. 241 at 5–7.

## II.     ARGUMENT

### A.     This Court Should Sanction Johnson for His Willful and Repeated Disclosures of EWS's Privileged Information.

Separate from and independent of the Court's sanctioning authority under Rule 11, this Court can impose sanctions for bad faith litigation under 28 U.S.C. § 1927 and pursuant to its inherent authority. *Zambrano v. City of Tustin*, 885 F.2d 1473, 1481–82 (9th Cir. 1989). "Inherent powers derive from the absolute need of a trial judge to maintain order and preserve the dignity of the court." *Id.* at 1478.

Johnson's bad faith filings not only disrupt the Court's process, but they also undermine the Court's dignity by openly mocking the Court's findings.[2] A sanction under the Court's inherent authority therefore is appropriate because Johnson has "'willful[ly] abuse[d] judicial process' or otherwise conducted litigation in bad faith." *In re Itel Sec. Litig.*, 791 F.2d 672, 675 (9th Cir. 1986) (alterations in original) (citations omitted); *see also* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

Johnson's repeated defiance of the Court's orders further establishes his willful disobedience. *See Aloe Vera of Am., Inc. v. United States*, 376 F.3d 960, 965 (9th Cir. 2004) (affirming district court finding of willfulness where Aloe Vera "repeatedly attempt[ed] to disclose BNA's confidential information to a broader audience than the court had authorized" and "attempt[ed] to re-litigate the issues settled by the court's . . . order"). As this Court stated on June 30, 2025, its "repeated warnings" "evidently did not frustrate [Johnson's] continued practice of placing confidential information on the public docket." Dkt. 183 at 12 (citations omitted). Now, more than ever, "the record is filled with Mr. Johnson's unsuccessful, meritless maneuvers that require the opposition to expend significant resources to defend itself." *See id.* at 13. Johnson's most recent disclosures of EWS's privileged information in quick succession mark a significant escalation of his established pattern of abusive litigation tactics.

In addition, Johnson's Opposition and Privilege Motion cite to, and purport to quote from, a fictitious decision purportedly issued by the Trademark Trial and Appeal Board ("TTAB"), claiming that decision finally decides the privilege issue in

---

[2] *See, e.g.*, Opp., Dkt. 267 at 2 ("'I think it qualifies' is not a legal analysis." (citing Tr. of Hr'g on Mot. for Prelim. Inj., Dkt. 75 at 21:7–8)).

his favor.[3] *See* Opp., Dkt. 267 at 3; Priv. Mot., Dkt. 272 at 2, 11, 15. Johnson even assigns that fictitious decision a fictitious case number—"Cancellation Proceeding No. 92084777"—not associated with *any* documents in the TTAB, much less the two proceedings initiated by Defendant P.A.Z.E., LLC against EWS. *Id.*; *see* USPTO, *TTABVUE*, uspto.gov, https://ttabvue.uspto.gov/ttabvue/v (last visited Nov. 11, 2025) (Trademark Trial and Appeal Board Inquiry System); Dkt. 259-1 at 50–54 (docket reports). Johnson knows full well this authority is fabricated because EWS brought this fact to the Court's attention on October 29, 2025. Opp. to Mot. to Strike at 1–2, Dkt. 263 at 4–5. Undeterred, Johnson continues to repeat the lie in subsequent filings.

Johnson apparently will do or say anything to get what he wants. His bad faith and vexatious conduct support an award of significant sanctions under 28 U.S.C. § 1927 and this Court's inherent authority.

**B.    An Award of Monetary Sanctions Is Justified.**

As detailed above, the Court's orders have failed to deter Johnson from continuing to publish EWS's privileged information, including the contents of the Teams Chat. This has required EWS to incur significant attorneys' fees to protect its privileged information from Johnson's repeated disclosures of it. Under these circumstances, a monetary award is both necessary and proper to compensate EWS for the harm caused by Johnson's misconduct and, if possible, deter Johnson from continuing to ignore the Court's orders and engage in other "undesirable conduct." *See ADO Fin., AG v. McDonnell Douglas Corp.*, 938 F. Supp. 590, 595 (C.D. Cal. 1996).

In view of Johnson's unreasonable and vexatious multiplication of proceedings, the Court should sanction Johnson under Section 1927 with an award of

---

[3] In fact, on November 10 and 12, 2025, the TTAB *granted* EWS's renewed motions to permanently seal P.A.Z.E.'s filings disclosing the Teams Chat, observing that those filings contain the same Teams Chat this Court found "undoubtedly privileged." *See* Decl. of Elba Smith Ex. A, Dkt. 269-1 at 5; Decl. of Elba Smith Ex. A, Dkt. 273-1 at 4.

the "excess costs, expenses, and attorneys' fees [EWS] reasonably incurred" in preparing and supporting its emergency motions to seal Johnson's Reply, Opposition, and Privilege Motion, as well as this motion for sanctions. *See* 28 U.S.C. § 1927.

The Court should do the same under its "inherent power" to "assess attorneys' fees for the 'willful disobedience of a court order . . . as part of the fine to be levied on the defendant[,] or when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765–66 (1980) (alterations in original) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975)) (citations omitted).

