**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
edurlach@ktslaw.com
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
dwilson@ktslaw.com
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
sstadler@ktslaw.com
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
kmadams@ktslaw.com
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

**BRYAN CAVE LEIGHTON PAISNER LLP**
George C. Chen, Arizona Bar No. 019704
george.chen@bclplaw.com
Jacob A. Maskovich, Arizona Bar No. 021920
jamaskovich@bclplaw.com
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070

Attorneys for Plaintiff
Early Warning Services, LLC

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Early Warning Services, LLC,<br><br>   Plaintiff,<br><br>v.<br><br>Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC,<br><br>   Defendants. | Case No. CV-24-01587-PHX-SMB<br><br>**PLAINTIFF EARLY WARNING SERVICES, LLC'S EMERGENCY MOTION TO SEAL PORTIONS OF JOHNSON'S OPPOSITION TO MOTION TO SEAL [278]** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii
I.   INTRODUCTION .................................................................................................... 1
II.  ARGUMENT ............................................................................................................ 2
III. CONCLUSION ......................................................................................................... 4
CERTIFICATE OF SERVICE ............................................................................................ 6

# TABLE OF AUTHORITIES

**Cases**

*Brennan v. Opus Bank*,
  796 F.3d 1125 (9th Cir. 2015) ................................................................................. 3

*Cramton v. Grabbagreen Franchising LLC*,
  No. CV-17-04663-PHX-DWL, 2021 WL 871539 (D. Ariz. Mar. 9, 2021) ............ 3

*Early Warning Servs. v. Johnson*,
  No. 24-7315 (9th Cir.) ............................................................................................ 1

*In re Banc of Cal. Sec. Litig.*,
  No. SA CV 17-00118-AG (DFMx), 2018 WL 6520418 (C.D. Cal. Dec. 7,
  2018) ...................................................................................................................... 3

*In re Kidder Peabody Sec. Litig.*,
  168 F.R.D. 459 (S.D.N.Y. 1996) ............................................................................ 3

*Lambright v. Ryan*,
  698 F.3d 808 (9th Cir. 2012) .................................................................................. 3

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978) ............................................................................................... 3

*United States v. Leong*,
  No. 21-00142 LEK, 2023 WL 8878946 (D. Haw. Dec. 22, 2023) ........................ 3

*United States v. Mett*,
  178 F.3d 1058 (9th Cir. 1999) ................................................................................ 4

*Upjohn Co. v. United States*,
  449 U.S. 383 (1981) ............................................................................................... 3

**Rules**

Fed. R. Civ. P. 26(c) .................................................................................................. 2

LRCiv 5.6(b) .............................................................................................................. 2

## I. INTRODUCTION

In the last two weeks, Defendant Warren Vurl Johnson ("Johnson") has publicly filed four different documents disclosing the contents of the Teams Chat. *See* Dkts. 264, 267, 272, 278. Plaintiff Early Warning Services, LLC ("EWS") moved to seal each of the first three documents on an emergency basis. Dkts. 265, 270, 273. This Motion asks the Court to seal the fourth.

While the first two of EWS's emergency motions to seal remain pending (Dkts. 265, 270), this Court granted EWS's third emergency motion to seal on November 14, 2025. Dkt. 277 (the "Order"). Later the same day, Johnson opposed the *same motion the Court had just granted*. *See* Dkt. 278 (the "Opposition"). Despite being mooted by the Court's November 14, 2025, order, this Opposition *yet again* disclosed contents of the Teams Chat that were either identical or substantially similar to the contents the Court had just ordered sealed. *Id.* at 9–11.

As explained in EWS's prior motions to seal, Johnson knows the Court's preliminary injunction order found the Teams Chat "undoubtedly privileged." *See* Dkt. 70 at 10. He knows the Ninth Circuit affirmed that order in its entirety. *See Early Warning Servs. v. Johnson*, No. 24-7315, D.E. 64.1 (9th Cir. July 9, 2025). He also knows the Court found he "utterly failed to allege any fact that would sufficiently establish antirust injury or state a claim under the Sherman Act" sufficient to establish a *prima facie* showing that the "crime-fraud" exception to the attorney-client privilege applies. *See* Dkt. 200 at 14–16.

Johnson simply continues to disagree with these findings and, apparently, is prepared to keep placing EWS's privileged information in the public record until he gets his way—even to the point of submitting additional fabricated authority to this Court in furtherance of that intent.[1] *See* Reply in Support of Emergency Mot. to Seal

---

[1] EWS's November 12, 2025, motion for sanctions advised the Court that Johnson had repeatedly included a fabricated "October 4" Trademark Trial and Appeal Board ("TTAB") decision in his filings. *See* Dkt. 275 at 5, 7–8. Johnson responded by filing a Notice of Errata on November 13, 2025, in which he characterized this fabricated

at 1–2, Dkt. 269 at 4–5; Dkt. 278-2 at 4. Pursuant to Federal Rule of Civil Procedure 26(c), LRCiv 5.6(b), and this Court's inherent power, EWS respectfully moves this Court for an emergency order placing Johnson's Opposition (Dkt. 278) under seal.

## II.   ARGUMENT

This is yet another motion to seal Johnson's opposition to a motion to seal. Johnson now appears determined to disclose the contents of the Teams Chat at every opportunity, all in an effort to vitiate EWS's privilege in the Teams Chat through the sheer weight of disclosure or to bully this Court into revisiting its prior rulings on the subjects of privilege and sealing. In his latest act of gamesmanship, Johnson refiled the very same contents of the Team Chat that this Court had ordered sealed just hours before. Using a mooted filing to disclose privileged material for the fourth time in two weeks is the definition of vexatious litigation.

