WARREN V. JOHNSON
215 E 18th St
Lawrence, KS 66044
warrenvjohnson@gmail.com

## UNITED STATES DISTRICT COURT  FOR

## THE DISTRICT OF ARIZONA

| | |
|---|---|
| EARLY WARNING SERVICES, LLC | Case No.: CV-24-01587-PHX-SMB |
| Plaintiffs, | |
| v. | **EMERGENCY MOTION TO VACATE SEALING ORDERS, FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND TO STAY AUTOMATIC FEE SANCTIONS** |
| MR. WARREN V. JOHNSON; BRANDON O'LOUGHLIN; P.A.Z.E., LLC | |
| Defendants. | |

## EMERGENCY MOTION TO VACATE SEALING ORDERS, FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND TO STAY AUTOMATIC FEE SANCTIONS

## I. INTRODUCTION: THREE VOID SEALING ORDERS

This Court sealed four documents with three identical orders stating only "for good cause shown":

**Dkt. 277 (Nov. 13, 2025):** Sealed Dkt. 272 (Johnson's Crime-Fraud Motion) within 17 hours of EWS's filing—before Johnson could oppose.

**Dkt. 282 (Nov. 19, 2025):** Sealed Dkt. 278 (Johnson's Opposition to the motion to seal Dkt. 272).

**Dkt. 283 (Nov. 20, 2025):** Sealed both:

- Dkt. 264 (Reply Re False Declarations)
- Dkt. 264-3 (Exhibit C: Table of False Declarations)

Each order is identical boilerplate:

"Upon consideration of Plaintiff Early Warning Services, LLC's Emergency Motion to Seal... pursuant to Federal Rule of Civil Procedure 26(c), LRCiv 5.6(b), and this Court's inherent power, **for good cause shown**, IT IS HEREBY ORDERED that: (1) Plaintiff's Emergency Motion to Seal is granted **in its entirety**."

The orders contain:

- No findings of fact
- No analysis of document contents
- No determination what is privileged vs. non-privileged
- No weighing of public access vs. confidentiality
- No consideration of redaction as alternative
- No explanation of compelling reasons

Just: "for good cause shown."

**Dkt. 283 goes further:** it threatens Johnson with mandatory attorney-fee sanctions for **any future filing** that "contain[s] the Teams Chat, or any information this Court has already established as being privileged." The Court inserted this warning **while simultaneously denying every attempt by Johnson to obtain clarity, definition, or predictability** as to what the Court considers "privileged."

Historical practice in this case shows why that matters: the Court has repeatedly deemed **clearly non-privileged materials**—including factual communications, non-legal discussions, and publicly known information—as "privileged," without coherent reasoning or a consistent standard. As a result, **no reasonable litigant could predict, or even reliably recall, what the Court has "established" as privileged**, because those determinations have been ad hoc, shifting, and untethered to established privilege doctrine.

By threatening financial punishment for future filings while refusing to articulate the governing boundaries, **Dkt. 283 imposes an unconstitutional prior restraint through financial coercion**. A litigant cannot be sanctioned for violating an order whose scope is undefined, unpredictable, and impossible to ascertain.

**The constitutional violations:**

1. **First Amendment:** Viewpoint-based censorship—EWS's accusations remain public while Johnson's evidence of false declarations is sealed

2. **Due Process:** Dkt. 277 sealed before Johnson could oppose; orders contain no findings enabling review

3. **Kamakana:** Orders lack "compelling reasons supported by specific factual findings"

4. **Public Access:** Denies public right to know about litigation misconduct

5. **Prior Restraint:** Automatic fee sanctions chill protected speech challenging privilege

Johnson requests immediate vacatur of all three orders and issuance of proper findings under Kamakana.

## II. LEGAL STANDARD FOR VACATUR

### A. First Amendment Requires Compelling Reasons with Specific Findings

The public and press have a qualified First Amendment right of access to judicial proceedings and records. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1 (1986). This right may be overcome only by "compelling reasons supported by specific factual findings." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Courts must:

1. Articulate compelling reasons (not just "good cause")

2. Make specific factual findings (not conclusory statements)

3. Weigh public access against confidentiality

4. Consider less restrictive alternatives

"Good cause shown" is not "compelling reasons supported by specific factual findings." *Kamakana*, 447 F.3d at 1178-79.

