WARREN VURL JOHNSON
warrenvjohnson@gmail.com
215 E 18th St
Lawrence, KS 66044

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| EARLY WARNING SERVICES, LLC<br><br>Plaintiffs,<br>v.<br><br>MR. WARREN V. JOHNSON;<br>BRANDON O'LOUGHLIN; P.A.Z.E., LLC<br><br>Defendants. | Case No.: CV24-01587-PHX-SMB<br><br>**DEFENDANT'S CONSOLIDATED EMERGENCY MOTION FOR LEAVE TO FILE MOTION FOR APPOINTMENT OF NEUTRAL FORENSIC EXAMINER AND COURT REPORTER** |
|---|---|

## DEFENDANT'S CONSOLIDATED EMERGENCY MOTION FOR LEAVE TO FILE MOTION FOR APPOINTMENT OF NEUTRAL FORENSIC EXAMINER AND COURT REPORTER

### I. RELIEF REQUESTED

Pursuant to the Case Management Order (Dkt. 197), Defendant Warren Vurl Johnson, proceeding *pro se*, respectfully moves for LEAVE to file the attached **Emergency Motion for Appointment of Neutral Forensic Examiner and Court Reporter** (Exhibit A).

### II. GOOD CAUSE AND EXTRAORDINARY CIRCUMSTANCES

The Case Management Order generally prohibits written discovery motions without leave. However, extraordinary circumstances necessitate this written request regarding the conference scheduled for December 26, 2025:

1. **Conflict of Interest (Federal Investigation):** Defendant anticipates Plaintiff will seek forensic imaging of his devices. On December 22, 2025, Defendant

submitted evidence to federal authorities regarding Plaintiff. Consequently, Defendant's devices contain confidential communications with federal law enforcement *about* the Plaintiff.

2. **Need for Neutrality:** Allowing Plaintiff's private vendor to seize and image these devices would grant the target of a federal inquiry access to the whistleblower's confidential disclosures. This creates an irreconcilable conflict of interest that requires a **Neutral Forensic Examiner** rather than Plaintiff's private agent.

3. **Need for Record:** Because this dispute involves the potential seizure of privileged federal communications and Fourth Amendment property rights, a verbatim record is required for appellate review. The current telephonic conference format does not guarantee a record.

Defendant seeks leave to file the attached motion to preserve these specific objections prior to any off-the-record ruling.

**Dated:** December 25, 2025

**Respectfully submitted,**
/s/ Warren V. Johnson
Warren V. Johnson
215 E 18th St
Lawrence, KS 66044
warrenvjohnson@gmail.com

## Certificate of Service

I, Warren V. Johnson, hereby certify that on December 25, 2025, I electronically filed the foregoing DEFENDANT'S CONSOLIDATED EMERGENCY MOTION FOR LEAVE TO FILE MOTION FOR APPOINTMENT OF NEUTRAL FORENSIC EXAMINER AND COURT REPORTER with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/Warren V Johnson/

Warren Johnson
215 E 18th St
Lawrence, KS 66044
warrenvjohnson@gmail.com

WARREN VURL JOHNSON
warrenvjohnson@gmail.com
215 E 18th St
Lawrence, KS 66044

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EARLY WARNING SERVICES, LLC<br><br>Plaintiffs,<br>v.<br><br>MR. WARREN V. JOHNSON; BRANDON O'LOUGHLIN; P.A.Z.E., LLC<br><br>Defendants. | Case No.: CV24-01587-PHX-SMB<br><br>**DEFENDANT'S EMERGENCY MOTION FOR APPOINTMENT OF NEUTRAL FORENSIC EXAMINER AND COURT REPORTER** |

## DEFENDANT'S EMERGENCY MOTION FOR APPOINTMENT OF NEUTRAL FORENSIC EXAMINER AND COURT REPORTER

### I. INTRODUCTION

Defendant anticipates that during the December 26, 2025 conference, Plaintiff will seek an order compelling forensic imaging of Defendant's personal devices. Defendant objects to any imaging performed by Plaintiff's private vendor. Because Defendant has recently acted as a whistleblower to federal authorities regarding Plaintiff's conduct, Plaintiff's possession of Defendant's data constitutes a severe conflict of interest.

### II. ARGUMENT

**A. Neutral Forensic Examiner is Required to Protect Federal**

Investigation Data Defendant has provided specific evidence to federal law enforcement and regulatory agencies regarding Plaintiff. If Plaintiff's private vendor creates a "mirror image" of Defendant's devices, they will

seize the very evidence and communications Defendant provided to the government. This risks:

1. Improper interference with protected federal reporting processes: Exposing confidential whistleblower communications to the target of the investigation.
2. Prejudice: Giving Plaintiff an unfair advantage by accessing Defendant's privileged strategies and government correspondence.

Defendant requests that if imaging is ordered, the Court appoint a Neutral Forensic Examiner (Special Master). This Neutral Examiner would act as a gatekeeper, reviewing the data to filter out federal investigation communications before releasing any relevant documents to Plaintiff. *See, e.g., In re Ford Motor Co.*, 345 F.3d 1315 (11th Cir. 2003) (appointing special master for imaging to protect privacy and privilege).

### B. A Court Reporter is Necessary for Due Process

The issues pending before this Court involve the seizure of personal property and the integrity of federal reporting channels. These are dispositive constitutional issues, not routine discovery disputes. Defendant respectfully requests that the Court ensure a Court Reporter is present for the December 26, 2025 conference to create a verbatim record. Proceeding "off the record" on matters of this magnitude would deprive Defendant of meaningful appellate review.

## II. CONCLUSION

**Defendant respectfully requests the Court:**

1. APPOINT a Neutral Forensic Examiner to handle any required data imaging;
2. PROHIBIT Plaintiff's private vendor from accessing Defendant's devices directly; and
3. ORDER that the December 26 conference be recorded.

**DATED: December 25, 2025**

**Respectfully submitted,**

 /s/Warren V Johnson/

Warren Johnson
215 E 18th St
Lawrence, KS 66044
warrenvjohnson@gmail.com