**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services LLC, | No. CV-24-01587-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Warren Vurl Johnson, et al., | |
| Defendants. | |

Pending before the Court is Defendant Warren Vurl Johnson's Motion for Reconsideration (Doc. 209). For the following reasons, the Court **denies** Johnson's Motion.

I.   **BACKGROUND**

Johnson asks the Court to revisit its August 18, 2025 Order (the "August Order") where the Court: (1) denied Johnson's Motion for Leave to File Second Amended Counterclaims; and (2) granted Defendant Early Warning Services LLC's ("EWS") Motion to Dismiss the counterclaims Johnson asserted in his First Amended Answer and Counterclaims. (Doc. 200 at 22.) The relevant background was described in the August Order (Doc. 200 at 2–3) and the Order granting EWS's Motion for Preliminary Injunction (Doc. 70). The Court briefly summarizes the August Order.

The Court first denied Johnson's Motion for Leave to File Second Amended Counterclaims. (*Id.*) Johnson proposed the following counterclaims:

(1) abuse of process and fraud on the Court against EWS, its general counsel, Tracy Cheney, and attorneys Erick Durlach, Dennis Wilson, and George

Chen, (2) defamation against EWS, Ms. Cheney, and outside counsel, Sara Stadler; (3) intentional infliction of emotional distress ("IIED") against EWS; (4) negligent infliction of emotional distress ("NIED") against EWS; (5) fraud on the Court against EWS, Ms. Cheney, Mr. Durlach, Mr. Wilson, and Mr. Chen; (6) a declaration that the Microsoft Teams Chat (the "Privileged Chat") is not privileged; (7) trade secret misappropriation against EWS; (8) unjust enrichment against EWS; and (9) a declaration that EWS's application to register its PAZE mark is invalid.

(*Id.* at 5.) The Court found that granting leave to amend was improper because each of the foregoing claims failed as a matter of law. (*Id.*)

The Court found that five of the claims failed under the *Noerr-Pennington* doctrine and Arizona's related doctrine of absolute litigation privilege. (*Id.* at 6.) Generally, these doctrines immunize parties from claims based on actions taken during litigation. (*Id.* at 8). Thus, the Court found that Johnson's proposed claims of abuse of process, defamation, IIED, NIED, and fraud on the Court failed as a matter of law because each of those claims arose out of proper litigation conduct. (*Id.*)

The Court next found that four of the claims failed based on a settlement agreement between Johnson and EWS (the "Settlement Agreement"). (*Id.* at 11.) Under that agreement, Johnson agreed to release EWS from *any* claim he had on the signing date. (*Id.*) The Court found the agreement to be valid and thus precluded Johnson's claims of trade secrets misappropriation, unjust enrichment, IIED, and NEID. (*Id.* at 11–14.).[1]

Because Johnson's proposed counterclaims failed as a matter of law, the Court considered EWS's Motion to Dismiss the counterclaims Johnson asserted in his First Amended Answer and Counterclaims. (*Id.* at 18.) Those claims included: "(1) abuse of process against EWS; (2) abuse of process against EWS, Ms. Cheney, Mr. Durlach, Mr. Wilson, and Mr. Chen; (3) defamation against Ms. Stadler; (4) defamation against Ms. Cheney; (5) IIED against EWS; and (6) NIED against EWS." (*Id.*)

The Court again found that the *Noerr-Pennington* doctrine and Arizona's absolute litigation privilege barred Johnson's claims of abuse of process, defamation, IIED, and

---

[1] The August Order found that Johnson's claims for declaratory relief failed due to lack of standing. (*Id.* at 15–17.) Johnson does not seek reconsideration of these claims.

NIED. (*Id.* at 18–21.) The Court then held that the Settlement Agreement barred Johnson's IIED and NIED claims. (*Id.* at 22.)

## II. LEGAL STANDARD

"The Court has discretion to reconsider and vacate a prior order." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003). However, "[m]otions for reconsideration are disfavored," *id.*, and "are appropriate only in rare circumstances." *333 W. Thomas Med. Bldg. Enters. v. Soetantyo*, 976 F. Supp. 1298, 1302 (D. Ariz. 1995). Accordingly, "[a] motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Id.* (citation modified). Instead, these motions are only appropriate where the Court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust"; (3) is presented with "an intervening change in controlling law"; or (4) is otherwise presented with "other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## III. DISCUSSION

Johnson argues that reconsideration is appropriate because the August Order "rests on multiple manifest errors." (Doc. 209 at 7). The Court addresses each alleged error in turn.

### A. Fabricated Evidence

Johnson first argues that the Court erred by "[f]abricating evidence to support its rulings." (*Id.*) Specifically, Johnson argues that the Court "attribute[d] to Johnson a 'sworn statement' that does not exist, evidencing EWS's pattern of fraud that defeats immunity." (*Id.* at 2.) The statement Johnson refers to appears in a footnote in the August Order, which, according to Johnson, provided that "Mr. Johnson's own allegations contradict his previous sworn statement that 'the individual Excel spreadsheet templates . . . are not trade secrets.'"[2] (*Id.*)

---

[2] Quotation marks generally denote exact words or phrases attributable to another source. Johnson bucks this trend—the August Order does not contain the quoted language.

