WARREN VURL JOHNSON
warrenvjohnson@gmail.com
215 E 18th St
Lawrence, KS 66044

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EARLY WARNING SERVICES, LLC<br><br>Plaintiffs,<br>v.<br><br>MR. WARREN V. JOHNSON; BRANDON O'LOUGHLIN; P.A.Z.E., LLC<br><br>Defendants. | Case No.: CV24-01587-PHX-SMB<br><br>**DEFENDANT WARREN V. JOHNSON'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION CONCERNING DISCLOSURES TO FEDERAL AUTHORITIES (DKT. 299)** |

**DEFENDANT WARREN V. JOHNSON'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION CONCERNING DISCLOSURES TO FEDERAL AUTHORITIES (DKT. 299)**

**I. INTRODUCTION**

Plaintiff's "Emergency Motion" [Dkt. 299] is a transparent attempt to interfere with a protected federal whistleblower report and obstruct Defendant's statutory right to report suspected violations of law to government authorities.

Notably, at no point in Defendant's prior filing [Dkt. 296] did Defendant state or suggest that the evidence submitted to federal authorities contained Plaintiff's "Confidential Information" or "Trade Secrets." Plaintiff inserted that premise on its own. The fact that Plaintiff immediately assumed Defendant's whistleblower submission must contain confidential or trade secret information—and now rushes to this Court in an effort to uncover the scope and content of a federal report—is highly

revealing. It suggests Plaintiff is acutely aware that its own internal information could evidence the very misconduct Defendant reported.

Plaintiff now seeks an order compelling Defendant to turn over copies of evidence provided to federal law enforcement and regulatory agencies. This request not only violates the immunity provisions of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1833(b), but also represents an improper effort to pierce the confidentiality of a government investigation and intimidate a whistleblower.

## II. ARGUMENT

### A. Defendant's Disclosures are Immunized Under Federal Law

The DTSA expressly provides immunity for the very conduct Plaintiff seeks to punish. Under 18 U.S.C. § 1833(b)(1):

"An individual shall not be held criminally or civilly liable under any Federal or State trade secret law for the disclosure of a trade secret that is made in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney, and solely for the purpose of reporting or investigating a suspected violation of law."

As noted in previous filings, Defendant submitted evidence to federal authorities on December 22, 2025 regarding Plaintiff (See Dkt. 296). This submission was made in confidence to government officials for the sole purpose of reporting suspected violations of law. EWS's request cannot override an Act of Congress that specifically authorizes such disclosures. Plaintiff's attempt to characterize this lawful reporting as "contempt" is legally frivolous.

### B. Plaintiff Has No Right to Inspect Reports Made to Law Enforcement

Plaintiff demands that Defendant serve Plaintiff with "the contents of each submission" made to federal authorities (Dkt. 299 at 2). This is an improper attempt by the target of a report to discover the scope and content of an investigation against it.

Forcing a whistleblower to disclose their specific evidence to the accused party compromises the integrity of any potential government investigation. Plaintiff is not

1. entitled to preview the evidence provided to the Department of Justice or the SEC. If the federal government determines that Defendant's report contains trade secrets that should not have been disclosed, that is a matter between the government and Defendant—not an opportunity for Plaintiff to leverage this Court to interrogate a whistleblower.

### C. Plaintiff's Motion is Based on Speculation and Seeks to Audit a Government Investigation

Plaintiff's motion relies entirely on the speculative assumption that Defendant's submission to federal authorities contained "Confidential Information" or "Trade Secrets" (Dkt. 299 at 2). Plaintiff saying it does not make it so. Plaintiff has no evidence to support this claim. In fact, there is plenty of public sources wherein such evidence can be extracted: APIs, terms and conditions, press releases, etc.

Plaintiff's bare assertion that Defendant's report violates the injunction does not make it so. However, Plaintiff's urgent attempt to suppress this report reveals a telling anxiety: Plaintiff appears to believe that its own "Confidential Information" or "Trade Secrets" would indeed provide evidence of the "improper activity" reported by Defendant. If Plaintiff's internal documents do in fact evidence a violation of law, that is precisely the scenario Congress intended to protect under the DTSA immunity statute.

Regardless of whether the underlying documents are public or private, Plaintiff is not entitled to know the composition of Defendant's report. The specific selection and organization of evidence presented to law enforcement reveals the whistleblower's theory of the violation. Plaintiff has no right to audit Defendant's communications with the government to "check" for compliance. Allowing Plaintiff to inspect this report would chill the reporting of misconduct by forcing whistleblowers to reveal their legal theories and evidence to the very entity they are reporting.

### III. CONCLUSION

1   Plaintiff's Motion seeks to punish conduct that is statutorily immune under 18
2   U.S.C. § 1833(b) and relies on baseless speculation regarding the content of
3   Defendant's report. The Motion should be denied in its entirety.
4
5   Respectfully submitted,
6                              DATED: January 10, 2026
7   s/Warren V. Johnson
8   215 E 18th St
    Lawrence, KS 66044
9   warrenvjohnson@gmail.com
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I certify that on January 10, 2026, I electronically transmitted the foregoing document to the U.S. District Court Clerk's Office using the CM/ECF System for filing, which will send a Notice of Electronic Filing to all registered counsel of record.

Respectfully submitted,

   /s/Warren V Johnson/

Warren Johnson

215 E 18th St

Lawrence, KS 66044

warrenvjohnson@gmail.com