1  **KILPATRICK TOWNSEND & STOCKTON LLP**
   Erick Durlach, Arizona Bar No. 024253
2  *edurlach@ktslaw.com*
   Dennis L. Wilson, California Bar No. 155407
3  (admitted *pro hac vice*)
   *dwilson@ktslaw.com*
4  Sara K. Stadler, New York Bar No. 2620276
5  (admitted *pro hac vice*)
   *sstadler@ktslaw.com*
6  Kristin M. Adams, Virginia Bar No. 92069
7  (admitted *pro hac vice*)
   *kmadams@ktslaw.com*
8  6909 E. Greenway Parkway, Suite 100
   Scottsdale, Arizona 85254-2149
9  Tel: (602) 726-7319
   Fax: (623) 321-1009
10

11 **BRYAN CAVE LEIGHTON PAISNER LLP**
   George C. Chen, Arizona Bar No. 019704
12 *george.chen@bclplaw.com*
   Jacob A. Maskovich, Arizona Bar No. 021920
13 *jamaskovich@bclplaw.com*
   Two North Central Avenue, Suite 2100
14 Phoenix, Arizona 85004-4406
15 Tel: (602) 364-7000
   Fax: (602) 364-7070
16

17 Attorneys for Plaintiff
   Early Warning Services, LLC

18

19                    **UNITED STATES DISTRICT COURT**

20                        **FOR THE DISTRICT OF ARIZONA**

21 | Early Warning Services, LLC, | Case No. CV-24-01587-PHX-SMB |
22 | Plaintiff, | |
23 | v. | **PLAINTIFF EARLY WARNING SERVICES, LLC'S REPLY IN SUPPORT OF RENEWED MOTION FOR CONTEMPT AND CONTEMPT SANCTIONS** |
24 | Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, | |
25 | Defendants. | |
26

27

28

# **TABLE OF CONTENTS**

i

# TABLE OF AUTHORITIES

**Cases**

*United States v. Ayres*,
  166 F.3d 991 (9th Cir. 1999) ................................................................................... 3

**Statutes**

17 U.S.C.
  § 101 ........................................................................................................................ 2
  § 201(b) .................................................................................................................... 2

**Rules**

Fed. R. Civ. P. 37(b)(2)(A)(i) ....................................................................................... 3

## I. ARGUMENT

Defendant Warren Vurl Johnson ("Johnson") opposes Plaintiff Early Warning Services, LLC's ("EWS") renewed motion for contempt and contempt sanctions against Defendants (Dkt. 305, the "Motion") on two grounds. Neither is persuasive.

*First*, Johnson argues EWS's Motion is "premature and procedurally improper" because the Court gave him until January 21, 2026, to supplement his deficient responses to EWS's discovery requests. *See* Opp'n to Renewed Mot. for Contempt Sanctions ("Opp'n"), Dkt. 307 at 1. Johnson conflates his obligation to comply with the forensic imaging provisions of the Court's December 4, 2024, preliminary injunction order and September 24, 2025, contempt order (the "Orders") with his obligation to participate in discovery. These are separate obligations. Whether Johnson complies with his discovery obligations remains to be seen, but regardless, he has steadfastly and expressly refused to comply with the Court's Orders, responding to EWS's counsel's most recent email seeking to schedule the forensic imaging with the single word, "Nope." Status Rep. Ex. A, Dkt. 249 at 2.

EWS is not "effectively ask[ing] this Court to sanction Defendant [Johnson] for 'deficiencies' in his November 2025 responses" to EWS's discovery requests, as Johnson contends. *See* Opp'n, Dkt. 307 at 1–2. EWS is asking this Court to hold Defendant Brandon O'Loughlin ("O'Loughlin") in contempt and impose contempt sanctions on both O'Loughlin and Johnson because neither has complied with the Court's Orders. At the September 24, 2025, hearing on EWS's motion for contempt, the Court invited EWS to "com[e] back and request[] additional sanctions" if Johnson "doesn't comply." Tr. of Show Cause Hr'g, Dkt. 252 at 40:18–24. Johnson didn't comply.

*Second*, Johnson claims EWS's requested sanction would be "improper" because establishing certain facts in this action would "act[] as a substitute for evidence Plaintiff does not possess." Opp'n, Dkt. 307 at 2. What Johnson omits to mention is that his own refusal to comply with the Court's Orders has deprived EWS

1

of access to this evidence.[1] It is disingenuous to assert, as Johnson does, that EWS is not entitled to sanctions for Johnson's contempt because EWS "has failed to produce these alleged emails, failed to identify any specific attachments, and failed to provide even a list of filenames supposedly transferred." Opp'n, Dkt. 307 at 3.

EWS will produce the evidence in its possession establishing Johnson's exfiltration of EWS's materials once the Court issues the protective order, *see* Mot. for Protective Order, Dkt. 241, but EWS's ability to access the evidence residing on its own servers does not entitle Johnson to ignore the Court's Orders to present his devices for forensic imaging—nor is it relevant to whether Johnson is in contempt of the Orders. *Cf.* Tr. of Telephonic Discovery Dispute Hr'g at 29:13–17 ("[EWS] can do their own internal search, but they're entitled to your response to that question about your access to possession of or use of EWS documents. Of course, if you had turned over your electronics, this would be a lot easier. So you need to answer that.").

