**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

**BRYAN CAVE LEIGHTON PAISNER LLP**
George C. Chen, Arizona Bar No. 019704
*george.chen@bclplaw.com*
Jacob A. Maskovich, Arizona Bar No. 021920
*jamaskovich@bclplaw.com*
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070

Attorneys for Plaintiff
Early Warning Services, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, <br><br> Defendants. | Case No. CV-24-01587-PHX-SMB <br><br><br> **PLAINTIFF EARLY WARNING SERVICES, LLC'S EMERGENCY MOTION TO SEAL DEFENDANT WARREN VURL JOHNSON'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO SEAL [320]** |

## **<u>TABLE OF CONTENTS</u>**

TABLE OF AUTHORITIES .................................................................................................ii

I.      INTRODUCTION ........................................................................................................1

II.     ARGUMENT ................................................................................................................2

III.    CONCLUSION .............................................................................................................4

CERTIFICATE OF SERVICE ............................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Brennan v. Opus Bank*,
     796 F.3d 1125 (9th Cir. 2015) ................................................................. 2

*Cramton v. Grabbagreen Franchising LLC*,
     No. CV-17-04663-PHX-DWL, 2021 WL 871539 (D. Ariz. Mar. 9, 2021) ........... 3

*Gorovenko v. Activate Clean Energy, LLC*,
     No. 8:24-cv-00058-JLS-ADS (C.D. Cal.) ................................................ 3

*In re Banc of Cal. Sec. Litig.*,
     No. SA CV 17-00118-AG (DFMx), 2018 WL 6520418 (C.D. Cal. Dec. 7,
     2018) ......................................................................................... 3

*In re Kidder Peabody Sec. Litig.*,
     168 F.R.D. 459 (S.D.N.Y. 1996) .......................................................... 3

*Lambright v. Ryan*,
     698 F.3d 808 (9th Cir. 2012) .............................................................. 2

*Nixon v. Warner Commc'ns, Inc.*,
     435 U.S. 589 (1978) ....................................................................... 2

*United States v. Leong*,
     No. 21-00142 LEK, 2023 WL 8878946 (D. Haw. Dec. 22, 2023) ..................... 2

*United States v. Mett*,
     178 F.3d 1058 (9th Cir. 1999) ............................................................ 3

*Upjohn Co. v. United States*,
     449 U.S. 383 (1981) ....................................................................... 2

*Zambrano v. City of Tustin*,
     885 F.2d 1473 (9th Cir. 1989) ............................................................ 3

**Rules**

Fed. R. Civ. P. 26(c) ............................................................................ 2

LRCiv 5.6(b) ...................................................................................... 2

## I.    **INTRODUCTION**

For the fourth time in less than a week, Defendant Warren Vurl Johnson ("Johnson") has abused his electronic filing credentials to place Plaintiff Early Warning Services, LLC's ("EWS") privileged information in the public record.

Two days after the Court granted EWS's emergency motion to provisionally seal over 380 pages of Johnson's declarations and exhibits disclosing EWS's privileged information, Dkt. 314, Johnson retaliated by filing an "Emergency Notice of Material Misrepresentation" that was yet another vehicle to disclose EWS's privileged information. Dkt. 316. EWS likewise moved to provisionally seal Johnson's "Emergency Notice of Material Misrepresentation" because it again disclosed the same privileged material the Court provisionally sealed.

On Saturday, January 17, 2026, Johnson opposed EWS's motion to seal Johnson's "Emergency Notice of Material Misrepresentation" (Dkt. 320, the "Opposition") by yet again disclosing the same privileged information that (a) Johnson disclosed in his filings at Dockets 309 and 310, which this Court provisionally sealed on January 14, 2026 (Dkt. 314), and (b) Johnson disclosed in his "Emergency Notice of Material Misrepresentation," which the Court provisionally sealed on January 20, 2026 (Dkt. 321). Johnson's opposition ("Opp'n," Dkt. 320) once again summarizes legal advice and quotes directly from the training materials that EWS's legal counsel designed and used for the express purpose of conveying legal advice to EWS's employees regarding the protection of EWS's intellectual property, despite Johnson's own description of those materials as "training to EWS's entire Legal Team." Dkt. 316 at 5.

Johnson's pattern of improper conduct is, by now, well established, and his vexatious filings continue to pile up. On November 12, 2025, EWS filed a motion for sanctions, including a proposed order revoking Johnson's electronic filing privileges and credentials and implementing a provisional sealing practice that would give EWS adequate time to review Johnson's filings for privileged, confidential, and trade secret

information. *See* Dkt. 275. Although EWS's motion remains pending, EWS respectfully submits that the procedure it previously outlined is appropriate here, particularly because Johnson's Opposition covers the same information the Court has already provisionally sealed. *See* Dkts. 314, 321.

Therefore, pursuant to Federal Rule of Civil Procedure 26(c), LRCiv 5.6(b), and this Court's inherent power, EWS respectfully moves this Court for an emergency order provisionally placing Johnson's Opposition (Dkt. 320) under seal for 14 days—in accordance with the unopposed procedure EWS requested on November 12, 2025 (*see* Dkt. 275)—so that EWS may maintain its protections while it analyzes Johnson's Opposition for the appropriate scope of redactions.

