**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

Attorneys for Plaintiff
Early Warning Services, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC,<br><br>Defendants. | Case No. CV-24-01587-PHX-SMB<br><br>**MOTION TO EXTEND FACT DISCOVERY AND CASE MANAGEMENT DEADLINES BY PLAINTIFF EARLY WARNING SERVICES, LLC (FIRST REQUEST)** |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES......................................................................................ii

I.      INTRODUCTION...................................................................................1

II.     ARGUMENT .........................................................................................2

       A.      EWS Has Diligently Pursued Discovery from Defendants............................................................................3

       B.      Discovery Cannot Reasonably Be Completed by the Existing Deadline Due to Ongoing Discovery Disputes and the Pending Motion for Protective Order. .......................................................................................5

III.    CONCLUSION ......................................................................................7

CERTIFICATE OF SERVICE ..........................................................................8

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Johnson v. Mammoth Recreations, Inc.*,
   975 F.2d 604 (9th Cir. 1992) ...............................................................................2

*Jones v. Blanas*,
   393 F.3d 918 (9th Cir. 2004) ...............................................................................3

**Rules**

Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.).............................................2

## I.    **<u>INTRODUCTION</u>**

Plaintiff Early Warning Services, LLC ("EWS") respectfully moves this Court to modify the Case Management Order (Dkts. 197, 205, collectively the "Case Management Order") to extend the close of fact discovery and all subsequent deadlines by eight weeks as set forth in further detail below. No prior extensions of time have been requested or granted, and the Court has not stated that no further extensions will be granted. EWS has demonstrated reasonable diligence in attempting to comply with the Case Management Order, and there is good cause for an extension due to the ongoing discovery disputes, the incomplete document production by and deposition of third-party University of Kansas, and the pending motion for a protective order.

Counsel for EWS has made multiple attempts to confer with Defendant Warren Vurl Johnson ("Johnson," and collectively with EWS, the "Parties") and Defendant Brandon O'Loughlin ("O'Loughlin"), seeking their positions on EWS's request to extend the close of fact discovery and subsequent deadlines by eight weeks. Declaration of Kristin M. Adams, Exs. 1, 2. Neither Defendant has responded to EWS's counsel's inquiries. *Id.* ¶¶ 2–3.

The proposed revisions to the fact discovery deadline and all subsequent deadlines are as follows:

| Event | Current Deadline (Dkts. 197, 205) | Proposed New Deadline |
|---|---|---|
| Fact Discovery Close | January 30, 2026 | March 27, 2026 |
| Initial Expert Disclosures by Party Bearing Burden of Proof | February 20, 2026 | April 17, 2026 |

1

| Event | Current Deadline (Dkts. 197, 205) | Proposed New Deadline |
|---|---|---|
| Initial Expert Disclosures by Party Not Bearing Burden of Proof | March 20, 2026 | May 15, 2026 |
| Rebuttal Expert Disclosures | April 17, 2026 | June 12, 2026 |
| Expert Discovery Close | May 15, 2026 | July 10, 2026 |
| Good Faith Settlement Talks | June 12, 2026 | August 7, 2026 |
| Dispositive Motions | July 24, 2026 | September 18, 2026 |
| Motions under Federal Rules of Evidence 702, 703, 704, and 705 | August 7, 2026 | October 2, 2026 |
| Trial Setting Conference | August 7, 2026 9:00am | October 2, 2026 9:00am |

## II.   ARGUMENT

Good cause exists to amend the Case Management Order because the fact discovery deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment.").

EWS has made multiple attempts to confer with Defendants concerning discovery and the collection of information in support of its claims, but Defendants have repeatedly stymied EWS's attempts to negotiate a protective order and to elicit

2

discovery responses consistent with Defendants' discovery obligations. In light of EWS's pending motion for a protective order, O'Loughlin's relocation without notice to the Court, Johnson's refusal to meaningfully participate in discovery, the Court's order requiring him to serve supplemental discovery responses nine days prior to the close of discovery, the possibility that those supplemental responses will again be insufficient, and the impracticability of scheduling Johnson's deposition without knowing whether he will fully comply with his discovery obligations, it would be impossible for EWS to complete discovery by the current deadline of January 30, 2026, despite EWS's diligent efforts. Third-party University of Kansas also was unable to complete its document production obligations by January 16, 2026, pursuant to EWS's subpoena, and thus cannot sit for its deposition on its documents during the discovery period despite EWS's diligent and timely efforts.

