**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

Attorneys for Plaintiff
Early Warning Services, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, <br><br> Defendants. | Case No. CV-24-01587-PHX-SMB <br><br><br> **DECLARATION OF SARA K. STADLER IN SUPPORT OF PLAINTIFF EARLY WARNING SERVICES, LLC'S MOTION TO EXTEND FACT DISCOVERY AND CASE MANAGEMENT DEADLINES (FIRST REQUEST)** |

I, Sara K. Stadler, declare under penalty of perjury as follows:

1. I am over 18 years of age and a Counsel at Kilpatrick Townsend & Stockton LLP ("Kilpatrick"), counsel for Plaintiff Early Warning Services, LLC ("EWS") in this matter. I am a resident of the State of Nebraska and am licensed to practice as an attorney in the States of Georgia, Nebraska, and New York. The statements made in this Declaration are true and based on my own personal knowledge and the business records that Kilpatrick maintains as part of the ordinary course of its business.

2. On December 16, 2025, I served a subpoena (the "Subpoena") by email on the University of Kansas (the "University"). The Subpoena sought documents and testimony concerning the subjects listed in the exhibits to the Subpoena, a true and correct copy of which is attached as **Exhibit 1**.

3. The Subpoena set the deadline for the University's production of documents as January 16, 2026, and noticed the University's deposition for January 26, 2026.

4. Neither Defendant Warren Vurl Johnson nor the University objected to any portion of the Subpoena.

5. While the University made a partial production of responsive documents by the January 16, 2026, deadline in the Subpoena, the University's Director of Litigation, Jennifer Sanders Kellogg, has informed me that the University is still in the process of reviewing responsive documents. As the University has not yet completed its production, it cannot sit for a complete deposition on the January 26, 2026, date originally noticed.

/ /
/ /
/ /
/ /
/ /

1

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 22, 2026, in Omaha, Nebraska.

/s/ Sara K. Stadler
Sara K. Stadler

# EXHIBIT 1

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Arizona

| | | |
|---|---|---|
| Early Warning Services, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.    CV-24-01587-PHX-SMB |
| Warren Vurl Johnson, Brandon O'Loughlin, and P.A.Z.E., LLC | ) ) | |
| *Defendant* | ) | |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:              The University of Kansas
245 Strong Hall, 1450 Jayhawk Boulevard, Lawrence, Kansas 66045
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Exhibit B.

| Place:    12345 W 95th Street, 2nd Floor | Date and Time: |
|---|---|
| Lenexa, Kansas 66215 | 01/26/2026 9:00 am |

The deposition will be recorded by this method:    video, audio, and stenographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A.
        Production to be served by January 16, 2026.

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:       12/16/2025

CLERK OF COURT

                                                                OR

_____            /s/ Sara K. Stadler
*Signature of Clerk or Deputy Clerk*                              _____
                                                                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Early Warning Services, LLC
_____ , who issues or requests this subpoena, are:

Sara K. Stadler, Kilpatrick Townsend & Stockton LLP, 1100 Peachtree St., Suite 2800, Atlanta, Georgia 30309,
404-815-6500, sstadler@ktslaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  CV-24-01587-PHX-SMB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

Attorneys for Plaintiff
Early Warning Services, LLC

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC, | Case No. CV-24-01587-PHX-SMB |
| Plaintiff, | |
| v. | **EXHIBIT A TO EARLY WARNING SERVICES, LLC'S SUBPOENA TO PRODUCE DOCUMENTS AND PROVIDE TESTIMONY UPON THIRD-PARTY THE UNIVERSITY OF KANSAS** |
| Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, | |
| Defendants. | |

## DEFINITIONS

1.    "EWS" means Early Warning Services, LLC and its respective officers, directors, employees, and agents.

2.    "University," "You," or "Your" means the University of Kansas and its campuses, controlled affiliates, and research supporting entities, Including the University of Kansas Medical Center.

3.    "Johnson" means the Person named Warren Vurl Johnson who was formerly employed by the University, Including as a Senior Licensing Associate for the University of Kansas Center for Technology Commercialization.

