**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services LLC,<br><br>Plaintiff,<br><br>v.<br><br>Warren Vurl Johnson, et al.,<br><br>Defendants. | No. CV-24-01587-PHX-SMB<br><br>**ORDER** |

The Court now considers Defendant Warren Vurl Johnson's Motion to Strike the Declaration of Darin J. Gibby (Doc. 202). The Court also considers two Motions for Sanctions filed by Plaintiff Early Warning Services LLC's ("EWS"). The first is EWS's earlier Motions for Sanctions (Doc. 133) that gave rise to the Declaration of Darin J. Gibby (the "Gibby Declaration"). The second is EWS's Motion for Sanctions Relating to Johnson's Motion to Strike the Declaration of Darin J. Gibby (Doc. 214).

For the purposes of this Order, the Court refers to Johnson's Motion to Strike the Gibby Declaration as the "Motion to Strike." The Court refers to EWS's earlier Motion for Sanctions (Doc. 133) as the "First Motion for Sanctions." The Court refers to EWS's Motion for Sanctions Relating to Johnson's Motion to Strike the Gibby Declaration as the "Second Motion for Sanctions." The Court **denies** the Motion to Strike. The Court previously granted the First Motion for Sanctions (Doc. 133) and now **orders** Johnson to pay EWS's attorneys' fees in the amount of $5,000. The Court **denies** the Second Motion for Sanctions.

## I. BACKGROUND

On June 30, 2025, the Court entered an Order granting EWS's First Motion for Sanctions and ordered Johnson to pay the attorneys' fees that EWS incurred in responding to Johnson's earlier Motion to Disqualify (Doc. 107). (Doc. 183 at 13–14.) The Court ordered "that EWS shall submit a supporting declaration attaching evidence sufficient to establish its attorneys' fees incurred in opposing Johnson's Motion to Disqualify and EWS's preparation, filing, and support of its emergency Motion to Seal the Motion to Disqualify." (*Id.* at 14.) Accordingly, EWS filed the Gibby Declaration which contends that EWS incurred $54,031.51 in attorneys' fees. (Doc. 189 at 3.)

Naturally, Johnson filed the present Motion to Strike, arguing that the Gobby Declaration "is procedurally defective, substantively improper, and ethically indefensible." (Doc. 202 at 1.) EWS then filed its Second Motion for Sanctions, seeking "sanctions consisting of an award of its attorneys' fees and costs incurred in opposing Johnson's [Motion to Strike]" because it is "baseless and sanctionable." (Doc. 214 at 5.) The Court begins with the Motion to Strike.

## II. MOTION TO STRIKE

Johnson argues that the Gibby Declaration must be stricken because Gibby was "EWS's primary outside IP counsel during the entirety of Johnson's tenure as in-house IP counsel" at EWS. (Doc. 202 at 2.) Thus, the Gibby Declarations constitutes "an extraordinary abuse of the attorney-client and attorney-nonclient relationship." (*Id.* at 1.) At bottom, Johnson makes an argument that this Court has rejected multiple times—Johnson's previous employment at EWS does not compel disqualification of EWS's counsel.

Gibby is an attorney at Kilpatrick Townsend & Stockton ("KTS") which is EWS's outside counsel and represents EWS in this lawsuit. (Doc. 189 at 2.) The Court issued an Order denying Johnson's Motion to Disqualify KTS. (Doc. 126 at 10.) The Court also denied Johnson's associated Motion for Reconsideration of that Order. (Doc. 183 at 8.) The Court sanctioned Johnson for these arguments because it constituted one of many

examples in the record of "Mr. Johnson's unsuccessful, meritless maneuvers that require the opposition to expend significant resources to defend itself." (*Id.* at 13.)

Thus, the Court only briefly addresses Johnson's argument that the Gibby Declaration should be stricken because it violates the duty of care Gibby owed to Johnson as a non-client. Johnson chiefly relies on *Paradigm Ins. Co. v. Langerman Law Offices, P.A.*, 24 P.3d 593, 600 (Ariz. 2001) and the Restatement (Third) of the Law Governing Lawyers § 51 (A.L.I. 2000). First, *Paradigm* expressly recognizes that "*the general rule is that a professional owes no duty to a non-client*." 24 P.3d at 601 (citation modified) (emphasis added). Johnson admits he was not KTS client. (Doc. 126 at 4.) The general rule yields only to "special circumstances," *see Paradigm*, 24 P.3d at 600, some of which are identified in Restatement § 51. Neither *Paradigm* nor the Restatement suggest that a special circumstance exists between a lawyer and his corporate client's former employee. Johnson does not cite any authority suggesting otherwise.

