**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

**BRYAN CAVE LEIGHTON PAISNER LLP**
George C. Chen, Arizona Bar No. 019704
*george.chen@bclplaw.com*
Jacob A. Maskovich, Arizona Bar No. 021920
*jamaskovich@bclplaw.com*
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070

Attorneys for Plaintiff and Counterclaim-
Defendant Early Warning Services, LLC

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC, | Case No. CV-24-01587-PHX-SMB |
| Plaintiff and Counterclaim-Defendant, | |
| v. | **PLAINTIFF EARLY WARNING SERVICES, LLC'S EMERGENCY MOTION TO STAY ALL CASE DEADLINES BY JANUARY 30, 2026, FACT DISCOVERY CLOSE, OR ALTERNATIVELY, TO EXTEND DISCOVERY AND PENDING FILING DEADLINES** |
| Warren Vurl Johnson, Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, | |
| Defendants. | |

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ......................................................................................................i

TABLE OF AUTHORITIES ..............................................................................................ii

I.      The Court Should Immediately Reinstate the Stay of All Deadlines in this Case Except EWS's Deadline to Oppose the Recusal Motion. ..................................................................................2

II.     In the Alternative to a Stay, the Court Should Expedite Consideration of the Motion to Extend Case Deadlines and Set Amended Deadlines for EWS's Pending Filings. ...................................4

III.    Conclusion .........................................................................................5

CERTIFICATE OF SERVICE ...........................................................................6

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Brad Hall & Assocs. Inc. v. Elkotb*,
    No. CV-22-00155-TUC-RM, 2022 WL 17490585 (D. Ariz. Nov. 4, 2022) ............2

*Clinton v. Jones*,
    520 U.S. 681 (1997)......................................................................................................2

*CMAX, Inc. v. Hall*,
    300 F.2d 265(9th Cir. 1962) .......................................................................................2

*Ctr. for Biological Diversity v. United States Bureau of Land Mgmt.*,
    No. CV-24-00141-TUC-RM, 2024 WL 5290937 (D. Ariz. Dec. 18, 2024).........2, 3

*Hart v. Weyrich*,
    No. 2:23-CV-884, 2023 WL 5015616 (W.D. Wash. Aug. 7, 2023) ....................2, 3

ii

Plaintiff Early Warning Services, LLC ("EWS") respectfully moves this Court to reinstate the temporary stay and bar on filing motions without leave that the Court issued on January 26, 2026 (Dkt. 330) (the "January 26 Stay") on an emergency basis by January 30, 2026. The Court's January 26 Stay was, and is, necessary to maintain order and facilitate justice in light of the imminent close of fact discovery currently set for tomorrow, January 30, 2026 (Dkts. 197, 205, collectively the "Case Management Order"). The stay is also necessitated by the multiple filing deadlines that have accrued for EWS during the pendency of the stay because of Defendant Warren Vurl Johnson's ("Johnson") defiance of this Court's orders, repeated disclosures of EWS's attorney-client privileged information, successive frivolous filings, and failure to comply with his discovery obligations. *See, e.g.*, Dkt. 243 (order holding Johnson in contempt); Dkts. 51, 89, 93, 100, 123, 132, 163, 277, 282, 283, 314, 321, 328 (orders sealing Johnson's disclosure of EWS's privileged information); Dkt. 123 (order sanctioning Johnson).

The continued accumulation of additional filings while the recusal issue remains unresolved does not benefit any party and is harmful to EWS. Without an immediate stay of all case deadlines (except EWS's opposition to Johnson's Motion for Judicial Recusal (Dkt. 332, "the Recusal Motion")) and bar on new filings without leave of Court, Johnson is likely to continue submitting various filings. Some of Johnson's forthcoming filings may require emergency sealing of EWS's privileged information, as many have previously required. That Johnson filed yet another meritless Recusal Motion in direct violation of the Court's January 26 Stay less than 24 hours after its issuance underscores that a stay is necessary to preserve the status quo pending resolution of Johnson's Recusal Motion.

