**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
edurlach@ktslaw.com
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
dwilson@ktslaw.com
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
sstadler@ktslaw.com
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
kmadams@ktslaw.com
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

Attorneys for Plaintiff
Early Warning Services, LLC

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC,<br><br>    Defendants. | Case No. CV-24-01587-PHX-SMB<br><br>**PLAINTIFF EARLY WARNING SERVICES, LLC'S MOTION TO LODGE PLAINTIFF'S OPPOSITION TO DEFENDANT WARREN VURL JOHNSON'S EMERGENCY MOTION TO VACATE PRELIMINARY INJUNCTION [308], DECLARATIONS, AND EXHIBITS UNDER PROVISIONAL SEAL AND PUBLICLY FILE REDACTED COPIES** |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

I.     FACTUAL BACKGROUND ................................................................................ 1

II.    ARGUMENT ........................................................................................................ 2

III.   CONCLUSION .................................................................................................... 4

CERTIFICATE OF SERVICE ............................................................................................ 5

# **TABLE OF AUTHORITIES**

**Cases**

*Cooke v. United States*,
   267 U.S. 517 (1925) ...................................................................................................4

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
   331 F.3d 1122 (9th Cir. 2003) ...................................................................................2

*Kamakana v. City & County of Honolulu*,
   447 F.3d 1172 (9th Cir. 2006) ...................................................................................2

*Zambrano v. City of Tustin*,
   885 F.2d 1473 (9th Cir. 1989) ...................................................................................4

**Rules**

Fed. R. Civ. P. 26(c) .......................................................................................................1

LRCiv 5.6(d) ......................................................................................................... 1, 2, 3, 4

1    Pursuant to Federal Rule of Civil Procedure 26(c) and LRCiv 5.6(d), Plaintiff
2 Early Warning Services, LLC ("EWS") respectfully moves this Court for an order
3 allowing EWS: (1) to lodge with the Court, by filing provisionally under seal,
4 complete copies of (a) EWS's Opposition (the "Opposition") to Defendant Warren
5 Vurl Johnson's ("Johnson") Emergency Motion to Vacate Preliminary Injunction
6 (Dkt. 308), (b) the Declarations in support of the Motion, and (c) the exhibits to the
7 Declarations, all of which are filed concurrently herewith; and (2) to file in the public
8 record redacted copies of the foregoing documents.
9    Exhibit 2 to the Stadler Declaration is a September 9, 2025, letter concerning
10 the termination of Johnson's employment (the "Termination Letter") with the
11 University of Kansas Center for Technology Commercialization, which was produced
12 to EWS by the University of Kansas pursuant to subpoena in this litigation and which
13 Johnson has previously filed with this Court in redacted form. *See* Dkt. 309-1 at 10–
14 11. Because Johnson has not clearly indicated whether he consents to EWS's request
15 to file this document in the public record, EWS further requests that the Court
16 maintain these documents under provisional seal pending Johnson's reply, if any.

**I.   BACKGROUND**

18    On January 12, 2026, Johnson filed an Emergency Motion to Vacate
19 Preliminary Injunction (Dkt. 308, the "Motion to Vacate"), once again seeking relief
20 from this Court's December 4, 2024, preliminary Injunction order (Dkt. 70). Johnson
21 concurrently publicly filed his declaration in support of his Motion to Vacate, which
22 attached a redacted version of the Termination Letter. *See* Johnson Decl. Ex. B, Dkt.
23 309-1. Johnson has neither publicly filed, nor produced to EWS, an unredacted copy
24 of the Termination Letter. Declaration of Kristin M. Adams ("Adams Decl.") ¶¶ 2–3.
25 Because Johnson has not produced an unredacted version of the Termination Letter,
26 he also has not affirmatively designated it as confidential or otherwise sought to
27 protect it from public disclosure. *Id.* ¶¶ 3–4.
28    On December 16, 2025, EWS served a subpoena on the University of Kansas

seeking documents and testimony relevant to the issues in this litigation (the "Subpoena"). *See* Stadler Decl. ¶ 2, Ex. 1. On January 16, 2026, the University of Kansas produced to EWS documents responsive to the Subpoena. *Id.* ¶ 4. Among those documents is an unredacted version of the Termination Letter. *Id.* ¶ 4, Ex. 2. The University of Kansas did not designate the Termination Letter as confidential in its January 16, 2026, production. *Id.* ¶ 5.

