WARREN VURL JOHNSON
warrenvjohnson@gmail.com
215 E 18th St
Lawrence, KS 66044

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EARLY WARNING SERVICES, LLC<br><br>Plaintiffs,<br>v.<br><br>MR. WARREN V. JOHNSON; BRANDON O'LOUGHLIN; P.A.Z.E., LLC<br><br>Defendants. | Case No.: CV24-01587-PHX-SMB<br><br>**DECLARATION OF WARREN VURL JOHNSON IN SUPPORT OF REPLY** |

## DECLARATION OF WARREN VURL JOHNSON IN SUPPORT OF REPLY

I, Warren Vurl Johnson, declare under penalty of perjury pursuant to 28 U.S.C. § 1746:

**I. BACKGROUND**

1. I am the Defendant in this action, appearing pro se. I make this declaration based on personal knowledge.

**II. EWS'S DOCUMENT ABANDONMENT**

2. On November 24, 2025, EWS served discovery responses stating: "For the avoidance of doubt, EWS does not claim trade secret protection in the form of any of the aforementioned documents, but rather the underlying brand protection and business strategies reduced to writing within those documents." (Dkt. 346-1 at 22).

3. This contradicts the Complaint's allegation that trade secrets include "indices of concept briefs and invention disclosures," "indices of EWS's trademark files," and "documents relating to EWS's domain names." (Dkt. 1 ¶90).

### III. CHENEY DECLARATION FALSEHOODS

4. **Mesa High School**: I never attended Mesa High School. I obtained my GED in Idaho in 1999. Mesa Public Schools confirmed no record of my attendance. Tracy Cheney's source was <old-friends.co> and carried just about every red flag a website can have that screams not trustworthy. If any time whatsoever was spend on due diligence before submitting the website as Cheney would have certainly discovered its falsity (i.e., a link to the yearbook is on the page she screenshotted for the exhibit). **Exhibit B** references the Motion to Strike, filed under seal, demonstrating the untrustworthiness of Cheney's declaration.

5. **Bonus Timeline**: Completely irrelevant to the merits of the case, and in an apparent smear campaign, Cheney's claimed I "backtracked and demanded more money", among other irrelevant but harmful statements. On November 23, 2022, I objected after discovering she reallocated my earned merit bonus into a retention bonus contingent on her deadline. I retained Microsoft Teams chats that are contemporaneous and directly contradict her statements. (Dkt. 135-2, 135-5).

### IV. PUBLIC CLE DISCLOSURE

6. On April 4, 2019, George Chen from Bryan Cave (EWS's outside IP counsel) presented "Brand Protection Strategies" at an ACC CLE seminar co-hosted with EWS. The presentation detailed EWS's domain acquisition strategies, defensive registrations, and enforcement tactics—the exact "strategies" EWS now claims I misappropriated.

7. In 2022 I made another presetation that comprehensively covered all IP "strategies" at EWS at a Bryan Cave CLE. EWS cannot identify a "strategy" that the company has regarding IP that

        A) was not created, drafted, and implemented by Defendant

        B) is not present in the ACC presentations, and

        C) these facts were not known to *both EWS outside counsel on this case and Cheney herself.*

8. This presentation was posted on the ACC website and distributed to hundreds of in-house counsel. A true and correct copy is attached as **Exhibit D and E**.

## V. CONCEALED TTAB RULINGS

8. On October 6, 2025—over one year after they issued—I discovered two TTAB rulings dated October 1, 2024, finding EWS "fell short of its burden of proving that the Chat document is covered by attorney-client privilege."

9. EWS filed its Motion for Preliminary Injunction on October 8, 2024—one week after these adverse rulings—claiming the Chat was "undoubtedly privileged." EWS never disclosed the TTAB rulings to this Court.

## VI. DOMAIN REGISTRATION ANALYSIS

11. I analyzed 12,088 domain registrations in USPTO Class 036 (financial services—EWS's sector) across three groups of trademark filers. (Dkt 309)

12. I found that 55.4% of registrants practice the alleged "secret strategy" of pairing trademarks with descriptive terms (e.g., "PAZE" + "wallet").

13. This demonstrates the strategy is industry standard, not protectable trade secret. (Dkt 309)

## VII. CAREER DESTRUCTION

14. **Komatsu**: In January 2025, after months of interviews for a Global Innovation Manager position, Komatsu performed a background check and discovered this Court's preliminary injunction. All communication immediately ceased. I was told I was the top candidate before the background check.

15. **University of Kansas**: On September 9, 2025, the University of Kansas terminated my employment. The termination letter explicitly cited "the court's determination that your prior employer will likely succeed on its claim that you

misappropriated confidential information" as the basis. A true and correct unredacted copy (paragraphs 1-2) is attached as **Exhibit C**.

16. I have lost two separate careers—IP law and university technology transfer—as a direct result of this Court's preliminary injunction.

## VIII. CITATION ANALYSIS

17. I analyzed the Court's preliminary injunction order (Dkt. 70) and identified 71 total citations. The Cheney Declaration was cited 41 times. When combined with citations to documents dependent on Cheney's allegations (Complaint, Motion), 89% of the injunction's evidentiary foundation traces to Cheney. Analysis attached as **Exhibit A**.

I declare under penalty of perjury that the foregoing is true and correct.

**Dated:** February 13, 2026

**Respectfully submitted,**
/s/ Warren V. Johnson
Warren V. Johnson
215 E 18th St
Lawrence, KS 66044
warrenvjohnson@gmail.com

- 5 -

**Certificate of Service**

I, Warren V. Johnson, hereby certify that on February 13, 2026, I electronically filed the foregoing **DECLARATION IN SUPPORT OF EMERGENCY MOTION TO VACATE PRELIMINARY INJUNCTION** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

  /s/Warren V Johnson/

Warren Johnson
215 E 18th St
Lawrence, KS 66044
warrenvjohnson@gmail.com