# EXHIBIT A

# LETTER FROM KILPATRICK >7DAYS AFTER RECEIVING PRIVILGED INFORMATION, CLAIMING SEQUESTER BUT PROVING TAINT



**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

1100 Peachtree Street NE
Suite 2800
Atlanta, GA USA 30309

January 23, 2026

Kristin M. Adams
direct dial 404 815 6138
direct fax 404 541 3233
kmadams@ktslaw.com

VIA ELECTRONIC MAIL
[*warrenvjohnson@gmail.com*]

Mr. Warren Vurl Johnson
215 E. 18th Street
Lawrence, Kansas  66044

      Re:    Notice Concerning Production from University of Kansas
                  *Early Warning Servs. v. Johnson et al.*, No. CV-24-01587-PHX-SMB (D. Ariz.)

Dear Mr. Johnson:

      We write concerning documents produced by the University of Kansas (the "University") on January 16, 2026, pursuant to Early Warning Services, LLC's ("EWS") December 16, 2025, subpoena (the "January 16 University Production"). The January 16 University Production consists of documents the University deemed responsive that were saved to the University's Office 365 accounts (Outlook, Teams, etc.) during your employment by the University. Certain of the documents in the January 16 University Production appear to include correspondence between you and others concerning this action as well as your notes concerning this action. Out of an abundance of caution, we therefore ceased review of the January 16 University Production and have sequestered and restricted access to the January 16 University Production. Excluding your September 9, 2025, termination letter, we have not read the correspondence or notes in the January 16 University Production and will not do so pending a determination by the Court as to whether those documents are discoverable.

      As to that issue, EWS's positions are that:

1. You have repeatedly represented to the Court that you are not represented by counsel in this action and, instead, are acting *pro se*, so the attorney-client privilege does not apply to or preclude discovery of any documents reflecting communications between you and others concerning this action;[1] and

---

[1] We assume Defendant Brandon O'Loughlin was not a party to any of these communications, as you represented to the Court on January 6, 2026, that your interactions with Mr. O'Loughlin were "just . . . verbal" and that "there is no paper trail." Tr. of Jan. 6, 2026, Telephonic Discovery Dispute Hr'g at 7:25–8:5.

ANCHORAGE   ATLANTA   AUGUSTA   BEIJING   CHARLOTTE   CHICAGO   DALLAS   DENVER   HOUSTON   LOS ANGELES   NEW YORK   PHOENIX   RALEIGH
SAN DIEGO   SAN FRANCISCO   SEATTLE   SHANGHAI   SILICON VALLEY   STOCKHOLM   TOKYO   WALNUT CREEK   WASHINGTON   WINSTON-SALEM

Mr. Warren Vurl Johnson
January 23, 2026
Page 2

2. In any event, you waived any applicable privilege or immunity (including the attorney-client privilege and work-product doctrine) by placing the documents in the January 16 University Production on the University's Office 365 accounts.

Please inform us of your position on the above points by **Tuesday, January 27, 2026**. If you dispute either of EWS's positions or contend that you maintain any privilege or immunity in documents in the University's possession, EWS intends to submit the entirety of the January 16 University Production to the Court *in camera* and seek a ruling from the Court as to whether any privilege or immunity applies to any of those documents.

We expect to receive an additional production from the University consisting of responsive imaged contents of the hard drive of your University-issued computer. If those contents appear to contain any documents that could be subject to a claim of privilege or immunity from discovery, and in further abundance of caution, EWS will seek the Court's additional guidance at that time.

We look forward to hearing from you.

Sincerely,

Kristin M. Adams