# **EXHIBIT B**

# JOHNSON'S RESPONSE TO EWS'S THREAT LETTER AND A PORTION OF THE SUBPOENA TARGETING HIS WORK PRODUCT

**VIA ELECTRONIC MAIL** [kristin.adams@kilpatricktownsend.com]

Kristin M. Adams, Esq.
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309

**Re: Notice Concerning Production from University of Kansas Early Warning Servs. v. Johnson et al., No. CV-24-01587-PHX-SMB (D. Ariz.)**

Ms. Adams:

Your January 23, 2026 letter was received as the bad-faith theater it was meant to be. Your firm targeted, via subpoena, my privileged work product (attached subpoena), received it January 16, and held it seven days without notice or protective order.

The subpoena targeted precisely this: post-litigation notes, correspondence, and whistleblower evidence created during active proceedings (Requests 2, 5, 8; Topics 8, 12, 13-16; see subpoena definitions targeting "Documents Concerning the Civil Action" and terms like "EWS," "Tracy," "Cheney," "Paras," "Shah," "concept brief index," etc.). You knew my KU employment started after this action and ended because of it—nothing responsive could be non-privileged.

Let me help you with your apparent legal illiteracy regarding the protection at play here:

> Work-product protection is a separate doctrine from attorney-client privilege, and none of the Ninth Circuit's rules on waiver support what you're claiming in your letter. Under *United States v. Sanmina Corp.*, 968 F.3d 1107 (9th Cir. 2020), work product is waived only by a disclosure that is "inconsistent with keeping it from an adversary," and disclosure to a third party does not waive protection unless it substantially increases adversary access. Under *United States v. Richey*, 632 F.3d 559 (9th Cir. 2011), only the holder can waive work product; a third party cannot waive it for them. And under *In re Grand Jury Subpoena* (Torf), 357 F.3d 900 (9th Cir. 2004), disclosure to a non-adversary does not waive work product at all. The materials you obtained are opinion work product, which receives "almost absolute" protection in this circuit (*Holmgren v. State Farm*, 976 F.2d 573 (9th Cir. 1992)). Your subpoena was drafted to obtain nothing but litigation strategy, and your after-the-fact sequestration letter does not undo the fact that you reviewed protected work product. You letter wrongfully, and I am guessing knowingly, references "privilege" as if it resolves anything. It doesn't. The materials you obtained are undoubtedly work product, which is a separate doctrine under Rule 26(b)(3).

Seven days of unchecked access irreparably taints your firm—no "caution" erases insights into strategy, contacts, or whistleblower details (*McDermott Will & Emery v. Superior Ct.*, 10 Cal. App. 5th 1083 (2017)—knowing use disqualifies; *Clark v. Superior Ct.*, 196 Cal. App. 4th 37 (2011)—taint from access). Whistleblower reports are protected (31 U.S.C. § 3730(h)).

There is nothing to dispute, the tactics you have employed are facially and conclusively improper. Just as there is nothing that can be reviewed in-camera to balance the gravity of your

invasion and improper motive. The violation is the act—abusive subpoena plus delay—breaching ethics (AZ ER 4.4(b)/3.4; GA Rule 3.4). Bar complaints in Arizona and Georgia are forthcoming regardless, plus DOJ referral for whistleblower retaliation.

Sincerely,

Warren Vurl Johnson
215 E. 18th Street
Lawrence, Kansas 66044

P.S., I trust you made it through all the Teams Chats. Hope you enjoyed those, I certainly enjoyed typing them. Claiming those are not opinion, but are "facts" would certainly be quite the argument to make…

# DEFINITIONS

1. "EWS" means Early Warning Services, LLC and its respective officers, directors, employees, and agents.

2. "University," "You," or "Your" means the University of Kansas and its campuses, controlled affiliates, and research supporting entities, Including the University of Kansas Medical Center.

3. "Johnson" means the Person named Warren Vurl Johnson who was formerly employed by the University, Including as a Senior Licensing Associate for the University of Kansas Center for Technology Commercialization.

4. "Johnson's Gmail Account" means the email address warrenvjohnson@gmail.com.

5. "Johnson's EWS Email Account" means the email address Warren.Johnson@earlywarning.com.

