**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

Attorneys for Plaintiff
Early Warning Services, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC,<br><br>Plaintiff,<br><br>v.<br><br>Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC,<br><br>Defendants. | Case No. CV-24-01587-PHX-SMB<br><br>**DECLARATION OF SARA K. STADLER IN OPPOSITION TO DEFENDANT JOHNSON'S (1) SECOND MOTION TO DISQUALIFY AND (2) CROSS-MOTION TO STRIKE "TAINTED MATERIALS"** |

I, Sara K. Stadler, declare under penalty of perjury as follows:

1. I am over 18 years of age and a Counsel at Kilpatrick Townsend & Stockton LLP ("Kilpatrick"), counsel for Plaintiff Early Warning Services, LLC ("EWS") in this matter. I am a resident of the State of Nebraska and am licensed to practice as an attorney in the States of Georgia, Nebraska, and New York. The statements made in this Declaration are true and based on my own personal knowledge and the business records that Kilpatrick maintains as part of the ordinary course of its business.

2. On December 16, 2025, my colleague Elba Smith served notice on Defendants via email that EWS would serve the attached subpoena *duces tecum* and *ad testificandum* (the "Subpoena") on third-party the University of Kansas (the "University"). A true and correct copy of this notice is attached as **Exhibit 1**.

3. Later that same day, I served the Subpoena by email on Jennifer Sanders Kellogg, the Director of Litigation in the Office of the General Counsel of the University. That subpoena seeks documents and testimony concerning the subjects listed in the exhibits to the Subpoena, a true and correct copy of which is attached as **Exhibit 2**.

4. Neither the University nor Defendant Warren Vurl Johnson ("Johnson") moved to quash or otherwise objected to the Subpoena by January 16, 2026, the date specified in the Subpoena by which responsive documents were to be served.

5. On January 16, 2026, the University made a partial production of responsive documents (the "Documents") via an email from Ms. Kellogg containing a restricted link. The University did not designate any of the Documents as confidential in its January 16, 2026, production.

6. On January 16, 2026, after receiving Ms. Kellogg's email, I clicked on the restricted link in her email and accessed and downloaded the Documents, which consist of one document in .pdf format (containing 684 pages) and eight Excel spreadsheets. I saved the Documents to the hard drive of my Kilpatrick-issued laptop

computer and also saved the .pdf document to Kilpatrick's iManage Work document management system. I did not make any hard copies of any of the Documents.

7.    I first opened one of the Excel spreadsheets, entitled "D. Ariz. CV-24-01587 KU 000050.xlsx," and determined that the document appeared to be an index containing hundreds of rows of data concerning EWS's inventions between 2014 and 2022. I closed the document and did not open any of the other spreadsheets.

8.    I then opened the .pdf document entitled "D. Ariz. CV-24-01587 KU 000001-D. Ariz. CV-24-01587 KU 000684." The first few pages of the document appeared to comprise a personnel record, an unredacted copy of the University's September 9, 2025, termination letter to Johnson, copies of the University's document retention policies, and copies of documents filed in this action. As I continued to review the .pdf document, I discovered what appeared to be Johnson's notes about this case and correspondence with others about this case. Out of an abundance of caution, I immediately stopped reviewing the document and closed it without reading the contents of Johnson's notes or correspondence.

9.    On that same day (i.e., January 16, 2026), I contacted Kilpatrick's Information Technology ("IT") department by phone for assistance with restricting access to the Documents on Kilpatrick's systems. During this call, an IT Service Desk Analyst walked me through the process of (a) copying the Documents to a Kilpatrick network folder entitled "090850-1448087 Segregated Files," (b) restricting access to the "090850-1448087 Segregated Files" folder so that only I can access its contents, (c) deleting the Documents from my hard drive and confirming the Documents were not backed up to Kilpatrick's cloud servers, and (d) changing the security settings for the .pdf document on Kilpatrick's iManage Work document management system to "Private" so that only I can access that document.

10.    My colleague Kristin Adams sent Johnson a letter concerning the Documents via email on January 23, 2026. Attached as **Exhibit 3** is a true and correct copy of that letter. Johnson responded by email on January 27, 2026. Attached as

1   **Exhibit 4** is a true and correct copy of that response.

2        11.    To my knowledge, I am the only person at Kilpatrick who has accessed

3   any of the Documents.

4        I declare under penalty of perjury under the laws of the United States of

5   America that the foregoing is true and correct.

6

7        Executed on February 17, 2026, in Omaha, Nebraska.

8

9                                    */s/ Sara K. Stadler*
                                    Sara K. Stadler
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

Attorneys for Plaintiff
Early Warning Services, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC, | Case No. CV-24-01587-PHX-SMB |
| Plaintiff, | |
| v. | **PLAINTIFF EARLY WARNING SERVICES, LLC'S NOTICE OF SUBPOENA TO PRODUCE DOCUMENTS AND PROVIDE TESTIMONY UPON THIRD-PARTY THE UNIVERSITY OF KANSAS** |
| Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, | |
| Defendants. | |

1       Pursuant to Rules 26, 30(b)(6), and 45 of the Federal Rules of Civil Procedure,

2 counsel for Plaintiff Early Warning Services, LLC provides notice that the attached

3 subpoena *duces tecum* and *ad testificandum* will be served on third-party The

4 University of Kansas. The production of documents and deposition will occur at the

5 time and location indicated in the subpoena, or at another agreed upon time and

6 location.

