WARREN V. JOHNSON
warrenvjohnson@gmail.com
2406 Alabama Street
Unit 7C
Lawrence, KS 66046
*Attorney for Warren V Johnson, pro se*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC<br><br>Plaintiffs,<br>v.<br><br>Mr. Warren Vurl Johnson; Brandon O'Loughlin; P.A.Z.E., LLC<br><br>Defendants. | Case No.: CV-24-01587-PHX-SMB<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO SEAL (DKT. 364)** |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO SEAL (DKT. 364)

Plaintiff Early Warning Services, LLC ("EWS"), through its outside litigation counsel at Kilpatrick Townsend, has filed an emergency motion asking this Court to seal a single phrase in Defendant's opposition. Not legal advice, but a common phrase in intellectual property practice and a business practice common to all in-house invention programs: **"Trade secrets must be harvested and approved via formal disclosure."** EWS claims this phrase is "privileged legal advice" despite it being factual, common, known in the trade, part of Defendant's attached presentations, and not legal in nature even in the slightest. Additionally, it cannot be, as a matter of law, a summary of anything privileged, confidential, or secret.

The motion is unsupported by any declaration, any affidavit, or any sworn testimony from anyone with personal knowledge. It rests entirely on the say-so of

outside counsel who has never worked at EWS, never attended a single training session, and has no idea how EWS's in-house invention program actually operated—let alone the one Defendant Warren Johnson built "from the ground up" over nine years.

That is not how privilege is proven.

# I. COUNSEL'S UNSWORN ASSERTIONS ARE NOT EVIDENCE AND SHOULD NOT BE TREATED AS SUCH

The motion is signed by Kristin M. Adams of Kilpatrick Townsend. She has been on this case for approximately six months. She has never been employed by EWS. She was not present when Johnson created any training materials. She did not attend any of the CLE presentations Johnson delivered with EWS's own outside counsel. She has no personal knowledge of whether any communication was confidential, whether it was made for the purpose of obtaining legal advice, or whether any privilege was ever asserted—because she wasn't there.

Yet her motion asks this Court to seal public information based on nothing more than her say-so.

The Federal Rules of Civil Procedure require a privilege log and, when challenged, evidence establishing each element of the privilege. Fed. R. Civ. P. 26(b)(5). EWS has provided none. A bare motion signed by counsel with no personal knowledge is not evidence. *See United States v. Ruehle*, 583 F.3d 600, 608-09 (9th Cir. 2009) (privilege must be established by competent evidence).

The Court should deny the motion on this basis alone.

# II. THE INFORMATION IS PUBLIC, NOT PRIVILEGED—AND EWS'S OWN COUNSEL KNOWS IT

Even if the Court were to consider counsel's unsworn assertions, they collapse immediately upon examination of the record.

**Exhibit G** (Dkt. 362-2) is a public CLE presentation, co-presented by Defendant Warren Johnson and EWS's own outside counsel, **Cory Smith of Bryan**

1    **Cave Leighton Paisner LLP**, on **August 30, 2022**. The presentation was delivered to
2    a public audience of attorneys for Continuing Legal Education credit. It is publicly
3    available on the ACC website. (Exhibit A)
4         On **Page 9** of that public presentation, under the heading **"How to Protect**
5    **Trade Secrets,"** the slides state:
6        • **Identify particular types of information that give a competitive advantage**
7        • **Catalog trade secrets**
8         The phrase EWS now seeks to seal—"harvested and approved via formal
9    disclosure"—is a plain-English restatement of the exact same concept: that trade
10    secrets must be identified and cataloged through a formal process. This is how trade
11    secrets are treated. It is not legal advice. It is a description of a standard business
12    practice that EWS itself authorized Johnson to teach to the public.
13         The attorney-client privilege does not exist for information shared with the
14    public. *United States v. Plache*, 913 F.3d 890, 895 (9th Cir. 2019). By approving and
15    co-presenting this public CLE with their own counsel, EWS waived any conceivable
16    privilege over the subject matter years before this litigation began.
17         Ms. Adams may not know this because she wasn't there. But Bryan Cave
18    knows it. And EWS knows it.
19    **III. THIS IS NOT A PRIVILEGE DISPUTE—IT IS CENSORSHIP**
20         EWS's motion is not a good-faith effort to protect a privilege. It is an attempt to
21    hide from this Court the fact that EWS's own public documents contradict the
22    representations it has made in discovery and in this litigation. The motion cites no
23    sworn testimony because none exists. It provides no privilege log because none can
24    support it. It relies entirely on counsel's uninformed characterization of documents she
25    has never seen created and a program she has never operated.
26         That is not advocacy. That is an abuse of process.
27         Ms. Adams did not build EWS's IP department. She did not draft its invention
28    disclosure policies. She did not teach its employees how to "harvest" trade secrets.

