## EXHIBIT APPENDIX

- **Exhibit 1:** Letter from Mesa Public Schools General Counsel (April 29, 2025).

- **Exhibit 2:** Email from Tracy Cheney (November 22, 2022) awarding Defendant a $50,000 spot bonus for "outstanding results".

- **Exhibit 3:** Public CLE Presentation: *Brand Protection Strategies* (April 4, 2019).

- **Exhibit 4:** Textual Analysis of Plaintiff's pervasive substitution of the word "strategy".

- **Exhibit 5:** Defendant's Notice of Supplemental Authority and Evidence in Support of Crime-Fraud Exception.
    - *Sub-Exhibit A:* Excerpts from DOJ Complaint, *United States v. Visa Inc.*
    - *Sub-Exhibit D:* Paze REST API Integration Guide (Cybersource).
    - *Sub-Exhibits H & I:* Transcripts and Reports detailing pre-provisioning of 150 Million Credentials.

- **Exhibit 6:** Plaintiff's Objections and Responses to Defendant's First Set of Written Discovery (RFIs), expressly disclaiming documents as trade secrets.

- **Exhibit 7:** Plaintiff's Objections and Responses to Defendant's First Set of Written Discovery (RFAs), contradicting internal IP policies.

- **Exhibit 8:** Order to Seal (Doc. 283), demonstrating the Court's unlawful blanket authorization.

- **Exhibit 9:** Comprehensive Sealing Data Analysis detailing the Court's failure to apply the required "compelling reasons" standard.

- **Exhibit 10:** TTAB Rulings (Opposition 91291526 and Cancellation 92085110 proceedings) from October 1, 2024, both expressly holding EWS did not meet the requirements to find the Teams Chat privileged.

- **Exhibit 11:** Defendant's valid copyright registrations covering the source code underlying the Indexes EWS uses without authorization to this day.

# EXHIBIT 6

# EXCERPTS FROM PLAINITFF'S OBJECTIONS AND RESPONSES TO RFIs

work-product doctrine, the common-interest doctrine, or any other applicable privilege or immunity, or that are otherwise protected from disclosure under Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, or the relevant case law. EWS further objects to Interrogatory No. 1(a) on the grounds that it seeks Highly Confidential – Trade Secret (as defined in EWS's proposed Protective Order) and sensitive information subject to EWS's proposed Protective Order, which remains pending before the Court. *See* Dkts. 241, 253, 256, 258. Pending decision by the Court and prior to the entry of a Protective Order in this litigation, EWS will not produce confidential information concerning its trade secrets responsive to this Interrogatory to any unrepresented party because Defendants, including Johnson, have repeatedly misused and demonstrated complete disregard for EWS's confidential and trade secret information. *See* Dkt. 241 at 5-6. Once a Protective Order issues or the parties reach mutual resolution on the protections for confidential documents produced in this litigation, EWS will produce such documents or information in accordance therewith.

EWS further objects to Interrogatory Nos. 1(b) and 1(c) on the grounds that they seek information not relevant to any claim or defense asserted in this action and are disproportionate to the needs of the case. Whether EWS ever "designated" EWS's trade secrets as trade secrets, the date of said "designation," and the identity of the individual who made the official designation, if any, has no bearing on whether EWS's claimed trade secrets meet the legal standard for trade secrets. *7EDU Impact Acad. Inc. v. You*, 760 F. Supp. 3d 981, 996 (N.D. Cal. 2024) (finding plaintiff sufficiently alleged its documents were trade secrets even though the documents were not "label[ed], marked, or identified in any fashion as 'trade secret' or even 'confidential'"). EWS further objects to this Interrogatory as overly broad, unduly burdensome, and not proportionate to the needs of the case because it seeks the identification of "any" and all documents memorializing that designation over the life of each trade secret, spanning multiple years. Such request requires EWS to

exhaustively review, determine, and produce each and every document memorializing such designation. Moreover, EWS is under no obligation to identify documents with duplicative or cumulative information as to the designation of the same trade secrets as trade secrets. EWS will respond to Interrogatory No. 1(c) to identify documents sufficient to demonstrate the memorialization of designations of information identified in response to Interrogatory No. 1(a) to the extent such designation is reduced to written form, kept in the ordinary course, identified after a good-faith, reasonable, and proportionate search, and after a protective order is entered. EWS further objects that this Interrogatory is premature because discovery is ongoing and the full scope of the trade secrets taken by Johnson from EWS is not yet known because Johnson—not EWS—is in exclusive possession, custody, and control of the information concerning all trade secrets that he took and thus, which trade secrets are at issue in this litigation. Johnson is in contempt of court for failing to provide his devices that, *inter alia*, may contain EWS's trade secret information. Dkt. 243. Johnson's refusal to return EWS's trade secret information and to allow imaging of his devices pursuant to court order prevents EWS from presently ascertaining the full scope of trade secret information implicated in this case. EWS therefore will supplement its response to this Interrogatory as discovery continues, including as EWS continues to review documents in its own possession, custody, and control, and as Defendants produce the information unilaterally in their possession, custody, or control on this topic. EWS also reserves its right to seek findings of fact or dispositive determinations on relevant issues if Defendants do not comply with their discovery obligations and pertinent orders of this court that will be determinative of information requested by this Interrogatory.

In accordance with the foregoing objections, EWS responds as follows:

Interrogatory No. 1(a):

Johnson—not EWS—unilaterally has complete knowledge of the full scope of EWS's trade secrets that he unlawfully misappropriated during and after this tenure

21

as in-house counsel at EWS. The trade secrets that Johnson misappropriated, of which EWS is presently aware, consist of EWS's proprietary patent and trademark strategies, as well as EWS's proprietary business practices and business plans concerning those proprietary patent and trademark strategies for the future protection of its brands, inventions, and related partnerships in which EWS's interest was not publicly known as of the time Johnson misappropriated them.

These trade secrets are contained in certain highly confidential documents that EWS's in-house legal team maintains, including detailed indices of confidential and proprietary business concept briefs and invention disclosures relating to EWS's patent portfolio, detailed indices of EWS's trademark matters, documents relating to EWS's domain names, and numerous contracts, including in draft form. Privileged communications among EWS's legal counsel concerning these trade secrets also exist, including the Microsoft Teams Chat referenced in Paragraph 73 of EWS's complaint. Dkt. 1. Moreover, EWS's operative Intellectual Property Policy expressly stated that that "[t]he patent database maintained by the Legal department is considered Trade Secret." Dkt. 28-2 at 5. For the avoidance of doubt, EWS does not claim trade secret protection in the form of any of the aforementioned documents, but rather the underlying brand protection and business strategies reduced to writing within those documents that were maintained as confidential as of the time they were misappropriated.

Because no protective order is presently in place, EWS will not disclose further details concerning the specifics of the trade secrets at this time, but will supplement this response once a protective order sufficiently governing the disclosure of trade secret information is entered.

Interrogatory No. 1(b):

The trade secrets at issue in this litigation that Johnson misappropriated are designated as trade secrets pursuant to EWS company policy upon their respective creation automatically by virtue of their content and level of confidentiality. EWS's

22

Employment Agreement—which Johnson himself executed on August 15, 2014—summarizes EWS's policy that defines "Trade Secrets" as "trade secrets as defined under federal or state law as amended from time to time and also includes without limitations and without regard to form: a) any data or information that is competitively sensitive or commercially valuable and not generally known by the public; b) any scientific or technical information, design, process, procedure, formula, or improvement, computer software, object code, source code, specifications, inventions, system information, whether or not patentable or copyrightable; or c) any data or information that is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Dkt. 18 at 5. EWS's trade secrets detailed in response to Interrogatory No. 1(a) are designated as trade secrets automatically pursuant to company policy at least pursuant to subsections (a) and (c) above because they had not been publicly disclosed and were the subject of measures to keep such strategies secret. Undisclosed inventions and related protections strategies, including strategic decisions about which inventions or improvements to patent or otherwise protect, use, or maintain as secret also separately qualify under subsection (b) above. Because this policy designates trade secrets as such from their inception, no specific individuals are responsible for first "designating" a trade secret as such.

Interrogatory No. 1(c):

After entry of a protective order, EWS will produce, pursuant to Federal Rule of Civil Procedure 33(d), documents sufficient to demonstrate the designation of information identified in response to Interrogatory No. 1(a) to the extent such designation is reduced to written form, kept in the ordinary course, identified after a good-faith, reasonable, and proportionate search, and after a protective order is entered. EWS will amend its response to provide Bates Numbers once it completes its production.

23

# EXHIBIT 7

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S RFAs

<u>**SPECIFIC RESPONSES AND OBJECTIONS TO**</u>

<u>**JOHNSON'S REQUESTS FOR ADMISSION**</u>

<u>**EWS'S PRELIMINARY STATEMENT**</u>

EWS has undertaken reasonable efforts to respond to the Requests for Admission propounded by Johnson as EWS understands and interprets the Requests, and to the extent that they call for information that is not otherwise privileged or objectionable.

EWS's responses to these Requests are based on facts presently known to EWS. EWS's investigation, including the review of its own files, is continuing, and EWS may subsequently learn additional facts or uncover additional information or documents in its possession. EWS reserves the right to rely upon all such evidence that may become available during the course of discovery and trial preparation and to use the same at trial or otherwise in this action. EWS, however, undertakes no duty to supplement its responses or objections beyond what is required by the Federal Rules of Civil Procedure, the Local Rules, and applicable law.

**Category A: Trade Secret Designation**

<u>**REQUEST NO. 1:**</u>

Admit that Warren Vurl Johnson was the person primarily responsible for categorizing and designating information as trade secrets at EWS from September 8, 2014 through January 19, 2023.

<u>**RESPONSE:**</u>

EWS objects to Request No. 1 on the ground that it seeks information not relevant to any claim or defense asserted in this action, insofar as the identity of which person, or persons was "primarily responsible" for designating, categorizing, or labeling materials as a "trade secret" has no bearing on whether EWS's claimed trade secrets meet the legal standard for trade secrets. In accordance with the foregoing objections, EWS responds to Request No. 1 as follows:

Denied.

individual's personal participation or review of business files and records and as otherwise permissible by law. In accordance with the foregoing objections, EWS responds to each subpart of Request No. 9 separately as follows:

- 9(a): Denied.
- 9(b): Denied.
- 9(c): Denied.
- 9(d): Denied.

**REQUEST NO. 10:**

Admit that all information in Paras Shah's declaration(s) concerning events before his employment was provided to him by other EWS employees.

**RESPONSE:**

EWS objects to Request No. 10 on the ground that it seeks the disclosure of information protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, or any other applicable privilege or immunity, or that are otherwise protected from disclosure under Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules, or the relevant case law. EWS further objects to this Request on the grounds that the phrase "Paras Shah's declaration(s)" is undefined, vague, and ambiguous. Because "Paras Shah's declaration(s)" is not defined, this Request also is overly broad, unduly burdensome, disproportionate to the needs of this case, and seeks information not relevant to any claim or defense asserted in this action because it seeks an admission as to Mr. Shah's declarations outside of this litigation. Therefore, EWS will construe "Paras Shah's declaration(s)" to mean the declarations Mr. Shah has executed that have been filed in the above-captioned litigation in the District Court for the District of Arizona as of the date of service of these Responses and Objections. In accordance with the foregoing objections, EWS responds to Request No. 10 as follows:

112

Denied. EWS clarifies that as a member of EWS's in-house legal department, Mr. Shah has primary access to EWS information, including information used in his declarations filed in this litigation.

**Category E: Continued Use & Settlement**

**REQUEST NO. 11:**

Admit that EWS continues to use policies, procedures, templates, or other work product authored or created by Johnson.

**RESPONSE:**

EWS objects to Request No. 11 on the grounds that it overly broad, unduly burdensome, disproportionate to the needs of the case, seeks information not relevant to any claim or defense asserted in this action, and seeks information not within EWS's possession, custody, or control because it does not limit the "policies, procedures, templates, or other work product authored or created by Johnson" to those created in connection with his employment at EWS. To the extent such information might have had any marginal relevance to Johnson's *counterclaims* for trade secret misappropriation and unjust enrichment, such claims have been dismissed. *See* Dkt. 200 at 12-13. Nor does any allegation that Johnson created, authored, or controlled the Indices or other documents during his employment have any relevance to whether the information contained therein constitutes trade secrets. *See* Dkt. 70 at 9 n.5 ("Johnson's contention that he created and controlled the Indices is of no moment in determining whether they constitute trade secrets."). EWS further objects to this Request on the grounds that the terms "authored" and "created" are undefined, vague, and ambiguous and because those terms are inconsistent with the provisions of Johnson's employment agreement with EWS governing the interest in materials Johnson created in connection with is employment at EWS. In accordance with the foregoing objections, EWS responds to Request No. 11 as follows:

Denied. On August 15, 2014, Johnson executed the Early Warning Services Employee Agreement ("Employment Agreement"), in which he expressly agreed that

113

Johnson assigned to EWS his entire right, title, and interest "in any developments, designs, patents, inventions and improvements, trade secrets, trademarks, service marks, corporate names, domain names, copyrightable subject matter, . . . or proprietary information which [Johnson has] made or may make, in whole or in part, and either solely or jointly with others, while [Johnson was] employed" by EWS "and/or resulting from any tasks assigned to me or work performed by me or for or on behalf of" EWS. Dkt. 18 at 5. Johnson also expressly disclaimed any ownership or claim to the aforementioned categories of documents or information or proprietary information relating to EWS's business other than that he expressly listed in Exhibit A to the Employment Agreement—in which Johnson listed "none." Therefore, all "use policies, procedures, templates, or other work product authored or created by Johnson" has all right, title, and interest to it vested in EWS such that there can be no relevant information sought by this Request that is separately "authored or created" by Johnson.

