**KILPATRICK TOWNSEND & STOCKTON LLP**
Erick Durlach, Arizona Bar No. 024253
*edurlach@ktslaw.com*
Dennis L. Wilson, California Bar No. 155407
(admitted *pro hac vice*)
*dwilson@ktslaw.com*
Sara K. Stadler, New York Bar No. 2620276
(admitted *pro hac vice*)
*sstadler@ktslaw.com*
Kristin M. Adams, Virginia Bar No. 92069
(admitted *pro hac vice*)
*kmadams@ktslaw.com*
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254-2149
Tel: (602) 726-7319
Fax: (623) 321-1009

**BRYAN CAVE LEIGHTON PAISNER LLP**
George C. Chen, Arizona Bar No. 019704
*george.chen@bclplaw.com*
Jacob A. Maskovich, Arizona Bar No. 021920
*jamaskovich@bclplaw.com*
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070

Attorneys for Plaintiff
Early Warning Services, LLC

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC, | Case No. CV-24-01587-PHX-SMB |
| Plaintiff, | |
| v. | **PLAINTIFF EARLY WARNING SERVICES' EMERGENCY MOTION FOR LEAVE TO FILE AND MOTION TO SEAL A PORTION OF DEFENDANT JOHNSON'S RESPONSE TO THE ORDER TO SHOW CAUSE [377]** |
| Warren Vurl Johnson, Brandon O'Loughlin and P.A.Z.E., LLC, | |
| Defendants. | |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ii

I.      INTRODUCTION ...................................................................................1

II.     ARGUMENT .........................................................................................3

III.    CONCLUSION ......................................................................................6

CERTIFICATE OF SERVICE .........................................................................8

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015)................................................................................3

*Cramton v. Grabbagreen Franchising LLC*,
No. CV-17-04663-PHX-DWL, 2021 WL 871539 (D. Ariz. Mar. 9, 2021) ...........4

*In re Banc of Cal. Sec. Litig.*,
No. SA CV 17-00118-AG (DFMx), 2018 WL 6520418 (C.D. Cal. Dec. 7,
2018)........................................................................................................................4

*In re Kidder Peabody Sec. Litig.*,
168 F.R.D. 459 (S.D.N.Y. 1996).............................................................................4

*Lambright v. Ryan*,
698 F.3d 808 (9th Cir. 2012)...................................................................................3

*Nixon v. Warner Commc'ns, Inc.*,
435 U.S. 589 (1978) ................................................................................................3

*United States v. Leong*,
No. 21-00142 LEK, 2023 WL 8878946 (D. Haw. Dec. 22, 2023).........................3

*United States v. Mett*,
178 F.3d 1058 (9th Cir. 1999).................................................................................6

*Upjohn Co. v. United States*,
449 U.S. 383 (1981) ................................................................................................3

**Rules**

Fed. R. Civ. P. 26(c) ......................................................................................................2

LRCiv 5.6(b)...................................................................................................................2

ii

## I.  **<u>INTRODUCTION</u>**

Defendant Warren Vurl Johnson ("Johnson") has proven once again that he will take every opportunity to disclose Plaintiff Early Warning Services, LLC's ("EWS") privileged information. At this juncture, this Court and the parties are well-acquainted with the "undoubtedly privileged" content of the Teams Chat. Dkt. 70 at 10. Refusing to abide by this Court's order staying the case (Dkt. 372 at 2), on Saturday, April 11, 2026, Johnson once again disclosed the privileged contents of the Teams Chat through the procedurally improper means of nesting his "Request for Leave to File Notice of Supplemental Authority and Evidence in Support of Pending Motion for Crime-Fraud Exception Determination" (Dkt. 377-2 at 3–13, the "Notice of Authority") within, and as an exhibit to, his likewise procedurally improper "Response to the Order to Show Cause" (Dkt. 377, the "Response").

