WARREN V. JOHNSON
warrenvjohnson@gmail.com
2406 Alabama Street
Unit 7C
Lawrence, KS 66046
*Attorney for Warren V Johnson, pro se*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Early Warning Services, LLC <br><br> Plaintiffs, <br> v. <br><br> Mr. Warren Vurl Johnson; Brandon O'Loughlin; P.A.Z.E., LLC <br><br> Defendants. | Case No.: CV-24-01587-PHX-SMB <br><br> **DEFENDANT WARREN JOHNSON'S MOTION TO STAY ALL DISTRICT COURT PROCEEDINGS PENDING APPEAL AND PENDING RULINGS ON DISPOSITIVE MOTIONS** |

### DEFENDANT WARREN JOHNSON'S MOTION TO STAY ALL DISTRICT COURT PROCEEDINGS PENDING APPEAL AND PENDING RULINGS ON DISPOSITIVE MOTIONS

Defendant Warren Johnson, pro se, respectfully moves under Federal Rule of Civil Procedure 62(f), the Court's inherent authority (see *Landis v. North American Co.*, 299 U.S. 248 (1936)), and Federal Rule of Appellate Procedure 8(a)(1) for a stay of all proceedings in this matter pending (i) resolution of the consolidated appeal at *Early Warning Services, LLC v. Johnson*, No. 25-6052 (9th Cir.); and (ii) substantive rulings on the four dispositive motions Defendant has filed and that have been pending without disposition. This motion does not seek relitigation of any issue currently before the Ninth Circuit, but seeks a stay to preserve the status quo until issues already pending in this Court and on appeal are resolved.

## I. CASE-DISPOSITIVE MATERIAL ALREADY FILED IN THIS COURT REMAINS UNADDRESSED

Defendant has filed, and the Court has not addressed, several categories of material that bear directly on the validity of the December 4, 2024 preliminary injunction (Dkt. 70), the September 22, 2025 contempt order, and the orders that have followed from those rulings.

### A. The TTAB Rulings of October 1, 2024

Two panels of administrative trademark judges at the Trademark Trial and Appeal Board issued rulings on October 1, 2024, holding that EWS **failed to establish** that the Microsoft Teams chat at the center of this litigation is privileged. Those rulings have been before this Court for over 7 months and are referenced in multiple filings on this docket. (Exhibit B) The Court has not addressed them in any order. They directly contradict the privilege determination underlying the injunction and the contempt orders.

### B. EWS's Sworn Discovery Disclaimer of Trade-Secret Status in the Documents Themselves

In sworn interrogatory responses, EWS stated: "For the avoidance of doubt, EWS does not claim trade secret protection in the form of any of the aforementioned documents, but rather the underlying brand protection and business strategies reduced to writing within those documents." The "aforementioned documents" include the Indexes, domain records, contracts, and the Teams Chat – the very documents this Court has sealed and used as the predicate for contempt sanctions. EWS's sworn admission strips the trade-secret predicate of the injunction in the documents themselves. The Court has not addressed this admission.

### C. EWS's False Discovery Response Regarding Trade-Secret Designation

In response to Interrogatory No. 3, asking who at EWS was responsible for designating trade secrets between September 8, 2014 and January 19, 2023, EWS provided no answer and indicated that trade secrets were designated "automatically"

- 2 -

with "no specific individuals responsible." That response is demonstrably false. The record before this Court reflects that Defendant – as Senior IP Counsel during the entirety of that period – designed, drafted, and oversaw EWS's trade-secret designation procedure under the Innovation Incentive Policy. That procedure required formal harvesting, committee approval, an $800 "Stealth Award," and a Trade Secret Procedures meeting. The Indexes and Teams Chat at issue in this litigation were never submitted to that process. The Court has not addressed the falsity of EWS's response or the contradiction between that response and the policy documents and contemporaneous business records on this docket. ([SEALED] Dkt 310-1 ,Ex C)

**D. The October 11, 2019 CLE Presentation Publicly Disclosed the Brand-Protection Strategy**

On October 11, 2019, Defendant co-presented a public Continuing Legal Education program titled "Brand Protection" with George C. Chen of Bryan Cave Leighton Paisner LLP – counsel of record for EWS in this matter. The CLE slides, which Defendant co-authored and Mr. Chen reviewed and approved, publicly taught the exact "brand protection strategies" EWS now claims as trade secrets, including maintenance of intent-to-use trademark applications, defensive domain registration, and typosquatting protection. The CLE materials are publicly available and have been provided to this Court. The Court has not addressed them. (Dkt 340)

**E. The August 17, 2022 CLE Presentation Disclosed the Information Underlying the Bar Referral and the Disqualification Motion**

