WARREN VURL JOHNSON
warrenvjohnson@gmail.com
215 E 18th St
Lawrence, KS 66044

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EARLY WARNING SERVICES, LLC<br><br>        Plaintiffs,<br>   v.<br><br>MR. WARREN V. JOHNSON; BRANDON O'LOUGHLIN; P.A.Z.E., LLC<br><br><br>        Defendants. | Case No.: CV24-01587-PHX-SMB<br><br>**DEFENDANT WARREN JOHNSON'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO SEAL [DKT. 388]** |

## DEFENDANT WARREN JOHNSON'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO SEAL [DKT. 388]

## MANDATORY OPENING STATEMENT OF RECORD

*As a baseline matter of equity and unclean hands, Defendant registers this permanent statement of fact for this and all future filings: Every single asset, process, and methodology Plaintiff has labeled a protectable trade secret in this litigation is, and always was, standard, unprivileged information sitting wide-open in the public domain. Plaintiff has spent years hiding its operational history behind a wall of sealing orders, while forcing Defendant to navigate these proceedings with zero formal discovery. Despite that, Defendant has compiled conclusive, irrefutable proof of total public availability directly from the public square:*

| ALLEGED TRADE SECERETS | LINK TO PUBLIC LOCATION OF ALLEGED TRADE SECRET | SOURCE OF PULIC LINK |
|---|---|---|
| **Patent Strategies** | https://www.acc.com/sites/default/files/2023-01/CLE%20Materials%20General%20Issues%20in%20IP.pdf | ACC / Bryan Cave |
| **Trademark Strategies** | https://www.acc.com/sites/default/files/2019-04/CLE%20Materials%2004.04.19%20Brand%20Protection.pdf | ACC / Bryan Cave |
| **Indices of trademark files** | https://tmsearch.uspto.gov/search/search-results (search "Early Warning Services") | USPTO |
| **Domain name documents** | https://tsdr.uspto.gov/documentviewer?caseId=sn97669754&docId=APP20221112102701&linkId=22, and<br><br>https://lookup.icann.org | USPTO / ICANN |
| **Privileged Teams Chat** | https://web.archive.org/web/20240407072456/https://www.paze.website/RECENT-NEWS/ | Dkt 17 Cheney Declaration (publicly filed) |

*All links live as of May 17, 2026, and have been publicly accessible since before this suit began. Two were published by EWS's own law firm. One was published by EWS itself.* That Plaintiff has sustained a multi-year litigation narrative contradicted by its own public disclosures is a farce—one sustained only by a rush to default and the systematic manipulation of this Court's sealing protocols.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff's Emergency Motion to Seal [Dkt. 388] marks the logical dead end of a litigation built on concealment. Having secured a string of administrative sealing orders, EWS no longer bothers to engage with the elements of trade-secret or privilege law. It treats this Court's sealing mechanism as a black eraser, seeking to retroactively scrub the public docket of any document, data point, or piece of independent research

that exposes the falsity of its claims. Because EWS cannot show "compelling reasons" to hide public information, public regulatory rules, or facts its own outside counsel broadcast to the legal community, the motion must be denied in its entirety.

## II. THE LEGAL FLAW: ADMINISTRATIVE SEALING DOES NOT CREATE PRIVILEGE

EWS relies on a tiny nucleus of boilerplate case law (e.g., *Lambright v. Ryan*, 698 F.3d 808 (9th Cir. 2012)) to argue that because Defendant's lines "quote" or "summarize" a sealed document, they must be permanently locked away. That gets the law exactly backwards.

An administrative sealing order is not a judicial ruling that every syllable within a document is a trade secret or privileged. Under controlling Ninth Circuit law, and EWS's own cited case law, a document "reflects" privileged information only after the moving party carries its strict evidentiary burden to prove a specific, confidential communication made for the purpose of legal advice. EWS systematically skips that step. It uses "reflects" and "summarizes" as linguistic shortcuts to avoid producing an actual privileged communication—precisely because the underlying text contains only unprivileged operational facts.

This is not an isolated oversight; it is a documented litigation tactic. An empirical analysis of the record shows that EWS has deployed the word "reflect" or its variants across dozens of substantive entries. In fully half of those instances, EWS invoked the term to assert privilege over documents for which no underlying confidential communication could be identified. EWS uses this verbal bridge to fabricate claims of trade secrets (20% of instances) and Defendant's internal intent (20% of instances) where hard evidence is entirely absent. (*See* Systematic Use of Reflection Analysis, attached as Exhibit B and Reflects Versus Evidence Comparison Exhibit C.)

EWS's position has now degenerated into an absurd "triple-stacked" theory of privilege: a public trade practice "reflects" an internal policy, which "reflects" an

internal chat, which a coordinate federal tribunal has already ruled EWS failed to establish privilege over (See Exhibit A- TTAB Decisions: Cancellation 92085110 and Opposition No. 91291526)[1] . Under *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), an administrative filing designation cannot be weaponized to turn public industry mechanics and historic career events into a retroactive corporate blackout zone.

## III. CONCLUSIVE EVIDENCE OF WAIVER AND LACK OF CONFIDENTIALITY

EWS's targeted redactions do not cover confidential business strategies or legal advice. They cover public operational facts that EWS has explicitly waived any right to restrict, exposing the tactical, fluid nature of what EWS invents as "privileged" from one day to the next.

