WARREN VURL JOHNSON
warrenvjohnson@gmail.com
215 E 18th St
Lawrence, KS 66044

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EARLY WARNING SERVICES, LLC | Case No.: CV24-01587-PHX-SMB |
| Plaintiffs,<br>v. | **REPLY IN SUPPORT OF DEFENDANT JOHNSON'S MOTION TO SET ASIDE DEFAULT (Dkt. 384)** |
| MR. WARREN V. JOHNSON;<br>BRANDON O'LOUGHLIN; P.A.Z.E., LLC | |
| Defendants. | |

## REPLY IN SUPPORT OF DEFENDANT JOHNSON'S MOTION TO SET ASIDE DEFAULT (Dkt. 384)

## INTRODUCTION

EWS's Opposition (Dkt. 393) defends an order that is void for four independent reasons, each requiring reversal under Supreme Court and Ninth Circuit precedent.

*First*, the Court struck Johnson's answer as a sanction for failing to appear at a contempt hearing on a preliminary injunction (Dkt 383). This was not a discovery dispute or the like despite EWS's clear attempt to transform it into one. Under *Hovey v. Elliott*, 167 U.S. 409 (1897), a court may not strike an answer as punishment for contempt; the only constitutionally permissible ground is suppression of discovery evidence. Johnson suppressed nothing. The default is void ab initio.

*Second*, the Court lacked jurisdiction to enforce the September 2025 contempt order because Johnson had already appealed it, and the Ninth Circuit denied EWS's

motion to dismiss that appeal—necessarily finding a colorable jurisdictional basis. (Ex. A.) The Order to Show Cause and the resulting default flow from a void exercise of jurisdiction.

*Third*, the default sanctions Johnson for failing to achieve a court-imposed impossibility. Johnson is an adjudicated indigent living 1,200 miles away; the Court denied his routine request to appear remotely (Dkt. 378) and then struck his answer for non-appearance. Two appellate courts have accepted his indigence. (Exs. A, B.) Under *Turner v. Rogers*, 564 U.S. 431 (2011), due process requires an ability-to-comply inquiry; none was conducted.

*Fourth*, the default presumes Johnson's former bar membership makes him "legally sophisticated" under *Franchise Holding II*. But the Ninth Circuit's bright-line rule in *Huffman v. Lindgren* and *United States v. Mesle* holds that an inactive, unlicensed pro se litigant is not subject to that heightened presumption.

EWS's Opposition cites exclusively discovery-sanction cases; none involves a default for missing a contempt hearing. That silence is dispositive. EWS also makes factual assertions the record contradicts. This Reply preserves the legal errors for appellate review without engaging EWS's ad hominem rhetoric.

## ARGUMENT

### A. The Default Is Void Because It Strikes Johnson's Answer as Punishment for Contempt of an Injunction, Not as a Discovery Sanction

#### 1. *Hovey v. Elliott* and the constitutional limit on striking pleadings

A court may not strike an answer as punishment for contempt. *Hovey*, 167 U.S. at 414. The only exception is when a party suppresses evidence in discovery. *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 351 (1909); *SEC v. Seaboard Corp.*, 666 F.2d 414, 416 (9th Cir. 1982). Johnson did not suppress, destroy, or withhold any document. He did not fail to answer discovery. The default was entered solely because he could not physically appear at a contempt hearing after

his remote-appearance request was denied. (Dkt. 383.) That is a classic *Hovey* violation; the Court lacked constitutional power to strike his answer.

### 2. Reframing Rule 65 enforcement as a "discovery dispute" is reversible error

Federal law separates Rule 65 equitable enforcement from Rule 37 discovery sanctions. *Stockade Cos. v. Kelly Rest. Grp.*, 2018 WL 3387698, at *3 (E.D. La. July 11, 2018); *LifeScan, Inc. v. Abbott Labs.*, 2011 WL 13131029, at *4 (N.D. Cal. Sept. 27, 2011). The Court's own statement on the record—"*I agree with Mr. Johnson that it probably wouldn't have applied before we got to the discovery phase, but things have been delayed so long that we're finally in the discovery phase. aren't we in Discovery now so I can use Rule 37*"—confirms the erroneous legal premise. (Dkt 262, Ex. 3, pg 12 at 10 -13) Yet the hearing was noticed as a show-cause on contempt, not a discovery conference. (Dkt. 232.) EWS's Opposition reinforces the error by citing only discovery-sanction cases; none approves a terminating sanction for missing a contempt hearing. The default rests on an incorrect legal standard—a per se abuse of discretion.

