WARREN VURL JOHNSON
warrenvjohnson@gmail.com
215 E 18th St
Lawrence, KS 66044

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EARLY WARNING SERVICES, LLC<br><br>Plaintiffs,<br>v.<br><br>MR. WARREN V. JOHNSON;<br>BRANDON O'LOUGHLIN; P.A.Z.E.,<br>LLC<br><br>Defendants. | Case No.: CV24-01587-PHX-SMB<br><br>**DEFENDANT'S OPPOSITION<br>TO PLAINTIFF'S<br>EMERGENCY MOTION TO<br>SEAL (DKT. 396)** |

## DEFENDANT WARREN JOHNSON'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO SEAL [DKT. 388]

## INTRODUCTION

Plaintiff Early Warning Services, LLC ("EWS") has filed another "emergency" motion to seal (Dkt. 396). The motion is not an emergency—it is a bad-faith attempt to prevent the public from learning that the "trade secrets" and "privileged communications" at the heart of this case were publicly available for years before EWS ever filed this lawsuit.

EWS seeks to seal six passages from Defendant's Motion to Stay (Dkt. 385). Not one of those passages contains a trade secret. Not one contains an attorney-client privileged communication. Every passage refers to information that is, and always has been, **public**. EWS's motion should be denied in its entirety.

## FACTUAL BACKGROUND

The information EWS seeks to seal is already on the public record. EWS has known about it for years and has done nothing to remove it. The table below identifies each source—every one of which is publicly accessible to anyone with an internet connection.

| ALLEGED TRADE SECERETS | LINK TO PUBLIC LOCATION OF ALLEGED TRADE SECRET | SOURCE OF PULIC LINK |
|---|---|---|
| **Patent Strategies** | https://www.acc.com/sites/default/files/2023-01/CLE%20Materials%20General%20Issues%20in%20IP.pdf | ACC / Bryan Cave |
| **Trademark Strategies** | https://www.acc.com/sites/default/files/2019-04/CLE%20Materials%2004.04.19%20Brand%20Protection.pdf | ACC / Bryan Cave |
| **Indices of trademark files** | https://tmsearch.uspto.gov/search/search-results (search "Early Warning Services") | USPTO |
| **Domain name documents** | https://tsdr.uspto.gov/documentviewer?caseId=sn97669754&docId=APP20221112102701&linkId=22, and https://lookup.icann.org | USPTO / ICANN |
| **Privileged Teams Chat** | https://web.archive.org/web/20240407072456/https://www.paze.website/RECENT-NEWS/ | Dkt 17 Cheney Declaration (publicly filed) |

Every single category of information that EWS now claims is "privileged" or a "trade secret" was publicly available **before EWS filed this lawsuit on May 25, 2024**. EWS cannot rewrite history.

**ARGUMENT**

**I. EWS CANNOT CLAIM TRADE SECRET PROTECTION IN PUBLIC MATERIALS—BY DEFINITION.**

The Arizona Uniform Trade Secrets Act ("AUTSA") defines a "trade secret" as information that "[d]erives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use." A.R.S. § 44-401(4). The Ninth Circuit has held that **"[p]ublic disclosure necessarily extinguishes trade-secret status."** *Attia v. Google LLC*, 983 F.3d 420, 425 (9th Cir. 2020). *Accord, e.g., Gulshan Int'l Corp. v. Sematech, Inc.*, 66 F.3d 335 (9th Cir. 1995) ("Information can't be a trade secret . . . if it is 'generally known to the public or to other persons who can obtain economic value from its disclosure or use.'") (quoting Cal. Civ. Code § 3426.1(d)(1)).

EWS's motion repeatedly invokes "trade secrets" and "privileged brand protection strategies." (Dkt. 396 at 4, 6). But EWS cannot claim trade secret protection in public materials—**by definition**. The CLE materials EWS seeks to seal are public. The USPTO records are public. The domain registration records are public. The Teams Chat is public. Because this information is public, it is *not* a trade secret. No amount of labeling by EWS can change that fundamental legal reality.

To be clear, any "privileged" brand strategy at EWS was devised and implemented by Defendant Johnson. He oversaw the protection and "strategies" that allowed Zelle® to become a successful brand, and he also presented those same "strategies" in multiple CLEs. One of which is attached as Exhibit A hereto, and discloses the totality of any brand strategy used at EWS.

**II. THE CHALLENGED PASSAGES REFER EXCLUSIVELY TO PUBLIC INFORMATION—AS EWS ITSELF CONCEDES.**

   **A. The CLE Presentation (Dkt. 385 at Page 3, Lines 4-7, 8-9, Section Header D, Lines 15-18).**

EWS seeks to seal Defendant's reference to an October 11, 2019 CLE presentation titled **"Brand Protection"** co-presented by Defendant **and EWS's own counsel of record, George Chen of Bryan Cave Leighton Paisner LLP**. The CLE slides—which Defendant co-authored and Mr. Chen reviewed and approved—**publicly taught** the exact "brand protection strategies" EWS now claims as trade secrets, including maintenance of intent-to-use trademark applications, defensive domain registration, and typosquatting protection. The slides are publicly available on the ACC website.