On May 30, 2025, the Court encouraged the parties to avoid "filing really unnecessary pleadings" and "to focus on discovery and moving the case forward." Tr. of Hr'g on Mot. for Sanctions, Dkt. 167 at 17:5-11. That was at docket number 163; the case is now at docket number 274 and counting. Johnson's repeated refusal to accept the Court's orders subverts the litigation process and burdens both the Court and EWS.

**C.    Restraints on Johnson's Filing Privileges Are Justified Because Johnson Has Repeatedly and Flagrantly Abused Those Privileges.**

This Court has already sanctioned Johnson for disclosing privileged "legal advice" in a frivolous motion to disqualify EWS's counsel. Dkt. 183 at 9–14. Johnson's continued misconduct suggests that monetary sanctions, standing alone, will not sufficiently encourage his compliance with the Court's orders and his ethical obligations.

As provided in the Court's Order granting Johnson's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney, "[a]ny misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party." Dkt. 20 at 2. Access to the Court's electronic filing system is a privilege, not a right. *See Electronic Case Filing Admin. Policies & Procedures Manual* 5 (D. Ariz. Sept. 2025), https://www.azd.uscourts.gov/sites/azd/

5

files/adm%20manual.pdf ("Unless otherwise authorized by the court, all documents submitted for filing to the Clerk's Office by parties appearing without an attorney must be in legible, paper form. The Clerk's Office will scan and electronically file the document."). Johnson has thoroughly abused this privilege by repeatedly filing documents placing EWS's privileged information in the public record.

EWS respectfully requests that this Court take the following steps to prevent Johnson from continuing to abuse the judicial process:

*First*, the Court should revoke Johnson's electronic filing privileges and credentials. *See Rynn v. Jennings*, No. CV-24-00594-TUC-JGZ, 2025 WL 755419, at *2 (D. Ariz. Mar. 10, 2025) (in view of plaintiffs' "excessive filings . . . result[ing] in 182 docket entries" and plaintiffs' refusal to follow the court's instructions, imposing monetary sanctions and "revo[king] Rynn's permission to file electronically by use of the ECF system").

*Second*, the Court should restrict Johnson's ability to place privileged information in the public record by issuing an order implementing the following provisional sealing procedure:

(a)    Johnson must file all documents with the Court by First Class Mail and, on the date of mailing, serve all documents on EWS's counsel of record via electronic mail;

(b)    After receiving Johnson's documents, the Clerk of Court will file them provisionally under seal;

(c)    EWS then will have 14 days to submit an application to maintain the seal as to EWS's privileged, confidential, or trade secret information in Johnson's documents, if any, failing which the Clerk of Court will file Johnson's documents publicly; and

(d)    If EWS submits such an application, Johnson will have 7 days to respond to it, and the Clerk of Court will maintain Johnson's documents under

seal pending the Court's decision on the application.

This provisional sealing procedure is well within the Court's inherent authority "to maintain order and preserve the dignity of the court." *Zambrano*, 885 F.2d at 1478; *see Gorovenko v. Activate Clean Energy, LLC*, No. 8:24-cv-00058-JLS-ADS, Dkt. 59 (C.D. Cal. Mar. 6, 2024) (minute order requiring provisional sealing of each of plaintiff's filings, giving defendants "seven days to file an application seeking to maintain the seal as to any information in the filing that they can demonstrate is confidential," and giving plaintiff seven days to respond).

## III.   CONCLUSION

For the foregoing reasons, and based on the pleadings and evidence of record, EWS respectfully requests that this Court: (1) grant this Motion for Sanctions in its entirety pursuant to 28 U.S.C. § 1927 and the Court's inherent authority; (2) award EWS its attorneys' fees incurred in preparing and supporting EWS's emergency motions to seal Johnson's Reply, Opposition, and Privilege Motion, as well as this motion for sanctions; (3) revoke Johnson's electronic filing privileges and credentials; and (4) issue an order implementing the provisional sealing procedure detailed above. Should the Court grant this motion for sanctions, EWS will submit a supporting declaration attaching evidence sufficient to establish its relevant attorneys' fees incurred.

DATED:  November 12, 2025

Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ Erick Durlach*
Erick Durlach
Dennis L. Wilson (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
Kristin M. Adams (admitted *pro hac vice*)
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254
Tel: (602) 726-7319
Fax: (623) 321-1009
*edurlach@ktslaw.com*

7

*dwilson@ktslaw.com*
*sstadler@ktslaw.com*
*kmadams@ktslaw.com*

BRYAN CAVE LEIGHTON PAISNER LLP
George C. Chen
Jacob A. Maskovich
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070
*george.chen@bclplaw.com*
*jamaskovich@bclplaw.com*

Attorneys for Plaintiff
Early Warning Services, LLC

## CERTIFICATE OF SERVICE

I certify that on November 12, 2025, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing with a copy served via that system. For parties not receiving service via CM/ECF, a copy will be transmitted via electronic mail as follows:

Brandon O'Loughlin *and* P.A.Z.E., LLC
1317 W. 13th Place
Tempe, AZ  85281
(623) 295-5438
contact@paze.guru

*Defendant Brandon O'Loughlin Individually and*
*as Authorized Representative for Defendant P.A.Z.E., LLC*

/s/ Erick Durlach
Erick Durlach

8