Johnson's Opposition marks the ninth time he has published the privileged contents of the Teams Chat in this action alone. *See* Dkts. 24, 77-1, 84, 88, 92, 264, 267, 272, 278. Johnson either believes his disagreement with the Court's privilege rulings entitles him to publish the contents of the Teams Chat, or he knows he lacks any such entitlement and is using the judicial process to do as much harm as possible. Regardless, there can be no question that Johnson's conduct is deliberate. Unless the Court makes it untenable for Johnson to continue this crusade, he will continue to misuse his electronic filing credentials to resubmit EWS's privileged information in his public filings whenever he feels inclined to do so. This must stop. *See* Mot. for Sanctions, Dkt. 275 at 9–11 (asking the Court to suspend Johnson's electronic filing privileges and credentials and enter an order establishing a provisional sealing procedure governing Johnson's filings in this action).

---

decision (complete with fictitious author, date, and proceeding number) as a "clerical citation error." Dkt. 276 at 1. The very next day, Johnson undermined this claim by filing a document containing *two new* fabricated TTAB decisions. *See* Dkt. 278-2 at 4.

The federal district courts have "inherent supervisory power" to seal documents. *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files . . . ."). The right of access therefore is not absolute. Indeed, the Ninth Circuit has observed that "[a]ttorney-client privileged materials, of course, are archetypical examples of material that has traditionally been kept secret for important policy reasons." *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012). The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted). It "encourage[s] full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* (citation omitted).

Notably, the privilege applies to summaries of communications between attorneys as well as the communications themselves. *See, e.g.*, *United States v. Leong*, No. 21-00142 LEK, 2023 WL 8878946, at *12 (D. Haw. Dec. 22, 2023) (holding portions of the brief "protected by the [movant's] attorney-client privilege because [the brief] summarizes" a privileged conversation and a "communication . . . that refers to the [privileged] substance of the [conversation]"); *cf. In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 472 (S.D.N.Y. 1996) (holding privilege waived by prior disclosure of summaries of privileged materials); *Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2021 WL 871539, at *2 (D. Ariz. Mar. 9, 2021) (explaining that privilege extends to the substance or content of a protected communication, rather than limiting privilege analysis to underlying document alone); *In re Banc of Cal. Sec. Litig.*, No. SA CV 17-00118-AG (DFMx), 2018 WL 6520418, at *1 (C.D. Cal. Dec. 7, 2018) (referencing earlier holding that prior disclosure of summaries of documents waived privilege as to documents themselves).

The following excerpts from Johnson's Opposition contain EWS's privileged information because they reflect Johnson's legal advice to EWS concerning contract negotiations and the circumstances surrounding those negotiations, as related by Ms. Cheney, for the purpose of obtaining Johnson's legal advice to EWS:

1. In Dkt. 278, the bullet points beginning on page 9 at line 28 and ending on page 10 at line 4, in their entireties;

2. On page 10 of Dkt. 278 at line 6, the phrase beginning with "the" and ending with "law"; and

3. On page 11 of Dkt. 278 at line 9 through line 10, the phrase beginning with "potentially" and ending with "defense."

The information sought to be sealed is protected from disclosure by EWS's attorney-client privilege, which EWS has not waived. As before, given the important and longstanding policies underlying the attorney-client privilege, compelling reasons exist to place the documents containing this privileged information under seal. *See United States v. Mett*, 178 F.3d 1058, 1065 (9th Cir. 1999) ("[W]here attorney-client privilege is concerned, hard cases should be resolved in favor of the privilege, not in favor of disclosure.").

## III.   CONCLUSION

For the foregoing reasons, and based on the pleadings and evidence of record, EWS respectfully requests that this Court grant EWS's Emergency Motion to Seal Portions of Defendant Warren Vurl Johnson's Opposition to EWS's Motion to Seal Johnson's Motion for Privilege Ruling (Dkt. 278) and order Johnson to publicly file documents redacting the excerpts detailed above.

//
//
//
//
//

| | | |
|---|---|---|
| 1 | DATED: November 18, 2025 | Respectfully Submitted, |
| 2 | | KILPATRICK TOWNSEND & STOCKTON LLP |

/s/ Erick Durlach
Erick Durlach
Dennis L. Wilson (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
Kristin M. Adams (admitted *pro hac vice*)
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254
Tel: (602) 726-7319
Fax: (623) 321-1009
*edurlach@ktslaw.com*
*dwilson@ktslaw.com*
*sstadler@ktslaw.com*
*kmadams@ktslaw.com*

BRYAN CAVE LEIGHTON PAISNER LLP
George C. Chen
Jacob A. Maskovich
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070
*george.chen@bclplaw.com*
*jamaskovich@bclplaw.com*

Attorneys for Plaintiff
Early Warning Services, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2025, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing with a copy served via that system. For parties not receiving service via CM/ECF, a copy will be transmitted via electronic mail as follows:

Brandon O'Loughlin *and* P.A.Z.E., LLC
1317 W. 13th Place
Tempe, AZ  85281
(623) 295-5438
contact@paze.guru

*Defendant Brandon O'Loughlin Individually and*
*as Authorized Representative for Defendant P.A.Z.E., LLC*

　　　　　　　　　　　　　　　　　　　*/s/ Erick Durlach*
　　　　　　　　　　　　　　　　　　　Erick Durlach