### B. Due Process Prohibits Arbitrary Sealing

The Fifth Amendment Due Process Clause prohibits arbitrary government action. *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000). Government decisions must be based on reasoned analysis, supported by findings, and explained sufficiently for review.

Sealing orders that apply identical language to different documents regardless of content are arbitrary and deny due process.

### C. Prior Restraints Are Presumptively Unconstitutional

"Any system of prior restraints of expression comes to this Court bearing a heavy presumption against its constitutional validity." *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963). Financial burdens on speech trigger First Amendment scrutiny. *Minneapolis Star & Tribune Co. v. Minnesota Comm'r of Revenue*, 460 U.S. 575 (1983).

Automatic cost-shifting for protected speech—before determining whether speech is actually unprotected—violates the First Amendment.

### D. Standard for Vacatur

Orders that fail to comply with constitutional requirements are void. *Walker v. City of Birmingham*, 388 U.S. 307, 315 (1967) ("transparently invalid or had only a frivolous pretense to validity"). Sealing orders lacking any findings whatsoever exceed constitutional bounds and must be vacated.

## III. EACH ORDER VIOLATES KAMAKANA INDIVIDUALLY

### A. Dkt. 277: No Findings Supporting Sealing of Crime-Fraud Motion

**What was sealed:** Johnson's Motion establishing prima facie case for crime-fraud exception (Dkt. 272).

**The order states:**

"for good cause shown, IT IS HEREBY ORDERED that: (1) Plaintiff's Emergency Motion to Seal is granted in its entirety"

**Missing Kamakana requirements:**

- **No compelling reason identified:** Order does not state why sealing is necessary beyond conclusory "good cause"
- **No specific factual findings:** Order does not identify what in Dkt. 272 is privileged
- **No weighing of interests:** Order does not balance public access against confidentiality
- **No less restrictive alternatives:** Order does not consider redaction

**Timeline proves manufactured emergency:**

- Nov. 7: Johnson files Dkt. 272
- Nov. 8-11: EWS takes no action (4 days)
- Nov. 12, 5:00 PM: EWS files "emergency" motion to seal
- Nov. 13, Court Order grants sealing (17 hours later)
- Nov. 14: Court puts Order on docket and Johnson files opposition—**after sealing already granted.**

If Dkt. 272 caused irreparable harm by being public, that harm accrued Nov. 7-12 while EWS did nothing. The "emergency" was manufactured to prevent Johnson from opposing.

**Constitutional violation:** Due process requires opportunity to be heard before adverse government action. *Mathews v. Eldridge*, 424 U.S. 319 (1976). The Court sealed Johnson's motion before he could explain why sealing is improper.

**B. Dkt. 282: No Findings Supporting Sealing of Opposition Brief**

**What was sealed:** Johnson's Opposition to EWS's motion to seal Dkt. 272 (Dkt. 278).

**The order states:**

"for good cause shown, IT IS HEREBY ORDERED that: (1) Plaintiff's Emergency Motion to Seal is granted in its entirety"

**Identical boilerplate—no analysis of document contents.**

**Missing Kamakana requirements:**

- **No compelling reason:** Why does opposition to sealing require sealing?

- **No specific findings:** What in the opposition brief is privileged?

- **No weighing:** How does sealing arguments against sealing serve public interest?

- **No alternatives:** Could redaction preserve privilege while allowing legal argument?

**Creates circular unreviewable trap:**

1. Court seals Crime-Fraud Motion (Dkt. 272)

2. Johnson opposes sealing (Dkt. 278)

3. Court seals the opposition to sealing (Dkt. 282)

4. Johnson cannot argue sealing is improper because those arguments are sealed

5. Appellate court cannot review because both challenge and opposition are sealed

This is the definition of unreviewable government action.

## C. Dkt. 283: No Findings Supporting Sealing of False-Declaration Evidence

**What was sealed:**

- Dkt. 264: Reply Re False Declarations (13 pages)

- Dkt. 264-3: Exhibit C: Table of False Declarations (6 pages)

**The order states:**

"for good cause shown, IT IS HEREBY ORDERED that: (1) Plaintiff's Emergency Motions to Seal are granted in their entirety"

**Identical boilerplate—zero analysis of whether these documents contain privileged content.**

**What Dkts. 264 and 264-3 actually contain:**

*Dkt. 264 discusses:*

- EWS's concealment of October 1, 2024 TTAB rulings finding EWS "fell short of its burden" to prove privilege
- Pattern of false declarations from Shah (4 declarations) and Cheney (1 declaration)
- **NO Teams Chat contents**
- **NO legal advice**
- **NO confidential communications**