- 3 -

Even assuming the Court misquoted Johnson, this misquotation was immaterial to the disposition of the August Order and does not justify reconsideration. This alleged misquotation appeared in a footnote among the Courts discussion regarding the Settlement Agreement barring Johnson's proposed trade secrets misappropriation and unjust enrichment claims. (Doc. 200 at 13.) The alleged misquotation did not weigh into the Court's analysis on that point. Instead, the Court used this statement to suggest that "there are serious doubts about the plausibility of Mr. Johnson's proposed allegations in light of his prior statements." (*Id.* at 13 n.3). Thus, the Court did not rely on this statement in finding that that the trade secrets misappropriation and unjust enrichment were futile. Instead, the Court found that these claims were futile based solely on the existence of the Settlement Agreement. (*Id.* at 13–14.) Accordingly, the Court will not grant reconsideration on this basis.

### B. Arizona Privilege Law Misapplication

Johnson next argues that the Court erred by "[m]isapplying Arizona privilege law by extending absolute privilege to administrative proceedings." (Doc. 209 at 7). Johnson contends that "[t]he Court's most fundamental error was extending Arizona's absolute litigation privilege to [Trademark Trial and Appeal Board ("TTAB")] proceedings, contrary to binding Arizona precedent" which does not extend such privilege to administrative proceedings. (*Id.* at 3.)

The Court declines Johnson's invitation to "rethink what it has already thought." *Motorola*, 215 F.R.D. at 582. Johnson does not point to any authority establishing that the Court was in clear error in finding that Arizona's litigation privilege applies to TTAB proceedings. Instead, Johnson argues that the privilege does not extend to administrative proceedings, which he believes invariably includes TTAB proceedings. (Doc. 209 at 3.) Johnson fails to cite any authority clearly establishing that TTAB proceedings are necessarily administrative such that they can never be afforded litigation privilege under Arizona law. Accordingly, the Court will not grant reconsideration of the August Order on this basis.

### C. Sham Litigation Exception to *Noerr-Pennington*

Johnson next argues that the Court erred by "[i]gnoring sham litigation exceptions despite clear evidence of fraud and bad faith." (Doc. 209 at 7). Essentially, Johnson reargues that the *Noerr-Pennington* doctrine is inapplicable because EWS engaged in "sham litigation." (*Id.* at 5.) This issue was thoroughly addressed in the August Order. (Doc. 200 at 8–11.) Johnson mistakes his dissatisfaction with the Order for a legally cognizable basis for reconsideration—it is not. As noted, motions for reconsideration "are not the place for parties to make new arguments not raised in their original briefs." *Motorola*, 215 F.R.D. at 582. Johnson's Motion is an unabashed attempt to do just that. Accordingly, the Court will not grant reconsideration of the August Order on this basis.

### D. Settlement Agreement Misapplication

Johnson next argues that the "Court committed legal error by rewriting the Settlement Agreement's language and misapplying Arizona's discovery rule." (*Id.* at 6.) As noted, the Court found that Johnson released his claims for trade secret misappropriation, unjust enrichment, NIED, and IIED under the Settlement Agreement. (Doc. 200 at 12–14.) Johnson's Motion only addresses the IIED and NIED claims. (Doc. 209 at 6.)

Johnson's Motion rehashes the exact arguments the Court addressed in the August Order and does not otherwise present a cognizable justification for reconsideration. Additionally, even if the Court were to revisit its conclusion that the Settlement Agreement did not eliminate the IIED and NIED claims, the Court otherwise found those claims to be invalid under the *Noerr-Pennington* doctrine. (Doc. 200 at 8). Accordingly, the Court will not grant reconsideration of the August Order on this basis.

### E. Defamation Per Se Standard

Finally, Johnson argues that "Arizona law presumes damages for defamation per se (accusations of fraud against an attorney)" but "the Court demanded 'specific harm' allegations . . . applying an improper heightened standard." (Doc. 209 at 7.) Johnson does not make any further argument on this point.

The August Order found that the defamation claim failed as a matter of law because Johnson failed to adequately plead enough facts regarding the alleged defamation itself. (Doc. 200 at 20.) The Court addressed Johnson's failure to adequately plead the harm he suffered due to the alleged defamation in a footnote as additional justification for his failure to plead defamation. The Court will not reconsider the August Order's handling of the defamation claim based on Johnson's shallow attack on a footnote. Accordingly, the Court will not grant reconsideration of the August Order on this basis.

## IV.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED denying** Defendant Warren Vurl Johnson's Motion for Reconsideration (Doc. 209).

Dated this 8th day of January, 2026.

_____
Honorable Susan M. Brnovich
United States District Judge