The Court's Orders require Defendants to surrender their digital electronic devices for forensic imaging according to the Court's adopted protocols. Dkts. 242,

---

[1] Johnson claims to have "consistently agreed to a targeted search for *Plaintiff's* documents as mandated by the 9th Circuit," but he has repeatedly made clear that the only "search" to which he would potentially agree is one limited to "titles to inventions and [his] notes." Tr. of Show Cause Hr'g, Dkt. 252 at 26:16–17; *see also id.* at 26:11–20.

Johnson's initial discovery responses reiterated that he persists in mandating his own (impermissibly vague and narrow) definition of "EWS's documents" to exclude relevant evidence of his misappropriation of EWS's trade secrets. For example, Johnson "asserts ownership" of "certain materials that he independently authored or developed during his tenure at EWS" "as their creator." Decl. of Kristin M. Adams Ex. B at 3, Dkt. 305-1 at 8. There is no basis for this assertion, as the copyrights in works created by Johnson within the scope of his employment as EWS's intellectual property counsel belong to EWS and, in any event, Johnson assigned his rights in such works to EWS. Decl. of Tracy Cheney Ex. 18 ¶ 1, Dkt. 18 at 5; *see* 17 U.S.C. § 101 (defining "work made for hire" as including "a work prepared by an employee within the scope of his or her employment"); 17 U.S.C. § 201(b) ("In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and . . . owns all of the rights comprised in the copyright.").

2

1    243; *see* Dkt. 70 at 16–17 (ordering Defendants to "provide access to all digital
2    electronic devices and media and all electric mail and storage accounts within their
3    possession, custody, or control . . . that may include EWS's Confidential Information
4    or Trade Secrets for forensic imaging of those devices and accounts (including all
5    metadata) by EWS's forensics vendor"). Johnson has refused to comply, and he
6    continues to relitigate the merits of the Court's Orders. *See* Dkt. 243 at 3–4 ("[I]t is a
7    'long-standing rule that a contempt proceeding does not open to reconsideration the
8    legal or factual basis of the order alleged to have been disobeyed and thus become a
9    retrial of the original controversy.'" (quoting *United States v. Ayres*, 166 F.3d 991,
10   995 (9th Cir. 1999) (other citations omitted))). Absent Johnson's compliance, EWS
11   has no way of knowing the extent of the materials he exfiltrated, shared with
12   O'Loughlin, used, and continues to possess.
13        Enter Rule 37(b), which provides, in relevant part, that "[i]f a party . . . fails to
14   obey an order to provide or permit discovery, the court . . . may issue further just
15   orders . . . directing that the matters embraced in the order or other designated facts
16   be taken as established for purposes of the action, as the prevailing party claims." Fed.
17   R. Civ. P. 37(b)(2)(A)(i). This sanction is not "an improper attempt to bypass the
18   merits," Opp'n, Dkt. 307 at 2, but a longstanding rule enabling district courts to
19   sanction a party's failure to comply with a court order. Johnson's refusal to comply
20   with this Court's Orders is clear and unambiguous. He should not be allowed to profit
21   from his contempt by "retain[ing]" EWS's documents "in his personal files" while
22   depriving EWS of critical evidence to prove its claims. *See* Decl. of Kristin M. Adams
23   Ex. B at 3, Dkt. 305-1 at 8.

24   **III.   CONCLUSION**

25        For the foregoing reasons and those provided in EWS's Motion (Dkt. 305),
26   EWS respectfully asks the Court to issue an order establishing the following facts in
27   this action:
28

1. Johnson's and O'Loughlin's Devices, Media, and Accounts have contained and continue to contain EWS's privileged, confidential, and trade secret information;

2. Johnson disclosed EWS's privileged, confidential, and trade secret information to O'Loughlin, and Johnson and O'Loughlin disclosed EWS's privileged, confidential, and trade secret information publicly via Defendant P.A.Z.E., LLC's ("P.A.Z.E.") website and social media accounts and in P.A.Z.E.'s filings in the Trademark Trial and Appeal Board;

3. Johnson used EWS's privileged, confidential, and trade secret information to assist O'Loughlin and P.A.Z.E. in (i) improperly obtaining domain names comprising EWS's PAZE mark, (ii) filing applications to register marks comprising EWS's PAZE mark, (iii) filing actions in the Trademark Trial and Appeal Board seeking invalidation of EWS's ƻ registration and PAZE application, and (iv) sending letters to EWS's counsel demanding compensation for P.A.Z.E.'s "assets"; and

4. Neither Johnson nor O'Loughlin created EWS's trade secrets.

DATED: January 20, 2026            Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ Erick Durlach*
Erick Durlach
Dennis L. Wilson (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
Kristin M. Adams (admitted *pro hac vice*)
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254
Tel: (602) 726-7319
Fax: (623) 321-1009
*edurlach@ktslaw.com*
*dwilson@ktslaw.com*
*sstadler@ktslaw.com*
*kmadams@ktslaw.com*

BRYAN CAVE LEIGHTON PAISNER LLP
George C. Chen
Jacob A. Maskovich
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070
*george.chen@bclplaw.com*
*jamaskovich@bclplaw.com*

Attorneys for Plaintiff
Early Warning Services, LLC

## CERTIFICATE OF SERVICE

I certify that on January 20, 2026, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing with a copy served via that system. For parties not receiving service via CM/ECF, a copy will be transmitted via electronic mail as follows:

Brandon O'Loughlin
contact@paze.guru

*Defendant Brandon O'Loughlin Individually and*
*as Authorized Representative for Defendant P.A.Z.E., LLC*

/s/ Erick Durlach
Erick Durlach