## II.    **ARGUMENT**

The federal district courts have "inherent supervisory power" to seal documents. *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files . . . ."). The right of access therefore is not absolute. Indeed, the Ninth Circuit has observed that "[a]ttorney-client privileged materials, of course, are archetypical examples of material that has traditionally been kept secret for important policy reasons." *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012). The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted). It "encourage[s] full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* (citation omitted).

Notably, the privilege applies to summaries of communications between attorneys as well as the communications themselves. *See, e.g.*, *United States v. Leong*, No. 21-00142 LEK, 2023 WL 8878946, at *12 (D. Haw. Dec. 22, 2023) (holding portions of the brief "protected by the [movant's] attorney-client privilege because

[the brief] summarizes" a privileged conversation and a "communication . . . that refers to the [privileged] substance of the [conversation]"); *cf. In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 472 (S.D.N.Y. 1996) (holding privilege waived by prior disclosure of summaries of privileged materials); *Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2021 WL 871539, at *2 (D. Ariz. Mar. 9, 2021) (explaining that privilege extends to the substance or content of a protected communication, rather than limiting privilege analysis to underlying document alone); *In re Banc of Cal. Sec. Litig.*, No. SA CV 17-00118-AG (DFMx), 2018 WL 6520418, at *1 (C.D. Cal. Dec. 7, 2018) (referencing earlier holding that prior disclosure of summaries of documents waived privilege as to documents themselves).

The information sought to be sealed is protected from disclosure by EWS's attorney-client privilege and work-product protections, which EWS has not waived. As before, given the important and longstanding policies underlying the attorney-client privilege, compelling reasons exist to place the documents containing this privileged information under seal. *See United States v. Mett*, 178 F.3d 1058, 1065 (9th Cir. 1999) ("[W]here attorney-client privilege is concerned, hard cases should be resolved in favor of the privilege, not in favor of disclosure.").

Given the increasing pace of Johnson's improper filings and the volume of material EWS must review for redactions, EWS respectfully requests that the Court provisionally place the document filed at Docket No. 320 under seal for 14 days to allow EWS to determine the scope of appropriate redactions, then allow Johnson seven days in which to respond. This provisional sealing procedure is well within the Court's inherent authority "to maintain order and preserve the dignity of the court." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989); *see Gorovenko v. Activate Clean Energy, LLC*, No. 8:24-cv-00058-JLS-ADS, Dkt. 59 (C.D. Cal. Mar. 6, 2024) (minute order requiring provisional sealing of each of plaintiff's filings, giving defendants "seven days to file an application seeking to maintain the seal as to

any information in the filing that they can demonstrate is confidential," and giving plaintiff seven days to respond); *see also* Dkts. 314 (ordering Johnson's related filings provisionally sealed for 14 days under similar procedure); 321 (same).

## III.    <u>CONCLUSION</u>

For the foregoing reasons, and based on the pleadings and evidence of record, EWS respectfully requests that this Court grant EWS's Emergency Motion to Seal Johnson's Opposition to EWS's Emergency Motion to Seal (Dkt. 320), placing the document filed at Docket No. 320 provisionally under seal, and adopting the following procedure:

(1)    EWS will have 14 days from the date of the Court's order to submit an application to maintain the seal as to EWS's privileged, confidential, or trade secret information in Johnson's document; and

(2)    Johnson will have seven days in which to respond to EWS's application to maintain the seal, and the Clerk of Court will maintain Johnson's document under seal pending the Court's decision on the application.

DATED:  January 20, 2026          Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ Kristin M. Adams*
Erick Durlach
Dennis L. Wilson (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
Kristin M. Adams (admitted *pro hac vice*)
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254
Tel: (602) 726-7319
Fax: (623) 321-1009
*edurlach@ktslaw.com*
*dwilson@ktslaw.com*
*sstadler@ktslaw.com*
*kmadams@ktslaw.com*

BRYAN CAVE LEIGHTON PAISNER LLP
George C. Chen
Jacob A. Maskovich

1

2    Two North Central Avenue, Suite 2100
     Phoenix, Arizona 85004-4406
3    Tel: (602) 364-7000
     Fax: (602) 364-7070
4    *george.chen@bclplaw.com*
     *jamaskovich@bclplaw.com*

5    Attorneys for Plaintiff
     Early Warning Services, LLC

6

7

8                    **<u>CERTIFICATE OF SERVICE</u>**

9        I hereby certify that on January 20, 2026, I electronically transmitted the

10   foregoing document and any attachments to the U.S. District Court Clerk's Office

11   using the CM/ECF System for filing with a copy served via that system. For parties

12   not receiving service via CM/ECF, a copy will be transmitted via electronic mail as

13   follows:

14       Brandon O'Loughlin
         contact@paze.guru
15

16       *Defendant Brandon O'Loughlin Individually and*
         *as Authorized Representative for Defendant P.A.Z.E., LLC*
17

18                              */s/ Kristin M. Adams*
                                Kristin M. Adams
19

20

21

22

23

24

25

26

27

28

                                     5