Where, as here, EWS has diligently sought discovery, an extension is appropriate and should be granted. *Jones v. Blanas*, 393 F.3d 918, 930 (9th Cir. 2004) (finding district court abused its discretion in denying motion to extend discovery where the party requesting the extension "acted diligently and reasonably in pursing discovery" within the existing deadlines).

### A.    EWS Has Diligently Pursued Discovery from Defendants.

EWS has acted reasonably, diligently, and in good faith since the discovery period opened. On August 28, 2025, EWS's counsel circulated a draft proposed protective order to Johnson and O'Loughlin. *See* Dkts. 241-2, 241-3. Despite EWS's counsel's multiple attempts to ascertain Defendants' feedback on the draft protective order, O'Loughlin never responded (*see* Dkt. 241-3), and EWS had not received any substantive proposed edits or feedback from Johnson prior to the September 22, 2025, show-cause hearing (the "Show-Cause Hearing"). *See* Dkt. 241-2. At the Show-Cause Hearing, Johnson confirmed, "I haven't sent [the draft protective order] back to [EWS's counsel] yet. I've had a lot going on. I moved. I have job things going on, you know." Dkt. 251 at 16:11–13.

3

The Court ordered EWS to submit its proposed protective order by the next day, September 23, 2025, which EWS did. The Parties argued the protective order's terms at the second day of the Show-Cause Hearing on September 24, 2025. The Court ordered EWS to file its motion for protective order on the public docket, which EWS did the same day. *See* Dkt. 241. The Court deferred ruling on the protective order pending full briefing. *See* Dkt. 252 at 37:17–24. EWS's motion for protective order was fully briefed as of October 14, 2025, and remains pending. Dkts. 253, 256. The disputed provisions of EWS's proposed protective order include, *inter alia*, what constitutes "Confidential," "Highly Confidential – Attorneys' Eyes Only," and "Highly Confidential – Trade Secret" information and how the Parties may access, use. and disclose confidential information in this litigation. *See* Dkt. 241-1 at 2–7.

In an effort to move forward on discovery during the pendency of its motion for protective order, EWS served its first interrogatories, requests for production, and requests for admissions on Johnson and O'Loughlin on October 10, 2025. O'Loughlin has not responded despite being served by email.[1] Johnson served his responses to EWS's discovery requests on November 10, 2025. After various scheduling efforts, the Parties met and conferred on December 2, 2025, when the Parties agreed that Johnson would address certain of EWS's objections by reviewing and supplementing each of his responses to EWS's discovery requests. On December 10, 2025, Johnson served supplemental general objections, but did not serve any supplemental responses, thus leaving all of EWS's disputes concerning Johnson's responses unresolved.

On January 6, 2025, the Parties participated in a telephonic discovery conference, the result of which was an order requiring Johnson to serve supplemental responses to EWS's interrogatories, requests for production, and requests for

---

[1] O'Loughlin has moved without leaving a forwarding address, but none of EWS's counsel's service emails to contact@paze.guru have bounced back or otherwise been returned as undeliverable. Decl. of Elba T. Smith ¶¶ 2–4, Dkt. 305-2 at 2.

admissions by January 21, 2026. Dkt. 302. The Court granted EWS leave to file a motion to compel if "Johnson's updated responses do not resolve the disputes." Dkt. 302. Due to the outstanding discovery disputes, no party depositions have yet been scheduled.