4.    "Johnson's Gmail Account" means the email address warrenvjohnson@gmail.com.

5.    "Johnson's EWS Email Account" means the email address Warren.Johnson@earlywarning.com.

6.    "EWS's Documents" means (a) Documents created or used by any of EWS's employees in connection with conducting EWS's business or (b) Documents containing the terms "EWS," "Early Warning," "Tracy," "Cheney," "Paras," "Shah," "concept brief index," "domain name index," "invention disclosure index," "IP matter index," "trademark index," "ZELLE," or "PAZE," that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson.

7.    "EWS's Intellectual Property" means trademarks, copyrights, patents, and trade secrets in which EWS claims ownership, as well as registrations of and applications to register those trademarks, copyrights, and patents with governmental bodies. "EWS's Intellectual Property" Includes the PAZE mark, the Ƶ mark, U.S. Service Mark Application Serial No. 97669754, and U.S. Service Mark Registration No. 5476070.

1

8. "O'Loughlin" means the Person named Brandon O'Loughlin, who is a Defendant in the Civil Action, Including as identified by contact@paze.guru as an email address, (623) 295-5438 as a phone number, or references to "P.A.Z.E."

9. "P.A.Z.E., LLC" means the Defendant in the Civil Action identified as P.A.Z.E., LLC.

10. "Civil Action" means Case No. CV-24-01587-PHX-SMB (D. Ariz.).

11. "Communication" means every manner or means of disclosure, transfer, or exchange of information, whether orally or by Document, and whether face-to-face, by telephone, facsimile transmission, mail, personal delivery, electronic mail computer transmission, or otherwise.

12. "Concerning" means relating to, referring to, about, discussing, describing, evidencing, depicting, mentioning, or constituting.

13. "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and Includes emails, text messages, and messaging platform records. A draft or nonidentical copy of a Document is a separate Document within the meaning of this definition.

14. "Includes" and "Including" mean "including but not limited to" and "including without limitation."

15. "Person" means any natural person, individual, partnership, joint venture, corporation, proprietorship, firm, association, group, club, institute, governmental body, or any other organization, entity, or association.

16. The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request.

17. "And" shall mean "or" and "or" shall mean "and" to make requests using either of these words inclusive rather than exclusive.

18. The past tense shall be construed to include the present tense, and vice versa, to make requests using these tenses to be inclusive rather than exclusive.

19.    The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

**INSTRUCTIONS**

1.    Please issue a litigation hold to each Person that You believe may have Documents or information responsive to these Requests or otherwise relevant to the issues presented by this Subpoena.

2.    Each Request seeks Documents within Your possession, custody, or control.

3.    You must respond to each Request separately, but Your response to one Request may be incorporated by reference in response to other Requests.

4.    If You do not have all the information necessary to make a complete response to any Request, provide all Documents that You have, identify the information that is incomplete or unclear, and identify the information necessary to make a complete production of Documents.

5.    Documents are to be produced as they are kept in the ordinary course, including folders or files in which they are located, and along with all pertinent metadata.

6.    If You refuse to comply with a Request in whole or in part based on an objection, state the objection and the portion of the Request to which You object with the specificity required under Federal Rules of Civil Procedure 26 and 34, and state affirmatively and clearly whether and to what extent You have limited Your search for responsive Documents in any way, or are withholding responsive Documents, on the basis of any objection.

7.    If You refuse to comply with a Request in whole or in part based on a claim that any privilege or other protection applies to the Documents sought, state the privilege or protection, and describe the factual basis for Your claim with such specificity as will permit a determination of the legal sufficiency of the claim of

3

privilege or protection in a log that accords with the Federal Rules with respect to each withheld Document.

8. Unless otherwise specified in a Request or Definition, each Request seeks Documents from the date on which the University hired Johnson to the present.

## REQUESTS FOR PRODUCTION

1. EWS's Documents.

2. Documents Concerning EWS that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson.

3. Documents Concerning any of EWS's officers, directors, employees, or agents, Including Tracy Cheney and Paras Shah, that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson, or that memorialize or reference information attained from or in connection with Johnson.