Johnson also argues that "EWS's claim that Johnson's motion to disqualify was frivolous cannot be reconciled with the magnitude of the response it claims was necessary." (Doc. 202 at 4.) Johnson states that "[t]he contradiction speaks for itself." (*Id.*) It does not. Although Johnson claims that "[c]ourts have repeatedly held that . . . substantial expenditure undermines claims of frivolity," he does not cite any support for that proposition. (*Id.* at 4.) In fact, both cases Johnson cites in support of his argument make clear that frivolity can support the award of attorneys' fees in the first instance. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978) ("[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."); *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1131–32 (9th Cir. 2008). Additionally, EWS is not making any "claims of frivolity" at this juncture. EWS did so in its First Motion for Sanctions (Doc. 133), which the Court granted (Doc. 183 at 14), and which gave rise to the Gibby Declaration. Thus, the Court is not persuaded by Johnson's argument that a frivolous motion cannot generate

considerable attorneys' fees.

Johnson does not materially contest the amount of fees on any other basis. However, to the extent that Johnson does, these arguments do not justify striking the Gibby Declaration altogether. Instead, these arguments might justify a downward adjustment of the requested attorneys' fees. Accordingly, the Court will deny the Motion to Strike.

The Court turns briefly to the Gibby Declaration. "Given that the Court has determined that sanctions on Plaintiff in the form of attorneys' fees are warranted, the Court will now use its discretion to determine the proper amount to award [EWS]." *Myers v. Freescale Semiconductor Inc.*, No. CV-19-05243-PHX-MTL, 2020 WL 4530468, at *3 (D. Ariz. Aug. 6, 2020), *aff'd*, No. 20-16592, 2022 WL 266638 (9th Cir. Jan. 26, 2022). The Court has the discretion "to decide whether to reduce the amount [of a § 1927 sanction award] and the discretion to determine "the amount to which the sanction will be reduced." *Haynes v. City & County of San Francisco*, 688 F.3d 984, 988 (9th Cir. 2012). EWS, through the Gibby Declaration, seeks $54,031.51 in attorneys' fees. (Doc. 189 at 3.) The Court, considering that Johnson is *pro se*, is potentially unable to pay the amount requested, and is otherwise facing considerable financial penalties connected to this lawsuit, will use its discretion to reduce the amount of the sanctions award to $5,000. *See Myers*, 2020 WL 4530468, at *3 (awarding $3,500 in attorneys' fees under § 1927 based on an initial request of $23,901.10).

### III. SECOND MOTION FOR SANCTIONS

The Court now considers the Second Motion for Sanctions (Doc. 214). EWS argues that Johnson's Motion to Strike is "based on the very same arguments found sanctionable in the Court's June 30, 2025, order." (Doc. 214 at 5.)

Under 28 U.S.C. § 1927, a litigant "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The Court also possess the inherent power to assess attorneys' fees. *See Alyeska Pipeline Serv. Co v. Wilderness Soc'y*, 421 U.S. 240, 250–53 (1975).

The Court denies exercising its discretion in this limited instance. Instead, the Court reminds Johnson that since EWS's Motion, he has been held in contempt and is incurring a $1,000 per diem fine that has been accruing since September 27, 2025. (Doc. 243 at 4.) September 27, 2025 was over 100 days ago.

### IV.   CONCLUSION

Accordingly

**IT IS HEREBY ORDERED denying** Defendant Johnson's Motion to Strike the Declaration of Darin J. Gibby (Doc. 202).

**IT IS FURTHER ORDERED** Johnson is directed to pay the previously granted attorneys' fees (Doc. 183) associated with the First Motion for Sanction (Doc. 133) in the amount of $5,000.

**IT IS FURTHER ORDERED denying** EWS's Second Motion for Sanctions Relating to Johnson's Motion to Strike the Declaration of Darin J. Gibby (Doc. 214).

Dated this 27th day of January, 2026.

Honorable Susan M. Brnovich
United States District Judge