Therefore, EWS respectfully requests the Court stay all deadlines in this proceeding and bar further filings without leave of Court pending resolution of both the Recusal Motion and any show-cause hearing set after such resolution in lieu of the show-cause hearing originally set for March 4, 2026. If the Court does not grant

1

an emergency stay, in the alternative, EWS seeks extensions of its imminent deadlines that have accrued during the pendency of the stay or are keyed to the close of fact discovery while EWS's motions for protective order and to extend fact discovery remain pending.

**I.      The Court Should Immediately Reinstate the Stay of All Deadlines in this Case Except EWS's Deadline to Oppose the Recusal Motion.**

This Court should exercise its "broad discretion to stay proceedings as an incident to its power to control its own docket" to reinstitute its January 26 Stay and order barring further motions. *Brad Hall & Assocs. Inc. v. Elkotb*, No. CV-22-00155-TUC-RM, 2022 WL 17490585, at *1 (D. Ariz. Nov. 4, 2022) (quoting *Clinton v. Jones*, 520 U.S. 681, 683 (1997)). Here, all three factors strongly support reissuing the stay. *Ctr. for Biological Diversity v. United States Bureau of Land Mgmt.*, No. CV-24-00141-TUC-RM, 2024 WL 5290937, at *1 (D. Ariz. Dec. 18, 2024) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

*First*, there is no "possible damage which may result from the granting of a stay" to any party. *Id.* (citation omitted). The stay is temporary and limited in nature as it only extends through the resolution of the Recusal Motion and any subsequent show-cause hearing. Such a stay benefits all parties and the Court by conserving resources pending resolution of that issue. *See Hart v. Weyrich*, No. 2:23-CV-884, 2023 WL 5015616, at *1 (W.D. Wash. Aug. 7, 2023) ("The Court finds no risk of damage to either party due to a stay. The stay considered by the Court is not an indefinite one. It will only be stayed while the Court considers and rules on the motions already pending before it."). This factor heavily weighs in favor of a stay because, "absent a stay" Johnson "will likely continue to file motions that will unnecessarily use additional [of movant's] resources and add to the backlog" of motions. *Id.*

Moreover, while Johnson did not respond to EWS's request for his position on EWS's requested stay, his arguments in the Recusal Motion suggest that he does not

believe this Court should decide further motions. *See* Dkt. 332; Declaration of Kristin M. Adams ¶ 2, Ex. 1. While EWS maintains Johnson's Recusal Motion should be denied, there is likewise no harm in EWS's pending filing deadlines being stayed since the Court will not address those issues—which may be mooted in the intervening period regardless—prior to deciding the Recusal Motion.

*Second*, EWS will suffer "hardship . . . in being required to go forward." *Ctr. for Biological Diversity*, 2024 WL 5290937, at *1 (citation omitted). Johnson has repeatedly disclosed EWS's privileged information on the public record, forcing EWS to file, and this Court to consider, many emergency motions to seal, resulting in undue burden to both EWS and the Court. *See* Dkt. 330. Reinstating the January 26 Stay will require Johnson not to file further unauthorized motions during the stay, thus negating the opportunity for further disclosures of EWS's privileged information. Notably, the requested stay does not ban all motions, just those for which the Court does not grant leave such that no party is without judicial recourse if appropriate during the stay.

The impending discovery deadline of tomorrow, January 30, 2026, also imposes substantial hardship on EWS if the stay is not reinvoked. EWS's motion for protective order (*see* Dkt. 241) and motion for extension of fact discovery and case schedule (Dkt. 329) remain pending despite the close of fact discovery being set for tomorrow, January 30, 2026. Dkts. 197, 205. Lifting the stay the day before fact discovery closes, without a corresponding order extending discovery, creates additional unfair prejudice to EWS in requiring EWS to file a motion to compel as to Johnson's discovery deficiencies in just over a day and to complete discovery in the case while Defendants remain deficient in their discovery obligations.