EWS's Opposition, filed concurrently with this Motion, quotes and summarizes portions of the Termination Letter that Johnson previously redacted in connection with his Motion to Vacate. In support of its Opposition, EWS also submits the unredacted version of the Termination Letter as produced by the University of Kansas as Exhibit 2 to the Stadler Declaration. Given that Johnson has not affirmatively designated the unredacted version of the Termination Letter as confidential, but has previously filed it in redacted form, on January 25, 2026, EWS's counsel sought Johnson's position on whether the unredacted Termination Letter must be filed under seal and any corresponding basis for sealing the information in the Termination Letter. Adams Decl. ¶¶ 2–5, Ex. 1; *see* LRCiv 5.6(d). On January 27, 2026, Mr. Johnson responded by an email reading, "Does it matter what I say? I would expect nothing less from you guys. Thank you for your consideration." *Id.* ¶ 5, Ex. 1.

## II. ARGUMENT

It is Johnson's burden to "'articulate[ ] compelling reasons supported by specific factual findings' . . . that outweigh the general history of access and the public policies favoring disclosure" to maintain the Termination Letter under seal. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (internal citation omitted) (first alteration in original)). Although Johnson has not responded to EWS's counsel's request for his position as to whether the unredacted Termination Letter must be sealed and any supporting basis for such sealing, Johnson previously filed the Termination Letter in redacted form, indicating that he may

1    maintain some claim of confidentiality in the redacted portions of it. *See* Dkt. 309-1
2    at 10–11.
3        Because the University of Kansas did not designate the Termination Letter as
4    confidential, and having received no further information from Johnson, EWS cannot
5    set forth a basis for permanently sealing the Termination Letter or portions of EWS's
6    Opposition discussing the Termination Letter's contents. Indeed, with the limited
7    information available to EWS at the time of filing, EWS is not aware of a basis for
8    sealing the Termination Letter. The redacted portions of the Termination Letter do
9    not support Johnson's narrative about the reasons for his termination, which is not a
10   proper basis to seal the information. *See* Stadler Decl. Ex. 2.
11       However, LRCiv 5.6(d) requires that EWS seek an order provisionally sealing
12   the Termination Letter and the portions of EWS's Opposition that disclose the
13   previously redacted portions of the Termination Letter. That rule states, in relevant
14   part, that when filing a document designated as confidential by another party,

> if a party wishes to refer in a memorandum or other filing to information so designated by another party, the submitting party must confer with the designating party about the need to file the document (or proposed filing) under seal and whether the parties can agree on a stipulation seeking to have the document (or proposed filing) filed under seal.

LRCiv 5.6(d). If the parties do not come to an agreement on filing the document,

> the submitting party must lodge the document (or proposed filing) under seal and file and serve a notice of lodging summarizing the parties' dispute and setting forth the submitting party's position, accompanied by a certification that the parties have conferred in good faith and were unable to agree about whether the document (or proposed filing) should be filed under seal.

*Id.*

Here, no protective order[1] has been entered in this case. However, Johnson's previous redaction of the Termination Letter—and Johnson's failure to provide his

---

[1] The parties have submitted briefing concerning entry of a proposed protective order.

position as to the confidentiality of the Termination Letter—necessitate EWS's motion to provisionally seal the Termination Letter and summaries of its content in EWS's Opposition under LRCiv 5.6(d) to afford Johnson an opportunity to maintain any claim of confidentiality in the documents he may have. This provisional sealing procedure is well within the Court's inherent authority "to maintain order and preserve the dignity of the court." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir. 1989); *see also Cooke v. United States*, 267 U.S. 517, 539 (1925).

### III. CONCLUSION

For the foregoing reasons, and based on the pleadings and evidence of record, EWS respectfully requests that this Court grant EWS's Motion to provisionally seal its Opposition to Johnson's Emergency Motion to Vacate Preliminary Injunction, the supporting Declarations, and the exhibits thereto, place the documents provisionally under seal, and provide Johnson seven days from the date of the Court's order to submit a response setting forth compelling reasons, if any, to maintain the Termination Letter and portions of the Opposition discussing the same under seal.

DATED: February 6, 2026              Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

/s/ Erick Durlach
Erick Durlach
Dennis L. Wilson (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
Kristin M. Adams (admitted *pro hac vice*)
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254
Tel: (602) 726-7319
Fax: (623) 321-1009
*edurlach@ktslaw.com*
*dwilson@ktslaw.com*
*sstadler@ktslaw.com*
*kmadams@ktslaw.com*

Attorneys for Plaintiff
Early Warning Services, LLC

---

EWS's motion for protective order remains pending. *See* Dkt. 241.

# CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2026, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing with a copy served via that system. For parties not receiving service via CM/ECF, a copy will be transmitted via electronic mail as follows:

Brandon O'Loughlin
contact@paze.guru

*Defendant Brandon O'Loughlin Individually and
as Authorized Representative for Defendant P.A.Z.E., LLC*

　　　　　　　　　　　　　　　　　　*/s/ Erick Durlach*
　　　　　　　　　　　　　　　　　　Erick Durlach