6. "EWS's Documents" means (a) Documents created or used by any of EWS's employees in connection with conducting EWS's business or (b) Documents containing the terms "EWS," "Early Warning," "Tracy," "Cheney," "Paras," "Shah," "concept brief index," "domain name index," "invention disclosure index," "IP matter index," "trademark index," "ZELLE," or "PAZE," that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson.

7. "EWS's Intellectual Property" means trademarks, copyrights, patents, and trade secrets in which EWS claims ownership, as well as registrations of and applications to register those trademarks, copyrights, and patents with governmental bodies. "EWS's Intellectual Property" Includes the PAZE mark, the ⓩ mark, U.S. Service Mark Application Serial No. 97669754, and U.S. Service Mark Registration No. 5476070.

1

8. "O'Loughlin" means the Person named Brandon O'Loughlin, who is a Defendant in the Civil Action, Including as identified by contact@paze.guru as an email address, (623) 295-5438 as a phone number, or references to "P.A.Z.E."

9. "P.A.Z.E., LLC" means the Defendant in the Civil Action identified as P.A.Z.E., LLC.

10. "Civil Action" means Case No. CV-24-01587-PHX-SMB (D. Ariz.).

11. "Communication" means every manner or means of disclosure, transfer, or exchange of information, whether orally or by Document, and whether face-to-face, by telephone, facsimile transmission, mail, personal delivery, electronic mail computer transmission, or otherwise.

12. "Concerning" means relating to, referring to, about, discussing, describing, evidencing, depicting, mentioning, or constituting.

13. "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and Includes emails, text messages, and messaging platform records. A draft or nonidentical copy of a Document is a separate Document within the meaning of this definition.

14. "Includes" and "Including" mean "including but not limited to" and "including without limitation."

15. "Person" means any natural person, individual, partnership, joint venture, corporation, proprietorship, firm, association, group, club, institute, governmental body, or any other organization, entity, or association.

16. The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request.

17. "And" shall mean "or" and "or" shall mean "and" to make requests using either of these words inclusive rather than exclusive.

18. The past tense shall be construed to include the present tense, and vice versa, to make requests using these tenses to be inclusive rather than exclusive.

privilege or protection in a log that accords with the Federal Rules with respect to each withheld Document.

8. Unless otherwise specified in a Request or Definition, each Request seeks Documents from the date on which the University hired Johnson to the present.

## REQUESTS FOR PRODUCTION

1. EWS's Documents.

2. Documents Concerning EWS that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson.

3. Documents Concerning any of EWS's officers, directors, employees, or agents, Including Tracy Cheney and Paras Shah, that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson, or that memorialize or reference information attained from or in connection with Johnson.

4. Documents Concerning Communications to, from, or copying any Person using Johnson's EWS Email Account, Including the original written Communication and forwarded email Communications.

5. Documents Concerning EWS's Intellectual Property that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson, or that memorialize or reference information attained from or in connection with Johnson.

6. Documents Concerning O'Loughlin, Including forwarded email Communications or email Communications to, from, or copying O'Loughlin.

7. Documents Concerning P.A.Z.E., LLC, Including forwarded email Communications.

8. Documents Concerning the Civil Action, Including Documents memorializing or referencing representations Johnson made to You Concerning the facts, claims, and issues relevant to the Civil Action.

9. Documents sufficient to show the duration of Your employment of Johnson, Including the period of suspension, if any.

10. Documents sufficient to show the date(s) on which You decreased or ceased payment to Johnson for his employment services to You.

11. Your September 9, 2025 letter to Johnson signed by Chari J. Young.

12. Documents sufficient to show Your policies or procedures Concerning Your retention, deletion, or preservation of Documents.

## DEFINITIONS AND INSTRUCTIONS

1. Early Warning Services, LLC incorporates by reference, as if set forth fully herein, the Definitions provided in Exhibit A.

2. Unless otherwise specified in a Request or Definition, each Topic seeks Information from the date on which the University hired Johnson to the present.

3. For avoidance of doubt, each Topic should be construed to require that the designee be prepared to also testify regarding the content, existence, and location of documents relating to the topic and the identities of persons who have and may have knowledge of such events.