7 DATED: December 16, 2025          Respectfully Submitted,

8

                         KILPATRICK TOWNSEND & STOCKTON LLP

9

10                          */s/ Sara K. Stadler*
                         Erick Durlach

11                          Dennis L. Wilson (admitted *pro hac vice*)
                         Sara K. Stadler (admitted *pro hac vice*)

12                          Kristin M. Adams (admitted *pro hac vice*)
                         6909 E. Greenway Parkway, Suite 100

13                          Scottsdale, Arizona 85254
                         Tel: (602) 726-7319

14                          Fax: (623) 321-1009

15                          *edurlach@ktslaw.com*
                         *dwilson@ktslaw.com*

16                          *sstadler@ktslaw.com*
                         *kmadams@ktslaw.com*

17

18                          Attorneys for Plaintiff
                         Early Warning Services, LLC

19

20

21

22

23

24

25

26

27

28

1                               **<u>CERTIFICATE OF SERVICE</u>**

2         The undersigned certifies that on December 16, 2025, a true and correct copy

3 of the foregoing document was sent to the following recipients via electronic mail

4 delivery and by U.S. Mail:

5

6       Warren V. Johnson
      2406 Alabama Street

7       Unit 7C
      Lawrence, KS 66046

8       warrenvjohnson@gmail.com
      *Defendant Warren V. Johnson, pro se*

9

10       Brandon O'Loughlin *and* P.A.Z.E., LLC
      1317 W. 13th Place

11       Tempe, AZ 85281

12       (623) 295-5438
      contact@paze.guru

13       *Defendant Brandon O'Loughlin Individually and*

14       *as Authorized Representative for Defendant P.A.Z.E., LLC*

15

16                            */s/ Sara K. Stadler*
                            Sara K. Stadler

17

18

19

20

21

22

23

24

25

26

27

28

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

| | |
|---|---|
| Early Warning Services, LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    CV-24-01587-PHX-SMB |
| Warren Vurl Johnson, Brandon O'Loughlin, and P.A.Z.E., LLC | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           The University of Kansas
245 Strong Hall, 1450 Jayhawk Boulevard, Lawrence, Kansas 66045
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Exhibit B.

| Place: 12345 W 95th Street, 2nd Floor<br>Lenexa, Kansas 66215 | Date and Time:<br>01/26/2026 9:00 am |
|---|---|

The deposition will be recorded by this method: video, audio, and stenographic means

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A.
Production to be served by January 16, 2026.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/16/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Sara K. Stadler |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Early Warning Services, LLC                                                   , who issues or requests this subpoena, are:

Sara K. Stadler, Kilpatrick Townsend & Stockton LLP, 1100 Peachtree St., Suite 2800, Atlanta, Georgia 30309, 404-815-6500, sstadler@ktslaw.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   CV-24-01587-PHX-SMB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

Attorneys for Plaintiff
Early Warning Services, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC,<br><br>            Defendants. | Case No. CV-24-01587-PHX-SMB<br><br>**EXHIBIT A TO EARLY WARNING SERVICES, LLC'S SUBPOENA TO PRODUCE DOCUMENTS AND PROVIDE TESTIMONY UPON THIRD-PARTY THE UNIVERSITY OF KANSAS** |

## **DEFINITIONS**

1.      "EWS" means Early Warning Services, LLC and its respective officers, directors, employees, and agents.

2.      "University," "You," or "Your" means the University of Kansas and its campuses, controlled affiliates, and research supporting entities, Including the University of Kansas Medical Center.

3.      "Johnson" means the Person named Warren Vurl Johnson who was formerly employed by the University, Including as a Senior Licensing Associate for the University of Kansas Center for Technology Commercialization.

4.      "Johnson's Gmail Account" means the email address warrenvjohnson@gmail.com.

5.      "Johnson's EWS Email Account" means the email address Warren.Johnson@earlywarning.com.

6.      "EWS's Documents" means (a) Documents created or used by any of EWS's employees in connection with conducting EWS's business or (b) Documents containing the terms "EWS," "Early Warning," "Tracy," "Cheney," "Paras," "Shah," "concept brief index," "domain name index," "invention disclosure index," "IP matter index," "trademark index," "ZELLE," or "PAZE," that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson.

7.      "EWS's Intellectual Property" means trademarks, copyrights, patents, and trade secrets in which EWS claims ownership, as well as registrations of and applications to register those trademarks, copyrights, and patents with governmental bodies. "EWS's Intellectual Property" Includes the PAZE mark, the Ƶ mark, U.S. Service Mark Application Serial No. 97669754, and U.S. Service Mark Registration No. 5476070.

1

8.    "O'Loughlin" means the Person named Brandon O'Loughlin, who is a Defendant in the Civil Action, Including as identified by contact@paze.guru as an email address, (623) 295-5438 as a phone number, or references to "P.A.Z.E."

9.    "P.A.Z.E., LLC" means the Defendant in the Civil Action identified as P.A.Z.E., LLC.

10.    "Civil Action" means Case No. CV-24-01587-PHX-SMB (D. Ariz.).