Warren Johnson did. And he has submitted a sworn declaration attesting to the public, non-confidential nature of his work. (Exhibit B)

The Court should not allow outside counsel with no personal knowledge to seal the historical record based on nothing more than a signature line.

## IV. CONCLUSION

The Court should deny the motion immediately. No sealing is warranted. The public has a right to see EWS's own words. And counsel should be cautioned that future filings made without evidentiary support—seeking to seal public information based on nothing but unsupported assertions—may result in sanctions.

Respectfully submitted this 21st day of February, 2026.

Respectfully submitted,

/Warren V Johnson/
Warren V Johnson

215 E 18TH Street
Lawrence, KS 66044
208.317.1686
warenvjohnson@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2026, I electronically filed the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO SEAL (DKT. 364)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/Warren V Johnson/
Warren V Johnson

215 E 18TH Street
Lawrence, KS 66044
208.317.1686
warenvjohnson@gmail.com

# **EXHIBIT A**

# **DECLARATION OF WARREN VURL JOHNSON**

WARREN V. JOHNSON
warrenvjohnson@gmail.com
2406 Alabama Street
Unit 7C
Lawrence, KS 66046
*Attorney for Warren V Johnson, pro se*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC<br><br>Plaintiffs,<br>v.<br><br>Mr. Warren Vurl Johnson; Brandon O'Loughlin; P.A.Z.E., LLC<br><br>Defendants. | Case No.: CV-24-01587-PHX-SMB<br><br>**DEFENDANT'S DECLARATION IN SUPPORT OF OPPOSITION TO MOTION TO MAINTAIN UNDER PERMANENT SEAL PORTIONS OF DOCKETS 309, 309-1, 310, 310-1, 316, AND 320** |

I, Warren Johnson declare under penalty of perjury as follows:

**I. PERSONAL BACKGROUND AND ROLE AT EWS**

1. I am over 18 years of age and a defendant in the above-captioned action. I have personal knowledge of the facts set forth in this Declaration, and if called as a witness, I could and would testify competently thereto.

2. I was hired by Early Warning Services, LLC ("EWS") to act as their sole intellectual property-specific counsel and did so for 9 years.

3. During my tenure at EWS, I served as Intellectual Property Counsel and later as Senior Intellectual Property Counsel. In these roles, I was responsible for developing and implementing EWS's patent, trademark, trade secret, and brand strategies. I reported to EWS's legal department and worked closely with business leaders throughout the company.

**II. THE MATERIALS EWS SEEKS TO SEAL WERE CREATED BY ME**

4. I have reviewed Plaintiff Early Warning Services, LLC's Motion to Maintain Under Permanent Seal Portions of Dockets 309, 309-1, 310, 310-1, 316, and 320 and to Seal Exhibit 1 to the Declaration of Kristin M. Adams (Dkt. 353) (the "Sealing Motion").

5. The materials that EWS seeks to seal—including the training presentations, policy documents, strategic analyses, and other materials referenced in the Sealing Motion and identified for redaction in Exhibit 1 to the Adams Declaration—**were all created by me**. I drafted them, developed them, and all cases, personally presented them to EWS employees.

6. EWS has submitted a declaration from Kristin M. Adams, outside litigation counsel who never worked at EWS, never attended any of my trainings, never saw these materials during their creation, and has no personal knowledge of the circumstances under which they were developed. Ms. Adams cannot testify to the purpose, confidentiality, or intended use of these materials because she was not there. I was.

## III. THE TRAINING PRESENTATIONS WERE NOT PREPARED TO PROVIDE LEGAL ADVICE

7. EWS claims that the training materials I created are privileged communications containing legal advice. That is false.

8. The training presentations at issue—including but not limited to those identified in the Sealing Motion as "Defendant's 'Inventions, Trade Secrets, and Patents' Training Deck for Training Legal Team" (Dkt. 310-1 at 2-30); "Defendant's Companywide 'Inventions, Trade Secrets, [and] Patents' Training Deck" (Dkt. 310-1 at 72-102); and "Defendant's Companywide 'The Trade Secret' Training Deck" (Dkt. 310-1 at 92-102)—were created as **general educational materials** for EWS employees.

9. The primary purpose of these trainings was to educate employees about basic intellectual property concepts—what patents are, what trade secrets are, how to identify potentially patentable inventions, and how to protect confidential information. These trainings did not provide legal advice to EWS as a client; they provided information to employees so they could do their jobs.