**REQUEST NO. 12:**

Admit that as of August 24, 2023 (the effective date of the Settlement Agreement), EWS knew that:

- o O'Loughlin had registered domain names containing "PAZE"
- o P.A.Z.E., LLC had been formed
- o A website existed at paze.website

**RESPONSE:**

EWS objects to Request No. 12 on the ground that it is compound and contains at least three (3) discrete subparts, because it asks EWS to admit that as of August 24, 2023 (the effective date of the Settlement Agreement), EWS knew: [12(a)] O'Loughlin had registered domain names containing "PAZE"; [12(b)] P.A.Z.E., LLC had been formed; and [12(c)] a website existed at paze.website. In accordance with the foregoing objections, EWS responds to each subpart of Request No. 12 separately as follows:

114

# EXHIBIT 8

# Order to Seal (Doc. 283), demonstrating the Court's unlawful blanket authorization.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services LLC, | No. CV-24-01587-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Warren Vurl Johnson, et al., | |
| Defendants. | |

On December 4, 2024, the Court issued an order prohibiting Defendant Warren Vurl Johnson from "accessing, using or disclosing any of [Early Warning Service LLC's ("EWS")] Confidential Information or Trade Secrets during the pendency of this action." (Doc. 70 at 16.)  This includes the content of an internal Microsoft Teams chat between Johnson and EWS's general counsel (the "Teams Chat"). (*Id.* at 2, 16.)  Johnson has repeatedly violated this Order by filing multiple documents on the public record containing portions of Teams Chat and similarly protected information.  Accordingly, Johnson has forced this Court to order sealed several filings containing this protected information. (*See, e.g.*, Doc. 81; Doc. 90; Doc. 93; Doc. 123; Doc. 163; Doc. 183; Doc. 277.)

Compliance with this Court's orders is mandatory, even if a party disagrees.  Unless and until this Court orders otherwise, all parties must comply with keeping this information protected.  As Johnson is aware, this Court may impose sanctions for failure to comply with its orders.[1]  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  The Court has

---

[1]  As of the date of this Order, Johnson is still in contempt of this Court's December 4 Order. (Doc. 243 at 4.)  The Court reminds Johnson of its September 24, 2025 Order which

the "inherent power to levy sanctions, including attorneys' fees, for willful disobedience of a court order." *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). From the date of this Order, the Court will require Johnson to pay any attorneys' fees incurred by Defendants in motioning to seal any subsequent filing by Johnson containing the Teams Chat, or any information this Court has already established as being privileged.

Upon consideration of EWS's Emergency Motions to Seal Portions of Defendant Warren Vurl Johnson's Motion for Privilege Ruling [264] (Doc. 265) and [267] (Doc. 270) pursuant to Federal Rule of Civil Procedure 26(c), LRCiv 5.6(b), and this Court's inherent power, for good cause shown,

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's Emergency Motions to Seal are granted in their entirety;

(2) The Clerk of the Court shall place under seal the document identified by docket numbers 264 and 264-3;

(3) Within three (3) days of this Order, Defendant Johnson shall file a public copy of the foregoing document with the following excerpts permanently redacted:

(a) the phrase beginning with "a practice" and ending with "today" on page 5 of Dkt. 264 at lines 24 and 25;

(b) the sentence beginning with "Privileged Teams chats" and ending with "matters" on page 8 of Dkt. 264 at lines 9 and 10;

(c) the three paragraphs in section II(C) of Dkt. 264, beginning with "A prima facia case" (misspelling in original) on page 10 at line 13 and ending with "crime and fraud" on page 11 at line 3; and

(d) the third and fourth columns in the fifth row of the chart (exclusive of the header row) on page 5 of Dkt. 264-3 (Exhibit C) discussing the "Privileged chats" and "Teams Chat."

(4) The Clerk of Court shall place under seal the document identified by docket

---

ordered that "Johnson must pay a fine of $1,000 per day to the Court for each day he fails to comply with the Forensic Imaging Order beginning on September 27, 2025." (Doc. 243 at 4.)

- 2 -

number 267;

(5) Within three (3) days of this Order, Defendant Johnson shall file a public copy of the foregoing documents with the following excerpts permanently redacted:

(a) the phrase beginning with "General Counsel" and ending with "advised" on page 3 of Dkt. 267 between lines 3 and 6;

(b) the phrase beginning with "a completed" and ending with "excluded" on page 3 of Dkt. 267 between lines 6 and 8 (section II(A));

(c) the phrase beginning with "General Counsel" and ending with "part of" on page 8 of Dkt. 267 between lines 18 and 20 (section IV(B)(4), Element 1);

(d) the phrase beginning with "General Counsel's" and ending with "conduct" on page 9 of Dkt. 267 at line 12 (section IV(C)(3)); and

(e) the sentence beginning with "It is" and ending with "excluded" on page 12 of Dkt. 267 at lines 6 and 7.

Dated this 20th day of November, 2025.

Honorable Susan M. Brnovich
United States District Judge

# EXHIBIT 9

# Comprehensive Sealing Data Analysis detailing the Court's failure to apply the required "compelling reasons" standard

## EWS v. Johnson (CV-24-01587-PHX-SMB) — SEALING ANALY

| | |
|---|---|
| Total Docket Entries | **369** |
| Seal-Related Docket Entries | **137** |
| % of Docket Consumed by Sealing | 37% |

| | |
|---|---|
| EWS Motions to Seal (actual motions) | **22** |
| — of which filed as "Emergency" | **12** |
| Johnson Motions to Seal (own filings) | **4** |
| Johnson Motions to Unseal / Vacate Seal | **2** |

| | |
|---|---|
| Court Orders Granting Seal | **18** |
| Court Orders Denying Seal/Unseal | **2** |
| Court Orders — Other | **3** |

| | |
|---|---|
| EWS Seal Grant Rate | 18/20 = 90% |

| THE RECURSIVE PATTERN |
|---|
| EWS files emergency motion to seal Johnson filing → |
| Court grants provisionally → |
| Johnson opposes → |
| EWS files emergency motion to seal Johnson's opposition → |
| Court grants → |
| Johnson opposes that → |
| EWS files emergency motion to seal that opposition too → |
| This cycle repeats. See "Recursive Chains" tab. |

## RECURSIVE SEALING CHAINS — EWS Sealing Johnson's Oppositions to Sealing

*Red = EWS emergency seal motion | Bold red = Court grants | Green = Johnson filing*

| CHAIN 1: Rule 60(b) Declarations (Jan-Mar 2026) — 7 LAYERS DEEP |
| --- |
| Dkt 308-310: Johnson files Rule 60(b) motion + declarations |
| Dkt 312: EWS EMERGENCY motion to seal Dkts 309, 310 |
| **Dkt 314: Court GRANTS — provisionally seals** |
| Dkt 316: Johnson files notice of material misrepresentation in EWS seal motion |
| Dkt 318: EWS EMERGENCY motion to seal Dkt 316 |
| Dkt 320: Johnson opposes Dkt 318 |
| **Dkt 321: Court GRANTS — seals Dkt 316** |
| Dkt 324: EWS EMERGENCY motion to seal Dkt 320 (Johnson's opposition) |
| Dkt 326: Johnson opposes Dkt 324 |
| **Dkt 328: Court GRANTS — seals Dkt 320** |
| Dkt 353: EWS moves to PERMANENTLY seal Dkts 309, 310, 316, 320 |
| Dkt 362: Johnson opposes Dkt 353 |
| Dkt 364: EWS EMERGENCY motion to seal Dkt 362 (Johnson's opposition to permanent seal) |
| Dkt 366: Johnson opposes Dkt 364 |
| Dkt 367: EWS EMERGENCY motion to seal Dkt 366 (opposition to sealing the opposition) |
| Dkt 369: Johnson opposes Dkt 367 |
| Dkt 370: EWS replies in support of sealing Dkts 362 and 366 |

| CHAIN 2: Crime-Fraud / Teams Chat Motion (Nov 2025) |
| --- |
| Dkt 272: Johnson files motion for evidentiary ruling — crime-fraud exception, Teams Chat |
| Dkt 273: EWS motion to seal Dkt 272 |
| **Dkt 277: Court GRANTS — seals entire motion** |
| Dkt 278: Johnson files affidavit opposing seal of Dkt 272 |
| Dkt 279: EWS EMERGENCY motion to seal Dkt 278 (Johnson's opposition) |
| **Dkt 282: Court GRANTS — seals the opposition** |

| CHAIN 3: Motion to Disqualify Counsel (Apr 2025) |
| --- |
| Dkt 107: Johnson files motion to disqualify EWS counsel |
| Dkt 109: EWS EMERGENCY motion to seal Dkt 107 |
| Dkt 111: Court temporarily seals |
| Dkt 112: Johnson moves to seal his own opposition (forced by procedure) |
| Dkt 114: EWS moves to seal its reply |
| **Dkt 123: Court GRANTS all three seal motions + SEALS THE ORDER ITSELF** |

| CHAIN 4: Amended Answers (Dec 2024-Jan 2025) — SERIAL SEALING |
| --- |
| Dkt 77: Johnson moves to amend answer/counterclaims |
| Dkt 79: EWS EMERGENCY motion to seal Dkt 77 |
| Dkt 81: Court seals Dkt 77-1 |
| Dkt 84: Johnson files REDACTED version per court order |
| Dkt 85: EWS EMERGENCY motion to seal Dkt 84 (THE REDACTED VERSION) |

| |
|---|
| **Dkt 89: Court GRANTS** |
| Dkt 88: Johnson files corrected version |
| Dkt 90: EWS EMERGENCY motion to seal Dkt 88 |
| **Dkt 93: Court GRANTS** |
| Dkt 92: Sealed lodged proposed version |
| Dkt 94: EWS EMERGENCY motion to seal Dkt 92 |
| **Dkt 100: Court GRANTS** |

| |
|---|
| **CHAIN 5: Protective Order Dispute (Nov 2025)** |
| Dkt 264: Johnson files reply to motion to strike |
| Dkt 265: EWS motion to seal Dkt 264 |
| Dkt 267: Johnson opposes Dkt 265 |
| Dkt 270: EWS motion to seal Dkt 267 (Johnson's opposition) |
| **Dkt 283: Court GRANTS both Dkt 265 and 270** |

| # | Dkt # | Date | What They Want Sealed | Court Order | Outcome | Description |
|---|---|---|---|---|---|---|
| 1 | 19 | 7/23/2024 | | Pending/ Unknown | Pending | *MOTION to Seal Document by Early Warning Services LLC. (Attachments: # 1 Exhibit 10, # 2 Exhibit 12, # 3 Exhibit 14, # 4 Proposed Order)(Durlach, Erick) *Modified to Seal Attachments, Counsel should |
| 2 | 25 | 8/9/2024 | Dkt 24 | Dkt 51 | **GRANTED** | Emergency MOTION to Seal Document 24 Response to Motion, by Early Warning Services LLC. (Attachments: # 1 Attachment Declaration of Tracy Cheney, # 2 Proposed Order)(Durlach, Erick) (Entered: 08/09/20 |
| 3 | 79 | 12/17/2024 | Dkt 77 | Pending/ Unknown | Pending | Emergency MOTION to Seal Document 77 First MOTION to Amend/Correct Answer and Counter Claims by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 12/17/2024) |
| 4 | 85 | 12/30/2024 | Dkt 84 | Dkt 89 | **GRANTED** | Emergency MOTION to Seal Document 84 Answer to Complaint, Counterclaim by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Wilson, Dennis) (Entered: 12/30/2024) |
| 5 | 90 | 1/2/2025 | Dkt 88 | Dkt 93 | **GRANTED** | Emergency MOTION to Seal Document 88 Answer to Counterclaim, by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Wilson, Dennis) (Entered: 01/02/2025) |
| 6 | 94 | 1/6/2025 | Dkt 92 | Dkt 100 | **GRANTED** | Emergency MOTION to Seal Document 92 Answer to Complaint,, Counterclaim, and Motion for Sanctions by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Wilson, Dennis). (Entered: 01/06/2025 |
| 7 | 109 | 4/1/2025 | Dkt 107 | Dkt 123 | **GRANTED** | Emergency MOTION to Seal Document 107 First MOTION to Disqualify Counsel Of EWS by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 04/01/2025) |
| 8 | 114 | 4/7/2025 | | Pending/ Unknown | Pending | MOTION to Seal Document Reply in Support of Motion to Disqualify by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Wilson, Dennis) (Entered: 04/07/2025) |
| 9 | 129 | 5/1/2025 | | Dkt 132 | **GRANTED** | MOTION to Seal Document Motion for Sanctions Pending Court Review by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 05/01/2025) |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10 | 159 | 5/30/2025 | Dkt 158 | Dkt 163 | **GRANTED** | MOTION to Seal Document 158 Notice (Other), 157 First MOTION for Sanctions by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 05/30/2025) |
| 11 | 180 | 6/27/2025 | Dkt 176 | Pending/ Unknown | Pending | MOTION to Seal Document 176 MOTION for Leave to File Amended Counterclaim by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 06/27/2025) |
| 12 | 265 | 11/6/2025 | Dkt 264 | Dkt 283 | **GRANTED** | MOTION to Seal Document 264 Reply to Response to Motion, by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Stadler, Sara) (Entered: 11/06/2025) |
| 13 | 270 | 11/10/2025 | Dkt 267 | Pending/ Unknown | Pending | MOTION to Seal Document 267 Response to Motion, by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 11/10/2025) |
| 14 | 273 | 11/12/2025 | Dkt 272 | Dkt 277 | **GRANTED** | MOTION to Seal Document 272 First MOTION Motion for Evidentiary Ruling that Privilege Over Microsoft Teams Chat Is Waived or Vitiated Under the Crime-Fraud Exception (Fed. R. Evid. 104(a)) by Early Wa |
| 15 | 279 | 11/18/2025 | Dkt 278 | Dkt 282 | **GRANTED** | MOTION to Seal Document 278 Affidavit in Opposition to Motion, by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 11/18/2025) |
| 16 | 312 | 1/13/2026 | Dkt 309 | Dkt 314 | **GRANTED** | Emergency MOTION to Seal Document 309 Declaration, 310 Declaration, by Early Warning Services LLC. (Attachments: # 1 Affidavit Declaration of Kristin Adams, # 2 Proposed Order)(Durlach, Erick) (Entere |
| 17 | 318 | 1/16/2026 | Dkt 316 | Dkt 321 | **GRANTED** | Emergency MOTION to Seal Document 316 Notice (Other) by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 01/16/2026) |
| 18 | 324 | 1/20/2026 | Dkt 320 | Dkt 328 | **GRANTED** | Emergency MOTION to Seal Document 320 Response in Opposition to Motion by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Adams, Kristin) (Entered: 01/20/2026) |
| 19 | 345 | 2/6/2026 | | Pending/ Unknown | Pending | MOTION to Seal Document Plaintiff's Opposition to Johnson's Emergency Motion to Vacate Preliminary Injunction 308 by Early Warning Services LLC. (Attachments: # 1 Affidavit Declaration of Kristin Adam |