Having consistently failed to refute the privileged nature of the Teams Chat in this and multiple other courts, including the Ninth Circuit, Johnson's Notice of Authority shifts tactics by purporting to link together various "public" sources and portions of EWS's employee declarations to reconstruct the contents of the Teams Chat. In doing so, Johnson conspicuously fills the wide gaps in his "public" sources with the privileged contents he knows the Teams Chat contains, then discusses those contents (under the guise of speculating about them) and, unsurprisingly, concludes that the public record confirms the Teams Chat should not be held as privileged. *See generally* Notice of Authority, Dkt. 377-2 at 3–13. Johnson's effort to backdoor this new disclosure of the Teams Chat's privileged contents is every bit as improper as each of his prior disclosures and should be sealed for the same reasons. *See, e.g.*, Dkts. 51, 81, 89, 93, 100, 277, 282 (each sealing Johnson's disclosures of the Teams Chat).

With increasing frequency, "the record is filled with Mr. Johnson's unsuccessful, meritless maneuvers that require the opposition to expend significant resources to defend itself." Dkt. 183 at 13. EWS and this Court should not be forced to continue suffering Johnson's brazen disregard for the Court's orders, EWS's rights,

1

and Johnson's own ethical obligations. It is clear by Johnson's own admissions and the magnitude of his improper privilege disclosures to date that he will continue to disregard the Court's sealing orders, even despite this Court's November 20, 2025, order that "the Court will require Johnson to pay any attorneys' fees incurred by [EWS] in motioning to seal any subsequent filing by Johnson containing the Teams Chat, or any information this Court has already established as being privileged." Dkt. 283 at 2; *see also* Dkt. 309 at 14, ¶ 84 (Johnson affirming that he refiled EWS's privileged information "to restore the record with evidence that EWS has attempted to hide through sealing"). Johnson will continue to abuse his electronic filing privileges unless and until those privileges are revoked. *See* Mot. for Sanctions, Dkt. 275 at 9–11.

Given the compelling nature of protecting EWS's attorney-client privileged information from disclosure, and in light of the Court's order staying proceedings (Dkt. 372 at 2), EWS respectfully requests that the Court grant EWS leave to file the instant Motion to Seal (the "Motion") for good cause shown and pursuant to this Court's discretion and inherent power. Further, pursuant to Federal Rule of Civil Procedure 26(c), LRCiv 5.6(b), and this Court's inherent power, EWS respectfully moves this Court for an emergency order further granting EWS Motion in full, placing under seal the documents filed at Dockets 377 and 377-2, and ordering Johnson to file public versions of these documents permanently redacting:

(1)     Dkt. 377 at page 2, lines 4 through 6 ("EWS's active" through "and SEC");

(2)     Dkt. 377 at page 4, lines 5 through 9 ("the Teams" through *Sub-Exhibits H and I*");

(3)     Dkt. 377 at page 4, lines 14 through 16 ("The specific" through "lawsuit");

(4)     Dkt. 377 at page 4, lines 22 through 23 ("the Court knows" through "dismantling");

2

(5)    Dkt. 377 at page 12, lines 8 through 9 ("that expose" through "violations");

(6)    Dkt. 377-2, the entirety of pages 3–13 (Johnson's Notice of Authority);

(7)    Dkt. 377-2 at 18, Mr. Johnson's addition in red font ("How do" through "stuff.");

(8)    Dkt. 377-2 at 20–21, Mr. Johnson's addition in red font ("PAZE WALLET" through "IPO?");

(9)    Dkt. 377-2 at 22, Mr. Johnson's 2-word addition in red font at the bottom of the page, just above the page number; and

(10)   Dkt. 377-2 at 67 ("CONCEAL" through "CLAUSE").

## II.    **ARGUMENT**

The federal district courts have "inherent supervisory power" to seal documents. *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files . . . ."). The right of access therefore is not absolute. Indeed, the Ninth Circuit has observed that "[a]ttorney-client privileged materials, of course, are archetypical examples of material that has traditionally been kept secret for important policy reasons." *Lambright v. Ryan*, 698 F.3d 808, 820 (9th Cir. 2012). The attorney-client privilege "is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted). It "encourage[s] full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Id.* (citation omitted).