On August 17, 2022, Defendant co-presented a public Continuing Legal Education program with Cory Smith of Bryan Cave Leighton Paisner LLP, attended by EWS General Counsel Tracy Cheney and members of the EWS legal team. The 2022 CLE materials disclose substantively the same information for which Defendant has subsequently been referred by this Court to the State Bar of Arizona. Defendant raised the public CLE record as a defense in his reply briefing on the underlying motion: information disclosed by Defendant in a public CLE program co-presented

with EWS's outside counsel of record, attended by EWS's General Counsel and legal team, cannot serve as the predicate for a privilege determination, a sanctions order, or a bar referral. The Court has not addressed the 2022 CLE record. (*id.*)

### F. Four Dispositive Motions Pending Without Ruling

Defendant's Motion for Summary Judgment (pending approximately nine months) (Dkt. 212), Motion under Rule 60(b) (Dkt. 308), Motion Invoking the Crime-Fraud Exception (Dkt. 272), and Motion to Disqualify Plaintiff's Counsel for Taint (Dkt. 358) each remain fully briefed and unaddressed. Each, if granted, would materially alter or terminate this litigation. Each has been pending for periods ranging from several months to nearly a year.

## II. NEWLY DISCOVERED EVIDENCE NOW BEFORE THE NINTH CIRCUIT

On May 6-7, 2026, Defendant filed in the Ninth Circuit a Motion for Leave to File Supplemental Authority and Request for Judicial Notice of Public Internet Archive Records, with a supporting declaration and exhibit (attached hereto as Exhibit 1). That motion places before the appellate court newly discovered judicially noticeable public records bearing directly on the reasonable-measures and confidentiality predicates underlying this Court's injunction and contempt orders. The motion is pending. The material referenced therein consists of public records from EWS's own federal filings in this matter, an admission filed by EWS in a parallel state proceeding on May 4, 2026, and publicly archived material EWS itself authenticated under oath.

Defendant attaches the Ninth Circuit motion as an exhibit for the limited purpose of placing this Court on notice of the appellate proceeding. Defendant does not ask this Court to rule on the merits of the appellate motion or on the underlying material it concerns. Those issues are before the Ninth Circuit.

## III. IRREPARABLE HARM TO DEFENDANT

- 4 -

The harms produced by this litigation are not future-tense risks. They are completed harms that this Court's orders have produced and that no later reversal can undo:

- Defendant's career as a licensed attorney has been substantially destroyed by this Court's orders, including the referral to the State Bar of Arizona issued in connection with this litigation, and by the public sealed orders, including Dkt. 123, characterizing Defendant's conduct in terms that have been disseminated and cannot be retracted.

- Defendant's livelihood has been eliminated. December 4, 2024 preliminary injunction has prevented Defendant from practicing his profession. Contempt fines accruing at $1,000 per day since September 27, 2025, has exceeded $207,000 by April 22, 2026.

- Defendant has been rendered indigent by orders of this Court, then required to appear in person 1,200 miles from his residence, then denied remote participation, and then defaulted for non-appearance produced by the financial conditions the Court itself imposed.

- Defendant's counterclaims have been dismissed with prejudice, eliminating any path to recoupment.

- Defendant's home and stability have been lost as a direct result of the financial harm imposed by this litigation.

**The threatened forensic imaging adds a new, permanent irreparable harm.** The contemplated imaging relief includes **no taint team, no search-term limitations, no destruction protocol, and no restriction on copying, retention, or distribution** of seized material. The material at risk includes attorney-client privileged communications from Defendant's prior employment as Senior IP Counsel for EWS itself, work product from this and parallel proceedings, *privileged information from former clients post – EWS,* communications with federal regulators in whistleblower contexts, and personal data of third parties unrelated to this litigation. **Once disclosed,**

**this material cannot be un-disclosed regardless of any subsequent appellate reversal.** Even if the Ninth Circuit reverses, EWS will already possess the data permanently.

## IV. BALANCE OF EQUITIES

**EWS faces no cognizable hardship from a stay.** Every category of material EWS has placed at issue in this litigation has been debunked or publicly disclosed:

- **Teams Chat:** Publicly accessible, with EWS's knowledge, since at least April 7, 2024. EWS itself filed the public URL into the federal record on July 23, 2024. Two TTAB panels found in October 2024 that EWS failed to establish privilege or trade-secret status.

- **Indexes:** EWS has expressly disclaimed trade-secret protection in the documents themselves. Defendant holds U.S. Copyright Registrations TXu 2-519-256 and TXu 2-520-557 in the underlying source code.

- **Brand protection strategies:** Publicly taught by Defendant and EWS's own counsel of record (George Chen) in a 2019 CLE program; the slides remain publicly available.