1. **Waiver of the "One Man Show" narrative.** EWS seeks to redact General Counsel Tracy Cheney's description of Defendant as a "one man show" for IP at EWS (page 8 of Defendant's motion). EWS already waived any confidentiality over this phrase. When it previously opposed (Dkt. 290, Ex. A) to Defendant's Motion to Unseal his performance reviews (Dkt. 287). EWS provided proposed redactions and explicitly left the "one man show" passage unhighlighted—open to the public. It cannot now retroactively upgrade an executive description into a secret simply because the truth undercuts its litigation narrative.

2. **Waiver of the IP policy chronology.** EWS demands redaction of pages 11–12 concerning Defendant's yearly redrafting and ownership of EWS's corporate IP and Invention Incentive policies starting in 2018. That operational chronology is explicitly referenced in the very same proposed redactions of Defendant's

---

[1] It is worth noting that EWS actively withheld these two decisions from this Court to procure the injunction, and only after Defendant independently discovered them were they brought the record here, almost a year to the day since they were decided.

performance reviews (Dkt. 290, Ex. A), where EWS's management evaluated and scored Defendant's completion of those policy overhauls. EWS did not mark those milestones for redaction. It abandoned any claim of secrecy over those historical facts and is now legally barred from calling them proprietary.

3. **Misrepresentation of Defendant's prior sealing protocols.** EWS points to a footnote in Defendant's earlier opposition (Dkt. 113, p. 9, fn. 4) and claims its location in a sealed document automatically proves the content is confidential. That is a blatant misrepresentation. Defendant's companion Motion for Leave to File Under Seal (Dkt. 112) explicitly stated that the only reason for sealing was to protect Defendant from EWS's routine practice of filing abusive, tactical emergency motions to seal. Defendant told the Court, on the record, that the document should be sealed solely to prevent "another tactical Emergency Motion to Seal premised on alleged sensitive and privileged information." (*Id.*) EWS cannot bootstrap Defendant's defensive compliance into an admission that a footnote about a public CLE presentation contains proprietary secrets.

4. **Waiver by lead litigation counsel.** EWS seeks to redact references to its internal trademark and trade-secret intake processes. But as documented in the public record attached to the *same filing EWS is trying to seal* (Dkt. 390, Ex. C) and summarized in the table above, this exact brand protection architecture was co-authored and co-presented at a public CLE by George C. Chen of Bryan Cave—EWS's lead litigation counsel in this very case. A system placed on the public internet by a party's own designated legal agent cannot possibly meet the "compelling reasons" standard for sealing.

5. **Sworn interrogatory concessions.** EWS seeks to conceal references to its internal indexes, lists, and procedures as proprietary. Yet in its own Sworn Responses to Interrogatories (Dkt. 390, Ex. G, Response 1(a)), EWS stated under penalty of perjury: *"For the avoidance of doubt, EWS does not claim trade secret protection in the form of any of the aforementioned documents…"*

Demanding permanent redaction of text describing files it has formally disclaimed as trade secrets under oath is bad-faith gamesmanship.

6. **The Teams Chat Has Been Public for 22 Months—By EWS's Own Hand.** EWS seeks to redact page 15 of Defendant's motion because it discusses a Microsoft Teams communication with general counsel. That request is not merely weak; it is frivolous. The "privileged" chat is publicly accessible at the exact URL listed in the table above: https://web.archive.org/web/20240407072456/https://www.paze.website/RECENT-NEWS/. EWS itself published this URL by attaching it as an exhibit to the publicly filed Cheney Declaration (Dkt. 17), the very document on which EWS built its case. That declaration has been on the public docket for 22 months. For 22 months, anyone with a browser—including every competitor EWS claims to fear—has been free to read the chat. EWS took no steps to claw it back, move to seal it, or even ask the Court to restrict access. A party that deliberately injects a document into the public record and leaves it there for nearly two years cannot later demand that an opponent's description of that document be hidden. Any conceivable privilege or confidentiality was waived the moment EWS hit "file." The TTAB's later ruling that EWS "has fallen short of its burden of proving that the Chat document is covered by the attorney-client privilege" (Dkt. 390, Ex. H) merely confirms what EWS's own conduct already proved: this chat is not secret, not privileged, and not sealable. EWS's attempt to redact a reference to a document it itself posted online is bad faith writ large.

7. **Independent public API data is not corporate property.** EWS seeks to redact empirical research showing an industry-wide correlation between public USPTO trademark filings and public ICANN domain registrations. This data was independently harvested from public-facing government and registry APIs. It is backed by public FDIC regulatory guidelines. EWS never owned, saw, or conceptualized it. It possesses no contractual right or legal authority to claim

ownership over independent public-sector metrics generated years after an employment relationship terminated.

## IV. CONCLUSION

EWS is running a procedural Catch-22: threaten sanctions if Defendant files openly, then claim that Defendant's provisional compliance with sealing protocols is a substantive admission that the underlying facts are secrets. The Court should reject this systematic narrative censorship. Public registries, public CLE presentations, and documents explicitly disclaimed under oath cannot support a trade-secret claim or a sealing order. Defendant respectfully requests that the Court deny Plaintiff's Emergency Motion to Seal [Dkt. 388] in its entirety.

RESPECTFULLY SUBMITTED this 18th Day of May 2026.

/s/ Warren V. Johnson

**Warren V. Johnson**
215 E 18th St
Lawrence, KS 66044
(208) 317-1686
warrenvjohnson@gmail.com
*Defendant/Counter-Claimant, Pro Se*

**Certificate of Service**

I, Warren V. Johnson, hereby certify that on May 18, 2026, I electronically filed the foregoing **DEFENDANT WARREN VURL JOHNSON'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO SEAL [DKT. 388]** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

   /s/Warren V Johnson/

Warren Johnson
215 E 18th St
Lawrence, KS 66044
warrenvjohnson@gmail.com