EWS does not dispute that the hearing was to enforce an injunction, that Johnson raised constitutional objections, or that the Ninth Circuit denied EWS's motion to dismiss the pending contempt appeal. (Ex. B.) That silence is a concession. *Nevada v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990).

### 3. The Show Cause Hearing was an injunctive enforcement proceeding

The hearing (Dkt. 372) addressed alleged non-compliance with a forensic imaging order issued under the preliminary injunction. Johnson objected on equitable grounds: (i) the imaging order would give an antitrust defendant unmediated access to whistleblower materials without a taint team; (ii) EWS admitted it does not know what trade secrets it is searching for—an admission defeating any injunction, *Winter v. NRDC*, 555 U.S. 7, 22 (2008); *Storz Mgmt. v. Carey*, 2017 WL 3613327, at *3 (E.D. Cal. Aug. 22, 2017); (iii) the imaging order

lacks binding protocols and is a general warrant, *United Farm Workers v. Noem*, 5 F.4th 973, 981 (9th Cir. 2021). The "protocol" EWS cites (Opp. at 3 n.3) is not on the docket and states the Examiner need not follow it.

Johnson's pending Ninth Circuit appeal raises these constitutional objections, and the circuit declined to dismiss it. (Ex. B.) The hearing concerned a contested legal dispute over an injunction, not a discovery violation. Treating it as a discovery matter renders the default void.

### 4. The District Court lacked jurisdiction while the contempt order was on appeal

Dkt. 372 acknowledges the pending appeal but dismisses it as "mere enforcement." The September 2025 order imposed new sanctions: a contempt finding, $1,000/day fine, search terms, and imaging protocol. Such an order is independently appealable. *United States v. Baker*, 603 F.2d 759, 761 (9th Cir. 1979). The Ninth Circuit's denial of EWS's motion to dismiss confirms colorable appellate jurisdiction. (Ex. B.) The district court was divested of jurisdiction to enforce the appealed order. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 389 (9th Cir. 1966) (en banc) (orders entered while jurisdiction is vested in the court of appeals are void). The default is void for this independent jurisdictional defect.

### 5. The underlying injunction was an improper evidence-gathering device

An injunction cannot substitute for discovery. EWS admitted: "We don't know what he has. The only way we can know is if we get to look at everything." (Dkt. 262, Ex. 2.) That defeats any likelihood-of-success or irreparable-harm showing. The imaging order is a general warrant—no neutral vendor, no temporal limit, no privilege screen, and search terms guaranteed to capture every file. The default cannot stand on an unconstitutional injunction.

## B. The Default Sanctions an Impossibility, Violating Due Process

A present inability to comply is a complete defense to contempt. *United States v. Rylander*, 460 U.S. 752, 757 (1983). A court cannot create a barrier and then punish the litigant for failing to overcome it. *Turner v. Rogers*, 564 U.S. at 446-48. The Court denied Johnson's remote-appearance request and then struck his answer after a four-minute hearing. No ability-to-comply inquiry occurred.

The Ninth Circuit and the Arizona Appeals courts have adjudicated Johnson's indigence. (Exs. A, B.) The Ninth Circuit application for indigency includes listing every asset, debt, account, and any property or assets of value. Arizona Appeals accepted unemployment check stubs and food stamp card as sufficient. EWS's attacks are meritless: non-payment of fines proves inability, not ability; the N.D. Illinois filing and copyright fee occurred in January and October 2025 respectively, many months before the hearing was set and further unemployment; a $400 fee is a fraction of cross-country travel costs. Johnson's termination letter—filed unsealed (Dkt. 356)—expressly cites the injunction as the reason for his termination. The injunction destroyed his livelihood; it did not create disposable income.