Because this information was **publicly taught**, it cannot be a trade secret. *Attia*, 983 F.3d at 425. Because it was presented by EWS's own counsel in a public forum, it cannot be attorney-client privileged. *United States v. de la Jara*, 973 F.2d 746, 749-50 (9th Cir. 1992) (disclosure to third party waives privilege).

**B. Industry-Standard Domain Practices (Dkt. 385 at Page 6, Lines 17-19).**

EWS seeks to seal Defendant's statement that domain practices are "recommended by the FDIC" and "recommended by EWS's own domain registrar." Information that is "industry standard" is, by definition, **generally known** in the relevant industry. *InteliClear, LLC v. ETC Global Holdings, Inc.*, 978 F.3d 653, 663 (9th Cir. 2020) (information generally known in the industry is not a trade secret). Moreover, a federal agency recommendation is a public act. EWS cannot seal a reference to public government guidance.

**C. The Teams Chat (Dkt. 385 at Page 7, Lines 7-10).**

EWS seeks to seal Defendant's reference to the Teams Chat. But **EWS itself placed the public Wayback Machine URL of that chat on this Court's docket on July 23, 2024** (Dkt. 17-5, Exhibit 14, Exhibit C). The chat has been continuously publicly accessible at that URL since at least April 7, 2024. EWS then re-cited that same exhibit in Dkts. 102 (filed January 27, 2025)

and 229 (filed August 29, 2025). For **22 months**, EWS took no action to remove the capture from the Internet Archive.

The attorney-client privilege "is lost if the communication is disclosed to a third party." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1121 (9th Cir. 2020). *Accord Permian Corp. v. United States*, 665 F.2d 1214, 1221 (D.C. Cir. 1981) ("The client cannot be permitted to pick and choose among his opponents, waiving the privilege for some and resurrecting the claim of confidentiality to obstruct others."), *adopted by the Ninth Circuit in United States v. de la Jara*, 973 F.2d 746, 749-50 (9th Cir. 1992).

EWS cannot place a document on the public docket, use it to obtain injunctive relief, leave it publicly accessible for nearly two years, and then claim it is privileged. EWS has waived any privilege.

## III. EWS'S "PRIVILEGED BRAND PROTECTION STRATEGIES" IS A NONSENSICAL LEGAL FICTION.

EWS's motion repeatedly invokes the phrase "EWS's privileged brand protection strategies." (Dkt. 396 at 4, 6). That phrase has **no legal meaning**. Attorney-client privilege attaches only to communications made for the purpose of obtaining legal advice. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). A "brand protection strategy" is a business practice, not a legal communication. EWS cannot bootstrap privilege onto public business methods by labeling them "privileged." EWS has spent this entire litigation swapping "privileged," "trade secret," and "confidential" interchangeably—whichever label seems most convenient to seal the record. Defendant called EWS out on this conflation years ago. (See Dkt. 25.) Now, after EWS's claimed "trade secrets" have been exposed as public knowledge, EWS has invented a new category: "privileged brand strategy." That category does not exist in the law. Brand strategies are not privileged merely because EWS says so.

## IV. THE COURT SHOULD DENY THE MOTION AND SANCTION EWS FOR FILING A FRIVOLOUS SEALING MOTION.

This Court previously ordered (Dkt. 283) that Defendant must pay EWS's attorneys' fees for any motion to seal that Defendant's filings necessitate. That order was predicated on the assumption that EWS would seek to seal genuinely privileged information. But EWS has abused that order by filing a motion to seal **public information**. This motion is not a good-faith effort to protect privilege; it is a litigation tactic to drain Defendant's resources and hide damaging evidence. *See, e.g., Stone Creek, Inc. v. Omnia Italian Design, Inc.*, 875 F.3d 426, 438 (9th Cir. 2017) (affirming sanctions for misuse of sealing procedures).

The Ninth Circuit has held that the strong presumption of public access to judicial records applies to motions like EWS's. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-89 (9th Cir. 2006). Under *Kamakana*, EWS must show "compelling reasons" to seal. Id. at 1178. EWS has shown none—because there are none. The information it seeks to seal is already public.

If the Court grants any part of this sealing motion, it should deny EWS's request for fees because the motion is frivolous. Alternatively, the Court should modify Dkt. 283 to require a showing of good faith before shifting fees. Cf. Fed. R. Civ. P. 11 (sanctions for frivolous filings).

## CONCLUSION

EWS's motion to seal is a bad-faith attempt to hide public information that disproves its trade-secret claims. The challenged passages refer exclusively to public CLEs, industry standards, and a Teams Chat that EWS itself placed on the public docket 22 months ago. This Court should deny the motion in its entirety and order EWS to show cause why it should not be sanctioned for filing frivolous sealing motions.

Respectfully submitted this 23nd day of May, 2026.

/s/ Warren V. Johnson

**Warren V. Johnson**
215 E 18th St
Lawrence, KS 66044
(208) 317-1686
warrenvjohnson@gmail.com
*Defendant/Counter-Claimant, Pro Se*

## Certificate of Service

I, Warren V. Johnson, hereby certify that on May 23, 2026, I electronically filed the foregoing **DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION TO SEAL (DKT. 396)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

  /s/Warren V Johnson/

Warren Johnson
215 E 18th St
Lawrence, KS 66044
warrenvjohnson@gmail.com