*Dkt. 264-3 contains:*

- Six-page table with four columns: paragraph number, quote, why false, evidence
- Citations to PUBLIC documents: Mesa Public Schools records, Idaho GED, yearbooks, USPTO records, emails, court filings
- **NO Teams Chat contents**
- **NO legal advice**
- **NO confidential communications**

**Examples from Dkt. 264-3:**

| Declaration ¶ | Statement | Why False | Evidence |
|---|---|---|---|
| Shah ¶8 (Dkt. 28-1) | "Johnson's job duties included populating the IP Indexes" | Shah wasn't employed 2014-2022; no job description lists this duty | Johnson Decl., performance reviews, job descriptions |
| Cheney ¶32 (Dkt. 134) | "Johnson and O'Loughlin attended Mesa High School | Johnson never attended Mesa High School | Mesa Public Schools letter (no enrollment), Idaho GED, Highland High yearbook, Mesa |

| Declaration ¶ | Statement | Why False | Evidence |
|---|---|---|---|
| | together, graduated 1999" | | High 1999 yearbook (no Johnson) |
| Cheney ¶39 (Dkt. 134) | "TTAB filings reflect Johnson's knowledge of EWS trade secrets" | TTAB filings contain only public USPTO records | Cheney Exs. 10, 12 (TTAB filings); EWS failure to identify confidential matter |

**Missing Kamakana requirements:**

- **No compelling reason:** Why do citations to public documents require sealing?
- **No specific findings:** What privileged content exists in a table of Mesa High School yearbook citations?
- **No weighing:** How does public interest in litigation integrity weigh against sealing criticism of false declarations?
- **No alternatives:** Could specific citations be redacted while preserving criticism of misconduct?

**Johnson requests:** This Court identify—with specificity—what privileged content in Dkts. 264 and 264-3 justified sealing.

The Court cannot do so because no privileged content exists.

## IV. SEALING LEGAL ARGUMENT IS UNCONSTITUTIONAL

### A. Crime-Fraud Exception Requires Discussing Conduct

The crime-fraud exception requires discussion of allegedly wrongful conduct to establish: (1) client was committing or intending to commit fraud or crime, and (2) attorney-client communications were in furtherance. *United States v. Zolin*, 491 U.S. 554, 563 (1989).

Johnson's Crime-Fraud Motion (Dkt. 272) necessarily discusses:

- Business conduct described in the communications at issue
- Why that conduct potentially violates law
- How communications relate to that conduct

**This is legal argument, not privileged disclosure.**

Courts routinely consider crime-fraud motions on public docket because the legal arguments themselves—"this conduct violates Section X"—are not privileged. Only the communications are privileged, and only if crime-fraud doesn't apply.

## B. Sealing the Crime-Fraud Motion Makes Exception Unchallengeable

If courts seal crime-fraud motions, the exception becomes unchallengeable:

- Party cannot argue exception without describing conduct
- Describing conduct triggers sealing
- Therefore party cannot challenge privilege

This creates catch-22: privilege is unchallengeable because challenging it requires disclosure that's prohibited by the privilege being challenged.

**Constitutional problem:** This makes attorney-client privilege an unreviewable determination. Courts must be able to review privilege claims, and parties must be able to challenge them. *Zolin*, 491 U.S. at 568-69.

## C. Public Interest Requires Access to Crime-Fraud Arguments

The public has heightened interest in judicial proceedings involving:

- Challenges to powerful institutions
- Allegations of misconduct
- Potential violations of federal law

*Kamakana*, 447 F.3d at 1180-81; *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

Sealing crime-fraud arguments prevents public scrutiny of whether privilege is being used to conceal wrongdoing. This defeats the exception's purpose.

## V. SEALING FALSE-DECLARATION EVIDENCE IS UNCONSTITUTIONAL

### A. No Privilege Protects Criticism of Litigation Conduct

Attorney-client privilege protects confidential communications between attorney and client made for obtaining or providing legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

Privilege does NOT protect:

- Criticism of opposing counsel's conduct
- Documentation of false declarations
- Analysis of contradictions between declarations
- Citations to public documents proving falsehoods

Yet Dkts. 264 and 264-3 contain only this type of content—and were sealed and then seemingly standard language redacted.