**B.      EWS Has Diligently Pursued Discovery from the University of Kansas.**

EWS served a subpoena for deposition testimony and documents on third-party the University of Kansas on December 16, 2025, pursuant to the Court's Case Management Order. *See* Dkt. 197; Declaration of Sara K. Stadler, ¶ 2, Ex. 1 (the "Subpoena"). The Subpoena set the deadline for the University of Kansas's production of documents as January 16, 2026, and noticed the University of Kansas's deposition for January 26, 2026. Stadler Decl., ¶ 3, Ex. 1. Neither Defendant Warren Vurl Johnson nor the University of Kansas objected to any portion of the Subpoena. *Id.* ¶ 4. While the University of Kansas made a partial production of responsive documents by the January 16, 2026, deadline in the Subpoena, the University is still in the process of reviewing additional responsive documents. *Id.* ¶ 5. As the University of Kansas has not yet completed its document production, it cannot sit for a complete deposition on the January 26, 2026, date originally noticed. *Id.*

**C.      Discovery Cannot Reasonably Be Completed by the Existing Deadline Due to Ongoing Discovery Disputes and the Pending Motion for a Protective Order.**

Despite its diligent efforts, EWS cannot complete discovery by the current deadline of January 30, 2026, for several reasons. First, Johnson's improper objections and corresponding failure to timely and substantively respond to EWS's first set of interrogatories, requests for production, and requests for admissions resulted in an order requiring him to update his written discovery responses by January 21, 2026—only nine days before the scheduled close of fact discovery. Dkt. 302. While the Court has authorized EWS to formally move to compel any of

Johnson's responses that remain deficient, any such motion likely would not be decided until after the close of fact discovery. This would effectively preclude EWS from deposing Johnson during the discovery period because EWS would be without any documents or sufficiently responsive discovery responses on which to examine him. The same is true for O'Loughlin, who has not responded to EWS's discovery responses at all. Likewise, EWS cannot complete its deposition of the University of Kansas during the current fact discovery period because the University of Kansas's document review and production efforts remain ongoing.

In addition, given that the claims and defenses in this litigation revolve around Johnson's exfiltration and misuse of EWS's privileged, confidential, and trade secret information to which Johnson had access during his tenure as EWS's intellectual property counsel, a substantial portion of the documents to be disclosed in discovery can only be produced once a protective order is entered. This is especially true given Defendants' persistent disregard for the confidentiality of EWS's information and Johnson's repeated public disclosure of EWS's privileged information. *See, e.g.*, Dkts. 24, 77-1, 84, 88, 92, 264, 267, 272, 278; *see also* Dkts. 241, 256 (summarizing need for specific protective order provisions to protect EWS from Defendants' further misuse of EWS's proprietary information).

EWS respectfully submits that extending the close of fact discovery to March 27, 2026 (and extending all subsequent deadlines by eight weeks), is necessary to allow the Parties and third-party the University of Kansas time to produce documents and information pursuant to the protective order, once the Court enters it, and to allow EWS to both compel proper discovery responses from Johnson and O'Loughlin and depose them. The extension will not unduly prolong the case schedule, as no prior extensions of time have been requested or granted, and the Court has not stated that no further extensions will be granted.

//

//

6

Case 2:24-cv-01587-SMB   Document 329   Filed 01/22/26   Page 10 of 11

## III.   CONCLUSION

For the foregoing reasons, EWS respectfully requests that the Court find good cause shown and grant the requested extension.

DATED:  January 22, 2026

Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ Kristin M. Adams*
Erick Durlach
Dennis L. Wilson (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
Kristin M. Adams (admitted *pro hac vice*)
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254
Tel: (602) 726-7319
Fax: (623) 321-1009
*edurlach@ktslaw.com*
*dwilson@ktslaw.com*
*sstadler@ktslaw.com*
*kmadams@ktslaw.com*

Attorneys for Plaintiff
Early Warning Services, LLC

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 22, 2026, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing with a copy served via that system. For parties not receiving service via CM/ECF, a copy will be transmitted via electronic mail as follows:

Brandon O'Loughlin
contact@paze.guru

*Defendant Brandon O'Loughlin Individually and*
*as Authorized Representative for Defendant P.A.Z.E., LLC*

*/s/ Kristin M. Adams*
Kristin M. Adams

8