4. Documents Concerning Communications to, from, or copying any Person using Johnson's EWS Email Account, Including the original written Communication and forwarded email Communications.

5. Documents Concerning EWS's Intellectual Property that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson, or that memorialize or reference information attained from or in connection with Johnson.

6. Documents Concerning O'Loughlin, Including forwarded email Communications or email Communications to, from, or copying O'Loughlin.

7. Documents Concerning P.A.Z.E., LLC, Including forwarded email Communications.

8. Documents Concerning the Civil Action, Including Documents memorializing or referencing representations Johnson made to You Concerning the facts, claims, and issues relevant to the Civil Action.

9. Documents sufficient to show the duration of Your employment of Johnson, Including the period of suspension, if any.

10. Documents sufficient to show the date(s) on which You decreased or ceased payment to Johnson for his employment services to You.

11. Your September 9, 2025 letter to Johnson signed by Chari J. Young.

12. Documents sufficient to show Your policies or procedures Concerning Your retention, deletion, or preservation of Documents.

**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

Attorneys for Plaintiff
Early Warning Services, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC, | Case No. CV-24-01587-PHX-SMB |
| Plaintiff, | |
| v. | **EXHIBIT B TO EARLY WARNING SERVICES, LLC'S SUBPOENA TO PRODUCE DOCUMENTS AND PROVIDE TESTIMONY UPON THIRD-PARTY THE UNIVERSITY OF KANSAS** |
| Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, | |
| Defendants. | |

## DEFINITIONS AND INSTRUCTIONS

1.	Early Warning Services, LLC incorporates by reference, as if set forth fully herein, the Definitions provided in Exhibit A.

2.	Unless otherwise specified in a Request or Definition, each Topic seeks Information from the date on which the University hired Johnson to the present.

3.	For avoidance of doubt, each Topic should be construed to require that the designee be prepared to also testify regarding the content, existence, and location of documents relating to the topic and the identities of persons who have and may have knowledge of such events.

## TOPICS FOR DEPOSITION

1.	Documents responsive to the Requests included in Exhibit A and the subjects addressed therein.

2.	Documents produced in response to the Requests included in Exhibit A and the subjects addressed therein, Including authentication thereof.

3.	Your responses and objections, if any, to the Subpoena and its Exhibits A and B.

4.	Your policies or procedures Concerning Your retention, deletion, or preservation of Documents.

5.	Your employment of Johnson, Including the duration and any suspension or termination and dates on which You ceased payment to Johnson for his employment services to You.

6.	The Persons primarily responsible for supervising Johnson while employed by You.

7.	Johnson's use of Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage where Johnson could create, edit, save, upload, download, send, receive, or otherwise use, access, or view Documents.

1

8.    EWS's Documents, Including the existence, location, or deletion thereof and Johnson's representations Concerning EWS's Documents.

9.    Steps You have taken to identify the existence, location, or deletion of EWS's Documents.

10.    Your knowledge, awareness, or Documents Concerning O'Loughlin.

11.    Your knowledge, awareness, or Documents Concerning P.A.Z.E., LLC.

12.    Your knowledge, awareness, or Documents Concerning the Civil Action.

13.    Your knowledge, awareness, or Documents Concerning Johnson's use of Johnson's EWS Email Account on Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage.

14.    Your knowledge, awareness, or Documents Concerning Johnson's use of Johnson's Gmail Account on Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage.

15.    Your knowledge, awareness, or Documents Concerning Johnson's use of, representations Concerning, Communications Concerning, or other references to EWS's Intellectual Property.

16.    Johnson's use of any email or other accounts You provided to Johnson for Communication purposes.

17.    Information related to, referencing, or resulting from Johnson's employment by You or EWS Concerning EWS or its officers, directors, employees, or agents, Including Tracy Cheney and Paras Shah.

18.    Your September 9, 2025, letter to Johnson signed by Chari J. Young.

2