*Lastly*, "the orderly course of justice" weighs strongly in favor of a stay to allow the Court to "simplify[] . . . issues, proof, and questions of law" by limiting Johnson's ability to file motions while the Court resolves the Recusal Motion. *Ctr. for Biological Diversity*, 2024 WL 5290937, at *1 (citation omitted); *see Hart*, 2023 WL 5015616, at *2 ("The Court is currently dealing with a backlog of motions filed by the Plaintiffs.

3

The Court finds a stay will promote judicial economy as it will temporarily limit Plaintiffs ability to continue filing motions while the Court takes time to deal with the motions previously filed.").

Because all factors favor the stay, the Court should reinstate the January 26 Stay until an order issues on the Recusal Motion, and until any show cause hearing as originally set for March 4, 2026, is held if such hearing is reset.

**II.    In the Alternative to a Stay, the Court Should Expedite Consideration of the Motion to Extend Case Deadlines and Set Amended Deadlines for EWS's Pending Filings.**

Lifting the stay the day before fact discovery closes without a corresponding order extending discovery (*see* Dkt. 329) and without entry of a protective order (*see* Dkt. 241) inhibits the parties' ability to complete discovery and to effectively litigate this case. Absent an amendment of case deadlines and an extension of fact discovery, EWS will be required to complete and file an extensive motion to compel regarding Johnson's discovery responses that remain deficient. *See* Dkt. 302. Lifting the stay also revives EWS's filing deadlines for its Opposition to Johnson's Motion to Vacate the Preliminary Injunction (originally due January 26, Dkt. 308) and Motion to Maintain Dockets 309 and 310 under Seal (originally due January 28, (Dkt. 314), requiring responses from EWS despite the pending Recusal Motion. Deadlines for EWS's Motions to Maintain Dockets 316 and 320 under Seal are January 30 (Dkt. 321) and February 4 (Dkt. 328), respectively.

Given the unique procedural circumstances, EWS respectfully requests the close of fact discovery be extended to March 27, 2026 on an expedited basis given the close of discovery is in one day, and that the following of EWS's filing deadlines be extended by fourteen days:

- Opposition to Johnson's Motion to Vacate the Preliminary Injunction: February 9, 2026;

- Motion to Maintain Dockets 309 and 310 under Seal: February 11, 2026;

- Motion to Compel against Johnson: February 13, 2026;
- Motion to Maintain Docket 316 under Seal: February 13, 2026; and
- Motion to Maintain Docket 316 under Seal: February 18, 2026.

## III.    Conclusion

For the foregoing reasons, the Court should reinstate the temporary stay and bar on filing motions without leave that the Court issued on January 26 (Dkt. 330) by January 30, 2026, and grant EWS leave to file an opposition to Johnson's Recusal Motion. In the alternative, EWS respectfully requests the Court extend the close of fact discovery and the filing deadlines noted above on an expedited basis.

DATED:  January 29, 2026                    Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ Kristin M. Adams*
Erick Durlach
Dennis L. Wilson (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
Kristin M. Adams (admitted *pro hac vice*)
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254
Tel: (602) 726-7319
Fax: (623) 321-1009
*edurlach@ktslaw.com*
*dwilson@ktslaw.com*
*sstadler@ktslaw.com*
*kmadams@ktslaw.com*

BRYAN CAVE LEIGHTON PAISNER LLP
George C. Chen
Jacob A. Maskovich
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070
*george.chen@bclplaw.com*
*jamaskovich@bclplaw.com*

Attorneys for Plaintiff and Counterclaim-Defendant Early Warning Services, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2026, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing with a copy served via that system. For parties not receiving service via CM/ECF, a copy will be transmitted via electronic mail as follows:

Brandon O'Loughlin *and* PAZE, LLC
contact@paze.guru

*Defendant Brandon O'Loughlin Individually and*
*as Authorized Representative for Defendant PAZE, LLC*

/s/ Kristin M. Adams
Kristin M. Adams

6