## TOPICS FOR DEPOSITION

1. Documents responsive to the Requests included in Exhibit A and the subjects addressed therein.

2. Documents produced in response to the Requests included in Exhibit A and the subjects addressed therein, Including authentication thereof.

3. Your responses and objections, if any, to the Subpoena and its Exhibits A and B.

4. Your policies or procedures Concerning Your retention, deletion, or preservation of Documents.

5. Your employment of Johnson, Including the duration and any suspension or termination and dates on which You ceased payment to Johnson for his employment services to You.

6. The Persons primarily responsible for supervising Johnson while employed by You.

7. Johnson's use of Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage where Johnson could create, edit, save, upload, download, send, receive, or otherwise use, access, or view Documents.

1

8. EWS's Documents, Including the existence, location, or deletion thereof and Johnson's representations Concerning EWS's Documents.

9. Steps You have taken to identify the existence, location, or deletion of EWS's Documents.

10. Your knowledge, awareness, or Documents Concerning O'Loughlin.

11. Your knowledge, awareness, or Documents Concerning P.A.Z.E., LLC.

12. Your knowledge, awareness, or Documents Concerning the Civil Action.

13. Your knowledge, awareness, or Documents Concerning Johnson's use of Johnson's EWS Email Account on Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage.

14. Your knowledge, awareness, or Documents Concerning Johnson's use of Johnson's Gmail Account on Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage.

15. Your knowledge, awareness, or Documents Concerning Johnson's use of, representations Concerning, Communications Concerning, or other references to EWS's Intellectual Property.

16. Johnson's use of any email or other accounts You provided to Johnson for Communication purposes.

17. Information related to, referencing, or resulting from Johnson's employment by You or EWS Concerning EWS or its officers, directors, employees, or agents, Including Tracy Cheney and Paras Shah.

18. Your September 9, 2025, letter to Johnson signed by Chari J. Young.

## DEFINITIONS

1. "EWS" means Early Warning Services, LLC and its respective officers, directors, employees, and agents.

2. "University," "You," or "Your" means the University of Kansas and its campuses, controlled affiliates, and research supporting entities, Including the University of Kansas Medical Center.

3. "Johnson" means the Person named Warren Vurl Johnson who was formerly employed by the University, Including as a Senior Licensing Associate for the University of Kansas Center for Technology Commercialization.

4. "Johnson's Gmail Account" means the email address warrenvjohnson@gmail.com.

5. "Johnson's EWS Email Account" means the email address Warren.Johnson@earlywarning.com.

6. "EWS's Documents" means (a) Documents created or used by any of EWS's employees in connection with conducting EWS's business or (b) Documents containing the terms "EWS," "Early Warning," "Tracy," "Cheney," "Paras," "Shah," "concept brief index," "domain name index," "invention disclosure index," "IP matter index," "trademark index," "ZELLE," or "PAZE," that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson.

7. "EWS's Intellectual Property" means trademarks, copyrights, patents, and trade secrets in which EWS claims ownership, as well as registrations of and applications to register those trademarks, copyrights, and patents with governmental bodies. "EWS's Intellectual Property" Includes the PAZE mark, the ⓩ mark, U.S. Service Mark Application Serial No. 97669754, and U.S. Service Mark Registration No. 5476070.

8. "O'Loughlin" means the Person named Brandon O'Loughlin, who is a Defendant in the Civil Action, Including as identified by contact@paze.guru as an email address, (623) 295-5438 as a phone number, or references to "P.A.Z.E."

9. "P.A.Z.E., LLC" means the Defendant in the Civil Action identified as P.A.Z.E., LLC.

10. "Civil Action" means Case No. CV-24-01587-PHX-SMB (D. Ariz.).

11. "Communication" means every manner or means of disclosure, transfer, or exchange of information, whether orally or by Document, and whether face-to-face, by telephone, facsimile transmission, mail, personal delivery, electronic mail computer transmission, or otherwise.

12. "Concerning" means relating to, referring to, about, discussing, describing, evidencing, depicting, mentioning, or constituting.

13. "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and Includes emails, text messages, and messaging platform records. A draft or nonidentical copy of a Document is a separate Document within the meaning of this definition.

14. "Includes" and "Including" mean "including but not limited to" and "including without limitation."