11.    "Communication" means every manner or means of disclosure, transfer, or exchange of information, whether orally or by Document, and whether face-to-face, by telephone, facsimile transmission, mail, personal delivery, electronic mail computer transmission, or otherwise.

12.    "Concerning" means relating to, referring to, about, discussing, describing, evidencing, depicting, mentioning, or constituting.

13.    "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and Includes emails, text messages, and messaging platform records. A draft or nonidentical copy of a Document is a separate Document within the meaning of this definition.

14.    "Includes" and "Including" mean "including but not limited to" and "including without limitation."

15.    "Person" means any natural person, individual, partnership, joint venture, corporation, proprietorship, firm, association, group, club, institute, governmental body, or any other organization, entity, or association.

16.    The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request.

17.    "And" shall mean "or" and "or" shall mean "and" to make requests using either of these words inclusive rather than exclusive.

18.    The past tense shall be construed to include the present tense, and vice versa, to make requests using these tenses to be inclusive rather than exclusive.

19.     The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

## **INSTRUCTIONS**

1.     Please issue a litigation hold to each Person that You believe may have Documents or information responsive to these Requests or otherwise relevant to the issues presented by this Subpoena.

2.     Each Request seeks Documents within Your possession, custody, or control.

3.     You must respond to each Request separately, but Your response to one Request may be incorporated by reference in response to other Requests.

4.     If You do not have all the information necessary to make a complete response to any Request, provide all Documents that You have, identify the information that is incomplete or unclear, and identify the information necessary to make a complete production of Documents.

5.     Documents are to be produced as they are kept in the ordinary course, including folders or files in which they are located, and along with all pertinent metadata.

6.     If You refuse to comply with a Request in whole or in part based on an objection, state the objection and the portion of the Request to which You object with the specificity required under Federal Rules of Civil Procedure 26 and 34, and state affirmatively and clearly whether and to what extent You have limited Your search for responsive Documents in any way, or are withholding responsive Documents, on the basis of any objection.

7.     If You refuse to comply with a Request in whole or in part based on a claim that any privilege or other protection applies to the Documents sought, state the privilege or protection, and describe the factual basis for Your claim with such specificity as will permit a determination of the legal sufficiency of the claim of

3

privilege or protection in a log that accords with the Federal Rules with respect to each withheld Document.

8.     Unless otherwise specified in a Request or Definition, each Request seeks Documents from the date on which the University hired Johnson to the present.

## REQUESTS FOR PRODUCTION

1.     EWS's Documents.

2.     Documents Concerning EWS that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson.

3.     Documents Concerning any of EWS's officers, directors, employees, or agents, Including Tracy Cheney and Paras Shah, that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson, or that memorialize or reference information attained from or in connection with Johnson.

4.     Documents Concerning Communications to, from, or copying any Person using Johnson's EWS Email Account, Including the original written Communication and forwarded email Communications.

5.     Documents Concerning EWS's Intellectual Property that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson, or that memorialize or reference information attained from or in connection with Johnson.

6.     Documents Concerning O'Loughlin, Including forwarded email Communications or email Communications to, from, or copying O'Loughlin.

7.     Documents Concerning P.A.Z.E., LLC, Including forwarded email Communications.

8.     Documents Concerning the Civil Action, Including Documents memorializing or referencing representations Johnson made to You Concerning the facts, claims, and issues relevant to the Civil Action.

9.    Documents sufficient to show the duration of Your employment of Johnson, Including the period of suspension, if any.

10.    Documents sufficient to show the date(s) on which You decreased or ceased payment to Johnson for his employment services to You.

11.    Your September 9, 2025 letter to Johnson signed by Chari J. Young.

12.    Documents sufficient to show Your policies or procedures Concerning Your retention, deletion, or preservation of Documents.

**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

Attorneys for Plaintiff
Early Warning Services, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC,<br><br>        Plaintiff,<br><br>      v.<br><br>Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC,<br><br>        Defendants. | Case No. CV-24-01587-PHX-SMB<br><br>**EXHIBIT B TO EARLY WARNING SERVICES, LLC'S SUBPOENA TO PRODUCE DOCUMENTS AND PROVIDE TESTIMONY UPON THIRD-PARTY THE UNIVERSITY OF KANSAS** |

**DEFINITIONS AND INSTRUCTIONS**

1.     Early Warning Services, LLC incorporates by reference, as if set forth fully herein, the Definitions provided in Exhibit A.

2.     Unless otherwise specified in a Request or Definition, each Topic seeks Information from the date on which the University hired Johnson to the present.

3.     For avoidance of doubt, each Topic should be construed to require that the designee be prepared to also testify regarding the content, existence, and location of documents relating to the topic and the identities of persons who have and may have knowledge of such events.

**TOPICS FOR DEPOSITION**

1.     Documents responsive to the Requests included in Exhibit A and the subjects addressed therein.

2.     Documents produced in response to the Requests included in Exhibit A and the subjects addressed therein, Including authentication thereof.

3.     Your responses and objections, if any, to the Subpoena and its Exhibits A and B.

4.     Your policies or procedures Concerning Your retention, deletion, or preservation of Documents.

5.     Your employment of Johnson, Including the duration and any suspension or termination and dates on which You ceased payment to Johnson for his employment services to You.