10. To the extent any of these presentations referenced legal standards (such as the definition of a trade secret under the Defend Trade Secrets Act), such references were for educational purposes only. They were not communications seeking or providing legal advice to EWS as a client. They were not prepared in response to any request for legal advice from EWS's leadership or legal department.

11. At no time did anyone at EWS—including any member of EWS's legal department or executive team—request that I prepare these trainings for the purpose of obtaining legal advice. I created them as part of my routine responsibilities to educate employees about intellectual property. They were the functional equivalent of an HR department training employees on harassment policies—informational, not legal.

## IV. THE MATERIALS WERE NOT KEPT CONFIDENTIAL

12. EWS claims that these materials were confidential and shared only with limited audiences. That is also false.

13. The trainings I created and presented were widely disseminated throughout EWS. They were shown to employees at all levels, in multiple departments, across multiple years. They were not marked "attorney-client privileged" at the time they were created or presented. They were not treated as privileged in EWS's ordinary course of business.

14. EWS did not maintain these materials in a manner consistent with privileged communications. They were accessible to non-attorney personnel. They were used repeatedly. They were not segregated or restricted to the legal department.

15. If EWS genuinely believed these materials contained privileged legal advice, it would have restricted access, marked them as privileged, and treated them as confidential. It did none of those things.

**V. EWS DID NOT REQUEST LEGAL ADVICE THROUGH THESE MATERIALS**

16. The eight-factor *Ruehle* test requires that "legal advice of any kind is sought" from a professional legal adviser in his capacity as such. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009).

17. At no time did anyone at EWS seek legal advice from me through these training materials. No one asked me to prepare a legal analysis of a specific issue. No one asked me to opine on EWS's litigation exposure. No one asked me to advise EWS on how to comply with a particular law in response to a specific threat.

18. I created these materials on my own initiative, as part of my routine duties, to educate employees. They were not created in response to any request for legal advice. They were not created to assist EWS's legal department in advising the company. They were training decks—plain and simple.

**VI. THE MATERIALS WERE NOT PREPARED IN ANTICIPATION OF LITIGATION**

19. EWS also claims work product protection for these materials. That claim fails for the same reasons.

20. None of these materials were prepared "in anticipation of litigation" or "because of" any pending or imminent litigation threat. They were prepared as part of my ordinary responsibilities as IP counsel. They would have been created regardless of whether EWS faced any litigation.

21. At the time I created these trainings, I was not aware of any specific litigation threat against EWS relating to the subject matter of these presentations. They were

not created to assist in defending any lawsuit. They were created to educate employees.

22. The work product doctrine protects materials prepared with an eye toward litigation. These materials were prepared with an eye toward education. The distinction is dispositive.

## VII. EWS'S SWORD-AND-SHIELD TACTICS

23. EWS has sued me for allegedly stealing my own work product. The Complaint alleges that I misappropriated trade secrets, breached fiduciary duties, and took materials that belonged to EWS.

24. The materials at issue in the Sealing Motion are the very materials EWS accuses me of stealing. EWS cannot have it both ways. It cannot sue me for taking materials that are "theirs" while simultaneously preventing me from using those same materials to show what I actually created, what EWS actually approved, and how those materials were actually used.

25. EWS has put my state of mind, my intent, and my understanding of my role directly at issue. I cannot defend myself without access to the materials I created. The *Meyer* court recognized this exact dynamic: when a party puts protected information at issue, fairness compels disclosure. *Meyer*, 2025 WL 776192, at *10.

26. EWS is using the attorney-client privilege as both a sword and a shield. That is precisely what the Ninth Circuit forbids. *Bittacker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003).

## VIII. CONCLUSION

29. I created every document EWS now seeks to seal. I know why they were created. I know how they were used. I know they were not prepared to provide legal advice. I know they were not kept confidential. I know they were not prepared in anticipation of litigation.

30. EWS cannot offer a competing declaration from anyone with personal knowledge because no such person exists. The only person who can testify about these materials is me. And I have done so here.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 21, 2026 in Lawrence, KS.

Respectfully submitted,

/Warren V Johnson/
Warren V Johnson

215 E 18TH Street
Lawrence, KS 66044
208.317.1686
warenvjohnson@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2026, I electronically filed the foregoing **DEFENDANT DECLARATION OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO SEAL (DKT. 364)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/Warren V Johnson/
Warren V Johnson

215 E 18TH Street
Lawrence, KS 66044
208.317.1686
warenvjohnson@gmail.com