| 20 | 353 | 2/12/2026 | Dkt 328 | Pending/ Unknown | Pending | MOTION to Seal Document 328 Order on Motion to Seal Document,, 321 Order on Motion to Seal Document,, 314 Order on Motion to Seal Document,, Maintain Under Seal Dkts 309, 309-1, 310, 310-1, 316 and 32 |
|---|---|---|---|---|---|---|
| 21 | 364 | 2/20/2026 | Dkt 362 | Pending/ Unknown | Pending | Emergency MOTION to Seal Document 362 Response in Opposition to Motion,, by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Adams, Kristin) (Entered: 02/20/2026) |
| 22 | 367 | 2/23/2026 | Dkt 366 | Pending/ Unknown | Pending | Emergency MOTION to Seal Document 366 Response to Motion, by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Adams, Kristin) (Entered: 02/23/2026) |

| Dkt # | Date | Filed By | Entry Type | Target Doc | Emergency? | Description |
|---|---|---|---|---|---|---|
| 5 | 6/28/2024 | Other | OTHER | | | Summons Issued as to Warren Vurl Johnson, Brandon O'Loughlin, P.A.Z.E. LLC. (Attachments: # 1 Summons, # 2 Summons)(REK). *** IMPORTANT: When printing the summons, select "Document and stamps" or "Document and comments" for the seal to appear on the |
| 19 | 7/23/2024 | EWS | MOTION TO SEAL | | | *MOTION to Seal Document by Early Warning Services LLC. (Attachments: # 1 Exhibit 10, # 2 Exhibit 12, # 3 Exhibit 14, # 4 Proposed Order)(Durlach, Erick) *Modified to Seal Attachments, Counsel should have lodged them on 7/24/2024 (MAP). (Entered: 07/ |
| 21 | 7/24/2024 | EWS | NOTICE | | | NOTICE re: of Service by Electronic Mail by Early Warning Services LLC re: 17 Declaration, 18 Additional Attachments to Main Document, 16 MOTION for Preliminary Injunction and Supporting Memorandum of Points and Authorities, 19 MOTION to Seal Documen |
| 24 | 8/8/2024 | Johnson | RESPONSE/ REPLY | | | *RESPONSE to Motion re: 16 MOTION for Preliminary Injunction and Supporting Memorandum of Points and Authorities filed by Warren Vurl Johnson. (Attachments: # 1 Affidavit Defendant Warren Declaraton for Response to Plaintiff Motion for Injunction, # |
| 25 | 8/9/2024 | EWS | MOTION TO SEAL | Dkt 24 | Yes | Emergency MOTION to Seal Document 24 Response to Motion, by Early Warning Services LLC. (Attachments: # 1 Attachment Declaration of Tracy Cheney, # 2 Proposed Order)(Durlach, Erick) (Entered: 08/09/2024) |
| 26 | 8/9/2024 | EWS | NOTICE | Dkt 24 | Yes | NOTICE re: for Expedited Consideration by Early Warning Services LLC re: 25 Emergency MOTION to Seal Document 24 Response to Motion, . (Durlach, Erick) (Entered: |
| 27 | 8/12/2024 | Court | ORDER - OTHER | | | ORDER that Plaintiff may: (1) lodge with the Court, by filing under seal, a complete copy of Exhibits 10, 12, 14, and 16 to the Declaration of Tracy Cheney in support of Plaintiff's Motion for Preliminary Injunction; and (2) file in the public record |
| 33 | 9/18/2024 | EWS | OTHER | | | SERVICE EXECUTED filed by Early Warning Services LLC: Declaration of Service re: Summons, Notice of Availability of Magistrate, Corporate Disclosure Statement, Civil Cover and Complaint JUDGE TO EXERCISE JURISDICTION; PRELIMINARY ORDER DATED JULY 1, |
| 34 | 9/18/2024 | EWS | OTHER | | | SERVICE EXECUTED filed by Early Warning Services LLC: Declaration of Service re: SUMMONS ISSUED TO P.A.Z.E., LLC; COMPLAINT; CIVIL COVERSHEET; CORPORATE DISCLOSURE STATEMENT; NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE TO EXERCISE JURISDICTION; PRELIM |
| 35 | 9/19/2024 | Johnson | OTHER | | | First MOTION for Leave to File Motion for Leave to File Redacted Answer to First Complaint by Warren Vurl Johnson. (Johnson, Warren Vurl) (Entered: 09/19/2024) |

| Dkt # | Date | Filed By | Entry Type | Target Doc | Emergency? | Description |
|---|---|---|---|---|---|---|
| 36 | 11/14/2024 | Johnson | REDACTED FILING | | | *REDACTED FIRST ANSWER to 1 Complaint with Jury Demand, First COUNTERCLAIM S against All Plaintiffs by Warren Vurl Johnson.(Johnson, Warren Vurl) *Modified to change from filed to lodged under seal on 9/20/2024 (MAP). *Modified to change from lodged |
| 37 | 11/14/2024 | Johnson | SEALED FILING | | | *SEALED UNREDACTED First ANSWER to 1 Complaint with Jury Demand, First COUNTERCLAIM s against Early Warning Services LLC by Warren Vurl Johnson.(Johnson, Warren Vurl) *Modified to change from filed to lodged under seal on 9/20/2024 (MAP). *Modified t |
| 42 | 10/6/2024 | Johnson | MOTION TO SEAL | | | First MOTION to Seal Document Amended Answer and Counter Claims by Warren Vurl Johnson. (Attachments: # 1 Proposed Order PROPOSED ORDER FOR MOTION FOR LEAVE TO FILE SEALED ANSWER)(Johnson, Warren Vurl) (Entered: 10/06/2024) |
| 43 | 10/10/2024 | Johnson | SEALED FILING | | | *FILED at Doc. 57 *SEALED LODGED Proposed First Amended Answer and Counterclaims re: 42 First MOTION to Seal Document Amended Answer and Counter Claims. Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed by Warren Vurl J |
| 51 | 11/6/2024 | Court | **ORDER - GRANTED** | | | ORDER granting 25 Motion to Seal. FURTHER ORDERED Within three (3) days of this Order, Defendant Johnson shall file public copies of the foregoing documents with the following lines, paragraphs, and pages permanently redacted: See Order for Complete |
| 52 | 11/7/2024 | Johnson | RESPONSE/ REPLY | | | RESPONSE in Opposition re: 16 MOTION for Preliminary Injunction and Supporting Memorandum of Points and Authorities Redacted version as ordered filed by Warren Vurl Johnson. (Attachments: # 1 Exhibit REDACTED Exhibits 1-12 Doc 24-2, # 2 Attachment Co |
| 53 | 11/7/2024 | Johnson | OTHER | | | First MOTION to Unseal Document Ordered Sealed by Order Dkt 51 by Warren Vurl Johnson. (Johnson, Warren Vurl) (Entered: 11/07/2024) |
| 54 | 11/12/2024 | Court | **ORDER - DENIED** | | | ORDER denying 53 Motion or Clarification on Order for Redaction of Documents. Signed by Judge Susan M Brnovich on 11/12/24. (DXD) (Entered: 11/12/2024) |
| 56 | 11/14/2024 | Court | **ORDER - GRANTED** | | | ORDER granting 35 Motion for Leave to File Redacted Answer. FURTHER ORDERED directing the Clerk to file Mr. Warren B. Johnson's Redacted Answer and Counter Claims (Doc. 36 ) unsealed and Mr. Warren V. Johnson's Answer and Counter Claims (Doc. 37 ) un |
| 57 | 11/14/2024 | Other | SEALED FILING | | | Sealed First Amended Answer and Counterclaims to 1 Complaint by Warren Vurl Johnson. (MAP) (Entered: 11/14/2024) |
| 58 | 11/18/2024 | Johnson | REDACTED FILING | | | *First Redacted ANSWER to 1 Complaint with Jury Demand, First COUNTERCLAIM s against Early Warning Services LLC, Sara Stadler by Warren Vurl Johnson. (Johnson, Warren Vurl) Modified on 11/19/2024 (REK). *Modified event, text, document link, and add a |

| Dkt # | Date | Filed By | Entry Type | Target Doc | Emergency? | Description |
|---|---|---|---|---|---|---|
| 75 | 12/6/2024 | Other | NOTICE | | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of ORAL ARGUMENT proceedings for date of 12/04/2024 before Judge SUSAN M. BRNOVICH re: 71 Notice of Interlocutory Appeal. [Court Reporter: Christine M. Coaly, RMR, CRR, Telephone number (602) 322-7248]. The ord |
| 77 | 12/14/2024 | Johnson | OTHER | | | *First MOTION to Amend/Correct Answer and Counter Claims by Warren Vurl Johnson. (Attachments: # 1 Attachment Second Amended Answer and Counter Claims, # 2 Proposed Order Proposed Order to Motion)(Johnson, Warren Vurl) *Pursuant to Doc. 81, |
| 79 | 12/17/2024 | EWS | MOTION TO SEAL | Dkt 77 | Yes | Emergency MOTION to Seal Document 77 First MOTION to Amend/Correct Answer and Counter Claims by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 12/17/2024) |
| 80 | 12/17/2024 | EWS | NOTICE | Dkt 77 | Yes | NOTICE by Early Warning Services LLC re: 79 Emergency MOTION to Seal Document 77 First MOTION to Amend/Correct Answer and Counter Claims EXPEDITED CONSIDERATION. (Durlach, Erick) (Entered: 12/17/2024) |
| 81 | 12/18/2024 | Court | ORDER - OTHER | | | ORDER Instructing the Clerk of Court to place under seal the document at ECF No. 77-1. FURTHER ORDERED within seven (7) days of this Order being entered that Defendant Johnson file a public copy of the foregoing document with the following redactions |
| 84 | 12/28/2024 | Johnson | REDACTED FILING | | | *REDACTED Proposed Second Amended ANSWER re: 81 Order by Warren Vurl Johnson.(Johnson, Warren Vurl) *Modified to correct text on 12/30/2024 (KLG). *Modified to Seal Pursuant to Doc. 89 on 1/2/2025 (MAP). (Entered: 12/28/2024) |
| 85 | 12/30/2024 | EWS | MOTION TO SEAL | Dkt 84 | Yes | Emergency MOTION to Seal Document 84 Answer to Complaint, Counterclaim by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Wilson, Dennis) (Entered: 12/30/2024) |
| 86 | 12/30/2024 | EWS | NOTICE | Dkt 84 | Yes | NOTICE by Early Warning Services LLC re: 85 Emergency MOTION to Seal Document 84 Answer to Complaint, Counterclaim EXPEDITED CONSIDERATION. (Wilson, Dennis) (Entered: 12/30/2024) |
| 88 | 1/1/2025 | Johnson | OTHER | | | *Proposed Second Amended ANSWER re: 81 Order by Warren Vurl Johnson.(Johnson, Warren Vurl) *Modified to correct event and text on 1/2/2025 (KLG). *Modified to Seal Pursuant to Doc. 93 on 1/6/2025 (MAP). (Entered: |
| 89 | 1/2/2025 | Court | **ORDER - GRANTED** | | Yes | ORDER granting 85 Emergency Motion to Seal. FURTHER ORDERED directing the Clerk of the Court to file Doc. 84 under seal. FURTHER ORDERED within three days of this Order, Defendant Johnson shall file a public copy of the foregoing document with the fo |
| 90 | 1/2/2025 | EWS | MOTION TO SEAL | Dkt 88 | Yes | Emergency MOTION to Seal Document 88 Answer to Counterclaim, by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Wilson, Dennis) |

| Dkt # | Date | Filed By | Entry Type | Target Doc | Emergency? | Description |
|---|---|---|---|---|---|---|
| 91 | 1/2/2025 | EWS | NOTICE | Dkt 88 | Yes | NOTICE by Early Warning Services LLC re: 90 Emergency MOTION to Seal Document 88 Answer to Counterclaim, EXPEDITED CONSIDERATION. (Wilson, Dennis) (Entered: 01/02/2025) |
| 92 | 1/2/2025 | Johnson | SEALED FILING | | | SEALED LODGED Proposed Redacted Second Amended Complaint and Counterclaim re: 77 First MOTION to Amend/Correct Answer and Counter Claims. Document to be filed by Clerk if Motion or Stipulation for Leave to File or Amend is granted. Filed by Warren Vu |
| 93 | 1/6/2025 | Court | **ORDER - GRANTED** | | Yes | ORDER granting 90 Emergency Motion to Seal. FURTHER ORDERED directing the Clerk of the Court to file Doc. 88 under seal. FURTHER ORDERED within three days of this Order, Defendant Johnson shall file a public copy of the foregoing document with the fo |
| 94 | 1/6/2025 | EWS | MOTION TO SEAL | Dkt 92 | Yes | Emergency MOTION to Seal Document 92 Answer to Complaint,, Counterclaim, and Motion for Sanctions by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Wilson, Dennis). (Entered: 01/06/2025) |
| 95 | 1/6/2025 | EWS | NOTICE | Dkt 92 | Yes | NOTICE by Early Warning Services LLC re: 94 Emergency MOTION to Seal Document 92 Answer to Complaint,, Counterclaim, EXPEDITED CONSIDERATION. (Wilson, Dennis) (Entered: 01/06/2025) |
| 96 | 1/7/2025 | Johnson | OTHER | | | LODGED Proposed Redacted Second Amended Answer and Counterclaim re: 77 First MOTION to Amend/Correct Answer and Counter Claims. Document to be filed by Clerk if Motion or Stipulation for Leave to File or Amend is granted. Filed by Warren Vurl Johnson |
| 97 | 1/12/2025 | Johnson | RESPONSE/ REPLY | Dkt 92 | Yes | RESPONSE to Motion re: 94 Emergency MOTION to Seal Document 92 Answer to Complaint,, Counterclaim, Opposition for Sanctions filed by Warren Vurl Johnson. (Johnson, Warren Vurl) (Entered: 01/12/2025) |
| 98 | 1/16/2025 | EWS | RESPONSE/ REPLY | Dkt 92 | Yes | REPLY to Response to Motion re: 94 Emergency MOTION to Seal Document 92 Answer to Complaint,, Counterclaim, filed by Early Warning Services LLC. (Durlach, Erick) (Entered: 01/16/2025) |
| 100 | 1/22/2025 | Court | **ORDER - GRANTED** | | Yes | ORDER granting 94 Emergency Motion to Seal and instructing the Clerk of Court to place under seal the document filed at ECF 92 . FURTHER ORDERED denying 94 Motion for Sanctions. Signed by Judge Susan M Brnovich on 1/22/25. (MAP) (Entered: 01/22/2025) |
| 107 | 3/25/2025 | Johnson | OTHER | | | *First MOTION to Disqualify Counsel Of EWS by Warren Vurl Johnson. (Attachments: # 1 Affidavit Warren Johnson Declaration in Support of Motion, # 2 Exhibit Exhibits 1-9 in Support of Motion to Disqualify, # 3 Proposed Order Proposed Order for Motion |
| 109 | 4/1/2025 | EWS | MOTION TO SEAL | Dkt 107 | Yes | Emergency MOTION to Seal Document 107 First MOTION to Disqualify Counsel Of EWS by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 04/01/2025) |