Notably, the privilege applies to summaries of communications between attorneys as well as the communications themselves. *See, e.g.*, *United States v. Leong*, No. 21-00142 LEK, 2023 WL 8878946, at *12 (D. Haw. Dec. 22, 2023) (holding portions of the brief "protected by the [movant's] attorney-client privilege because

3

[the brief] summarizes" a privileged conversation and a "communication . . . that refers to the [privileged] substance of the [conversation]"); *cf. In re Kidder Peabody Sec. Litig.*, 168 F.R.D. 459, 472 (S.D.N.Y. 1996) (holding privilege waived by prior disclosure of summaries of privileged materials); *Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2021 WL 871539, at *2 (D. Ariz. Mar. 9, 2021) (explaining that privilege extends to the substance or content of a protected communication, rather than limiting privilege analysis to underlying document alone); *In re Banc of Cal. Sec. Litig.*, No. SA CV 17-00118-AG (DFMx), 2018 WL 6520418, at *1 (C.D. Cal. Dec. 7, 2018) (referencing earlier holding that prior disclosure of summaries of documents waived privilege as to documents themselves).

EWS moves to seal Johnson's latest attempt to circumvent this Court's order staying the case (Dkt. 372 at 2) and this Court's determination that the Teams Chat is "undoubtedly privileged" (Dkt. 70 at 10) in Johnson's Notice of Authority (Dkt. 377-2 at 3–13), which discloses the contents of the Teams Chat under the guise of using "public" documents to reconstruct it. As prior in-house counsel for EWS, however, Johnson cannot justify his disclosure of the Teams Chat's contents by applying his knowledge of EWS's privileged information to draw otherwise nonexistent, or attenuated connections among public data, then claim such connections show either that the Teams Chat is not privileged, or that the Teams Chat is subject to the crime-fraud exception. *See generally* Notice of Authority, Dkt. 377-2 at 3–13.

Johnson's most recent filing once again engages in an improper attempt to relitigate the settled issue of the Teams Chat's privileged nature despite the Court's rejection of his crime-fraud arguments. On December 14, 2024, Johnson requested leave to assert a counterclaim seeking a declaration that the Teams Chat "falls within the crime-fraud exception" to the attorney-client privilege because "it involves admissions and discussions regarding . . . violations of the Sherman Act." Dkt. 77-1 at 48–49 ¶¶ 246, 251. This Court denied that motion on July 18, 2025, finding Johnson

"utterly failed to allege any fact that would sufficiently establish antitrust injury or state a claim under the Sherman Act" sufficient to establish a *prima facie* showing that the "crime-fraud" exception to the attorney-client privilege applies. *See* Dkt. 200 at 14–16.

Notwithstanding the Court's order, Johnson attempts to revive his unsuccessful argument in his Notice of Authority using his knowledge of EWS's privileged information to speculate on connections between a Department of Justice complaint in an unrelated matter not concerning EWS (Dkt. 377-2 at 17–26, "Exhibit A" to the Notice of Authority"), generic descriptions of Johnson's job responsibilities from EWS's employee declarations (Dkt. 377-2 at 27–30, "Exhibit B" to the Notice of Authority), an online instruction manual for banks and credit unions concerning integration of EWS's PAZE digital wallet services (Dkt. 377-2 at 33–66, "Exhibit D" to the Notice of Authority), EWS's PAZE Service Agreement (Dkt. 377-2 at 67–71, "Exhibit E" to the Notice of Authority), and a smattering of generalized public press releases, online content, and financial institutions' terms of use (Dkt. 377-2 at 72–112, "Exhibits F–J" to the Notice of Authority).

Johnson cannot disclose EWS's privileged information on the public docket, whether to support these meritless arguments or for any other reason. Yet, Johnson's Notice of Authority admits it discloses the privileged content of the Teams Chat, including by, for example, stating what "attorney advice" was involved (Dkt. 377-2 at 12, lines 1–3 ("The public record . . . targets")) and characterizing the "implementation" of that advice (Dkt. 377-2 at 4, lines 5–8 ("Plaintiff . . . prosecuting") and at 5, lines 10–12 ("The evidence . . . created it")). Johnson makes such privileged disclosures throughout the entirety of the Notice of Authority, requiring the entire Notice to be sealed. Dkt. 377-2 at 3–13.