- **Domain practices:** Industry standard, with documented adoption by 55.4% of Class 036 financial-services participants; recommended by the FDIC; recommended by EWS's own domain registrar.

Beyond the debunking of each alleged secret, EWS has admitted in sworn discovery that it does not claim trade secret protection in the documents themselves – only undefined "ideas and concepts." A party that has disclaimed the very documents it previously called trade secrets cannot credibly claim irreparable harm from a brief stay.

**By contrast, Defendant has already lost everything enumerated in Section III.** The asymmetry is stark. EWS faces zero economic loss from a brief stay. Defendant faces completed destruction of his career, reputation, livelihood, and constitutional rights, plus impending permanent loss of all digital privacy.

The procedural record reinforces the asymmetry: on May 7, 2026, the Ninth Circuit granted EWS's streamlined request for an extension of time to file its answering brief **on the same day it was submitted** (9th Cir. Dkt. 32), establishing that EWS itself does not regard the timing of these proceedings as urgent. A stay would cause no prejudice to EWS.

**V. PUBLIC INTEREST**

The Teams Chat at the center of this litigation describes conduct the United States Department of Justice is actively prosecuting in *United States v. Visa Inc.*, No. 1:24-cv-07877 (S.D.N.Y.). Defendant has submitted reports to the DOJ Antitrust Division and the SEC concerning that conduct.

This Court has sealed the Teams Chat **22 times** under a claim of privilege and trade-secret status. That claim is now undermined by EWS's own public filing of the chat and its 21-month inaction. The public has a powerful interest in preserving that evidence – and in allowing the Ninth Circuit to review this Court's sealing orders – before any default judgment or imaging order gives EWS unrestricted access to Defendant's devices.

If this Court proceeds to default judgment and enforcement of the imaging order before the Ninth Circuit rules, EWS will gain unrestricted access to Defendant's devices – including the original Teams Chat, communications with federal regulators, and other whistleblower evidence. EWS could delete, alter, or hide that evidence. The public would never see it. The DOJ's investigation could be compromised.

The public interest also favors orderly appellate review and the avoidance of inconsistent rulings. With the appellate briefing schedule extending into late summer 2026, proceeding with default judgment and forensic imaging in the interim would risk mooting issues squarely before the Ninth Circuit. A brief stay harms no public interest; it protects the integrity of the appellate process and preserves evidence that may be central to a federal antitrust prosecution.

**VI. SCOPE OF REQUESTED STAY**

Defendant requests that the Court stay all further proceedings in this matter pending issuance of the Ninth Circuit's mandate in No. 25-6052, including but not limited to:

    (i) any further enforcement of the December 4, 2024 preliminary injunction;

    (ii) any further proceedings on the September 22, 2025 contempt order, including the per-day sanctions;

    (iii) any enforcement or further imposition of forensic-imaging relief;

    (iv) any proceedings related to the April 22, 2026 default and any subsequent default judgment; and

    (v) any further sealing motions or orders directed at material related to the issues on appeal.

## VII. ALTERNATIVE RELIEF

In the alternative, if the Court declines to enter a stay, Defendant respectfully requests that the Court:

1. Enter a date certain by which it will rule on the four pending dispositive motions identified in Section I.F above. Several of those motions, if granted, would terminate or fundamentally alter this litigation. Their continued pendency without disposition, while EWS proceeds toward default judgment, presents the precise circumstance that warrants either a stay or expedited adjudication.

2. If the Court is not inclined to grant a stay or expedited rulings, Defendant requests that the Court set an **expedited hearing within 7 days of any denial**, so that Defendant may immediately seek the same relief from the Ninth Circuit pursuant to Federal Rule of Appellate Procedure 8(a)(2).

## VIII. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enter the stay described in Section VI; or, in the alternative, enter a scheduling order setting a date certain for ruling on the dispositive motions identified in Section I.F. If the

Court is not inclined to grant either form of relief, Defendant respectfully requests prompt denial and an expedited hearing as set forth in Section VII so that Defendant may seek the same relief in the Ninth Circuit pursuant to Federal Rule of Appellate Procedure 8(a)(2).

Respectfully submitted,

/Warren V Johnson/
Warren V Johnson

215 E 18TH Street
Lawrence, KS 66044
208.317.1686
warenvjohnson@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2026, I electronically filed the foregoing **DEFENDANT WARREN JOHNSON'S MOTION TO STAY ALL DISTRICT COURT PROCEEDINGS PENDING APPEAL AND PENDING RULINGS ON DISPOSITIVE MOTIONS** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/Warren V Johnson/
Warren V Johnson

215 E 18TH Street
Lawrence, KS 66044
208.317.1686
warenvjohnson@gmail.com