The $207,000 in fines plus a terminating default constitute punitive contempt requiring criminal due process. *Bagwell*, 512 U.S. 821, 838 (1994). None was provided. The default is independently void on this ground.

EWS argues that Johnson's prior bar membership makes him "legally sophisticated" and therefore culpable. Even assuming the heightened standard applied—and it does not, for the independent reason that Johnson is inactive and unlicensed, *see Huffman v. Lindgren*, 81 F.4th 1016, 1022–23 (9th Cir. 2023)—it cuts against a finding of default. A legally sophisticated litigant knows that default is unavailable as a sanction for missing a contempt hearing, *Hovey*, 167 U.S. at 414, and that due process requires an ability-to-comply inquiry before sanctions, *Turner*, 564 U.S. at 446–48. Johnson did everything possible to be heard: he filed a substantive response to the show-cause order (Dkt. 377), requested a remote appearance (Dkt. 378), notified the Court of his inability to attend (Dkt. 380), and sought emergency

appellate review. His sophistication, if anything, confirms his good faith, not his culpability.

### D. Uncontroverted Record Evidence Bars a Default Judgment Under *In re McGee*

#### 1. The *McGee* / *TWA* doctrine

A default does not admit facts the uncontroverted record contradicts. *In re McGee*, 359 B.R. 764, 774 (9th Cir. BAP 2006); *TWA*, 336 F.2d 668, 669 (9th Cir. 1964). Multiple record categories defeat EWS's claims.

#### 2. EWS's narrowing concessions

EWS concedes its trade-secret claim is limited to *contents* not *form*, disclaims CLE content, limits domain claims to a single vendor report, and waives unjust enrichment/noninfringement against Johnson. (Opp. at 11-14.) These binding admissions, *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988), reduce EWS's case to a narrow claim that cannot support default on the pleaded complaint.

#### 3. The Teams Chat privilege is waived as a matter of law

The attorney-client privilege requires continuous confidentiality. *Green v. Crapo*, 62 N.E. 956, 959 (Mass. 1902) (Holmes, J.); *Permian Corp. v. United States*, 665 F.2d 1214, 1221-22 (D.C. Cir. 1981); *United States v. de la Jara*, 973 F.2d 746, 749-50 (9th Cir. 1992). A holder who strategically compromises confidentiality cannot later resurrect it. EWS filed the Wayback Machine URL on the public docket, used it to obtain injunctive relief and damages against P.A.Z.E., and now seeks to shield the same Chat from Johnson. That is forbidden. *Permian*, 665 F.2d at 1221.

EWS's May 4, 2026 state-court filing admits it "has a duty to safeguard its privileged information and, accordingly, will request the Internet Archive to remove the archived Website." *EWS's Opp'n to Emergency Mot.* at 6, *Johnson v. Ponce*, No. 1 CA-SA 26-0109. That admission proves EWS knew the Archive was the correct remediation channel and that it had not acted in the 21 months since filing the URL on

July 23, 2024. Waiting 21 months to send a standard takedown request is neither "prompt" nor "reasonably designed to protect" the privilege. *De la Jara*, 973 F.2d at 749.

Three independent failure periods, each with EWS's actual notice, establish forfeiture: (1) June 17, 2024–Dec. 4, 2024 (5.5 months before the injunction); (2) Dec. 4, 2024–July 25, 2025 (7 months under the injunction with no compliance verification); (3) July 25, 2025–May 4, 2026 (9 months after default judgment before any promised action). EWS's statement that it "just learned" of non-compliance is an admission of zero monitoring for 16 months.

*De la Jara* found waiver on a 6-month delay by an arrested individual. 973 F.2d at 749-50. EWS—a sophisticated entity with three national law firms, a single-email remediation channel, and 21 months of inaction—is in a materially worse position. Every reported decision finds waiver on shorter delays:

| Delay | Case | Result |
|---|---|---|
| 6 weeks | *Ary*, 518 F.3d 775 (10th Cir.) | Waiver |
| 2 months | *Clarke*, 2009 WL 970940 (S.D.N.Y.) | Waiver |
| 4 months | *Relion*, 2017 WL 6419312 (D. Or.) | Waiver |
| 6 months | *De la Jara*, 973 F.2d 746 | Waiver |
| 10 months | *Alrose Steinway*, 2021 N.Y. Slip Op. 30620(U) | Waiver |
| 21 months | EWS (this case) | Waiver compelled |

Under Rule 502(b) and *de la Jara*, the privilege is extinguished. EWS's argument that P.A.Z.E.'s publication cannot waive its privilege misses the point: EWS's own filing and inaction constitute the waiver. The Chat is not privileged; the sealing orders premised on it cannot stand.