### B. The Court Cannot Identify What Required Sealing

Johnson respectfully requests this Court identify—with specificity—what privileged content in Dkts. 264 and 264-3 justified sealing.

**The Court has two options:**

1. **Identify privileged content:** Point to specific pages, paragraphs, or sentences containing confidential attorney-client communications
2. **Acknowledge no privileged content exists:** Admit sealing was overbroad and violated First Amendment

**There is no third option.** If the Court cannot identify privileged content (because none exists), the sealing is viewpoint-based censorship prohibited by the First Amendment.

### C. This Creates Asymmetric Speech Rights

**What remains PUBLIC:**

- EWS's accusation: "Johnson stole trade secrets"
- EWS's accusation: "Johnson violated privilege"
- EWS's characterization of evidence throughout litigation
- Court's findings favoring EWS

**What is SEALED:**

- Johnson's evidence: EWS concealed adverse TTAB rulings for over a year
- Johnson's evidence: Shah filed false declaration about sealing order
- Johnson's evidence: Cheney fabricated high school connection
- Johnson's table: Citations to public documents proving false declarations

This asymmetry proves viewpoint discrimination: EWS can publicly accuse while Johnson cannot defend with evidence.

The First Amendment forbids government from permitting one viewpoint while suppressing opposing viewpoint. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995); *Matal v. Tam*, 582 U.S. 218 (2017).

## VI. SEALING OPPOSITION BRIEF IS UNCONSTITUTIONAL

### A. Due Process Requires Considering Opposition Before Decision

Dkt. 277 sealed Johnson's Crime-Fraud Motion before he could file opposition explaining why sealing is improper.

**Timeline:**

- Nov. 12, 5:00 PM: EWS files motion to seal
- Nov. 13, Court grants sealing (17 hours, but not on docket until 14th)

- Nov. 14: Johnson files opposition (Dkt. 278)—**after decision made**

Due process requires opportunity to be heard before adverse government action. *Mathews v. Eldridge*, 424 U.S. 319 (1976).

The Court made adverse determination (sealing Johnson's motion) before allowing Johnson to explain why sealing is improper.

**B. Then the Court Sealed the Opposition Itself**

Dkt. 282 sealed Johnson's Opposition (Dkt. 278) with identical boilerplate: "for good cause shown."

**What Dkt. 278 contains:**

- Arguments why EWS uses "reflects" as evidentiary substitution
- Analysis of double-reflection theory ("reflects" + "reflects" = no privilege)
- Explanation why sealing arguments about sealing creates unreviewable trap
- Evidence of April 2024 Twitter takedown proving pretextual privilege claims

**What Dkt. 278 does NOT contain:**

- Teams Chat contents
- Legal advice provided to EWS
- Confidential attorney-client communications

Yet it was sealed and redactions ordered.

**C. This Creates Unreviewable Circular Trap**

The sealing regime creates self-perpetuating censorship:

1. Court seals substantive motion (Dkt. 272)
2. Johnson opposes sealing
3. Court seals the opposition to sealing (Dkt. 278)
4. Johnson cannot argue sealing is improper because arguments are sealed
5. Appellate court cannot review sealing because both motion and opposition are sealed

1   **Every challenge to sealing is itself sealed.**

2       This makes sealing determinations unreviewable in violation of due

3   process. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103

4   (9th Cir. 1999) (sealing orders must contain findings enabling appellate

5   review).

6   **VII. SEALING OBSTRUCTS APPELLATE REVIEW**

7       **A. Orders Contain Nothing to Review**

8       The Ninth Circuit reviews sealing orders for abuse of discretion,

9   examining whether district court: (1) articulated compelling reasons, (2) made

10  specific factual findings, (3) weighed interests, and (4) considered alternatives.

11  *Kamakana*, 447 F.3d at 1178-79.

12      **How does appellate court review when orders contain:**

13  - No findings of fact to review

14  - No analysis of document contents

15  - No weighing of interests

16  - No explanation of decisions

17  - Just "for good cause shown"

18  The orders are unreviewable because they contain nothing to review

19  except conclusory label.