15. "Person" means any natural person, individual, partnership, joint venture, corporation, proprietorship, firm, association, group, club, institute, governmental body, or any other organization, entity, or association.

16. The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request.

17. "And" shall mean "or" and "or" shall mean "and" to make requests using either of these words inclusive rather than exclusive.

18. The past tense shall be construed to include the present tense, and vice versa, to make requests using these tenses to be inclusive rather than exclusive.

privilege or protection in a log that accords with the Federal Rules with respect to each withheld Document.

8. Unless otherwise specified in a Request or Definition, each Request seeks Documents from the date on which the University hired Johnson to the present.

**REQUESTS FOR PRODUCTION**

1. EWS's Documents.

2. Documents Concerning EWS that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson.

3. Documents Concerning any of EWS's officers, directors, employees, or agents, Including Tracy Cheney and Paras Shah, that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson, or that memorialize or reference information attained from or in connection with Johnson.

4. Documents Concerning Communications to, from, or copying any Person using Johnson's EWS Email Account, Including the original written Communication and forwarded email Communications.

5. Documents Concerning EWS's Intellectual Property that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson, or that memorialize or reference information attained from or in connection with Johnson.

6. Documents Concerning O'Loughlin, Including forwarded email Communications or email Communications to, from, or copying O'Loughlin.

7. Documents Concerning P.A.Z.E., LLC, Including forwarded email Communications.

8. Documents Concerning the Civil Action, Including Documents memorializing or referencing representations Johnson made to You Concerning the facts, claims, and issues relevant to the Civil Action.

9. Documents sufficient to show the duration of Your employment of Johnson, Including the period of suspension, if any.

10. Documents sufficient to show the date(s) on which You decreased or ceased payment to Johnson for his employment services to You.

11. Your September 9, 2025 letter to Johnson signed by Chari J. Young.

12. Documents sufficient to show Your policies or procedures Concerning Your retention, deletion, or preservation of Documents.

## DEFINITIONS AND INSTRUCTIONS

1. Early Warning Services, LLC incorporates by reference, as if set forth fully herein, the Definitions provided in Exhibit A.

2. Unless otherwise specified in a Request or Definition, each Topic seeks Information from the date on which the University hired Johnson to the present.

3. For avoidance of doubt, each Topic should be construed to require that the designee be prepared to also testify regarding the content, existence, and location of documents relating to the topic and the identities of persons who have and may have knowledge of such events.

## TOPICS FOR DEPOSITION

1. Documents responsive to the Requests included in Exhibit A and the subjects addressed therein.

2. Documents produced in response to the Requests included in Exhibit A and the subjects addressed therein, Including authentication thereof.

3. Your responses and objections, if any, to the Subpoena and its Exhibits A and B.

4. Your policies or procedures Concerning Your retention, deletion, or preservation of Documents.

5. Your employment of Johnson, Including the duration and any suspension or termination and dates on which You ceased payment to Johnson for his employment services to You.

6. The Persons primarily responsible for supervising Johnson while employed by You.

7. Johnson's use of Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage where Johnson could create, edit, save, upload, download, send, receive, or otherwise use, access, or view Documents.

1

8.  EWS's Documents, Including the existence, location, or deletion thereof and Johnson's representations Concerning EWS's Documents.

9.  Steps You have taken to identify the existence, location, or deletion of EWS's Documents.

10. Your knowledge, awareness, or Documents Concerning O'Loughlin.

11. Your knowledge, awareness, or Documents Concerning P.A.Z.E., LLC.

12. Your knowledge, awareness, or Documents Concerning the Civil Action.

13. Your knowledge, awareness, or Documents Concerning Johnson's use of Johnson's EWS Email Account on Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage.

14. Your knowledge, awareness, or Documents Concerning Johnson's use of Johnson's Gmail Account on Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage.

15. Your knowledge, awareness, or Documents Concerning Johnson's use of, representations Concerning, Communications Concerning, or other references to EWS's Intellectual Property.

16. Johnson's use of any email or other accounts You provided to Johnson for Communication purposes.

17. Information related to, referencing, or resulting from Johnson's employment by You or EWS Concerning EWS or its officers, directors, employees, or agents, Including Tracy Cheney and Paras Shah.

18. Your September 9, 2025, letter to Johnson signed by Chari J. Young.