6.     The Persons primarily responsible for supervising Johnson while employed by You.

7.     Johnson's use of Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage where Johnson could create, edit, save, upload, download, send, receive, or otherwise use, access, or view Documents.

8.    EWS's Documents, Including the existence, location, or deletion thereof and Johnson's representations Concerning EWS's Documents.

9.    Steps You have taken to identify the existence, location, or deletion of EWS's Documents.

10.    Your knowledge, awareness, or Documents Concerning O'Loughlin.

11.    Your knowledge, awareness, or Documents Concerning P.A.Z.E., LLC.

12.    Your knowledge, awareness, or Documents Concerning the Civil Action.

13.    Your knowledge, awareness, or Documents Concerning Johnson's use of Johnson's EWS Email Account on Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage.

14.    Your knowledge, awareness, or Documents Concerning Johnson's use of Johnson's Gmail Account on Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage.

15.    Your knowledge, awareness, or Documents Concerning Johnson's use of, representations Concerning, Communications Concerning, or other references to EWS's Intellectual Property.

16.    Johnson's use of any email or other accounts You provided to Johnson for Communication purposes.

17.    Information related to, referencing, or resulting from Johnson's employment by You or EWS Concerning EWS or its officers, directors, employees, or agents, Including Tracy Cheney and Paras Shah.

18.    Your September 9, 2025, letter to Johnson signed by Chari J. Young.

2

# EXHIBIT 2

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### District of Arizona

| | |
|---|---|
| Early Warning Services, LLC | ) |
| _Plaintiff_ | ) |
| v. | ) |
| Warren Vurl Johnson, Brandon O'Loughlin, and | ) |
| P.A.Z.E., LLC | ) |
| _Defendant_ | ) |

Civil Action No.  CV-24-01587-PHX-SMB

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                           The University of Kansas
               245 Strong Hall, 1450 Jayhawk Boulevard, Lawrence, Kansas 66045
                  _(Name of person to whom this subpoena is directed)_

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Exhibit B.

| Place: 12345 W 95th Street, 2nd Floor | Date and Time: |
|---|---|
| Lenexa, Kansas 66215 | 01/26/2026 9:00 am |

The deposition will be recorded by this method:     video, audio, and stenographic means

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:  See Exhibit A.
         Production to be served by January 16, 2026.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     12/16/2025

          _CLERK OF COURT_
                                              OR
                                                    /s/ Sara K. Stadler
     _Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_
Early Warning Services, LLC
                                              , who issues or requests this subpoena, are:
Sara K. Stadler, Kilpatrick Townsend & Stockton LLP, 1100 Peachtree St., Suite 2800, Atlanta, Georgia 30309,
404-815-6500, sstadler@ktslaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. CV-24-01587-PHX-SMB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1

**KILPATRICK TOWNSEND & STOCKTON LLP**

2

Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*

3

Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)

4

*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276

5

(admitted *pro hac vice*)
*sstadler@ktslaw.com*

6

Kristin M. Adams, Virginia Bar No. 92069

7

(admitted *pro hac vice*)
*kmadams@ktslaw.com*

8

6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149

9

Tel: (602) 726-7319

10

Fax: (623) 321-1009

11

Attorneys for Plaintiff
Early Warning Services, LLC

12

13

**UNITED STATES DISTRICT COURT**

14

**FOR THE DISTRICT OF ARIZONA**

15

16

Early Warning Services, LLC,

Plaintiff,

17

v.

18

Warren Vurl Johnson, Brandon
O'Loughlin and P.A.Z.E., LLC,

19

Defendants.

20

21

Case No. CV-24-01587-PHX-SMB

**EXHIBIT A TO EARLY WARNING
SERVICES, LLC'S SUBPOENA TO
PRODUCE DOCUMENTS AND
PROVIDE TESTIMONY UPON
THIRD-PARTY THE UNIVERSITY
OF KANSAS**

22

23

24

25

26

27

28

**DEFINITIONS**

1.     "EWS" means Early Warning Services, LLC and its respective officers, directors, employees, and agents.

2.     "University," "You," or "Your" means the University of Kansas and its campuses, controlled affiliates, and research supporting entities, Including the University of Kansas Medical Center.

3.     "Johnson" means the Person named Warren Vurl Johnson who was formerly employed by the University, Including as a Senior Licensing Associate for the University of Kansas Center for Technology Commercialization.

4.     "Johnson's Gmail Account" means the email address warrenvjohnson@gmail.com.

5.     "Johnson's EWS Email Account" means the email address Warren.Johnson@earlywarning.com.

6.     "EWS's Documents" means (a) Documents created or used by any of EWS's employees in connection with conducting EWS's business or (b) Documents containing the terms "EWS," "Early Warning," "Tracy," "Cheney," "Paras," "Shah," "concept brief index," "domain name index," "invention disclosure index," "IP matter index," "trademark index," "ZELLE," or "PAZE," that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson.

7.     "EWS's Intellectual Property" means trademarks, copyrights, patents, and trade secrets in which EWS claims ownership, as well as registrations of and applications to register those trademarks, copyrights, and patents with governmental bodies. "EWS's Intellectual Property" Includes the PAZE mark, the $\mathbf{Z}$ mark, U.S. Service Mark Application Serial No. 97669754, and U.S. Service Mark Registration No. 5476070.