| Dkt # | Date | Filed By | Entry Type | Target Doc | Emergency? | Description |
|---|---|---|---|---|---|---|
| 110 | 4/1/2025 | EWS | NOTICE | Dkt 107 | Yes | NOTICE re: Expedited Consideration by Early Warning Services LLC re: 109 Emergency MOTION to Seal Document 107 First MOTION to Disqualify Counsel Of EWS . (Durlach, Erick) (Entered: 04/01/2025) |
| 111 | 4/2/2025 | Court | ORDER - OTHER | Dkt 109 ( | Yes | ORDER The Court has received Plaintiff's Emergency Motion to Seal Portions of Defendant Warren Vurl Johnson's Motion to Disqualify (Doc. 109 ). The Court has temporarily sealed Doc. 107 and will order expedited briefing on this motion. Therefore, IT |
| 112 | 4/4/2025 | Johnson | MOTION TO SEAL | | Yes | First MOTION to Seal Document Opposition to Emergency Motion to Seal Defedants Motion to Disqualify Counsel by Warren Vurl Johnson. (Attachments: # 1 Proposed Order Proposed Order Granting Motion)(Johnson, Warren Vurl) (Entered: 04/04/2025) |
| 113 | 4/4/2025 | Johnson | SEALED FILING | | Yes | *FILED at Doc. 124 *SEALED LODGED Proposed Opposittion Brief to Emergency Motion to Seal Defendants Motion to Disqualify Counsel. Document to be filed by Clerk if 112 Motion or Stipulation for Leave to File or Amend is granted. Filed by Warren Vurl J |
| 114 | 4/7/2025 | EWS | MOTION TO SEAL | | | MOTION to Seal Document Reply in Support of Motion to Disqualify by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Wilson, Dennis) (Entered: 04/07/2025) |
| 115 | 4/7/2025 | EWS | SEALED FILING | | | *FILED at Doc. 125 *SEALED LODGED Proposed SEALED Reply in Support of Motion to Seal Johnson Motion to Disqualify re: 114 MOTION to Seal Document Reply in Support of Motion to Disqualify. Document to be filed by Clerk if Motion or Stipulation to Seal |
| 116 | 4/7/2025 | EWS | SEALED FILING | | | *SEALED LODGED Proposed PROPOSED REDACTED Reply in Support of Motion to Seal Johnson Motion to Disqualify re: 114 MOTION to Seal Document Reply in Support of Motion to Disqualify. Document to be filed by Clerk if Motion or Stipulation to Seal is gran |
| 119 | 4/8/2025 | Johnson | MOTION TO SEAL | | | First MOTION to Seal Document Surreply in Response to Plaintiffs Reply in Support of Motion to Seal by Warren Vurl Johnson. (Attachments: # 1 Proposed Order Proposed Order for Motion for Leave to File Surreply Under Seal)(Johnson, Warren Vurl) (Enter |
| 120 | 4/8/2025 | Johnson | SEALED FILING | | | **Denied per Order** SEALED LODGED Proposed Surreply in Response to Plaintiff Reply in Support of Motion to Seal. Document to be filed by Clerk if 119 Motion or Stipulation for Leave to File or Amend is granted. Filed by Warren Vurl Johnson. (Attachm |
| 123 | 4/22/2025 | Court | **ORDER - GRANTED** | | | ORDER granting 109 ESW's Motion to Seal and Motions to Seal 114 and 112 .FURTHER ORDERED instructing the Clerk of Court to file this Order under seal. FURTHER ORDERED that within seven (7) days of this Order being entered, Mr. Johnson file a public c |

| Dkt # | Date | Filed By | Entry Type | Target Doc | Emergency? | Description |
|---|---|---|---|---|---|---|
| 124 | 4/22/2025 | Other | SEALED FILING | | | SEALED Opposition to 107 First MOTION to Disqualify Counsel by Warren Vurl Johnson. (Attachments: # 1 Exhibit A)(MAP) (Entered: 04/22/2025) |
| 125 | 4/22/2025 | EWS | SEALED FILING | | Yes | SEALED REPLY to 109 Emergency MOTION to Seal 107 First MOTION to Disqualify Counsel by Early Warning Services LLC. (Attachments: # 1 Declaration of Paras Shah # 2 Declaration of George C. Chen)(MAP) (Entered: |
| 129 | 5/1/2025 | EWS | MOTION TO SEAL | | | MOTION to Seal Document Motion for Sanctions Pending Court Review by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) |
| 130 | 5/1/2025 | EWS | SEALED FILING | | | *FILED at Doc. 133 *SEALED LODGED Proposed Early Warning Services, LLC's Motion for Sanctions re: 129 MOTION to Seal Document Motion for Sanctions Pending Court Review. Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed |
| 132 | 5/2/2025 | Court | **ORDER - GRANTED** | | | ORDER granting 129 Motion to Seal Plaintiff's Motion for Sanctions. Signed by Judge Susan M Brnovich on 5/2/25. (MAP) (Entered: 05/02/2025) |
| 133 | 5/2/2025 | EWS | SEALED FILING | | | SEALED MOTION for Sanctions by Early Warning Services LLC. (MAP) (Entered: 05/02/2025) |
| 134 | 5/5/2025 | Johnson | MOTION TO SEAL | | | First MOTION to Seal Document MOTION TO STRIKE DECLARATION OF TRACY CHENEY AND FOR SANCTIONS by Warren Vurl Johnson. (Johnson, Warren Vurl) (Entered: 05/05/2025) |
| 135 | 5/6/2025 | Johnson | SEALED FILING | | | *SEALED Motion to Strike Cheney's Declaration and a Motion for Sancitons filed by Warren Vurl Johnson. (Attachments: # 1 Exhibit Exhibits 1-11 # 2 Exhibit Exhibits 12-20 # 3 Johnson Declaration) (Johnson, Warren Vurl) *Modified to change from lodged |
| 137 | 5/6/2025 | Court | **ORDER - GRANTED** | | | ORDER The Court has reviewed Defendant Warren Johnsons Motion To File Under Seal Defendant Warren Johnson's Motion to Strike the Declaration of Tracy Cheney and For Sanctions (Doc. 134 ) and the Lodged proposed motion (Doc. 135 ). The Court does not |
| 140 | 5/12/2025 | Johnson | OTHER | | | First MOTION to Expedite Access to Sealed Order 123 Order on Motion to Seal Document,,,,,,,,,,, by Warren Vurl Johnson. (Johnson, Warren Vurl) (Entered: 05/12/2025) |
| 143 | 5/16/2025 | Court | **ORDER - GRANTED** | | | ORDER granting in part Mr. Johnsons 140 Motion to Expedite Access to Sealed Order. IT IS FURTHER ORDERED extending Mr. Johnson's deadline to respond to EWS's Motion for Sanctions until Wednesday, May 21, 2025.IT IS FURTHER ORDERED directing the Clerk |
| 144 | 5/16/2025 | EWS | RESPONSE/ REPLY | | | RESPONSE to Motion re: 133 SEALED MOTION for Sanctions, 134 First MOTION to Seal Document MOTION TO STRIKE DECLARATION OF TRACY CHENEY AND FOR SANCTIONS filed by Early Warning Services LLC. (Durlach, Erick) (Entered: 05/16/2025) |

| Dkt # | Date | Filed By | Entry Type | Target Doc | Emergency? | Description |
|---|---|---|---|---|---|---|
| 146 | 5/20/2025 | Johnson | RESPONSE/ REPLY | | | RESPONSE in Opposition re: 133 SEALED MOTION for Sanctions filed by Warren Vurl Johnson. (Johnson, Warren Vurl) (Entered: 05/20/2025) |
| 149 | 5/23/2025 | EWS | RESPONSE/ REPLY | | | REPLY to Response to Motion re: 133 SEALED MOTION for Sanctions filed by Early Warning Services LLC. (Durlach, Erick) (Entered: 05/23/2025) |
| 157 | 5/30/2025 | Johnson | OTHER | | | *First MOTION for Sanctions by Warren Vurl Johnson. (Attachments: # 1 Exhibit Exhibits in Support of Rule 11 Sanctions Motion)(Johnson, Warren Vurl) *Modified to Seal Pursuant to doc. 163 on 5/30 /2025 (MAP). (Entered: 05/30/2025) |
| 158 | 5/30/2025 | Johnson | NOTICE | | | *NOTICE re: of Filing Rule 11 Sanctions by Warren Vurl Johnson . (Johnson, Warren Vurl) *Modified to Seal Pursuant to Doc. 166 on 6/2/2025 (MAP). (Entered: |
| 159 | 5/30/2025 | EWS | MOTION TO SEAL | Dkt 158 | | MOTION to Seal Document 158 Notice (Other), 157 First MOTION for Sanctions by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 05/30/2025) |
| 160 | 5/30/2025 | EWS | NOTICE | Dkt 158 | Yes | NOTICE re: for Emergency Consideration by Early Warning Services LLC re: 159 MOTION to Seal Document 158 Notice (Other), 157 First MOTION for Sanctions . (Durlach, Erick) (Entered: 05/30/2025) |
| 163 | 5/30/2025 | Court | **ORDER - GRANTED** | | | ORDER granting 159 Motion to Seal. FURTHER ORDERED denying 157 Motion for Sanctions. FURTHER ORDERED directing the Clerk of the Court to place the document filed at ECF No. 157 under seal. Signed by Judge Susan M Brnovich on 5/30/25. (MAP) (Entered: |
| 164 | 6/2/2025 | EWS | RELATED MOTION | | | MOTION for Clarification re: 163 Order on Motion for Sanctions, Order on Motion to Seal Document by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 06/02/2025) |
| 165 | 6/2/2025 | EWS | NOTICE | | | NOTICE re: Expedited Consideration by Early Warning Services LLC re: 164 MOTION for Clarification re: 163 Order on Motion for Sanctions, Order on Motion to Seal Document . (Durlach, Erick) (Entered: 06/02/2025) |
| 166 | 6/2/2025 | Court | **ORDER - GRANTED** | | | ORDER granting 164 Motion for Clarification. FURTHER ORDERED instructing the Clerk of Court to place the documents at ECF No. 158 under seal.Signed by Judge Susan M Brnovich on 6/2/25. (MAP) (Entered: |
| 167 | 5/31/2025 | Other | NOTICE | | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of MOTION HEARING proceedings held on 05/30/2025 before Judge SUSAN M. BRNOVICH. [Court Reporter: Christine M. Coaly, RMR, CRR, Telephone number (602) 322-7248]. The ordering party receives the transcript direc |
| 176 | 6/9/2025 | Other | OTHER | | | *STRICKEN & SEALED By Doc. 182 * MOTION for Leave to File Amended Counterclaim (Titled: Defamation per se Abuse of Process Intentional Infliction of Emotional Distress) by Warren Vurl Johnson. (29 Pages) (Attachments: # 1 Civil Cover Sheet)(REK) *Mod |

| Dkt # | Date | Filed By | Entry Type | Target Doc | Emergency? | Description |
|---|---|---|---|---|---|---|
| 180 | 6/27/2025 | EWS | MOTION TO SEAL | Dkt 176 | | MOTION to Seal Document 176 MOTION for Leave to File Amended Counterclaim by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 06/27/2025) |
| 181 | 6/27/2025 | EWS | NOTICE | Dkt 176 | | NOTICE re: for Expedited Consideration by Early Warning Services LLC re: 180 MOTION to Seal Document 176 MOTION for Leave to File Amended Counterclaim . (Durlach, Erick) (Entered: 06/27/2025) |
| 182 | 6/30/2025 | Court | ORDER - DENIED | | | ORDER striking from the record the filing at ECF No. 176 . FURTHER ORDERED instructing the Clerk of Court to place under seal the document filed at ECF No. 176 . FURTHER ORDERED denying EWS's Motion to Seal (Doc. 180 ) and Request for Expedited Consi |
| 183 | 6/30/2025 | Court | ORDER - GRANTED | | Yes | ORDER denying Mr. Johnson's Motion to Strike and Motion for Sanctions (Doc. 135 ), Motion re: Request for Findings of Fact and Conclusions of Law (Doc. 108 ), and Motion for Reconsideration of this Courts Order denying his Motion to Disqualify EWS's |
| 206 | 7/22/2025 | Other | NOTICE | | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of TELEPHONIC SCHEDULING CONFERENCE proceedings held on 07/17/2025 before Judge SUSAN M. BRNOVICH. [Court Reporter: Christine M. Coaly, RMR, CRR, Telephone number (602) 322-7248]. The ordering party receives th |
| 251 | 9/25/2025 | Other | NOTICE | | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of SHOW CAUSE HEARING - DAY ONE (Page 1 - 21) proceedings for date of 09/22/2025 before Judge SUSAN M. BRNOVICH re: 240 Notice of Interlocutory Appeal. [Court Reporter: Christine M. Coaly, RMR, CRR, Telephone n |
| 252 | 9/25/2025 | Other | NOTICE | | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of CONTINUED SHOW CAUSE HEARING - DAY TWO (Page 22 - 42) proceedings for date of 09/24/2025 before Judge SUSAN M. BRNOVICH re: 240 Notice of Interlocutory Appeal. [Court Reporter: Christine M. Coaly, RMR, CRR, |
| 264 | 11/5/2025 | Johnson | RESPONSE/ REPLY | | | *REPLY to Response to Motion re: 258 First MOTION to Strike 256 Reply to Response to Motion for Protective Order filed by Warren Vurl Johnson. (Attachments: # 1 Exhibit Exhibit A - Table of EWS False Disputed Facts, # 2 Exhibit Exhibit B - EWS New Ar |
| 265 | 11/6/2025 | EWS | MOTION TO SEAL | Dkt 264 | | MOTION to Seal Document 264 Reply to Response to Motion, by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Stadler, Sara) (Entered: 11/06/2025) |
| 266 | 11/6/2025 | EWS | NOTICE | Dkt 264 | | NOTICE re: Expedited Consideration by Early Warning Services LLC re: 265 MOTION to Seal Document 264 Reply to Response to Motion, . (Stadler, Sara) (Entered: |
| 267 | 11/7/2025 | Johnson | RESPONSE/ REPLY | Dkt 264 | | *RESPONSE to Motion re: 265 MOTION to Seal Document 264 Reply to Response to Motion,, 258 First MOTION to Strike 256 Reply to Response to Motion for Protective Order filed by Warren Vurl Johnson. (Johnson, Warren Vurl) *Modified to Seal Pursuant to D |