Johnson summarizes these same speculations based on his knowledge of the privileged Teams Chat in Exhibit A to the Notice of Authority, in the Response, and in the Slip Sheet to Exhibit G to the Notice of Authority—all of which should be

sealed for the same reasons. *See* Dkt. 377 at page 2, lines 4 through 6 ("EWS's active" through "and SEC"), page 4, lines 5 through 9 ("the Teams" through "*Sub-Exhibits H and I*"), page 4, lines 14 through 16 ("The specific" through "lawsuit"), page 4, lines 22 through 23 ("the Court knows" through "dismantling"), and page 12, lines 8 through 9 ("that expose" through "violations"); Exhibit A, Dkt. 377-2 at 18 (Mr. Johnson's addition in red font of "How do" through "stuff."), 20–21 (Mr. Johnson's addition in red font of "PAZE WALLET" through "IPO?"), and 22 (Mr. Johnson's 2-word addition in red font at the bottom of the page, just above the page number); Exhibit E, Dkt. 377-2 at 67 ("CONCEAL" through "CLAUSE").

This information is protected from disclosure by EWS's attorney-client privilege, which EWS has not waived. As before, given the important and longstanding policies underlying the attorney-client privilege, compelling reasons exist to place the document containing this privileged information under seal. *See United States v. Mett*, 178 F.3d 1058, 1065 (9th Cir. 1999) ("[W]here attorney-client privilege is concerned, hard cases should be resolved in favor of the privilege, not in favor of disclosure.").

## III.   CONCLUSION

For the foregoing reasons, and based on the pleadings and evidence of record, EWS respectfully requests that this Court grant EWS's Motion, order the Clerk of Court to place the documents filed at Dockets 377 and 377-2 under seal, and order Johnson to file a public version of those documents permanently redacting the following contents:

(1)   Dkt. 377 at page 2, lines 4 through 6 ("EWS's active" through "and SEC");

(2)   Dkt. 377 at page 4, lines 5 through 9 ("the Teams" through "*Sub-Exhibits H and I*");

(3)   Dkt. 377 at page 4, lines 14 through 16 ("The specific" through "lawsuit");

(4)   Dkt. 377 at page 4, lines 22 through 23 ("the Court knows" through "dismantling");

(5)   Dkt. 377 at page 12, lines 8 through 9 ("that expose" through "violations");

(6)   Dkt. 377-2, the entirety of pages 3–13 (Johnson's Notice of Authority);

(7)   Dkt. 377-2 at 18, Mr. Johnson's addition in red font ("How do" through "stuff.");

(8)   Dkt. 377-2 at 20–21, Mr. Johnson's addition in red font ("PAZE WALLET" through "IPO?");

(9)   Dkt. 377-2 at 22, Mr. Johnson's 2-word addition in red font at the bottom of the page, just above the page number; and

(10)  Dkt. 377-2 at 67 ("CONCEAL" through "CLAUSE").

DATED:  April 14, 2026

Respectfully Submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

*/s/ Kristin M. Adams*
Erick Durlach
Dennis L. Wilson (admitted *pro hac vice*)
Sara K. Stadler (admitted *pro hac vice*)
Kristin M. Adams (admitted *pro hac vice*)
6909 E. Greenway Parkway, Suite 100
Scottsdale, Arizona 85254
Tel: (602) 726-7319
Fax: (623) 321-1009
*edurlach@ktslaw.com*
*dwilson@ktslaw.com*
*sstadler@ktslaw.com*
*kmadams@ktslaw.com*

7

BRYAN CAVE LEIGHTON PAISNER LLP
George C. Chen
Jacob A. Maskovich
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Tel: (602) 364-7000
Fax: (602) 364-7070
*george.chen@bclplaw.com*
*jamaskovich@bclplaw.com*

Attorneys for Plaintiff
Early Warning Services, LLC

## CERTIFICATE OF SERVICE

I certify that on April 14, 2026, I electronically transmitted the foregoing document and any attachments to the U.S. District Court Clerk's Office using the CM/ECF System for filing with a copy served via that system. For parties not receiving service via CM/ECF, a copy will be transmitted via electronic mail as follows:

Brandon O'Loughlin
contact@paze.guru

*Defendant Brandon O'Loughlin Individually and*
*as Authorized Representative for Defendant P.A.Z.E., LLC*

/s/ Kristin M. Adams
Kristin M. Adams

8