**4. The TTAB already rejected EWS's privilege claim**

On October 1, 2024—two months before the injunction—the TTAB evaluated the same privilege arguments and found EWS had not met its burden. (Ex. 10 to Dkt. 377.) EWS did not disclose that adverse ruling to this Court. A default judgment cannot rest on a privilege claim already rejected by a federal tribunal on the same evidence.

### 5. The crime-fraud exception independently defeats any privilege

Even if the Chat were privileged, it contains Paze operational blueprints that map onto the DOJ's antitrust prosecution in *United States v. Visa Inc.*, No. 1:24-cv-07214 (S.D.N.Y.). Johnson raised this argument (Dkt. 377) with exclusively public evidence; EWS moved to seal rather than refute. Under *United States v. Zolin*, 491 U.S. 554, 562-63 (1989), communications in furtherance of a crime or fraud are not privileged. The Court has never adjudicated this live defense, which is itself a meritorious defense.

### 6. The DTSA employment exception bars the injunction as currently framed

The Defend Trade Secrets Act prohibits injunctions that "prevent a person from entering into an employment relationship" based merely on "the information the person knows." 18 U.S.C. § 1836(b)(3)(A)(i)(I). EWS now claims the "strategies and ideas underlying" the documents as trade secrets—which are the product of Johnson's nine years as Senior IP Counsel. That encompasses his entire professional knowledge and prevents him from working. His termination from the University of Kansas resulted directly from this litigation (Dkt. 308). An injunction that violates a federal statute cannot support contempt or default.

### 7. Additional meritorious defenses

- *Two-tier access*: The Indexes had a read-only transparency design for content; a separate password protected underlying code. No contradiction.

- *Domain list*: All domain registrations are public; any vendor list is from public sources. A.R.S. § 44-401(4) excludes "readily ascertainable" information. EWS's narrowing to a single vendor report confirms no protectable interest.

- *EWS already has Johnson's work product*: EWS subpoenaed and searched his entire litigation work product (Dkt. 358) and found no trade secrets. Its claim of "prejudice" is false.

- *Sealing pattern*: EWS's 23 sealing motions include Dkt. 379, which sought to seal Johnson's Response to the Show Cause Order on the ground that Johnson drew "connections among public data." That admits every source was public and that no privileged information was disclosed. The Court cannot credit privilege claims that EWS's own motions concede are public.

## E. The Default Is Void Under Rule 60(b)(4)

A judgment entered in violation of due process is void. *Walker*, 109 F.3d at 569. This default violates *Hovey/Seaboard*, *Griggs/Ruby* (lack of jurisdiction), *Turner v. Rogers* (impossibility), and *Bagwell* (punitive contempt without due process). Void orders are subject to challenge at any time.

Additionally, Johnson's Article III standing motion has been pending for ten months. (Dkt 212, Filed July 29, 2025) *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Jurisdiction must be resolved before any default judgment.

## CONCLUSION

The Court should set aside the default, vacate the imaging order, and adjudicate the long-pending jurisdictional and merits issues.


RESPECTFULLY SUBMITTED this 28th day of April, 2026.


/s/ Warren V. Johnson

**Warren V. Johnson**

215 E 18th St
Lawrence, KS 66044
(208) 317-1686
warrenvjohnson@gmail.com
*Defendant/Counter-Claimant, Pro Se*

**Certificate of Service**

I, Warren V. Johnson, hereby certify that on May 21, 2026, I electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANT JOHNSON'S MOTION TO SET ASIDE DEFAULT (Dkt. 384)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


Respectfully submitted,


   /s/Warren V Johnson/


Warren Johnson
215 E 18th St
Lawrence, KS 66044
warrenvjohnson@gmail.com