20  **B. Identical Orders for Different Documents Prove No Analysis**

21  All three orders are virtually identical despite sealing different documents:

22  - Dkt. 277: Sealed crime-fraud motion

23  - Dkt. 282: Sealed opposition brief

24  - Dkt. 283: Sealed false-declaration evidence

25  Same language: "for good cause shown... granted in its entirety"

26      This proves the Court did not analyze what each document contains.

27  Instead, Court applied boilerplate regardless of content.

28

**This is arbitrary government action prohibited by Due Process Clause.**

**C. Sealing Both Challenge and Opposition Prevents Review**

The Ninth Circuit cannot meaningfully review Dkt. 277 because:

- The sealed motion (Dkt. 272) is sealed
- Johnson's opposition (Dkt. 278) is sealed
- The order contains no findings
- Nothing remains for appellate court to evaluate

This denies Johnson due process right to meaningful appellate review. *Evitts v. Lucey*, 469 U.S. 387 (1985).

**VIII. ORDERS LACK REQUIRED FINDINGS**

**A. "Good Cause Shown" Is the Question, Not the Answer**

*Kamakana* requires "compelling reasons supported by specific factual findings." 447 F.3d at 1178.

"Good cause shown" is conclusory label—it states result without explaining basis. It's equivalent to saying "sealed for reasons" without identifying what those reasons are.

**Examples of required findings:**

- "Pages 4-7 of Dkt. 264 contain verbatim quotes from attorney-client communications"
- "Exhibit C contains confidential work product from EWS's legal team"
- "Public disclosure would reveal litigation strategy protected by work product doctrine"
- "Redaction is insufficient because privileged content is intertwined with non-privileged argument"

**What orders actually state:**

- "for good cause shown"

This fails *Kamakana*'s requirement of "specific factual findings."

## C. No Weighing of Competing Interests

*Kamakana* requires weighing public's right of access against need for confidentiality. 447 F.3d at 1178-79.

Orders contain zero weighing:

- No discussion of public interest in access
- No analysis of harm from disclosure
- No balancing of interests
- Just "granted in its entirety"

This violates *Kamakana*'s core requirement.

# IX. VACATUR IS REQUIRED

## A. Orders Exceed Constitutional Bounds

Sealing orders that lack any findings whatsoever exceed constitutional bounds and are void. Constitutional requirements are not suggestions—they are mandatory.

The First Amendment does not permit sealing documents because party requests it with "emergency" label. Courts must independently determine compelling reasons exist and must make specific findings.

These orders did neither.

## B. Harmless Error Does Not Apply

Even if some privileged content exists somewhere in sealed documents, blanket sealing without findings cannot be saved by harmless error doctrine.

Constitutional violations in prior restraint cases are not harmless:

- Chilling effect on protected speech
- Loss of public access to judicial proceedings
- Precedent for future unconstitutional sealing
- Denial of meaningful appellate review

The violation is the process, not just the result.

## C. Proper Remedy Is Vacatur with Findings

When sealing orders violate *Kamakana*, proper remedy is:

1. Vacate deficient orders

2. Allow full briefing with Johnson's opposition considered

3. Issue new orders with specific factual findings

4. Identify what content requires sealing vs. what can be public

5. Consider redaction as less restrictive alternative

This ensures compliance with First Amendment and enables meaningful appellate review.

# X. AUTOMATIC FEE SANCTIONS CREATE PRIOR RESTRAINT

## A. Dkt. 283 Threatens Financial Punishment for Protected Speech

Beyond sealing Dkts. 264 and 264-3, Dkt. 283 includes threat of automatic sanctions:

"From the date of this Order, the Court will require Johnson to pay any attorneys' fees incurred by Defendants in motioning to seal any subsequent filing by Johnson containing the Teams Chat, or any information this Court has already established as being privileged." (Dkt. 283 at 2)

This creates unconstitutional prior restraint:

- Johnson cannot challenge privilege without risking automatic sanctions

- Johnson cannot argue crime-fraud exception without paying EWS's fees

- Johnson cannot oppose sealing without cost-shifting punishment

- No determination whether speech is protected—just automatic fee sanction

## B. Financial Burdens on Speech Trigger First Amendment Scrutiny

The Supreme Court has repeatedly held financial burdens on speech require First Amendment review. *Minneapolis Star & Tribune Co.*, 460 U.S.

575; *Simon & Schuster, Inc. v. Members of N.Y. State Crime Victims Bd.*, 502 U.S. 105 (1991).

Automatic cost-shifting punishes protected speech **before** determining whether it's actually unprotected.

**The mechanism:**

1. Johnson files motion arguing crime-fraud exception applies
2. EWS moves to seal
3. Johnson must pay EWS's attorney fees automatically
4. Regardless of whether motion has merit
5. Regardless of whether crime-fraud actually applies
6. Before any determination on the merits

This chills protected speech through threat of financial punishment.