8.    "O'Loughlin" means the Person named Brandon O'Loughlin, who is a Defendant in the Civil Action, Including as identified by contact@paze.guru as an email address, (623) 295-5438 as a phone number, or references to "P.A.Z.E."

9.    "P.A.Z.E., LLC" means the Defendant in the Civil Action identified as P.A.Z.E., LLC.

10.    "Civil Action" means Case No. CV-24-01587-PHX-SMB (D. Ariz.).

11.    "Communication" means every manner or means of disclosure, transfer, or exchange of information, whether orally or by Document, and whether face-to-face, by telephone, facsimile transmission, mail, personal delivery, electronic mail computer transmission, or otherwise.

12.    "Concerning" means relating to, referring to, about, discussing, describing, evidencing, depicting, mentioning, or constituting.

13.    "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and Includes emails, text messages, and messaging platform records. A draft or nonidentical copy of a Document is a separate Document within the meaning of this definition.

14.    "Includes" and "Including" mean "including but not limited to" and "including without limitation."

15.    "Person" means any natural person, individual, partnership, joint venture, corporation, proprietorship, firm, association, group, club, institute, governmental body, or any other organization, entity, or association.

16.    The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request.

17.    "And" shall mean "or" and "or" shall mean "and" to make requests using either of these words inclusive rather than exclusive.

18.    The past tense shall be construed to include the present tense, and vice versa, to make requests using these tenses to be inclusive rather than exclusive.

2

19.     The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

### INSTRUCTIONS

1.     Please issue a litigation hold to each Person that You believe may have Documents or information responsive to these Requests or otherwise relevant to the issues presented by this Subpoena.

2.     Each Request seeks Documents within Your possession, custody, or control.

3.     You must respond to each Request separately, but Your response to one Request may be incorporated by reference in response to other Requests.

4.     If You do not have all the information necessary to make a complete response to any Request, provide all Documents that You have, identify the information that is incomplete or unclear, and identify the information necessary to make a complete production of Documents.

5.     Documents are to be produced as they are kept in the ordinary course, including folders or files in which they are located, and along with all pertinent metadata.

6.     If You refuse to comply with a Request in whole or in part based on an objection, state the objection and the portion of the Request to which You object with the specificity required under Federal Rules of Civil Procedure 26 and 34, and state affirmatively and clearly whether and to what extent You have limited Your search for responsive Documents in any way, or are withholding responsive Documents, on the basis of any objection.

7.     If You refuse to comply with a Request in whole or in part based on a claim that any privilege or other protection applies to the Documents sought, state the privilege or protection, and describe the factual basis for Your claim with such specificity as will permit a determination of the legal sufficiency of the claim of

3

privilege or protection in a log that accords with the Federal Rules with respect to each withheld Document.

8.    Unless otherwise specified in a Request or Definition, each Request seeks Documents from the date on which the University hired Johnson to the present.

## **REQUESTS FOR PRODUCTION**

1.    EWS's Documents.

2.    Documents Concerning EWS that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson.

3.    Documents Concerning any of EWS's officers, directors, employees, or agents, Including Tracy Cheney and Paras Shah, that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson, or that memorialize or reference information attained from or in connection with Johnson.

4.    Documents Concerning Communications to, from, or copying any Person using Johnson's EWS Email Account, Including the original written Communication and forwarded email Communications.

5.    Documents Concerning EWS's Intellectual Property that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson, or that memorialize or reference information attained from or in connection with Johnson.

6.    Documents Concerning O'Loughlin, Including forwarded email Communications or email Communications to, from, or copying O'Loughlin.

7.    Documents Concerning P.A.Z.E., LLC, Including forwarded email Communications.

8.    Documents Concerning the Civil Action, Including Documents memorializing or referencing representations Johnson made to You Concerning the facts, claims, and issues relevant to the Civil Action.

9. Documents sufficient to show the duration of Your employment of Johnson, Including the period of suspension, if any.

10. Documents sufficient to show the date(s) on which You decreased or ceased payment to Johnson for his employment services to You.

11. Your September 9, 2025 letter to Johnson signed by Chari J. Young.

12. Documents sufficient to show Your policies or procedures Concerning Your retention, deletion, or preservation of Documents.

**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

Attorneys for Plaintiff
Early Warning Services, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC, | Case No. CV-24-01587-PHX-SMB |
| Plaintiff, | **EXHIBIT B TO EARLY WARNING SERVICES, LLC'S SUBPOENA TO PRODUCE DOCUMENTS AND PROVIDE TESTIMONY UPON THIRD-PARTY THE UNIVERSITY OF KANSAS** |
| v. | |
| Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, | |
| Defendants. | |

**DEFINITIONS AND INSTRUCTIONS**

1.    Early Warning Services, LLC incorporates by reference, as if set forth fully herein, the Definitions provided in Exhibit A.

2.    Unless otherwise specified in a Request or Definition, each Topic seeks Information from the date on which the University hired Johnson to the present.

3.    For avoidance of doubt, each Topic should be construed to require that the designee be prepared to also testify regarding the content, existence, and location of documents relating to the topic and the identities of persons who have and may have knowledge of such events.