| Dkt # | Date | Filed By | Entry Type | Target Doc | Emergency? | Description |
|---|---|---|---|---|---|---|
| 268 | 11/7/2025 | Johnson | NOTICE | Dkt 264 | | NOTICE of Errata re: 265 MOTION to Seal Document 264 Reply to Response to Motion,, 266 Notice (Other) by Defendant Warren Vurl Johnson.. (Johnson, Warren Vurl) (Entered: 11/07/2025) |
| 269 | 11/10/2025 | EWS | RESPONSE/ REPLY | Dkt 264 | | REPLY to Response to Motion re: 265 MOTION to Seal Document 264 Reply to Response to Motion, filed by Early Warning Services LLC. (Attachments: # 1 Affidavit Declaration of Elba T. Smith)(Durlach, Erick) (Entered: |
| 270 | 11/10/2025 | EWS | MOTION TO SEAL | Dkt 267 | | MOTION to Seal Document 267 Response to Motion, by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 11/10/2025) |
| 271 | 11/10/2025 | EWS | NOTICE | Dkt 267 | | NOTICE re: Expedited Consideration by Early Warning Services LLC re: 270 MOTION to Seal Document 267 Response to Motion, . (Durlach, Erick) (Entered: |
| 272 | 11/11/2025 | Johnson | OTHER | | | *First MOTION Motion for Evidentiary Ruling that Privilege Over Microsoft Teams Chat Is Waived or Vitiated Under the Crime-Fraud Exception (Fed. R. Evid. 104(a)) by Warren Vurl Johnson. (Johnson, Warren Vurl) *Modified to Seal Pursuant to Doc. 277 on |
| 273 | 11/12/2025 | EWS | MOTION TO SEAL | Dkt 272 | | MOTION to Seal Document 272 First MOTION Motion for Evidentiary Ruling that Privilege Over Microsoft Teams Chat Is Waived or Vitiated Under the Crime-Fraud Exception (Fed. R. Evid. 104(a)) by Early Warning Services LLC. (Attachments: # 1 Affidavit De |
| 274 | 11/12/2025 | EWS | NOTICE | Dkt 272 | | NOTICE re: Expedited Consideration by Early Warning Services LLC re: 273 MOTION to Seal Document 272 First MOTION Motion for Evidentiary Ruling that Privilege Over Microsoft Teams Chat Is Waived or Vitiated Under the Crime-Fraud Exception (Fed. R. Ev |
| 277 | 11/14/2025 | Court | **ORDER - GRANTED** | | | ORDER granting 273 Motion to Seal. FURTHER ORDERED The Clerk of Court shall place under seal the document identified by docket number 272 . FURTHER ORDERED Within three (3) days of this Order, Defendant Johnson shall file a public copy of the foregoi |
| 278 | 11/14/2025 | Johnson | DECLARATION/AFFIDAVIT | Dkt 272 | | *AFFIDAVIT in Opposition re: 273 MOTION to Seal Document 272 First MOTION for Evidentiary Ruling that Privilege Over Microsoft Teams Chat Is Waived or Vitiated Under the Crime-Fraud Exception (Fed. R. Evid. 104(a)) filed by Warren Vurl Johnson. (Atta |
| 279 | 11/18/2025 | EWS | MOTION TO SEAL | Dkt 278 | | MOTION to Seal Document 278 Affidavit in Opposition to Motion, by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 11/18/2025) |
| 280 | 11/18/2025 | EWS | NOTICE | Dkt 278 | | NOTICE re: Expedited Consideration by Early Warning Services LLC re: 279 MOTION to Seal Document 278 Affidavit in Opposition to Motion, . (Durlach, Erick) (Entered: 11/18/2025) |

| Dkt # | Date | Filed By | Entry Type | Target Doc | Emergency? | Description |
|---|---|---|---|---|---|---|
| 282 | 11/20/2025 | Court | **ORDER - GRANTED** | Dkt 278 ( | Yes | ORDER granting 279 Emergency Motion to Seal Portions of Defendant Warren Vurl Johnsons Opposition to EWS's Motion to Seal Johnson's Motion for Privilege Ruling 278 . FURTHER ORDERED Clerk of Court shall place under seal the document identified by doc |
| 283 | 11/20/2025 | Court | **ORDER - GRANTED** | | | ORDER granting 265, 270 Motions to Seal. FURTHER ORDERED The Clerk of the Court shall place under seal the document identified by docket numbers 264 and [264-3]. Within three (3) days of this Order, Defendant Johnson shall file a public copy of the f |
| 284 | 11/23/2025 | Johnson | MOTION TO UNSEAL/VACATE | | | First MOTION to Vacate SEALING ORDERS, FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND TO STAY AUTOMATIC FEE SANCTIONS by Warren Vurl Johnson. (Johnson, Warren Vurl) (Entered: 11/23/2025) |
| 287 | 12/2/2025 | Johnson | MOTION TO UNSEAL/VACATE | | | *First MOTION to Vacate 51 ORDER AND UNSEAL PERFORMANCE REVIEWS by Warren Vurl Johnson. (Johnson, Warren Vurl) *Modified to add document link on 12/3/2025 (KLG). (Entered: 12/02/2025) |
| 288 | 12/8/2025 | EWS | RESPONSE/ REPLY | | | RESPONSE to Motion re: 284 First MOTION to Vacate SEALING ORDERS, FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND TO STAY AUTOMATIC FEE SANCTIONS filed by Early Warning Services LLC. (Durlach, Erick) (Entered: 12/08/2025) |
| 289 | 12/15/2025 | EWS | RESPONSE/ REPLY | | | RESPONSE in Opposition re: 287 First MOTION to Vacate 51 ORDER AND UNSEAL PERFORMANCE REVIEWS filed by Early Warning Services LLC. (Durlach, Erick) (Entered: |
| 290 | 12/15/2025 | EWS | SEALED FILING | | | SEALED LODGED Proposed Exhibit A - Sealed Performance Reviews Identifying Privileged Information re: 287 First MOTION to Vacate 51 ORDER AND UNSEAL PERFORMANCE REVIEWS. Document to be filed by Clerk if Motion or Stipulation to Seal is granted. Filed |
| 293 | 12/20/2025 | Johnson | RESPONSE/ REPLY | | | REPLY to Response to Motion re: 287 First MOTION to Vacate 51 ORDER AND UNSEAL PERFORMANCE REVIEWS filed by Warren Vurl Johnson. (Johnson, Warren Vurl) (Entered: 12/20/2025) |
| 303 | 1/7/2026 | Other | NOTICE | | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of TELEPHONIC DISCOVERY DISPUTE HEARING proceedings held on 01/06/2026 before Judge SUSAN M. BRNOVICH. [Court Reporter: Christine M. Coaly, RMR, CRR, Telephone number (602) 322-7248]. The ordering party receive |
| 309 | 1/12/2026 | Johnson | DECLARATION/AFFIDAVIT | | | *DECLARATION of Warren Vurl Johnson re: 308 First MOTION to Vacate 70 Order on Motion for Preliminary Injunction,,,,,, for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) Supporting Evidence and Memoranda by Defendant Warren Vurl Johnson. (Att |

| Dkt # | Date | Filed By | Entry Type | Target Doc | Emergency? | Description |
|---|---|---|---|---|---|---|
| 310 | 1/13/2026 | Johnson | DECLARATION/AFFIDAVIT | | | *DECLARATION of Defendant Warren Vurl Johnson in Support of Defendant Response to Discovery Dispute by Defendant Warren Vurl Johnson. (Attachments: # 1 Exhibit Exhibits A - E in Support of Declaration of Defendant in support of Defedant's Response to |
| 312 | 1/13/2026 | EWS | MOTION TO SEAL | Dkt 309 | Yes | Emergency MOTION to Seal Document 309 Declaration, 310 Declaration, by Early Warning Services LLC. (Attachments: # 1 Affidavit Declaration of Kristin Adams, # 2 Proposed Order)(Durlach, Erick) (Entered: |
| 313 | 1/13/2026 | EWS | NOTICE | Dkt 309 | Yes | NOTICE re: Expedited Consideration by Early Warning Services LLC re: 312 Emergency MOTION to Seal Document 309 Declaration, 310 Declaration, . (Durlach, Erick) (Entered: 01/13/2026) |
| 314 | 1/14/2026 | Court | **ORDER - GRANTED** | | Yes | ORDER granting 312 Emergency Motion to Seal. The Clerk of Court shall provisionally place under seal the documents identified by Docket Nos. 309, [309-1], 310, and [310-1]. FURTHER ORDERED Plaintiff will have 14 days from the date of this order to su |
| 316 | 1/16/2026 | Johnson | NOTICE | | Yes | *NOTICE re: Defendant Emergency Notice of Material Misrepresentation in Plaintiffs Emergency Motion to Seal by Warren Vurl Johnson re: 313 Notice (Other), 314 Order on Motion to Seal Document,, . (Johnson, Warren Vurl) *Modified to Seal Pursuant to D |
| 317 | 1/16/2026 | Johnson | NOTICE | | Yes | NOTICE re: Notice for Expedited Consideration by Warren Vurl Johnson of Defendant Emergency Notice of material Misrepresentation in Plaintiffs Emergency Motion to Seal. (Johnson, Warren Vurl) (Entered: 01/16/2026) |
| 318 | 1/16/2026 | EWS | MOTION TO SEAL | Dkt 316 | Yes | Emergency MOTION to Seal Document 316 Notice (Other) by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Durlach, Erick) (Entered: 01/16/2026) |
| 319 | 1/16/2026 | EWS | NOTICE | Dkt 316 | Yes | NOTICE re: Expedited Consideration by Early Warning Services LLC re: 318 Emergency MOTION to Seal Document 316 Notice (Other) . (Durlach, Erick) (Entered: |
| 320 | 1/17/2026 | Johnson | RESPONSE/REPLY | Dkt 316 | Yes | *RESPONSE in Opposition re: 318 Emergency MOTION to Seal Document 316 Notice (Other) filed by Warren Vurl Johnson. (Johnson, Warren Vurl) *Modified to Seal Pursuant to Doc. 328 on 1/21/2026 (MAP). (Entered: |
| 321 | 1/20/2026 | Court | **ORDER - GRANTED** | | | ORDER granting 318 Motion to Seal in its entirety. The Clerk of Court shall provisionally place under seal the document identified by Docket No. 316 . FURTHER ORDERED Plaintiff will have 14 days from the date of this order to submit an application to |
| 324 | 1/20/2026 | EWS | MOTION TO SEAL | Dkt 320 | Yes | Emergency MOTION to Seal Document 320 Response in Opposition to Motion by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Adams, Kristin) (Entered: 01/20/2026) |

| Dkt # | Date | Filed By | Entry Type | Target Doc | Emergency? | Description |
|---|---|---|---|---|---|---|
| 325 | 1/20/2026 | EWS | NOTICE | Dkt 320 | Yes | NOTICE re: Expedited Consideration by Early Warning Services LLC re: 324 Emergency MOTION to Seal Document 320 Response in Opposition to Motion . (Adams, Kristin) (Entered: 01/20/2026) |
| 326 | 1/21/2026 | Johnson | RESPONSE/ REPLY | Dkt 320 | Yes | RESPONSE in Opposition re: 324 Emergency MOTION to Seal Document 320 Response in Opposition to Motion to Seal Defendants Opposition to Seal Defendant's Declaration and Rule 60(b) Motion filed by Warren Vurl Johnson. (Johnson, Warren Vurl) (Entered: 0 |
| 328 | 1/21/2026 | Court | **ORDER - GRANTED** | | | ORDER granting 324 Motion to Seal. FURTHER ORDERED The Clerk of Court shall provisionally place under seal the document identified by Docket No. 320 . FURTHER ORDERED Plaintiff will have 14 days from the date of this order to submit an application to |
| 345 | 2/6/2026 | EWS | MOTION TO SEAL | | Yes | MOTION to Seal Document Plaintiff's Opposition to Johnson's Emergency Motion to Vacate Preliminary Injunction 308 by Early Warning Services LLC. (Attachments: # 1 Affidavit Declaration of Kristin Adams, # 2 Proposed Order)(Durlach, Erick) (Entered: 0 |
| 346 | 2/6/2026 | EWS | SEALED FILING | | Yes | SEALED LODGED Proposed Plaintiff 's Opposition to Johnson's Emergency Motion to Vacate Preliminary Injunction re: 345 MOTION to Seal Document Plaintiff's Opposition to Johnson's Emergency Motion to Vacate Preliminary Injunction 308 . Document to be f |
| 353 | 2/12/2026 | EWS | MOTION TO SEAL | Dkt 328 | | MOTION to Seal Document 328 Order on Motion to Seal Document,, 321 Order on Motion to Seal Document,, 314 Order on Motion to Seal Document,, Maintain Under Seal Dkts 309, 309-1, 310, 310-1, 316 and 320, and to Seal Exhibit 1 to Adam Declaration by Ea |
| 354 | 2/12/2026 | EWS | SEALED FILING | Dkt 328 | | SEALED LODGED Proposed Ex 1 to Adams Declaration - Proposed Redactions to Dockets 309, 309-1, 310, 310-1, 316 and 320 re: 353 MOTION to Seal Document 328 Order on Motion to Seal Document,, 321 Order on Motion to Seal Document,, 314 Order on Motion to |
| 356 | 2/13/2026 | Johnson | RESPONSE/ REPLY | | Yes | REPLY to Response to Motion re: 345 MOTION to Seal Document Plaintiff's Opposition to Johnson's Emergency Motion to Vacate Preliminary Injunction 308 filed by Warren Vurl Johnson. (Johnson, Warren Vurl) (Entered: |
| 358 | 2/15/2026 | Johnson | RESPONSE/ REPLY | | Yes | RESPONSE in Opposition re: 345 MOTION to Seal Document Plaintiff's Opposition to Johnson's Emergency Motion to Vacate Preliminary Injunction 308 filed by Warren Vurl Johnson. (Attachments: # 1 Exhibit Exhibit A - Letter to Johnson of EWS Admitting Re |
| 362 | 2/19/2026 | Johnson | RESPONSE/ REPLY | Dkt 328 | | RESPONSE in Opposition re: 353 MOTION to Seal Document 328 Order on Motion to Seal Document,, 321 Order on Motion to Seal Document,, 314 Order on Motion to Seal Document,, Maintain Under Seal Dkts 309, 309-1, 310, 310-1, 316 and 320, and to Seal Exhi |