**C. The Order Assumes Privilege Without Crime-Fraud Analysis**

Dkt. 283 threatens sanctions for mentioning "any information this Court has already established as being privileged."

But Court has **never** determined whether crime-fraud exception applies. If crime-fraud applies, privilege never existed. *Zolin*, 491 U.S. at 563.

The order threatens sanctions for discussing information that may not be privileged—creating impossible position:

- Cannot argue crime-fraud without discussing conduct
- Discussing conduct triggers automatic fee sanction
- Therefore cannot establish crime-fraud exception

**This makes mandatory crime-fraud exception unchallengeable through threat of sanctions.**

**D. Requested Relief Regarding Fee Threat**

Johnson requests:

1. **Vacate cost-shifting sanction provision**
2. **Clarify Johnson may challenge privilege without automatic fees**

3. **Clarify "containing the Teams Chat" means verbatim reproduction, not discussion of business facts necessary to establish crime-fraud**

4. **Recognize crime-fraud exception requires discussion of conduct described in communications**

## XI. RELIEF REQUESTED

Johnson respectfully requests this Court:

Johnson respectfully requests this Court:

### A. VACATE VOID ORDERS

Vacate Dkts. 277, 282, and 283 as constitutionally deficient—containing no findings, sealed before Johnson could oppose, and threatening automatic sanctions for protected speech.

### B. UNSEAL DOCUMENTS CONTAINING NO PRIVILEGED CONTENT

1. **Unseal Dkts. 264 and 264-3** (false declaration evidence citing only public records)

2. **Unseal Dkt. 278** (opposition to sealing, sealed before consideration)

3. **Temporarily unseal Dkt. 272** pending proper briefing with findings

### C. ISSUE FINDINGS REQUIRED BY KAMAKANA

Make specific factual findings addressing:

- What privileged content in each document justified sealing
- What compelling reasons support sealing table of public documents and criticism of false declarations
- How public interest weighs against confidentiality
- Why redaction insufficient
- Why "for good cause shown" satisfies constitutional requirements

### D. VACATE AUTOMATIC FEE SANCTION PROVISION (DKT. 283)

Clarify that:

- Johnson may challenge privilege without automatic sanctions

- Crime-fraud exception requires discussing conduct described in communications
- "Containing the Teams Chat" means verbatim reproduction, not legal argument

**E. RECOGNIZE CONSTITUTIONAL VIOLATIONS**

**First Amendment:** Viewpoint discrimination (EWS's accusations public, Johnson's evidence sealed); prior restraint through automatic sanctions

**Due Process:** Sealed before opposing; no findings enabling review; circular sealing; arbitrary identical orders

**Noerr-Pennington asymmetry:** Cannot protect EWS's petitions while sanctioning Johnson's petitions

**F. ALTERNATIVE: PRESERVE FOR APPEAL**

If Court declines to unseal, issue comprehensive findings explaining what privileged content justified sealing each document, how constitutional requirements are satisfied, and permit this motion to remain public for appellate review.

**XI. NOERR-PENNINGTON CANNOT PROTECT EWS'S FRAUDULENT PETITIONS WHILE SANCTIONING JOHNSON'S CRIME-FRAUD PETITIONS**

**A. The Constitutional Asymmetry**

This Court granted EWS Noerr-Pennington immunity for its litigation conduct—filing suit based on fabricated old-friends.co evidence, concealing adverse TTAB rulings, making false declarations—finding these are protected "petitioning activities." Dkt. 200 at 6-8. *Empress LLC v. City & County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005) ("those who petition all departments of the government for redress are generally immune from liability").

Yet when Johnson petitions this Court through crime-fraud motions, those petitions are sealed, sanctioned, and characterized as "bad faith." Dkt. 283 threatens automatic attorney fees for future petitions challenging privilege.

**The Court cannot grant EWS Noerr-Pennington immunity for its petitions while simultaneously sanctioning Johnson for his petitions.** That is viewpoint discrimination prohibited by the First Amendment. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995).

### B. Crime-Fraud Motions Are Petitioning Activities

Johnson's crime-fraud motions are quintessential petitions asking this Court to determine whether privilege shields ongoing fraud and to apply the mandatory crime-fraud exception. These are "efforts to persuade government officials to perform their functions in a certain way"—precisely what Noerr-Pennington protects. *Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1059 (9th Cir. 1998).