**TOPICS FOR DEPOSITION**

1.    Documents responsive to the Requests included in Exhibit A and the subjects addressed therein.

2.    Documents produced in response to the Requests included in Exhibit A and the subjects addressed therein, Including authentication thereof.

3.    Your responses and objections, if any, to the Subpoena and its Exhibits A and B.

4.    Your policies or procedures Concerning Your retention, deletion, or preservation of Documents.

5.    Your employment of Johnson, Including the duration and any suspension or termination and dates on which You ceased payment to Johnson for his employment services to You.

6.    The Persons primarily responsible for supervising Johnson while employed by You.

7.    Johnson's use of Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage where Johnson could create, edit, save, upload, download, send, receive, or otherwise use, access, or view Documents.

8.     EWS's Documents, Including the existence, location, or deletion thereof and Johnson's representations Concerning EWS's Documents.

9.     Steps You have taken to identify the existence, location, or deletion of EWS's Documents.

10.     Your knowledge, awareness, or Documents Concerning O'Loughlin.

11.     Your knowledge, awareness, or Documents Concerning P.A.Z.E., LLC.

12.     Your knowledge, awareness, or Documents Concerning the Civil Action.

13.     Your knowledge, awareness, or Documents Concerning Johnson's use of Johnson's EWS Email Account on Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage.

14.     Your knowledge, awareness, or Documents Concerning Johnson's use of Johnson's Gmail Account on Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage.

15.     Your knowledge, awareness, or Documents Concerning Johnson's use of, representations Concerning, Communications Concerning, or other references to EWS's Intellectual Property.

16.     Johnson's use of any email or other accounts You provided to Johnson for Communication purposes.

17.     Information related to, referencing, or resulting from Johnson's employment by You or EWS Concerning EWS or its officers, directors, employees, or agents, Including Tracy Cheney and Paras Shah.

18.     Your September 9, 2025, letter to Johnson signed by Chari J. Young.

# EXHIBIT 3



**Kilpatrick Townsend & Stockton LLP**
ktslaw.com

1100 Peachtree Street NE
Suite 2800
Atlanta, GA USA 30309

January 23, 2026

Kristin M. Adams
direct dial 404 815 6138
direct fax 404 541 3233
kmadams@ktslaw.com

<u>VIA ELECTRONIC MAIL</u>
[*warrenvjohnson@gmail.com*]

Mr. Warren Vurl Johnson
215 E. 18th Street
Lawrence, Kansas  66044

Re:    Notice Concerning Production from University of Kansas
       <u>*Early Warning Servs. v. Johnson et al.*</u>, No. CV-24-01587-PHX-SMB (D. Ariz.)

Dear Mr. Johnson:

We write concerning documents produced by the University of Kansas (the "University") on January 16, 2026, pursuant to Early Warning Services, LLC's ("EWS") December 16, 2025, subpoena (the "January 16 University Production"). The January 16 University Production consists of documents the University deemed responsive that were saved to the University's Office 365 accounts (Outlook, Teams, etc.) during your employment by the University. Certain of the documents in the January 16 University Production appear to include correspondence between you and others concerning this action as well as your notes concerning this action. Out of an abundance of caution, we therefore ceased review of the January 16 University Production and have sequestered and restricted access to the January 16 University Production. Excluding your September 9, 2025, termination letter, we have not read the correspondence or notes in the January 16 University Production and will not do so pending a determination by the Court as to whether those documents are discoverable.

As to that issue, EWS's positions are that:

1. You have repeatedly represented to the Court that you are not represented by counsel in this action and, instead, are acting *pro se*, so the attorney-client privilege does not apply to or preclude discovery of any documents reflecting communications between you and others concerning this action;[1] and

---

[1] We assume Defendant Brandon O'Loughlin was not a party to any of these communications, as you represented to the Court on January 6, 2026, that your interactions with Mr. O'Loughlin were "just . . . verbal" and that "there is no paper trail." Tr. of Jan. 6, 2026, Telephonic Discovery Dispute Hr'g at 7:25–8:5.

Mr. Warren Vurl Johnson
January 23, 2026
Page 2

    2.   In any event, you waived any applicable privilege or immunity (including the attorney-client privilege and work-product doctrine) by placing the documents in the January 16 University Production on the University's Office 365 accounts.

        Please inform us of your position on the above points by **Tuesday, January 27, 2026**. If you dispute either of EWS's positions or contend that you maintain any privilege or immunity in documents in the University's possession, EWS intends to submit the entirety of the January 16 University Production to the Court *in camera* and seek a ruling from the Court as to whether any privilege or immunity applies to any of those documents.

        We expect to receive an additional production from the University consisting of responsive imaged contents of the hard drive of your University-issued computer. If those contents appear to contain any documents that could be subject to a claim of privilege or immunity from discovery, and in further abundance of caution, EWS will seek the Court's additional guidance at that time.

        We look forward to hearing from you.

        Sincerely,

        Kristin M. Adams

# EXHIBIT 4

**VIA ELECTRONIC MAIL** [kristin.adams@kilpatricktownsend.com]

Kristin M. Adams, Esq.
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309

**Re: Notice Concerning Production from University of Kansas Early Warning Servs. v. Johnson et al., No. CV-24-01587-PHX-SMB (D. Ariz.)**

Ms. Adams:

Your January 23, 2026 letter was received as the bad-faith theater it was meant to be. Your firm targeted, via subpoena, my privileged work product (attached subpoena), received it January 16, and held it seven days without notice or protective order.