| Dkt # | Date | Filed By | Entry Type | Target Doc | Emergency? | Description |
|---|---|---|---|---|---|---|
| 364 | 2/20/2026 | EWS | MOTION TO SEAL | Dkt 362 | Yes | Emergency MOTION to Seal Document 362 Response in Opposition to Motion,, by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Adams, Kristin) (Entered: 02/20/2026) |
| 365 | 2/20/2026 | EWS | NOTICE | Dkt 362 | Yes | NOTICE re: Expedited Consideration by Early Warning Services LLC re: 364 Emergency MOTION to Seal Document 362 Response in Opposition to Motion,, . (Adams, Kristin) (Entered: 02/20/2026) |
| 366 | 2/21/2026 | Johnson | RESPONSE/ REPLY | Dkt 362 | Yes | RESPONSE to Motion re: 364 Emergency MOTION to Seal Document 362 Response in Opposition to Motion,, filed by Warren Vurl Johnson. (Attachments: # 1 Exhibit Exhibit B in Support of Opposition to Emergency Motion to Seal)(Johnson, Warren Vurl) (Entered |
| 367 | 2/23/2026 | EWS | MOTION TO SEAL | Dkt 366 | Yes | Emergency MOTION to Seal Document 366 Response to Motion, by Early Warning Services LLC. (Attachments: # 1 Proposed Order)(Adams, Kristin) (Entered: 02/23/2026) |
| 368 | 2/23/2026 | EWS | NOTICE | Dkt 366 | Yes | NOTICE re: Expedited Consideration by Early Warning Services LLC re: 367 Emergency MOTION to Seal Document 366 Response to Motion, . (Adams, Kristin) (Entered: 02/23/2026) |
| 369 | 2/24/2026 | Johnson | RESPONSE/ REPLY | Dkt 366 | Yes | RESPONSE in Opposition re: 367 Emergency MOTION to Seal Document 366 Response to Motion, filed by Warren Vurl Johnson. (Johnson, Warren Vurl) (Entered: |
| 370 | 3/2/2026 | EWS | RESPONSE/ REPLY | Dkt 366 | Yes | REPLY to Response to Motion re: 367 Emergency MOTION to Seal Document 366 Response to Motion,, 364 Emergency MOTION to Seal Document 362 Response in Opposition to Motion,, filed by Early Warning Services LLC. (Adams, Kristin) (Entered: 03/02/2026) |

# EXHIBIT 10

# TTAB Rulings (Opposition 91291526 and Cancellation 92085110 proceedings) from October 1, 2024,

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

RSC

October 1, 2024

Cancellation No. 92085110

*P.A.Z.E., LLC*

*v.*

*Early Warning Services, LLC*

**Rebecca Stempien Coyle, Interlocutory Attorney:**

This proceeding now comes before the Board for consideration of the following motions filed by Respondent Early Warning Services ("Respondent"): (1) May 31, 2024, motion to seal, (2) July 1, 2024, second motion to seal, and (3) July 1, 2024, motion to suspend pending termination of a civil action. Respondent's first motion to seal is contested, and no response was filed to either the second motion to seal or motion to suspend.[1]

As an initial matter, the Board notes Petitioner P.A.Z.E., LLC ("Petitioner") filed two responses to Respondent's first motion to seal.[2] Petitioner's responses appear to

---

[1] The Board has considered all of the parties' arguments, presumes the parties' familiarity with the factual bases for their filings, and does not recount the facts or arguments here, except as necessary to explain this decision. *See Guess? IP Holder LP v. Knowluxe LLC*, 116 USPQ2d 2018, 2019 (TTAB 2015).

[2] 10 TTABVUE, 11 TTABVUE. Record citations are to TTABVUE, the Board's publicly available docket system. *See, e.g., New Era Cap Co., Inc. v. Pro Era, LLC*, 2020 USPQ2d 10596, *2 n.1 (TTAB 2020).

Cancellation No. 92085110

be identical, accordingly, the second-filed submission (11 TTABVUE) supersedes the original submission (10 TTABVUE), which will be given no further consideration. Duplicate submissions unnecessarily complicate this proceeding and Petitioner is admonished to take greater care with its filings with the Board.

**The Board Proceeding**

On May 3, 2024, Petitioner filed a petition to cancel Respondent's Registration No. 5476070 for the stylized mark Z, as shown below (the "stylized Z mark"):



for "Financial transaction services, namely, providing secure payment and money transfer options and permitting account holders to make payment requests" in International Class 36.[3]

Petitioner filed amended pleadings prior to Respondent's answer, and the Board accepted Petitioner's second amended petition for cancellation of May 24, 2024 as its operative pleading.[4] Under the operative pleading Petitioner alleges, inter alia, it owns pending application Serial No. 98252002 for the stylized mark PAZE which "will be put at risk by Respondent",[5] and identifies the following grounds for cancellation: failure to function on a variety of bases, abandonment due to failure to police, and

---

[3] 1 TTABVUE. Registration No. 5476070 issued May 22, 2018, based on alleged use in commerce. The registration includes the following description of the mark: "The mark consists of capitalized letter 'Z' stylized to have a vertical line extending upward from the top horizontal line and another vertical line extending downward from the bottom horizontal line." Color is not claimed as a feature of the mark. Section 8 & 15 Declaration filed April 26, 2024.

[4] 8 TTABVUE, *see also* Second Amended Petition for Cancellation (5 TTABVUE).

[5] 5 TTABVUE 4, at ¶¶ 6-12.

Cancellation No. 92085110

fraud.[6] Petitioner also submits several exhibits in support of its petition, including a document identified as "Exhibit B".[7]

After accepting Petitioner's second amended pleading the Board reset dates, allowing Respondent until July 5, 2024, to serve an answer or otherwise respond to the second amended petition for cancellation.[8] As noted above, on July 1, 2024, Respondent filed its motion to suspend proceedings pending a civil action. The Board considers proceedings to have been suspended for consideration of Respondent's motion as of July 1, 2024. Accordingly, the time for Respondent to respond to the second amended petition for cancellation has also been suspended. The Board will reset time for Respondent to respond to the pleading as appropriate.

**The "Privileged Documents" At Issue in Respondent's Motions to Seal**

Respondent's first motion to seal requests that the documents appearing as "Exhibit E" to the original petition for cancellation, and as "Exhibit B" to both the first amended and second amended petition for cancellation, be placed under seal. These exhibits are identical and each consist of two pages, the first of which appears to be a screenshot of posts on a social media site with one post including an image of a chat, and the second page is a larger image of that chat (for purposes of this order the Board will refer to the chat shown in both pages as "the Chat").[9]

Respondent contends that the Chat is a "privileged document" depicting a screen capture of a chat on Respondent's internal messaging system between its general

---

[6] *Id.* at 5-27.
[7] *Id.* at 146-147.
[8] 8 TTABVUE 3.
[9] 1 TTABVUE 147-148, 4 TTABVUE 144-145, 5 TTABVUE 146-147.

Cancellation No. 92085110

counsel and a former employee and should be sealed. Respondent asserts the document is protected by attorney-client privilege, the privilege has not been waived, and Respondent has not authorized the disclosure of the privileged document to or by Petitioner.[10] In response to Respondent's first motion Petitioner argues that Respondent has not established the Chat is privileged. Petitioner further contends the Chat was publicly available and therefore any privilege is waived.[11]

Respondent's second motion to seal concerns "Exhibit D" and "Exhibit E" to Petitioner's two June 17, 2024, responses to Respondent's first motion to seal. Exhibit D consists of a printout of a webpage that includes images from what appears to be the same social media account as the contested exhibits to Petitioner's pleadings, which also include an image of the Chat, as well as a larger image of the Chat. Exhibit E consists of a printout from another social media account and also includes an image of the Chat.[12] In its second motion to seal Respondent modifies its request for relief, asking that Exhibits D and E be sealed "pending termination of the civil action".[13] As noted above, Petitioner did not respond to this motion.

**The Civil Action[14]**

In the civil action the parties are in the reverse position with Respondent as plaintiff asserting a variety of claims against three defendants: Plaintiff, Brandon

---

[10] 6 TTABVUE 2, *see also id.* at 7-8 (Decl. of Paras R. Shah, Senior Intellectual Property Counsel for Respondent ("Shah Decl.")).

[11] *See* 10 TTABVUE 9-12, 16-17.

[12] *Id.* at 34-40.

[13] 12 TTABVUE 3.

[14] The civil action is styled *Early Warning Services, LLC v. Warren Vurl Johnson, Brandon O'Loughlin, and P.A.Z.E. LLC,* Case No. 2:24-cv-01587-SMB, in the United States District Court for the District of Arizona (the "civil action").

4

Cancellation No. 92085110

O'Loughlin (plaintiff's CEO), and Warren Vurl Johnson (identified as former intellectual property counsel for Respondent).[15] The claims in the civil action include misappropriation of trade secrets, cybersquatting, and unjust enrichment, and a request for declaratory judgment of non-infringement.[16]

In support of its claims Respondent alleges, inter alia, that defendant Johnson improperly took numerous highly confidential and sensitive documents from Respondent, including a screen capture of a "Privileged Chat" between himself and Respondent's general counsel (wherein Johnson's identity is not shown); Petitioner "has repeatedly attached [the "Privileged Chat"] to its public filings" before the Board; and this "Privileged Chat" is among Respondent's trade secrets which were misappropriated by the defendants in the civil action.[17] Respondent further alleges it owns prior trademark rights to the mark PAZE as well as the stylized Z mark, and that Petitioner has no trademark rights in its asserted PAZE marks.[18]

Among the relief sought Respondent asks the district court to enjoin the defendants, including Petitioner, from using the mark PAZE or the stylized Z mark or any confusingly similar variations; order the defendants to remove from public view all documents containing Respondent's trade secrets; invalidate Petitioner's application Serial Nos. 98252022 and 98255290; and find that Respondent owns prior

---

[15] 13 TTABVUE 9-11.
[16] *Id.* at 25-34.
[17] *Id.* at 17-18, 22, 25-27.
[18] *Id.* at 32-34.

Cancellation No. 92085110

rights in the stylized Z mark and the mark is inherently distinctive, valid, and protectable.[19]

In its motion to suspend Respondent contends many of the same issues in the civil action are presented in the briefing on Respondent's motions to seal, as well as Petitioner's alleged entitlement to a statutory cause of action and its asserted claims in the Board proceeding. Respondent therefore maintains that suspension of Board proceedings, and continued shielding of the privileged documents at issue in the motions to seal, are warranted pending the final determination of the civil action. Again, Petitioner has not responded to the motion to suspend.

**Disposition of the Pending Motions**

The Board first considers the motion to suspend for the pending civil action. While the Board may grant the motion as conceded, in view of the nature of the claims in the civil action and Respondent's motions to seal, the Board provides the following analysis further explaining why suspension is warranted. *See* Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a). "Whenever it shall come to the attention of the Trademark Trial and Appeal Board that a civil action … may have a bearing on a pending case, proceedings before the Board may be suspended until termination of the civil action[.]" Trademark Rule 2.117(a), 37 C.F.R. § 2.117(a); *see also* TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE ("TBMP") § 510.02(a) (2024). "[T]he civil action does not have to be dispositive of the Board proceeding to warrant suspension, it need only have a bearing on the issues before the Board." *New Orleans*

---

[19] *Id.* at 35-36.

Cancellation No. 92085110

*Louisiana Saints LLC v. Who Dat?, Inc.*, 99 USPQ2d 1550, 1552 (TTAB 2011). The Board does not require an issue to be joined in one or both proceedings so long as the Board can ascertain, prior to the filing of an answer(s), whether the final determination of the civil action may have a bearing on the Board proceeding. *See Other Tel. Co. v. Conn. Nat'l Tel. Co.*, 181 USPQ 125, 126-27 (TTAB 1974); *see also* TBMP § 510.02(a).

Here, at a minimum, the district court's determinations regarding Respondent's trademark rights would have a bearing on this proceeding. Moreover, if the district court enjoins Petitioner from using Repondent's asserted marks, such a decision may directly affect Petitioner's entitlement to a statutory cause of action in this proceeding. Accordingly, Respondent's motion to suspend pending the civil action is **granted**.

The Board next addresses the motions to seal. Through its first motion to seal Respondent requests that the exhibits to Petitioner's pleadings which include the Chat be placed under seal.[20] Although Respondent relies on the Standard Protective Order as the basis of its motion, Respondent does not invoke the confidentiality designations of the Standard Protective Order but rather relies on its assertion of attorney-client privilege.[21] Accordingly, the Board does not apply the standard for challenging designations set forth in the Standard Protective Order.[22] Rather, the

---

[20] 6 TTABVUE 2.
[21] *Id.*
[22] *See* Standard Protective Order ¶ 14.

Cancellation No. 92085110

Board construes Respondent's motion as seeking relief for "additional protections not provided" by the Standard Protective Order.[23]

The attorney-client privilege protects communications made in confidence between clients and their lawyers for the purpose of obtaining legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The attorney-client privilege "should be jealously protected." *Amerace Corp. v. USM Corp.*, 183 USPQ 506, 507 (TTAB 1974) (finding that communications between an attorney and a client regarding trademark infringement is protected by attorney-client privilege); *see also United States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997) ("the attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system.").

When determining if the attorney-client privilege applies "the central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice." *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 53 USPQ2d 1747, 1751 (Fed. Cir. 2000). Federal courts typically apply an eight-part test to determine whether information is covered by the attorney-client privilege:

> (1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992) (quoting *United States v. Margolis*, 557 F.2d 209, 211 (9th Cir. 1977)). When the client is a

---

[23] *Id.* at ¶ 17.

8

Cancellation No. 92085110

company, attorney-client privilege may apply to communication between counsel and high-level corporate officers, as well as between counsel and any corporate employee acting at the direction of corporate superiors in order to secure legal advice for the corporation. *Upjohn*, 449 U.S. at 394, 101 S.Ct. 677; *see also The Goodyear Tire & Rubber Co. v. Uniroyal, Inc.*, 183 USPQ 372 (TTAB 1974).