The asymmetry:

- **EWS's petitions** (even if fraudulent) = Protected by Noerr-Pennington
- **Johnson's petitions** (challenging fraud) = Sealed and sanctioned

### C. The Doctrine Cannot Work Both Ways

Either petitioning activities are protected First Amendment expression, or they are not.

**If protected:** Johnson's crime-fraud motions are immune from sealing and sanctions as protected petitions to the government.

**If not protected:** EWS's fraudulent litigation loses Noerr-Pennington immunity and Johnson's counterclaims should not have been dismissed.

The Court applied Noerr-Pennington to protect EWS's allegedly fraudulent petitions in Dkt. 200. Johnson's petitions challenging that fraud through the crime-fraud exception are equally protected—they cannot be sealed and sanctioned simply because they expose rather than conceal wrongdoing.

### D. Sanctioning Crime-Fraud Petitions Makes Exception Unchallengeable

Sealing crime-fraud motions and threatening automatic sanctions creates impossible position:

- Cannot invoke crime-fraud exception without describing conduct
- Describing conduct triggers sealing and sanctions
- Therefore cannot establish exception Congress mandated

If Noerr-Pennington protects fraudulent petitions but not petitions exposing fraud, the doctrine becomes tool for suppressing fraud exposure rather than protecting legitimate petitioning.

### E. Relief Requested

Johnson requests this Court recognize:

1. **Petitioning symmetry:** If Noerr-Pennington protects EWS's litigation conduct, it equally protects Johnson's crime-fraud motions
2. **No viewpoint discrimination:** Cannot immunize EWS's accusations (Dkt. 200) while sealing Johnson's evidence of their falsity (Dkts. 264, 272, 278)
3. **Crime-fraud requires petitioning:** Mandatory exception becomes unchallengeable if petitions invoking it are automatically sealed and sanctioned

**The First Amendment does not permit government to protect petitions containing fraud while suppressing petitions exposing fraud.**

## XII. CONCLUSION

This Court sealed documents containing no privileged information using identical orders stating only "for good cause shown."

**Dkt. 264** discusses EWS's concealment of adverse TTAB rulings and pattern of false declarations. Contains zero Teams Chat contents, zero legal advice, zero confidential communications. **Sealed.**

**Dkt. 264-3** is table citing public documents: Mesa Public Schools records, Idaho GED, yearbooks, USPTO records. Contains zero Teams Chat contents, zero legal advice, zero confidential communications. **Sealed.**

**Dkt. 278** argues why sealing is improper, explains procedural strategy, documents pattern of concealment. Contains zero Teams Chat contents, zero legal advice, zero confidential communications. **Sealed.**

**Dkt. 283** then threatens Johnson with automatic attorney fee sanctions for any future filing mentioning "any information this Court has already established as being privileged"—before determining whether crime-fraud exception vitiates that privilege.

The Court did not seal these documents to protect privilege. The Court sealed them to suppress Johnson's criticism of litigation misconduct, then threatened financial punishment for future challenges.

**This violates:**

- **First Amendment:** Viewpoint-based censorship; financial prior restraint
- **Due Process:** Arbitrary sealing with no findings; sealed before Johnson could oppose; automatic sanctions without merit determination
- **Kamakana:** Orders contain zero "specific factual findings"—just "for good cause shown"
- **Public Access:** Denies public right to know about litigation misconduct
- **Appellate Review:** Orders contain nothing to review except conclusory label

**The Court must either:**

1. Identify what privileged content in Dkts. 264, 264-3, and 278 justified sealing, **OR**
2. Acknowledge the sealing was overbroad and unconstitutional

**There is no third option.**

If the Court cannot identify privileged content (because none exists), the sealing is viewpoint-based censorship prohibited by the First Amendment.

The integrity of the judicial process requires that criticism of false declarations not be suppressed through blanket sealing orders lacking any analysis whatsoever, nor

should challenges to privilege be chilled through threats of automatic financial sanctions.

Respectfully submitted,

DATED: November 23, 2025

/s/ Warren V. Johnson
Warren V. Johnson
215 E 18th St
Lawrence, KS 66044
warrenvjohnson@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2025, I caused the foregoing **EMERGENCY MOTION TO VACATE SEALING ORDERS, FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND TO STAY AUTOMATIC FEE SANCTIONS** to be served via the Court's CM/ECF system upon all counsel of record.


/s/ Warren V. Johnson
Warren Vurl Johnson