The subpoena targeted precisely this: post-litigation notes, correspondence, and whistleblower evidence created during active proceedings (Requests 2, 5, 8; Topics 8, 12, 13-16; see subpoena definitions targeting "Documents Concerning the Civil Action" and terms like "EWS," "Tracy," "Cheney," "Paras," "Shah," "concept brief index," etc.). You knew my KU employment started after this action and ended because of it—nothing responsive could be non-privileged.

Let me help you with your apparent legal illiteracy regarding the protection at play here:

> Work-product protection is a separate doctrine from attorney-client privilege, and none of the Ninth Circuit's rules on waiver support what you're claiming in your letter. Under *United States v. Sanmina Corp.*, 968 F.3d 1107 (9th Cir. 2020), work product is waived only by a disclosure that is "inconsistent with keeping it from an adversary," and disclosure to a third party does not waive protection unless it substantially increases adversary access. Under *United States v. Richey*, 632 F.3d 559 (9th Cir. 2011), only the holder can waive work product; a third party cannot waive it for them. And under *In re Grand Jury Subpoena* (Torf), 357 F.3d 900 (9th Cir. 2004), disclosure to a non-adversary does not waive work product at all. The materials you obtained are opinion work product, which receives "almost absolute" protection in this circuit (*Holmgren v. State Farm*, 976 F.2d 573 (9th Cir. 1992)). Your subpoena was drafted to obtain nothing but litigation strategy, and your after-the-fact sequestration letter does not undo the fact that you reviewed protected work product. You letter wrongfully, and I am guessing knowingly, references "privilege" as if it resolves anything. It doesn't. The materials you obtained are undoubtedly work product, which is a separate doctrine under Rule 26(b)(3).

Seven days of unchecked access irreparably taints your firm—no "caution" erases insights into strategy, contacts, or whistleblower details (*McDermott Will & Emery v. Superior Ct.*, 10 Cal. App. 5th 1083 (2017)—knowing use disqualifies; *Clark v. Superior Ct.*, 196 Cal. App. 4th 37 (2011)—taint from access). Whistleblower reports are protected (31 U.S.C. § 3730(h)).

There is nothing to dispute, the tactics you have employed are facially and conclusively improper. Just as there is nothing that can be reviewed in-camera to balance the gravity of your

invasion and improper motive. The violation is the act—abusive subpoena plus delay—breaching ethics (AZ ER 4.4(b)/3.4; GA Rule 3.4). Bar complaints in Arizona and Georgia are forthcoming regardless, plus DOJ referral for whistleblower retaliation.

Sincerely,

Warren Vurl Johnson
215 E. 18th Street
Lawrence, Kansas 66044

P.S., I trust you made it through all the Teams Chats. Hope you enjoyed those, I certainly enjoyed typing them. Claiming those are not opinion, but are "facts" would certainly be quite the argument to make…

**DEFINITIONS**

1.    "EWS" means Early Warning Services, LLC and its respective officers, directors, employees, and agents.

2.    "University," "You," or "Your" means the University of Kansas and its campuses, controlled affiliates, and research supporting entities, Including the University of Kansas Medical Center.

3.    "Johnson" means the Person named Warren Vurl Johnson who was formerly employed by the University, Including as a Senior Licensing Associate for the University of Kansas Center for Technology Commercialization.

4.    "Johnson's  Gmail  Account"  means  the  email  address warrenvjohnson@gmail.com.

5.    "Johnson's  EWS  Email  Account"  means  the  email  address Warren.Johnson@earlywarning.com.

6.    "EWS's Documents" means (a) Documents created or used by any of EWS's employees in connection with conducting EWS's business or (b) Documents containing the terms "EWS," "Early Warning," "Tracy," "Cheney," "Paras," "Shah," "concept brief index," "domain name index," "invention disclosure index," "IP matter index," "trademark index," "ZELLE," or "PAZE," that were created, edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson.

7.    "EWS's Intellectual Property" means trademarks, copyrights, patents, and trade secrets in which EWS claims ownership, as well as registrations of and applications to register those trademarks, copyrights, and patents with governmental bodies. "EWS's Intellectual Property" Includes the PAZE mark, the **Ƶ** mark, U.S. Service Mark Application Serial No. 97669754, and U.S. Service Mark Registration No. 5476070.

1

8.    "O'Loughlin" means the Person named Brandon O'Loughlin, who is a Defendant in the Civil Action, Including as identified by contact@paze.guru as an email address, (623) 295-5438 as a phone number, or references to "P.A.Z.E."

9.    "P.A.Z.E., LLC" means the Defendant in the Civil Action identified as P.A.Z.E., LLC.

10.    "Civil Action" means Case No. CV-24-01587-PHX-SMB (D. Ariz.).

11.    "Communication" means every manner or means of disclosure, transfer, or exchange of information, whether orally or by Document, and whether face-to-face, by telephone, facsimile transmission, mail, personal delivery, electronic mail computer transmission, or otherwise.

12.    "Concerning" means relating to, referring to, about, discussing, describing, evidencing, depicting, mentioning, or constituting.