However, "[t]he burden of determining which communications are privileged and which communications fall outside the scope of the privilege rests squarely on the party asserting the privilege." *In re Queen's Univ. at Kingston*, 820 F.3d 1287, 118 USPQ2d 1221, 1231 (Fed. Cir. 2016). To carry the burden, the party asserting the privilege must "describe in detail" the documents or information sought to be protected. *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *see also FTC v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 180 F.Supp.3d 1, 16 (D.D.C. 2016).

Here, the Board finds Respondent has fallen short of its burden of proving that the exhibits to the pleadings at issue are covered by the attorney-client privilege. Respondent has only stated that its general counsel was one of the persons to the Chat and that Respondent has not waived privilege.[24] Respondent provides no information regarding the former employee's position at the time of the Chat or whether the employee was acting at the direction of superiors. Respondent further fails to show that the Chat is actually a communication regarding specific legal advice

---

[24] 6 TTABVUE 7-8, ¶¶ 2-3 (Shah Decl.).

9

Cancellation No. 92085110

from its general counsel in counsel's capacity as such. Accordingly, Respondent's first motion to seal is **denied without prejudice**.[25]

However, in view of the "sacred" nature of the attorney-client privilege, and in consideration of the Board's disposition of Respondent's remaining motions, the Board will continue to shield Exhibit E to the original petition for cancellation, Exhibit B to the first amended petition for cancellation, and Exhibit B to the second amended petition for cancellation, pending the suspension of this proceeding.[26]

Turning to the second motion to seal, it appears that the Chat at issue in this motion to seal is the same as the Privileged Chat at issue in the civil action.[27] The district court's determination in the civil action as to whether this communication constitutes a "trade secret", is privileged, or is otherwise protectable from public disclosure would have a bearing on a determination of whether documents including the communication filed with the Board should be shielded from public viewing. Accordingly, Respondent's second motion to seal is **granted**, and Exhibits D and E to both of Petitioner's June 17, 2024, submissions will remain sealed pending termination of the civil action.[28]

---

[25] The Board hastens to add that Respondent's motion would have been denied without prejudice if it was considered as challenge to designations under the Standard Protective Order. Such a challenge requires a good faith effort to negotiate prior to making a motion, and Respondent failed to show any such effort to negotiate with Petitioner. Standard Protective Order ¶ 14, *see also U.S. Polo Ass'n v. David McLane Ents., Inc.*, 2019 USPQ2d 108442, at * 2 (TTAB 2019); TBMP § 412.01(b).

[26] Additionally, the prejudice to Respondent if the documents are made public outweighs the prejudice to Petitioner if the documents remain under seal while the Board proceeding is suspended for the civil action.

[27] The Board reiterates the Chat shown in the exhibits to the pleadings is the same as the Chat shown in Exhibits D and E to Petitioner's response brief.

[28] The second motion to seal is also conceded. *See* Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a).

Cancellation No. 92085110

In view of the foregoing, the following documents are placed under seal pending the suspension of this proceeding:

- "Exhibit E" to the original petition for cancellation;
- "Exhibit B" to the first amended petition for cancellation;
- "Exhibit B" to the second amended petition for cancellation;
- "Exhibit D" and "Exhibit E" to Petitioner's first submission of June 17, 2024; and
- "Exhibit D" and "Exhibit E" to Petitioner's second submission of June 17, 2024.

For the avoidance of doubt, the Board is not making any determinations at this time as to whether or not the documents at issue in the motions to seal are properly protected under attorney-client privilege.[29] Upon resumption of these proceedings the Board will entertain further submissions from the parties regarding whether the documents should remain under seal from public view.

However, with the exception of information properly filed under seal, Board proceeding files are to be publicly available. *See* Trademark Rule 2.27(d)-(e), 37 C.F.R. § 2.27(d)-(e); *see also* TBMP § 412.04. Accordingly, when filed documents are shielded from public view, a public copy must be submitted redacting the portions submitted under seal. Trademark Rule 2.126(c), 37 C.F.R. § 2.126(c); *see also* TBMP § 412.04. In view thereof, and because the exhibits to be sealed were submitted by Petitioner, Petitioner must file public copies of the following wherein the exhibits identified above are redacted:

- original petition for cancellation (1 TTABVUE),
- first amended petition for cancellation (4 TTABVUE),
- second amended petition for cancellation (5 TTABVUE), and

---

[29] Nor does the Board make any determinations on whether the documents can otherwise be designated under the Board's Standard Protective Order.

11

Cancellation No. 92085110

- its June 17, 2024, responses to Respondent's first motion to seal (11 TTABVUE).[30]

Petitioner is allowed **TWENTY DAYS** from the date of this order **to submit the public copies of these docket entries**, failing which the Board may give the sealed exhibits no further consideration.

This cancellation proceeding is otherwise **SUSPENDED** pending the final disposition of the civil action between the parties. Within THIRTY DAYS after the final determination of the civil action, the parties must so notify the Board in writing, including a copy of the court's final order.[31] Upon resumption of the proceedings the Board will reset dates as appropriate, including time for Respondent to answer or otherwise respond to the operative petition for cancellation.

During the suspension period, the parties must notify the Board of any address changes for the parties or their attorneys. In addition, the parties must promptly inform the Board of any other related cases, even if they become aware of such cases during the suspension period.

---

[30] Because 10 TTABVUE and 11 TTABVUE are identical, and so as to not unnecessarily clutter the record, Petitioner need not submit a public version of 10 TTABVUE.

[31] A proceeding is considered to have been finally determined when an order or ruling that ends litigation has been rendered, and no appeal has been filed, or all appeals filed have been decided and the time for any further review has expired." *See* TBMP § 510.02(b).

12

THIS ORDER IS NOT A
PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA  22313-1451**
General Contact Number: 571-272-8500
General Email: TTABInfo@uspto.gov

ajl

October 1, 2024

Opposition No. 91291526

*P.A.Z.E.LLC*

*v.*

*Early Warning Services, LLC*

**Ashlyn Lembree, Interlocutory Attorney:**

This proceeding now comes before the Board for consideration of several motions concerning essentially the same chat message asserted by Applicant to be protected by attorney-client privilege (the "Chat") included in six of Opposer's seven submissions to the Board to date; and, Applicant's July 1, 2024 uncontested motion to suspend pending termination of a civil action.[1] Applicant's May 31, 2024 motion to seal the Chat shown in the original notice of opposition is contested.[2] Applicant's June 7, 2024 second motion to seal the Chat shown in the amended notice of opposition is

---

[1] 17 TTABVUE. Record citations are to TTABVUE, the Board's publicly available docket system. *See, e.g., New Era Cap Co., Inc. v. Pro Era, LLC*, 2020 USPQ2d 10596, *2 n.1 (TTAB 2020).

[2] 4 TTABVUE (Applicant's first motion to seal). 10, 12, 13, and 14 TTABVUE (Opposer's subsequently-withdrawn initial brief ("Withdrawn Brief"), Opposer's substitute brief, Opposer's supplement to its substitute brief ("Supplemental Brief"), and Opposer's construed fourth response, respectively). As discussed herein, Opposer's Supplemenetal Brief and fourth response to the motion are denied consideration. The Board previously shielded the notice of opposition and Withdrawn Brief from public view pending disposition of Applicant's first motion to seal. 6, 12 TTABVUE.

Opposition No. 91291526

contested.[3] Applicant's June 14, 2024 third motion to seal the Chat shown in Opposer's Supplemental Brief is uncontested.[4] Opposer's motion, filed June 17, 2024, that "the Board [issue] an order that [Exhibit 3 to the notice of opposition] be ruled Information Not to Be Designated as Protected" (Opposer's "Designation Motion") is, as discussed herein, construed as Opposer's fourth response to Applicant's first motion to seal and denied consideration.[5] In conjunction with its motion to suspend, Applicant moves for a fourth time to seal the Chat, albeit in that instance the Chat as shown in Opposer's response to Applicant's second motion to seal and as shown in Opposer's Designation Motion.[6] Applicant's fourth motion to seal is uncontested.

The Board has considered all of the parties' arguments, presumes the parties' familiarity with the factual bases for their filings, and does not recount the facts or arguments here, except as necessary to explain this decision. *See Guess? IP Holder LP v. Knowluxe LLC*, 116 USPQ2d 2018, 2019 (TTAB 2015).

As an initial matter, the Board notes Opposer filed four responses to Applicant's first motion to seal.[7] Duplicate submissions unnecessarily complicate this proceeding and Opposer is admonished to take greater care with its filings with the Board. The presentation of one's arguments and authority should be presented thoroughly in the

---

[3] 8 TTABVUE (Applicant's second motion to seal). 16 TTABVUE (Opposer's response brief). The Board previously shielded the amended notice of opposition from public view pending disposition of Applicant's second motion to seal. 12 TTABVUE.

[4] 14 TTABVUE.

[5] 15 TTABVUE. Opposer's "reservat[ion of] its right to answer or otherwise move with respect to [Applicant's three motions to seal]," *id.* at 2, is **denied**. *See* Trademark Rule 2.127(a), 37 C.F.R. § 2.127(a).

[6] 17 TTABVUE 3-4.

[7] *See* n.2, supra.

Opposition No. 91291526

motion or the opposition brief thereto. *Johnston Pump / Gen. Valve Inc. v. Chromalloy Am. Corp.*, 13 USPQ2d 1719, 1720 n.3 (TTAB 1989); TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP) § 502.02(b) (2024). Moreover, submissions with the Board are assigned a single filing date for purposes of calculating the deadline for filing a response or reply brief under Trademark Rule 2.127(a). *OMS Investments, Inc. v. Habit Horticulture LLC*, 2022 USPQ2d 1074, at *1-2 (TTAB 2022). By order dated June 12, 2024, the Board exercised its discretion to substitute Opposer's second response for its first response, thereby setting the single filing date for Opposer's response to Applicant's first motion to seal for purposes of calculating the deadline for Applicant to file its reply brief. In view thereof, Opposer's third response to Applicant's first motion to seal (Opposer's Supplemental Brief), filed subsequent to the Board's order setting the briefing schedule for the motion based on the single date of filing of Opposer's accepted response to the motion, is **denied consideration**. Moreover, inasmuch as Opposer responds to Applicant's first motion to seal in its Designation Motion and its arguments therein address the same issue raised by Applicant's first motion to seal, Opposer's Designation Motion is construed as its fourth response to Applicant's first motion to seal and is **denied consideration** as improperly filed subsequent to Opposer's single, accepted response to Applicant's first motion to seal.

**The Board Proceeding**

On May 16, 2024, Opposer filed a notice of opposition opposing registration of involved application Serial No. 97669754 for the standard character mark PAZE for

3

Opposition No. 91291526

"Financial transaction services, namely, providing secure commercial transaction options and secure electronic funds transfer; processing of secure electronic wallet transactions" in International Class 36.[8]

Opposer filed an amended notice of opposition prior to Applicant's answer, and the Board accepted Opposer's amended notice of opposition as its operative pleading.[9] Under the operative pleading, Opposer alleges, inter alia, that it owns pending applications Serial Nos. 98255290 and 98252002 for, respectively, the standard character and stylized mark PAZE and that "Opposer believes that if the [involved a]pplication is allowed to register it will cause delays and complications with the registration of Opposer's Marks, causing harm and costs to Opposer,"[10] and identifies the following grounds for cancellation: merely descriptive, lack of bona fide intent to use, fraud, nonuse, and that the identification of services was impermissibly expanded during examination.[11] Opposer also submits several exhibits in support of both its notice of opposition and amended notice of opposition, including a document identified as "Exhibit 3" to its original notice of opposition[12] and "Exhibit[s] 3 [and] 5" to its amended notice of opposition.[13]

---

[8] 1 TTABVUE. Application Serial No. 97669754 was filed November 9, 2022 under Trademark Act Section 1(b), 15 U.S.C. § 1052(b) and amended to a filing basis under Trademark Act Section 1(a), 15 U.S.C. § 1052(a) by way of an amendment to allege use filed December 11, 2023 and accepted February 5, 2024.

[9] 12 TTABVUE, *see also* Amended Notice of Opposition (7 TTABVUE).

[10] 7 TTABVUE 5-6, at ¶¶ 22, 27. "Opposer's Marks" is undefined.

[11] *Id*. at 7-25 (counts first through fifth).

[12] 1 TTABVUE 214-15 (Exhibit 3).

[13] 7 TTABVUE 335-36 (Exhibit 3) and 365 (Exhibit 5).

4

Opposition No. 91291526

By order dated June 6, 2024, the Board suspended proceedings pending disposition of Applicant's first motion to seal. By the Board's June 12, 2024 order, proceedings remained suspended pending disposition of both Applicant's first and second motions to seal. Accordingly, the time for Applicant to respond to the amended notice of opposition has also been suspended. The Board will reset time for Applicant to respond to the pleading as appropriate.

**The "Privileged Documents" At Issue in Applicant's Motions to Seal**

Applicant's four motions to seal[14] collectively request that the documents appearing as "Exhibit 3" to the original notice of opposition, "Exhibit[s] 3 [and] 5" of the amended notice of opposition, "Exhibit[s] B [and] C" of Opposer's Supplemental Brief,[15] "Exhibit B" to Opposer's response to Applicant's second motion to seal,[16] and "Exhibit[s] C [and] D" to the Designation Motion[17] be placed under seal. As raised in its June 12, 2024 order, the Board additionally addresses "Exhibit B" and "Exhibit C" to the Withdrawn Brief. These exhibits are substantially identical and consist of one or two pages; where both pages have been submitted, the first page appears to be a screenshot of posts on a social media site with one post including an image of a chat, and the second (or only) page is a larger image of that chat (for purposes of this order the Board will refer to the chat shown in both pages as the "Chat").

---

[14] As previously noted, Applicant's fourth motion to seal was combined with Applicant's motion to suspend for the civil action. 17 TTABVUE 3-4. Applicant's fourth motion to seal moves that Exhibits C and D to Opposer's Designation Motion and Exhibit B to Opposer's response to Applicant's second motion to seal be sealed.

[15] 13 TTABVUE 9-14 (Exhibits B and C).

[16] 16 TTABVUE 18-22 (Exhibit B).

[17] 15 TTABVUE 15-21 (Exhibits C and D).