13.    "Document" is synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and Includes emails, text messages, and messaging platform records. A draft or nonidentical copy of a Document is a separate Document within the meaning of this definition.

14.    "Includes" and "Including" mean "including but not limited to" and "including without limitation."

15.    "Person" means any natural person, individual, partnership, joint venture, corporation, proprietorship, firm, association, group, club, institute, governmental body, or any other organization, entity, or association.

16.    The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request.

17.    "And" shall mean "or" and "or" shall mean "and" to make requests using either of these words inclusive rather than exclusive.

18.    The past tense shall be construed to include the present tense, and vice versa, to make requests using these tenses to be inclusive rather than exclusive.

2

1  privilege or protection in a log that accords with the Federal Rules with respect to
2  each withheld Document.

3       8.    Unless otherwise specified in a Request or Definition, each Request
4  seeks Documents from the date on which the University hired Johnson to the present.

5                           **REQUESTS FOR PRODUCTION**

6       1.    EWS's Documents.

7       2.    Documents Concerning EWS that were created, edited, saved, uploaded,
8  downloaded, sent, received, or otherwise used, accessed, or viewed by Johnson.

9       3.    Documents Concerning any of EWS's officers, directors, employees, or
10  agents, Including Tracy Cheney and Paras Shah, that were created, edited, saved,
11  uploaded, downloaded, sent, received, or otherwise used, accessed, or viewed by
12  Johnson, or that memorialize or reference information attained from or in connection
13  with Johnson.

14       4.    Documents Concerning Communications to, from, or copying any
15  Person using Johnson's EWS Email Account, Including the original written
16  Communication and forwarded email Communications.

17       5.    Documents Concerning EWS's Intellectual Property that were created,
18  edited, saved, uploaded, downloaded, sent, received, or otherwise used, accessed, or
19  viewed by Johnson, or that memorialize or reference information attained from or in
20  connection with Johnson.

21       6.    Documents Concerning O'Loughlin, Including forwarded email
22  Communications or email Communications to, from, or copying O'Loughlin.

23       7.    Documents Concerning P.A.Z.E., LLC, Including forwarded email
24  Communications.

25       8.    Documents Concerning the Civil Action, Including Documents
26  memorializing or referencing representations Johnson made to You Concerning the
27  facts, claims, and issues relevant to the Civil Action.

28

4

1       9.    Documents sufficient to show the duration of Your employment of

2   Johnson, Including the period of suspension, if any.

3       10.    Documents sufficient to show the date(s) on which You decreased or

4   ceased payment to Johnson for his employment services to You.

5       11.    Your September 9, 2025 letter to Johnson signed by Chari J. Young.

6       12.    Documents sufficient to show Your policies or procedures Concerning

7   Your retention, deletion, or preservation of Documents.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

**DEFINITIONS AND INSTRUCTIONS**

1.    Early Warning Services, LLC incorporates by reference, as if set forth fully herein, the Definitions provided in Exhibit A.

2.    Unless otherwise specified in a Request or Definition, each Topic seeks Information from the date on which the University hired Johnson to the present.

3.    For avoidance of doubt, each Topic should be construed to require that the designee be prepared to also testify regarding the content, existence, and location of documents relating to the topic and the identities of persons who have and may have knowledge of such events.

**TOPICS FOR DEPOSITION**

1.    Documents responsive to the Requests included in Exhibit A and the subjects addressed therein.

2.    Documents produced in response to the Requests included in Exhibit A and the subjects addressed therein, Including authentication thereof.

3.    Your responses and objections, if any, to the Subpoena and its Exhibits A and B.

4.    Your policies or procedures Concerning Your retention, deletion, or preservation of Documents.

5.    Your employment of Johnson, Including the duration and any suspension or termination and dates on which You ceased payment to Johnson for his employment services to You.

6.    The Persons primarily responsible for supervising Johnson while employed by You.

7.    Johnson's use of Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage where Johnson could create, edit, save, upload, download, send, receive, or otherwise use, access, or view Documents.

1

8.    EWS's Documents, Including the existence, location, or deletion thereof and Johnson's representations Concerning EWS's Documents.

9.    Steps You have taken to identify the existence, location, or deletion of EWS's Documents.

10.    Your knowledge, awareness, or Documents Concerning O'Loughlin.

11.    Your knowledge, awareness, or Documents Concerning P.A.Z.E., LLC.

12.    Your knowledge, awareness, or Documents Concerning the Civil Action.

13.    Your knowledge, awareness, or Documents Concerning Johnson's use of Johnson's EWS Email Account on Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage.

14.    Your knowledge, awareness, or Documents Concerning Johnson's use of Johnson's Gmail Account on Your devices, technology, systems, databases, media, repositories, Communication accounts or channels (Including email), or cloud-based storage.

15.    Your knowledge, awareness, or Documents Concerning Johnson's use of, representations Concerning, Communications Concerning, or other references to EWS's Intellectual Property.

16.    Johnson's use of any email or other accounts You provided to Johnson for Communication purposes.

17.    Information related to, referencing, or resulting from Johnson's employment by You or EWS Concerning EWS or its officers, directors, employees, or agents, Including Tracy Cheney and Paras Shah.

18.    Your September 9, 2025, letter to Johnson signed by Chari J. Young.

2