Opposition No. 91291526

Applicant contends that the Chat is a "privileged document" depicting a screen capture of a chat on Applicant's internal messaging system between its general counsel and a former employee and should be sealed. Applicant asserts the document is protected by attorney-client privilege, the privilege has not been waived, and Applicant has not authorized the disclosure of the privileged document to or by Opposer.[18] In its accepted response to Applicant's first motion to seal and in its response to Applicant's second motion to seal, Opposer argues that Applicant has not established the Chat is privileged. Opposer further contends the Chat was publicly available and therefore any privilege is waived or not applicable.[19] As noted above, Opposer did not respond to Applicant's third and fourth motions to seal.

**The Civil Action[20]**

In the civil action the parties are in the reverse position with Applicant as plaintiff asserting a variety of claims against three defendants: Plaintiff [Opposer in the Board proceeding], Brandon O'Loughlin (plaintiff's CEO), and Warren Vurl Johnson (identified as former intellectual property counsel for Applicant).[21] The claims in the

---

[18] *See, e.g.*, 4 TTABVUE 2; *see also id.* at 7-8, ¶¶ 2, 3 (Decl. of Paras R. Shah, Senior Intellectual Property Counsel for Applicant ("Shah Decl.")).

[19] *See* 11 TTABVUE 7-9, 11-16. Opposer's response brief also includes a section entitled "Motions to Redesignate Information per The Standard Protective Order," 11 TTABVUE 9-11, but Opposer makes no motion in this portion of its brief. *See also* 16 TTABVUE 2, 8 (publicly available); *id.* at 8-13 (crime-fraud exception).

[20] The civil action is styled *Early Warning Services, LLC v. Warren Vurl Johnson, Brandon O'Loughlin, and P.A.Z.E. LLC,* Case No. 2:24-cv-01587-SMB, in the United States District Court for the District of Arizona (the "civil action").

[21] 17 TTABVUE 8-11 (Complaint in the civil action).

6

Opposition No. 91291526

civil action include misappropriation of trade secrets, cybersquatting, and unjust enrichment, and a request for declaratory judgment of non-infringement.[22]

In support of its claims in the civil action Applicant alleges, inter alia, that defendant Johnson improperly took numerous highly confidential and sensitive documents from Applicant, including a screen capture of a "Privileged Chat" between himself and Applicant's general counsel (wherein Johnson's identity is not shown); Opposer "has repeatedly attached [the "Privileged Chat"] to its public filings" before the Board; and this "Privileged Chat" is among Applicant's trade secrets which were misappropriated by the defendants in the civil action.[23] Applicant further alleges it owns prior trademark rights to the mark PAZE as well as the stylized Z mark, and that Opposer has no trademark rights in its asserted PAZE marks.[24]

Among the relief sought, Applicant asks the district court to enjoin the defendants, including Opposer, from using the mark PAZE or the stylized Z mark or any confusingly similar variations; order the defendants to remove from public view all documents containing Applicant's trade secrets; invalidate Opposer's application Serial Nos. 98252022 and 98255290; and find that Applicant owns prior rights in, inter alia, the PAZE and stylized Z marks and the marks are inherently distinctive, valid, and protectable.[25]

In its motion to suspend, Applicant contends many of the same issues in the civil action are presented in the briefing on Applicant's motions to seal, as well as

---

[22] *Id.* at 25-34.
[23] *Id.* at 17-18, 22, 25-27.
[24] *Id.* at 32-34.
[25] *Id.* at 35-36.

Opposition No. 91291526

Opposer's alleged entitlement to a statutory cause of action and its asserted claims in the Board proceeding. Applicant therefore maintains that suspension of Board proceedings, and continued shielding of the privileged documents at issue in the motions to seal, are warranted pending the final determination of the civil action. Again, Opposer has not responded to the motion to suspend.

### Disposition of the Pending Motions

The Board first considers the motion to suspend for the pending civil action. While the Board may grant the motion as conceded, in view of the nature of the claims in the civil action and Applicant's motions to seal, the Board provides the following analysis further explaining why suspension is warranted. *See* Trademark Rule 2.127(a). "Whenever it shall come to the attention of the Trademark Trial and Appeal Board that a civil action … may have a bearing on a pending case, proceedings before the Board may be suspended until termination of the civil action[.]" Trademark Rule 2.117(a), 37 C.F.R. § 2.117(a); *see also* TBMP § 510.02(a). "[T]he civil action does not have to be dispositive of the Board proceeding to warrant suspension, it need only have a bearing on the issues before the Board." *New Orleans Louisiana Saints LLC v. Who Dat?, Inc.*, 99 USPQ2d 1550, 1552 (TTAB 2011). The Board does not require an issue to be joined in one or both proceedings so long as the Board can ascertain, prior to the filing of an answer(s), whether the final determination of the civil action may have a bearing on the Board proceeding. *See Other Tel. Co. v. Conn. Nat'l Tel. Co.*, 181 USPQ 125, 126-27 (TTAB 1974); *see also* TBMP § 510.02(a).

8

Opposition No. 91291526

Here, at a minimum, the district court's determinations regarding Applicant's trademark rights would have a bearing on this proceeding. Moreover, if the district court enjoins Opposer from using Applicant's asserted marks, such a decision may directly affect Opposer's entitlement to a statutory cause of action in this proceeding. Accordingly, Applicant's motion to suspend pending the civil action is **granted**.

The Board next addresses the motions to seal. Through its first motion to seal Applicant requests that the exhibits to Opposer's pleadings which include the Chat be placed under seal.[26] Although Applicant relies on the Standard Protective Order as the basis of its motion, Applicant does not invoke the confidentiality designations of the Standard Protective Order but rather relies on its assertion of attorney-client privilege.[27] Accordingly, the Board does not apply the standard for challenging designations set forth in the Standard Protective Order.[28] Rather, the Board construes Applicant's motion as seeking relief for "additional protections not provided" by the Standard Protective Order.[29]

The attorney-client privilege protects communications made in confidence between clients and their lawyers for the purpose of obtaining legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The attorney-client privilege "should be jealously protected." *Amerace Corp. v. USM Corp.*, 183 USPQ 506, 507 (TTAB 1974) (finding that communications between an attorney and a client regarding trademark infringement is protected by attorney-client privilege); *see also United*

---

[26] 4 TTABVUE 2.
[27] *Id.*
[28] *See* Standard Protective Order ¶ 14.
[29] *Id.* at ¶ 17.

9

Opposition No. 91291526

*States v. Bauer*, 132 F.3d 504, 510 (9th Cir. 1997) ("the attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system.").

When determining if the attorney-client privilege applies "the central inquiry is whether the communication is one that was made by a client to an attorney for the purpose of obtaining legal advice." *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 53 USPQ2d 1747, 1751 (Fed. Cir. 2000). Federal courts typically apply an eight-part test to determine whether information is covered by the attorney-client privilege:

> (1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

*In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992) (quoting *United States v. Margolis*, 557 F.2d 209, 211 (9th Cir. 1977)). When the client is a company, attorney-client privilege may apply to communication between counsel and high-level corporate officers, as well as between counsel and any corporate employee acting at the direction of corporate superiors in order to secure legal advice for the corporation. *Upjohn*, 449 U.S. at 394, 101 S.Ct. 677; *see also The Goodyear Tire & Rubber Co. v. Uniroyal, Inc.*, 183 USPQ 372 (TTAB 1974).

However, "[t]he burden of determining which communications are privileged and which communications fall outside the scope of the privilege rests squarely on the party asserting the privilege." *In re Queen's Univ. at Kingston*, 820 F.3d 1287, 118 USPQ2d 1221, 1231 (Fed. Cir. 2016). To carry the burden, the party asserting the

10

Opposition No. 91291526

privilege must "describe in detail" the documents or information sought to be protected. *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 680 (D. Kan. 2000); *see also FTC v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 180 F.Supp.3d 1, 16 (D.D.C. 2016).

Here, the Board finds Applicant has fallen short of its burden of proving that the Chat document is covered by the attorney-client privilege. Applicant has only stated that its general counsel was one of the persons to the Chat and that Applicant has not waived privilege.[30] Applicant provides in its motions to seal no information regarding the former employee's position at the time of the Chat or whether the employee was acting at the direction of superiors. Applicant further fails to show that the Chat is actually a communication regarding specific legal advice from its general counsel in counsel's capacity as such. Accordingly, Applicant's first and second motions to seal, except as stated herein, are **denied without prejudice**.[31]

However, in view of the "sacred" nature of the attorney-client privilege, in consideration of the Board's disposition of Applicant's remaining motions,[32] and because the district court's determination in the civil action as to whether the communication at issue in the civil action constitutes a "trade secret", is privileged,

---

[30] 4 TTABVUE 7-8, ¶¶ 2-3 (Shah Decl.).

[31] The Board hastens to add that Applicant's motion would have been denied without prejudice if it was considered as challenge to designations under the Standard Protective Order. Such a challenge requires a good faith effort to negotiate prior to making a motion, and Applicant failed to show any such effort to negotiate with Opposer. Standard Protective Order ¶ 14, *see also U.S. Polo Ass'n v. David McLane Ents., Inc.*, 2019 USPQ2d 108442, at * 2 (TTAB 2019); TBMP § 412.01(b).

[32] As noted previously, Applicant's motion to suspend for the civil action is granted. Moreover, Applicant's third and fourth motions to seal are **granted** as conceded to the extent that the submissions are sealed from public view but that the Board will entertain further submissions from the parties regarding whether the documents should remain under seal from public view upon resumption of proceedings. *See* Trademark Rule 2.127(a).

11

Opposition No. 91291526

or is otherwise protectable from public disclosure would have a bearing on a determination of whether documents including the Chat filed with the Board should be shielded from public viewing, the Board will continue to shield "Exhibit 3" to the original notice of opposition, "Exhibit[s] 3 [and] 5" of the amended notice of opposition, "Exhibit[s] B [and] C" to the Withdrawn Brief, "Exhibit[s] B [and] C" of Opposer's Supplemental Brief, "Exhibit B" to Opposer's response to Applicant's second motion to seal, and "Exhibit[s] C [and] D" to the Designation Motion pending the suspension of this proceeding.[33]

In view of the foregoing, the following documents (found at 1, 7, 10, 13, 15, and 16 TTABVUE) are placed under seal pending the suspension of this proceeding:

- "Exhibit 3" to the original notice of opposition;
- "Exhibit 3" and "Exhibit 5" to the amended notice of opposition;
- "Exhibit B" and "Exhibit C" to Opposer's Withdrawn Brief;
- "Exhibit B" and "Exhibit C" to Opposer's Supplemental Brief;
- "Exhibit B" to Opposer's response to Applicant's second motion to seal; and,
- "Exhibit B" to Opposer's Designation Motion.

For the avoidance of doubt, the Board is not making any determinations at this time as to whether or not the documents at issue in the motions to seal are properly protected under attorney-client privilege.[34] Upon resumption of these proceedings the Board will entertain further submissions from the parties regarding whether the documents should remain under seal from public view.

---

[33] Additionally, the prejudice to Applicant if the documents are made public outweighs the prejudice to Opposer if the documents remain under seal while the Board proceeding is suspended for the civil action.

[34] Nor does the Board make any determinations on whether the documents can otherwise be designated under the Board's Standard Protective Order.

12

Opposition No. 91291526

However, with the exception of information properly filed under seal, Board proceeding files are to be publicly available. *See* Trademark Rule 2.27(d)-(e), 37 C.F.R. § 2.27(d)-(e); *see also* TBMP § 412.04. Accordingly, when filed documents are shielded from public view, a public copy must be submitted redacting the portions submitted under seal. Trademark Rule 2.126(c), 37 C.F.R. § 2.126(c); *see also* TBMP § 412.04. In view thereof, and because the exhibits to be sealed were submitted by Opposer, Opposer must file public copies of the following wherein the exhibits identified above are redacted:

- original notice of opposition (1 TTABVUE);
- amended notice of opposition (7 TTABVUE);
- Withdrawn Brief (10 TTABVUE);
- Supplemental Brief (13 TTABVUE);
- Opposer's response to Applicant's second motion to seal (15 TTABVUE); and,
- Designation Motion (16 TTABVUE).

Opposer is allowed **TWENTY DAYS** from the date of this order **to submit the public copies of these docket entries**, failing which the Board may give the sealed exhibits no further consideration.

This cancellation proceeding is otherwise **SUSPENDED** pending the final disposition of the civil action between the parties. Within **THIRTY DAYS** after the final determination of the civil action, the parties must so notify the Board in writing, including a copy of the court's final order.[35] Upon resumption of the proceedings the

---

[35] A proceeding is considered to have been finally determined when an order or ruling that ends litigation has been rendered, and no appeal has been filed, or all appeals filed have been decided and the time for any further review has expired. *See* TBMP § 510.02(b).

Opposition No. 91291526

Board will reset dates as appropriate, including time for Applicant to answer or otherwise respond to the operative notice of opposition.

During the suspension period, the parties must notify the Board of any address changes for the parties or their attorneys. In addition, the parties must promptly inform the Board of any other related cases, even if they become aware of such cases during the suspension period.

14

# EXHIBIT 11

# Defendant's valid Copyright Registrations for the source code underlying the indexes.

**Registration Number**

# TXu 2-519-256

**Effective Date of Registration:**
December 30, 2025
**Registration Decision Date:**
January 13, 2026

## Title

**Title of Work:** Invention Disclosure Workflow Assist

## Completion/Publication

**Year of Completion:** 2014

## Author

- **Author:** Warren Johnson
  **Author Created:** computer program
  **Citizen of:** United States
  **Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Warren Johnson
215 E 18th, Lawrence, KS, 66044, United States

## Limitation of copyright claim

**Material excluded from this claim:** User-entered data, public domain formulas, abstract functionality, and general spreadsheet layout or design elements.

**New material included in claim:** computer program

## Rights and Permissions

**Name:** Warren Johnson
**Email:** warrenvjohnson@gmail.com
**Telephone:** (208)317-1686

## Certification

**Name:** Warren V. Johnson

**Date**:    December 16, 2025

---

**Correspondence:**    Yes

**Registration Number**

# TXu 2-520-557

**Effective Date of Registration:**
January 09, 2026
**Registration Decision Date:**
January 20, 2026

## Title

**Title of Work:**   Intellectual Property General Matter Management System

## Completion/Publication

**Year of Completion:**   2014

## Author

- **Author:**   Warren Johnson
  **Author Created:**   computer program
  **Citizen of:**   United States
  **Domiciled in:**   United States

## Copyright Claimant

**Copyright Claimant:**   Warren Johnson
215 E 18th St, Lawrence, KS, 66044

## Certification

**Name:**   Warren Johnson
**Date**:   January 09, 2026

**Correspondence:**   Yes